IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY,**<br>30339 Diamond Parkway #102<br>Glenwillow, Ohio 44139,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**AUKEY TECHNOLOGY CO., LTD.,**<br>Room 102<br>Building P09<br>Huanan Dianzi Trading Center Plaza<br>Shenzhen, 518000 China,<br><br>**and**<br><br>**SHENZHENSHI JIANGYUN SHANGMAOYOUXIANGONGSI,**<br>Room 913, Block B, World Financial Center,<br>Heping Road, Nanhu street,<br>Luohu District<br>Shenzhen, Guangdong, 518000, China,<br><br>**and**<br><br>**WODESHIJIKEJI SHENZHEN YOUXIANGONGSI,**<br>Longgangqu Bujijiedao Buzhonglu 12Hao<br>Meidulanhuating Czuo 8B<br>Shenzhen, Guangdong, 518000 China,<br>　　　　　　Defendants. | CASE NO.<br><br>JUDGE |

**COMPLAINT FOR INJUNCTIVE RELIEF AND MONEY DAMAGES**
**(JURY DEMAND ENDORSED HEREON)**

Plaintiff The NOCO Company ("***NOCO***"), by and through counsel, for its

Complaint against Defendants states as follows:

{K0811773.3}

## **PRELIMINARY STATEMENT**

1. NOCO files this action for injunctive relief and monetary damages because Defendants Aukey Technology Co., Ltd., Shenzhenshi Jiangyun Shangmaoyouxiangongsi, and Wodeshijikeji Shenzhen Youxiangongsi (collectively, "***Defendants***"), have damaged NOCO and unfairly competed with it by manipulating Amazon.com, Inc.'s ("***Amazon***") United States e-commerce platform Amazon.com (the "***Amazon Marketplace***").

2. Defendants have manipulated the Amazon Marketplace by: (i) removing NOCO from certain browse nodes[1] on the Amazon Marketplace, thereby manipulating who will receive the Amazon Best Seller Badge (the "***Best Seller Badge***"); (ii) manipulating Amazon's algorithms to trigger safety takedowns of NOCO's products, which were premised on untrue and false representations that NOCO's products were unsafe or dangerous; (iii) authoring fake and misleading reviews of NOCO's products on the Amazon Marketplace to decrease NOCO's product rankings; and (iv) otherwise manipulating the Amazon Marketplace to their benefit, and NOCO's detriment.

3. Defendants engaged in these unlawful activities on a website devoted to selling to consumers in the United States and directed these actions towards NOCO, a United States company, in order to gain market share, divert revenue, and harm NOCO.

---

[1] Browse nodes ("***Browse Nodes***") are Amazon's hierarchical category search functions consumers utilize on the Amazon Marketplace to find products. Generally, consumers use Browse Nodes to search and narrow broad categories to specific product types. The best-selling product in any given Browse Node receives the Best Seller Badge.

## NATURE OF THE ACTION

4. This is an action for: (i) violations of the Lanham Act, 15 U.S.C. § 1125; (ii) violations of Ohio's ban on deceptive trade practices, codified at O.R.C. § 4165.02; (iii) tortious interference with business relationships; and (iv) common law civil conspiracy.

## PARTIES

5. NOCO is a privately held corporation formed and existing under the laws of the State of Ohio with a principal place of business located in Glenwillow, Cuyahoga County, Ohio.

6. NOCO is a global leader in consumer electronics for vehicles and is in the business of designing and manufacturing, among other products, premium battery chargers, jump starters, and other portable power devices, used primarily in the automotive aftermarket.

7. NOCO is the current applicant and registered trademark owner to the trademark "NOCO" bearing United States serial numbers 88523643 and 87164245 (the "***NOCO Mark***"). NOCO owns several additional marks related to its products.

8. Aukey Technology Co., Ltd. ("***Tacklife***") is a Chinese business entity organized under the laws of and headquartered in China. Tacklife is the owner of the registered trademark "Tacklife" (the "***Tacklife Mark***").

9. Defendant Shenzhenshi Jiangyun Shangmaoyouxiangongsi ("***HuiMing***") is an Amazon Marketplace third-party seller ("***3P Seller***") operating the Amazon

Marketplace Storefront[2] HuiMing, found at https://www.amazon.com/s?me=AXPPSCJRMAK3H&marketplaceID=ATVPDKIKX0DER.

