IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY,** | ) | CASE NO. 1:20-cv-02322 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| **AUKEY TECHNOLOGY CO. LTD., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF THE NOCO COMPANY'S MOTION TO REASSIGN RELATED CASE**

Pursuant to Local Rule 3.1(b)(3) and Fed. R. Civ. P. 42(a), Plaintiff The NOCO Company ("***NOCO***") requests that the Court reassign this case to the Honorable Solomon Oliver, Jr. because it is related to the lawsuit styled *The NOCO Company v. Shenzhen Valuelink E-Commerce Co., Ltd., et al.,* Case No. 1:20-cv-00049 (the "***Amazon Litigation***"). NOCO filed the Amazon Litigation on January 9, 2020, because the defendants manipulated the Amazon Marketplace by: (i) manipulating Amazon.com, Inc.'s ("***Amazon***") algorithms that award the Amazon's Choice Badge; (ii) creating false product reviews and ratings; and (iii) using click-farms to drive up the costs of advertising on the Amazon Marketplace. The case is currently pending, with parties only having recently filed responsive pleadings or motions. Defendant Aukey Technology Co., Ltd. ("***Aukey***") is a defendant in the Amazon Litigation.

Now, as a result of further manipulation of the Amazon Marketplace, NOCO filed this action against Aukey and two additional defendants, Shenzhenshi Jaingyun Shangmaoyouxiangongsi and Wodeshijikeji Shenzhen Youxiangongsi (together, the "***3P***

{K0813813.1}

***Defendants***") (collectively with Aukey, the "***Defendants***"). In this litigation, NOCO alleges that Defendants: (i) manipulated the Amazon Marketplace's hierarchical category search functions known as browse nodes such that Aukey receives Amazon's Best Seller Badge instead of NOCO; (ii) manipulated Amazon's algorithms to trigger safety takedowns of NOCO's products; (iii) authored fake and misleading reviews on NOCO products; and (iv) otherwise manipulated the Amazon Marketplace to Defendants' benefit and NOCO's detriment. This action and the Amazon Litigation are related because the claims all arise from the manipulation of the Amazon Marketplace and includes related parties.

Accordingly, NOCO requests that this Court reassign this case. A memorandum in support of this motion follows.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
JUSTINE LARA KONICKI (0086277)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com;
    jlk@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

## MEMORANDUM IN SUPPORT

I.     **FACTUAL BACKGROUND**

NOCO has been forced to institute a second lawsuit against Aukey because Aukey, and associated defendants, are manipulating the Amazon Marketplace. On January 9, 2020, NOCO filed a Complaint against Aukey and ten other Defendants that are manipulating the Amazon Marketplace by: (i) manipulating Amazon's algorithms that award the Amazon's Choice Badge; (ii) creating false product reviews and ratings; and (iii) using click-farms to drive up the cost of advertising on the Amazon Marketplace. *See The NOCO Company v. Shenzhen Valuelink E-Commerce Co., Ltd., et al.,* Case No. 1:20-cv-00049. On October 13. 2020, NOCO brought the above-captioned case against Aukey and its related 3P Defendants that are responsible for selling Aukey's "Tacklife" brand products on the Amazon Marketplace. Aukey, by itself and with the 3P Defendants, continue to manipulate the Amazon Marketplace by manipulating Amazon's search algorithms or "browse nodes," manipulating algorithms to trigger safety takedowns of NOCO's products and engaging in other manipulations of the Amazon Marketplace.

NOCO's assertions in both the Amazon Litigation and the instant action are related because both arise out of a continued series of transactions and occurrences— Aukey's manipulation of the Amazon Marketplace. While the tactics may now be new, and NOCO has discovered the involvement of third-party sellers, the strategy and resulting harm is not. Similar to the Amazon Litigation defendants, Defendants here have manipulated the Amazon Marketplace in order to gain market share and divert revenue away from NOCO. Aukey is a defendant in both the Amazon Litigation and the instant action. NOCO understands that the 3P Defendants are related entities to

{K0813813.1}

Aukey and Aukey's counsel has confirmed as much by noting that service of process via the Hague Convention (which Aukey continues to insist upon) occur on all three defendants at the same address. Further, 3P Defendants manipulate the Amazon Marketplace to Aukey's benefit and NOCO's detriment, similar to Aukey and the Amazon Litigation defendants.

## II. LAW AND ARGUMENT

The Court is permitted to reassign a case where it is a related case and the judicial officers consent to the transfer. Local Rule 3.1(b)(3); *Turnage v. Humility of Mary Health Partners*, Case No. 4:13-cv-00493, 2013 U.S. Dist. LEXIS 202331, at *4 (N.D. Ohio Apr. 3, 2013). Courts reassign related cases to: (i) ensure more efficient, less costly case management; (ii) allow for coordinated discovery deadlines; (iii) reduce duplicative motion practice; and (iv) avoid inconsistent legal rulings. *See, e.g. Miller v. Toyota Motor Corp.,* Case No. 3:07-cv-3549, 2008 U.S. Dist. LEXIS 140797, at *3 (N.D. Ohio Feb. 22, 2008). Northern District of Ohio courts also consider whether the cases are intertwined or share common questions of law or fact. *See id.*; *Avery Dennison Corp. v. Toray Int'l, Inc.*, Case No. 07-cv-1268, 2009 U.S. Dist. LEXIS 53157, at *9 (N.D. Ohio June 23, 2009).

Here, reassignment is appropriate because: (i) NOCO's claims in the instant action and the Amazon Litigation arise from the same series of transactions and occurrences and present similar questions of law and fact; (ii) reassignment will allow for the implementation of a unified and coordinated case schedule; and (iii) reassignment will obviate the risk of inconsistent or differing rulings in the two actions.

First, NOCO alleges that Aukey manipulates the Amazon Marketplace to NOCO's detriment by manipulating Amazon's algorithms such that Aukey gains market share and misleads consumers. Both actions call for a determination of similar facts—namely, the existence and extent of Aukey's manipulation of the Amazon Marketplace and the resulting damage to NOCO. Further, both actions bring related claims for violations of the Lanham Act, violations of Ohio's Deceptive Trade Practices Act, tortious interference with business relationships, and civil conspiracy. Second, by reassigning the case, a unified and coordinated case schedule can be implemented to conserve judicial resources and ensure orderly case administration. Finally, without reassignment, there is a risk of differing results in the litigation, despite the relatedness of the facts and legal claims. Accordingly, NOCO requests that the Court issue an order reassigning the above-caption case to the Honorable Solomon Oliver, Jr. because it is related to the Amazon Litigation.

### III. CONCLUSION

Because the above-captioned action is related to the Amazon Litigation, NOCO requests that the Court reassign the case.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
JUSTINE LARA KONICKI (0086277)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com;
  jlk@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic docketing system on November 2, 2020. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jon J. Pinney*
Jon J Pinney

*Counsel for Plaintiff The NOCO Company*
