IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY,** | ) <br> ) CASE NO. 1:20-cv-02322 <br> ) <br> Plaintiff, ) <br> ) **JUDGE SOLOMON OLIVER, JR.** <br> -v- ) <br> ) <br> **AUKEY TECHNOLOGY CO., LTD., et al.,** ) <br> ) <br> ) <br> ) <br> Defendants. ) |

## PLAINTIFF THE NOCO COMPANY'S MOTION FOR EXPEDITED DISCOVERY

Pursuant to Fed. R. Civ. P. 26(d), Plaintiff The NOCO Company ("***NOCO***"), by and through counsel, respectfully requests that this Court issue an order allowing NOCO to begin taking discovery, including issuing subpoenas, requests for production and admissions, and interrogatories. Defendants Aukey Technology Co., Ltd. ("***Aukey***"), Shenzhenshi Jaingyun Shangmaoyouxiangongsi ("***HuiMing***"), and Wodeshijikeji Shenzhen Youxiangongsi ("***WorldUS***") (together, the "***Defendants***") should be required to respond expeditiously, within fourteen (14) days, to a limited set of discovery requests in anticipation of a hearing on the Motion for a Preliminary Injunction (ECF # 5). Additionally, NOCO should be permitted to issue Fed. R. Civ. P. 45 subpoenas to non-parties, such as Amazon.com, Inc. ("***Amazon***").

After filing the Complaint on October 13, 2020, NOCO learned that Defendants continue to coerce Amazon employees to remove NOCO listings from key portions of the Amazon Marketplace. In fact, NOCO listings were removed again over the Thanksgiving Holiday weekend and on December 4, 2020, the very day that NOCO filed for injunctive relief. Just as the end-of-the-year holiday shopping season arrives, Defendants' unlawful actions are causing NOCO to lose millions in sales.

In these circumstances, expedited discovery is essential to NOCO's ability to prepare arguments in support of its Motion. NOCO needs access to certain specific information in Defendants' possession, custody and control, such as correspondence between Defendants and Amazon employees—including Amazon's abuse teams—regarding Amazon's browse nodes ("**Browse Nodes**"). In addition, given that Amazon apparently investigated Defendants' misconduct and determined that Defendants coerced Amazon employees in China and India to remove NOCO listings from Amazon's Browse Nodes, NOCO needs access to the Amazon records documenting this investigation. NOCO's discovery requests and subpoenas will be targeted to seek information needed for a preliminary injunction and will not be unduly burdensome.

While formal discovery ordinarily is stayed until the parties' conference pursuant to Civil Rule 26(f), the Federal Rules authorize this Court to expedite all forms of discovery when appropriate. For example, Rule 26(d) contemplates that the Court may order discovery to proceed prior to the parties' Rule 26(f) meeting. Civil

Rules 33(b)(3) and 34(b) permit the Court to shorten the time in which a party must respond to discovery requests. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to…dictate the sequence of discovery."); *see also Goad v. Mitchell*, 297 F.3d 497, 505 n. 7 (6th Cir. 2002) (accord).

Absent expedited discovery, NOCO will lack access to key information that supports its Motion. Courts generally find that this constitutes "good cause" and permit expedited discovery for this purpose. *See, e.g., Meritain Health Inc. v. Express Scripts, Inc.*, No. 4:12-CV-266-CEJ, 2012 U.S. Dist. LEXIS 53827, at *2 (E.D. MO); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. MN 1984) (ordering expedited discovery prior to hearing on preliminary injunction because it would "better enable the court to judge the parties' interests and respective changes for success on the merits"); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (noting that "[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.").

In sum, Defendants continue to cause the removal of NOCO listings from Amazon's Browse Nodes, costing NOCO millions in sales, and NOCO needs access to the evidence documenting this misconduct in order to support its request for emergency injunctive relief. Accordingly, NOCO respectfully requests an Order permitting it to serve subpoenas on non-parties and discovery requests on

3

Defendants and requiring Defendants to respond within fourteen (14) days. A proposed order granting the relief requested is attached as Exhibit A.

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
JUSTINE LARA KONICKI (0086277)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com;
       jlk@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Plaintiff The NOCO Company's Motion for Expedited Discovery has been filed electronically on this 8th day of December, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties not receiving service through the Court's electronic filing system will be served by mail at the following addresses:

Aukey Technology Co., Ltd.
Room 102
Building P09
Huanan Dianzi Trading Center Plaza
Shenzhen 518111 China

Shenzhenshi Jiangyun Shangmaoyouxiangongsi
Room 913, Block B, World Financial Center
Heping Road, Nanhu Street
Luohu District
Shenzhen, Guangdong, 518111 China

Wodeshijikeji Shenzhen Youxiangongsi
Longgangqu Bujijiedao Buzhonglu 12 Hao
Meidulanhuating Czuo 8B
Shenzhen, Guangdong 518114 China

*/s/ Jon J. Pinney*
Jon J. Pinney