# EXHIBIT D

**diego@archlakelaw.com**

| | |
|---|---|
| **From:** | Garvin, Michael J. <mjgarvin@vorys.com> |
| **Sent:** | Saturday, December 5, 2020 11:12 AM |
| **To:** | pete_curtin@archlakelaw.com; Miller, Rex W. II; Williams, Aaron M. |
| **Cc:** | 'yichencao'; 'Yu Di'; diego@archlakelaw.com; 'Bernstein, David A.'; 'Campbell, Jay R.' |
| **Subject:** | RE: [EXTERNAL]   NOCO v. Shenzhen Gooloo E-Commerce Co., Ltd., 1:20-cv-01171-PAB; NOCO  v. Guangzhou Unique Electronic Corp., Ltd. 1:20-cv-01169-SO; and NOCO v. Aukey Technology Co., Ltd., 1:20-cv-01174 |

Pete,

We've looked into the below information concerning the Amazon complaints.  On the facts, NOCO advises that it did not submit the referenced complaints to Amazon US.  NOCO did submit complaints to Amazon Canada and suspects that somehow Amazon's algorithms replicated the complaints in the US, as NOCO has discovered a number of anomalies about the Amazon IP complaint process in general.  I acknowledge that may appear to be a distinction without a difference but wanted to make sure you are aware of the situation from NOCO's perspective.

On the merits, I provide the following observations:

1. Amazon's IP complaint process and its Utility Patent Neutral Evaluation ("UPNE") are two different things: The former is a procedure in which Amazon permits a seller to file a complaint with Amazon alleging that competing products sold on Amazon infringe its IP rights.  The latter is a process under which any patent owner can seek an evaluation whether a product sold on Amazon infringes a utility patent.  I reiterate that NOCO has no present plans to file UPNEs as to the various known Carku-manufactured jump starters, but, reserves its rights to do so in the future.  NOCO will not commit to cease filing complaints against those jump starters under the Amazon seller IP complaint process.  If sellers of Carku-manufactured starters feel they need to seek injunctive relief or other relief, that's their choice but it's hard to imagine they could prevail as the Amazon IP complaint process is a matter of Amazon's business relationships with the companies that sell on the platform.

2. Carku's repeated contention that NOCO's products are based on designs based on IP products predating NOCO's patents is a canard.  As you well know, in the UK litigation Carku brought against Amazon, Carku's highly respected counsel flatly admitted in pleadings that Carku's 2014 jump starters did not prevent a jump starter from operating in a reverse polarity condition.  This is a clear evidentiary admission under a wealth of case law that absolutely forecloses Carku or the sellers of its products from meeting the clear and convincing evidence burden of an inequitable conduct defense; those sellers can rest assured that NOCO will be seeking it attorneys' fees under 35 U.S.C. Sec. 285 for having to defend against this specious claim.

3. Finally, Carku's protests about NOCO filing complaints with Amazon are, at a minimum, ironic, given that earlier this year Carku successfully had NOCO jump starters removed from Amazon UK based on representations that those jump starters infringed a Carku patent claiming a jump starter including a solar panel to recharge its internal battery.  I'd be interested in your thoughts as to how that complaint could have been submitted in good faith.

I'm going to be away from the office and pretty much unreachable next week, but if you'd like to follow up on this before I return please feel free to confer with my colleagues.

Regards,

Mike

**Michael J. Garvin** | Vorys, Sater, Seymour and Pease LLP
216.479.6188

---

**From:** pete_curtin@archlakelaw.com <pete_curtin@archlakelaw.com>
**Sent:** Monday, November 30, 2020 8:58 PM
**To:** Garvin, Michael J. <mjgarvin@vorys.com>; Miller, Rex W. II <rwmiller@vorys.com>; Williams, Aaron M. <amwilliams@vorys.com>
**Cc:** 'yichencao' <yichencao@archlakelaw.com>; 'Yu Di' <yudi@archlakelaw.com>; diego@archlakelaw.com; 'Bernstein, David A.' <David.Bernstein@tuckerellis.com>; 'Campbell, Jay R.' <Jay.Campbell@tuckerellis.com>
**Subject:** [EXTERNAL] NOCO v. Shenzhen Gooloo E-Commerce Co., Ltd., 1:20-cv-01171-PAB; NOCO v. Guangzhou Unique Electronic Corp., Ltd. 1:20-cv-01169-SO; and NOCO v. Aukey Technology Co., Ltd., 1:20-cv-01174

**CAUTION: External Email**

Hi Mike --

Following up on our last message exchange, we're writing about some additional complaints NOCO has apparently filed with Amazon.com related to products at issue in the above-captioned patent infringement cases NOCO filed in May against our clients Gooloo, Unique and Aukey.