10. HuiMing is organized under the laws of and located in China.

11. Defendant Wodeshijikeji Shenzhen Youxiangongsi ("**WorldUS**") is a 3P Seller operating the Amazon Marketplace Storefront WorldUS, found at https://www.amazon.com/s?me=A3FT6M013JLBV2&marketplaceID=ATVPDKIKX0DER.

12. WorldUS is organized under the laws of and located in China.

13. Both WorldUS and HuiMing are 3P Sellers that sell Tacklife jump starters and other Tacklife products on the Amazon Marketplace, which bear the Tacklife Mark.

14. NOCO understands that Defendants are related entities, engaged in the business of selling Tacklife products on the Amazon Marketplace.

15. NOCO asserts that Defendants conspire, at Tacklife's direction or otherwise, to manipulate the Amazon Marketplace in order to benefit themselves and harm NOCO.

16. Additionally, upon information and belief, Tacklife has granted WorldUS and HuiMing permission, either through a formal licensing agreement or otherwise, to use the Tacklife Mark in the sale of Tacklife products on the Amazon Marketplace.

17. Defendants contract or otherwise associate with unknown Amazon employees and/or agents (the "**Amazon Insiders**") to assist in manipulating the Amazon Marketplace.

---

[2] An Amazon Marketplace Storefront (each a "**Storefront**") is a 3P Seller's unique webpage on the Amazon Marketplace where consumers can browse that seller's items it offers for sale.

## SUBJECT MATTER JURISDICTION

18. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331. Specifically, NOCO brings claims against Defendants for violations of federal unfair competition and trademark law under the Lanham Act, 15 U.S.C. § 1125. This Court, therefore, has supplemental jurisdiction of all state law claims under 28 U.S.C. § 1367.

## PERSONAL JURISDICTION AND VENUE

19. This Court has personal jurisdiction over all Defendants.

20. Fed. R. Civ. P. 4(k)(2) subjects all Defendants to this Court's personal jurisdiction.

21. Because Defendants are Chinese entities, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction.

22. Exercising jurisdiction over Defendants is consistent with the United States Constitution and laws because Defendants actively target and sell products through interstate commerce to United States consumers.

23. Defendants market and sell their products to United States consumers through the Amazon Marketplace and therefore direct their deceptive and disparaging Amazon Marketplace activities and anticompetitive conduct to the United States.

24. NOCO competes with Defendants on the Amazon Marketplace. Further, United States consumers purchase Defendants' products through the Amazon Marketplace.

25. Defendants intentionally list, market, and sell their products to United States consumers through the Amazon Marketplace.

26. The domain "Amazon.com," which hosts the Amazon Marketplace, is specific to the United States and is designed and targeted to reach United States consumers.

27. Listings do not populate on the United States Amazon Marketplace unless sellers actively list products therein.

28. Amazon acknowledges and warns prospective sellers that listing on the Amazon Marketplace subjects sellers, such as Defendants, to United States tax, legal, and regulatory considerations.

29. Amazon hosts other web-based marketplaces, *e.g.,* "Amazon.cn" (China), "Amazon.uk" (United Kingdom), "Amazon.br" (Brazil) etc., which do not populate results on the United States-specific Amazon.com Amazon Marketplace.

30. In these ways, Defendants have targeted and actively sell in the United States market and engaged in tortious and unlawful activity designed to harm NOCO, a United States company.

31. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (c)(3).

## FACTUAL BACKGROUND

32. The Amazon Marketplace allows consumers to search for products and hosts Storefronts and product listings.

33. Product listings allow for consumers to review products, known as product reviews, which provide feedback to other consumers and sellers.

34. Product reviews affect a product's ranking, which influences, *inter alia*: (i) where the product is displayed in search results; (ii) consumers' purchasing decisions; and (iii) which product receives the Best Seller Badge.

35. When the Amazon Marketplace is functioning properly, product reviews allow for a continuous loop of feedback from consumer to seller to improve products and influence consumer purchasing decisions.

36. Amazon's proprietary algorithms consider, *inter alia*, product reviews and product sales in order to determine a product's ranking on the Amazon Marketplace.