**First**, we've learned that on or around November 25, 2020, through Mr. Jonathan Nook,  NOCO lodged a patent infringement complaint with Amazon.com against at least one Gooloo jump-starter (ASIN B08H7P9P8D), Complaint ID: 7661330091.

**Second**, we've learned that on or about November 25, 2020, through Mr. Jonathan Nook, NOCO lodged patent infringement complaints with Amazon.com against at least five Aukey products – all smart jump-starters (ASINs: B086P9HGH8, B07BGRN4TF, B08FMTHJ93, B075K42Z1M, and B07G74CY3K) – as part of the same Complaint ID: 7661330091.

**Third,** we've learned that at roughly the same time, through Mr. Jonathan Nook, NOCO lodged patent infringement complaints with Amazon.com against certain Unique products at issue in the above-captioned litigation against Unique.

The complaints to Amazon apparently all allege that the products infringe the NOCO '015 patent.

It seems a bit strange to essentially duplicate so much of my previous e-mail (sent on November 13) about different Gooloo and Unique products – particularly after your November 17 response that NOCO did not intend to initiate Amazon Utility Patent Neutral Evaluation Proceedings. But that seems to be the situation, so here goes:

We don't know whether you were aware of these new Amazon complaints against accused products in the pending patent cases, and we were surprised to learn of them, particularly in

light of our previous messages. As yet, our clients have received no other communications from Amazon (or NOCO).

So, we write once again to ask NOCO's intentions. Does NOCO intend to move forward with infringement complaints using an Amazon Utility Patent Neutral Evaluation Proceeding to seek the delisting of the Gooloo, Aukey and Unique products from Amazon.com?

If so, our clients would object to NOCO's attempted use of the Amazon process -- while the infringement cases remain pending before the Northern District of Ohio and the validity of the '015 patent is being litigated before the PTAB -- to obtain through another forum a result it has not sought and now (with the IPR instituted) certainly could not obtain from the courts short of a final judgment of infringement.

Finally, Mike, we acknowledge your prior statements about NOCO's intentions and its reservation of rights, and we all understand that companies will seek to enforce and monetize their IP, but I don't pretend to understand what NOCO thinks it is doing here and what it hopes to achieve with these additional Amazon complaints.

We believe an Amazon UPNE proceeding would be inappropriate for at least the reasons noted above, and we also believe there is a good chance the courts would block one even if NOCO tries to initiate it. But if NOCO does not intend to pursue an Amazon UPNE proceeding, these complaints have no purpose beyond harassment, apparently timed to disrupt our clients' holiday sales through an important sales channel.

Such tactics are particularly objectionable when aimed at competitors whom NOCO absolutely knows -- as a simple matter of fact (and through Mr. Nook's personal knowledge) -- sell products based on designs and protected by IP rights predating NOCO's '015 patent.

And all of this comes when NOCO has also initiated multiple lawsuits alleging unfair competition by one or more of our clients. NOCO's conduct has begun to resemble a pattern of manipulation and abuse of the legal process for anti-competitive ends.

So, please let us know promptly whether NOCO intends to move forward through Amazon.com, or is willing to withdraw those infringement complaints.  As you know, the Amazon process moves quickly once it begins, so our clients need to know quickly whether they must take appropriate steps to preserve the status quo pending final decisions on the merits by the courts or the PTAB.

One way or another, this has to stop.

Best regards –

Pete Curtin

Peter J. Curtin / Partner
**Arch & Lake LLP**
203 N LaSalle Street, Suite 2100
Chicago, IL, 60601