37. It is understood that a positive product review increases a product's ranking while a negative product review decreases a product's ranking.

38. A product's ranking affects whether or not a product receives certain Amazon accolades, such as the Best Seller Badge or Amazon's Choice Badge, which significantly impact sales.

39. Product ranking also impacts where a product is displayed in the search result on the Amazon Marketplace when a consumer searches for a product.

40. When a consumer conducts a product search, a better product ranking results in product listings appearing near the top of the webpage, i.e. above the fold.

### Amazon's Browse Nodes Search Function

41. Consumers on the Amazon Marketplace use the platform's search functions to discover products and are then directed to a product page.

42. One search function consumers can use to browse the Amazon Marketplace is Browse Nodes.

43. Browse Nodes are a hierarchy of categories to organize the Amazon Marketplace's product listings for a given category.

44. "Each node represents a collection of items for sale…and not the items themselves." Product Advertising API 5.0 Documentation, *Browse Nodes*, AMAZON WEB SERVICES (Last visited: Sept. 23, 2020), https://webservices.amazon.com/paapi5/documentation/use-cases/organization-of-items-on-amazon/browse-nodes.html.

45. Each Browse Node has a specific and unique identification number ("**Browse Node ID**") that identifies a product category or sub-category. Product Advertising API 5.0 Documentation, *Browse Node Properties*, AMAZON WEB SERVICES (Last visited: Sept. 23, 2020), https://webservices.amazon.com/paapi5/documentation/use-cases/organization-of-items-on-amazon/browse-nodes/browse-node-properties.html.

46. An Amazon seller needs to specify a product's Browse Node ID to publish a product in a certain category.

47. Products can be published in multiple product categories.

48. For example, NOCO publishes its GB40 jump starter in the "Automotive," "Jump Starters," "Automotive Performance Batteries & Accessories," and "Automotive Replacement Batteries & Accessories" Browse Nodes.

49. Consumers searching via Browse Nodes can more easily find the items they are searching for because Browse Nodes are a more specific search function.

50. Products listed within each Browse Node are ranked based on sales performance and Amazon's algorithms, with the top product receiving the Best Seller Badge.

51. In the Browse Nodes that NOCO places its products, the seller with the Best Seller Badge receives an approximate 40% lift in sales based on information provided by Amazon.

52. Prior to the Defendant's manipulation, NOCO held the Best Seller Badge within most of its assigned Browse Nodes.

### NOCO Has Become a Target on the Amazon Marketplace

53. NOCO reported to Amazon that its product listings, product reviews, and accounts were manipulated by its competitors, including Defendants.

54. NOCO also discovered and reported to Amazon that its products have been removed from certain Browse Nodes on multiple occasions.

55. When NOCO brought the Browse Node manipulation to Amazon's attention, Amazon conducted an investigation.

56. In response, Amazon recently confirmed that the certain Browse Nodes that contain NOCO products had been manipulated.

57. Amazon disclosed that NOCO's assigned Browse Nodes were altered by Amazon 3P Seller assistance teams, consisting of Amazon Insiders, located in China and India.

58. Amazon further disclosed that Defendants utilized Amazon Insiders to remove NOCO's products from the Browse Nodes, causing Tacklife to receive the Best Seller Badge in several Browse Nodes.

## Defendants Have Manipulated NOCO's Assigned Browse Nodes

59. NOCO's superior products earned it the top ranking and Best Seller Badge on a high percentage of its products within a high percentage of its Browse Nodes.

60. Tacklife typically held the second ranking below NOCO in most instances.

61. Defendants conspired with one another and Amazon Insiders to manipulate the Amazon Marketplace by moving NOCO's products into different Browse Nodes.

62. Defendants' removal of NOCO products caused Tacklife to receive the top ranking in certain Browse Nodes and Tacklife received the Best Seller Badge within that respective Browse Node.

63. Defendants' conspiracy unlawfully boosted Defendants' sales of Tacklife products as well as product ranking on the Amazon Marketplace.

## Defendants Manipulate NOCO's Product Reviews

64. NOCO's products received false product reviews for false safety reports.

65. Specifically, NOCO's product reviews would include words and phrases such as "fire" and "blown up," despite NOCO's products having no such safety defects.

66. NOCO believes that the false product reviews are a result of Defendants' manipulation of the Amazon Marketplace.

67. As a result of the false product reviews, NOCO's product rankings decreased and NOCO's product listings were sometimes removed from the Amazon Marketplace.

68. Defendants' Browse Node manipulation and false product reviews has caused NOCO to lose millions of dollars in product sales and damage to its brand.

### Defendants Use Tactics Similar to Other Criminal Defendants

69. Recently, the United States Department of Justice ("**DoJ**") indicted six individuals for Amazon Marketplace manipulation in *United States v. Ephraim Rosenberg, et al.* Case No. CR20-151 RAJ, U.S. District Court, Western District of Washington (the "**Indictment**").

70. The DoJ alleges that four individuals, acting as Amazon Marketplace third-party consultants, bribed Amazon Insiders to manipulate product listings, Amazon's algorithms, and exceed authorized access to alter seller accounts.

71. The Indictment alleges that the defendants manipulated the Amazon Marketplace's product review feature to harm Amazon Marketplace sellers similar as Defendants have done here. *See* Indictment at 16-17, 21.

72. The Indictment states that the manipulated product reviews resulted in the suspension of seller accounts and inaccurate product rankings. *Id.*

73. The Indictment also states that unscrupulous actors are sabotaging and suspending seller accounts using false documents and fictitious entities. *See* Indictment at 28-31.

74. The victims in the indictment had their Amazon seller accounts deactivated and product listings removed. *Id.*

75. The Indictment alleges further that the six defendants inflicted upwards of $100 million in economic harm to other Amazon Marketplace sellers. *See id.* at 18.

76. Defendants use similar tactics as those described in the Indictment to manipulate NOCO's product listings and product reviews.

77. In fact, NOCO has reported similar manipulation to Amazon in the past.

78. Due to the false product reviews, including the false safety reports, NOCO's products were delisted from the Amazon Marketplace, resulting in lost sales.

79. NOCO's account has been deactivated and its product listings removed similar to what "Victim-1" and "Victim-3" in the Indictment experienced. *See id*. at 28-31.

80. As a result of Defendants' manipulation, NOCO's products fell in Amazon's product rankings, NOCO lost millions of dollars in sales, and NOCO suffered damage to its brand.

### The Acts of the Defendants Significantly Damage NOCO

81. To remain competitive, NOCO needs to be on the Amazon Marketplace.

82. A substantial amount of NOCO's sales are derived from the Amazon Marketplace, amounting to millions of dollars per year.

83. NOCO directly competes with Defendants on the Amazon Marketplace.

84. But because Defendants have manipulated the Amazon Marketplace, NOCO's ability to fairly compete has been hindered and NOCO has been harmed as a result.

85. Defendants abuse and manipulate the Amazon Marketplace such that: (i) NOCO's product rankings decreased so that NOCO's products do not appear above the fold in search results; (ii) Tacklife products receive the Best Seller Badge; and (iii) NOCO's products were removed from the Amazon Marketplace.

86. Defendants removed NOCO's products from certain Browse Nodes to enable Tacklife to receive the Best Seller Badge.

87. As a result of Defendants' manipulation, Defendants diverted consumers away from NOCO products and caused consumers to purchase Defendants' products.

88. Defendants' intentional, deliberate, and unscrupulous manipulation of the Amazon Marketplace stole consumer sales from NOCO.

## CLAIM ONE

### (Violations of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))

89. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

90. NOCO advertises and sells its products to consumers across the United States and does so by, among other means, selling its products on the Amazon Marketplace.

91. Defendants also sell and advertise their products to United States consumers via the Amazon Marketplace.

92. Defendants have manipulated NOCO's product reviews, NOCO's product rankings, and certain Browse Nodes.

93. Due to Defendants' unscrupulous acts, Tacklife's ranking on the Amazon Marketplace is manipulated and artificially inflated.

94. By manipulating certain Browse Nodes, product reviews, and product rankings, Defendants misrepresent the nature, qualities, and characteristics of NOCO's and Defendants' products listed for sale on the Amazon Marketplace.

95. Product rankings, product reviews, the Best Seller Badge, and where a product appears in a search result are material to a consumer's decision to purchase a product on the Amazon Marketplace.

96. As a result, consumers are confused and mislead into purchasing Defendants' products.

97. NOCO has lost a significant amount of sales on the Amazon Marketplace as a result of the Defendants' manipulation of the Amazon Marketplace.

98. NOCO understands that Defendants are related entities that act in concert, by oral or written agreement, to manipulate the Amazon Marketplace to NOCO's detriment.

99. As a direct and proximate result of Defendants' acts, NOCO suffered and continues to suffer damages in an amount exceeding $75,000.00.

## CLAIM TWO

**(Violations of Ohio's Unfair Trade Practices Law, O.R.C. § 4165.02)**

100. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

101. By manipulating NOCO's assigned Browse Nodes, NOCO's product rankings, and NOCO's product reviews, Defendants have caused a likelihood of consumer confusion or misunderstanding and made false misrepresentations of fact as to the nature, characteristics, and quality of NOCO's products and Tacklife's products.

102. By manipulating NOCO's assigned Browse Nodes, NOCO's product rankings, and NOCO's product reviews, Defendants have represented that Defendants' products are of a particular standard, quality, or grade, or that their goods are of a

particular style or model when in fact Defendants' products are not of that particular standard, quality, or grade, or that goods are of a particular style or model.

103. Because Defendants manipulate NOCO's assigned Browse Nodes, NOCO's product rankings, and NOCO's product reviews, Defendants mislead and deceive the consumer.

104. Consumers rely on NOCO's assigned Browse Nodes, NOCO's product reviews, NOCO's product ranking, and the Best Seller Badge when making purchasing decisions.

105. Defendants have removed NOCO's Best Seller Badge by removing NOCO from its assigned Browse Nodes in order for Defendants to receive the Best Seller Badge.

106. As a direct and proximate result, NOCO has suffered damages and continues to suffer damages in an amount exceeding $75,000.00.

## CLAIM THREE
### (Tortious Interference with a Business Relationship)

107. NOCO hereby incorporates each and every preceding paragraph as if fully rewritten herein.

108. NOCO and Amazon were and currently are engaged in a business relationship through, *inter alia*, Amazon sales agreements, such as purchase orders.

109. Defendants knew of the business relationship and agreements between NOCO and Amazon because they are aware that NOCO actively advertises and sells on the Amazon Marketplace and because Defendants had the opportunity to enter into similar agreements with Amazon.

110. Despite this knowledge, Defendants intentionally interfered with NOCO

and Amazon's business relationship.

111. Defendants improperly interfered with NOCO and Amazon's business relationship when they engaged in the above-described conduct, including manipulating NOCO's assigned Browse Nodes.

112. As a direct and proximate result of Defendants' interference, NOCO has suffered and will continue to suffer damages in an amount exceeding $75,000.00.

## CLAIM FOUR
### (Civil Conspiracy)

113. NOCO hereby incorporates each and every preceding paragraph as if fully restated herein.

114. Defendants have entered into a malicious combination—among themselves—in a way not competent for one alone by acting in concert and/or agreeing to manipulate the Amazon Marketplace.

115. Defendants are either related entities, sharing common ownership, or are obligated to one another through oral or written agreement, such as a trademark licensing arrangement.

116. Defendants harmed NOCO by, *inter alia*, manipulating NOCO's assigned Browse Nodes to incorrectly result in Defendants' products receiving the Best Seller Badge and decrease NOCO's product rankings such that NOCO's products do not appear above the fold in search results.

117. As a direct and proximate cause of Defendants' acts, NOCO has suffered and will continue to suffer damages in an amount exceeding $75,000.00.

**WHEREFORE,** NOCO prays for judgment as follows:

A. A preliminary and permanent injunction;

B. As to Claim One, compensatory damages, statutory damages, attorneys' fees and costs;

C. As to Claim Two, compensatory damages, statutory damages, attorneys' fees and costs;

D. As to Claim Three, compensatory damages and punitive damages;

E. As to Claim Four, compensatory damages and punitive damages;

F. Attorneys' fees and costs, as allowed by statute and for Defendants' intentional, willful, and malicious actions; and

G. Such other relief as this Court deems just and proper.

## JURY DEMAND

NOCO respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JON W. GROZA (0083985)
JUSTINE LARA KONICKI (0086277)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com;
  jlk@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*