IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE NOCO COMPANY, | ) CASE NO.  1:20-CV-02322-SO |
| Plaintiff, | ) JUDGE SOLOMON OLIVER |
| v. | ) |
| AUKEY TECHNOLOGY CO., LTD., et al., | ) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN OPPOSITION TO
NOCO'S MOTION FOR EXPEDITED DISCOVERY**

NOCO's skeletal Motion for Expedited Discovery (ECF 10) all but admits NOCO has no evidence to support the factual allegations in its Motion for Preliminary Injunction (ECF 5).

The Court should deny NOCO's motion at least because: (a) NOCO has no right to discovery before service of process, and it cites no authority to the contrary; (b) NOCO fails to show good cause to expedite discovery because it has shown no urgency – the defendants are known, there is no reason to believe evidence will be lost or destroyed, and, perhaps most importantly, NOCO has shown no irreparable harm; (c) NOCO has failed to disclose even basic details about its alleged communications with Amazon or the Amazon actions which it claims harmed it;  and (d) the breadth of NOCO's proposed Order[1] —with no limits on the form or substance of discovery or number of requests — weighs against finding good cause.

Reading this motion in conjunction with NOCO's Motion for Preliminary Injunction and

---

[1] The relevant text of NOCO's proposed Order provides: "NOCO may begin taking discovery in this litigation, including issuing Requests for Production, Interrogatories, and Requests for Admissions to Defendants as well as Fed. R. Civ. P. 45 subpoenas to non-parties. Defendants are to respond to Plaintiffs' discovery requests within fourteen (14) days." (ECF 10-1.)

the Nook Affidavit shows NOCO is not seeking just a few key pieces of evidence outside its control. Instead, NOCO is casting about in search of any factual support for allegations it has already made under oath and representations it has made to this Court. The Court should not permit NOCO to so abuse the legal process and should deny NOCO's motion.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND.

### A. Procedural History

1. NOCO filed the Complaint on October 13, 2020. (ECF 1.)

2. On November 2, 2020, NOCO moved to reassign the case. (ECF 4.)

3. On December 4, 2020, NOCO filed its Motion for Preliminary Injunction. (ECF 5.)

4. On December 8, 2020, the Court granted NOCO's Motion to Reassign. (ECF 9.)

5. On December 8, 2020, NOCO filed a Motion for Expedited Discovery. (ECF 10.)

6. On December 18, 2020, Aukey filed Defendants' Brief in Opposition to NOCO's Motion for Preliminary Injunction, with exhibits. (ECF 11.)

7. NOCO has not contacted the undersigned counsel or the Court to seek an expedited briefing schedule or hearing on either of its pending motions.

### B. NOCO's Alleged Timeline

8. In early 2020 NOCO noticed declining sales and discovered certain NOCO products were no longer Amazon "Best-Sellers." (ECF 5-1, ¶¶ 7-9). NOCO also realized that some products were not always listed in the Amazon Browse Nodes it had chosen. (ECF 5-1, ¶¶ 10-12.)

9. NOCO was allegedly informed by "Amazon" that Amazon personnel had moved certain NOCO products from certain Amazon Browse Nodes. (ECF 5-1, ¶ 13.)

10. Before October 2020, NOCO was allegedly informed by "Amazon" that Amazon personnel had made those changes at Aukey's requests. (ECF 5-1, ¶¶ 17, 21.)

2

11. Before October 2020, NOCO requested that Amazon remove all TACKLIFE products from the Amazon Marketplace. (ECF 5-1, ¶¶ 18-19, 21.)

12. Amazon allegedly told NOCO that its Abuse Team would review the situation and determine whether any corrective action was appropriate. NOCO believes Amazon has not acted against Aukey. (ECF 5-1, ¶ 20.)

13. Amazon allegedly removed certain NOCO products from Amazon Browse Nodes NOCO had chosen in October, late November, and early December 2020. (ECF 5-1, ¶¶ 21-23.)

14. Amazon has allegedly removed NOCO products from the Amazon Browse Nodes NOCO had chosen on ten occasions between May 2020 and December 2020. (ECF 5-1, ¶ 24.)

**C. The Aukey Technology Company, Ltd.**

15. The Aukey Technology Company was founded over a decade ago, and has built a thriving, profitable business, a valuable international brand, and a reputation for reliable consumer electronics and mobile tech accessories. *See* https://www.aukey.com/about-us.

16. Aukey has expanded its business far beyond its original roots. Aukey operates internationally through a network of distribution partners in more than fifty countries. (*Id.*) Aukey sells a wide array of portable power products, chargers, audio, and cable products through its online store at https://www.aukey.com, and sells through e-commerce platforms around the world including many Amazon national websites.

17. Unlike NOCO, which focuses on jump-starters and battery chargers, Aukey sells a much broader range of products, including through Amazon, many under its registered trademark TACKLIFE® and the associated brand. (*See* ECF 11-1, ¶¶ 17-18.)

18. Aukey is a privately held company, and its finances and sales figures are confidential. But Amazon is a major sales channel for Aukey. (*See id.*, ¶¶ 17-19.)

### D. Relevant Amazon Policies and the Amazon-Aukey Relationship

19. Amazon has established and enforces policies regulating its Sellers' conduct, including policies about the products and their listings (including proper Browse Node selection), intellectual property protection, and others. (*Id.*, ¶¶ 10-16.)

20. Aukey has never "coerced" Amazon or Amazon employees. (*Id.*, ¶¶ 5-6.)

21. Aukey has never conspired with Amazon or its employees. (*Id.*, ¶ 7.)

22. Aukey communicates with Amazon employees through ordinary commercial channels established by Amazon as part of the business relationship. (*Id*., ¶¶ 5, 7.)

23. Aukey has heard nothing about the alleged Amazon investigation; there have been no communications between Aukey and Amazon related to NOCO's allegations. (*Id*., ¶ 21.)

**II. THE COURT SHOULD DENY NOCO'S MOTION BECAUSE DEFENDANTS HAVE NOT BEEN SERVED PROCESS, AND NOCO HAS ALSO FAILED TO SHOW GOOD CAUSE TO EXPEDITE DISCOVERY.**

NOCO filed its Complaint on October 13, 2020 (ECF 1) but did not seek an injunction or discovery (expedited or otherwise) despite its claims that these issues had persisted for months and that Amazon had told NOCO it would not or could not stop them. (*See* ECF 5-1, ¶¶18-20.) Instead, NOCO moved to reassign the case. (ECF 4.) NOCO then waited seven more weeks to seek its purported emergency relief (ECF 5), although nothing really seems to have changed, and a few days later moved for permission to take the full scope of discovery permitted by the Federal Rules of Civil Procedure.[2] (ECF 9 & 9-1). Yet NOCO has never contacted the Court or Aukey's counsel

---

[2] NOCO's Proposed Order seeks expedited discovery responses from Aukey but requires no accelerated responses from third parties. (ECF 10-1.) So, even if Amazon willingly produces materials from an alleged internal investigation into employee misconduct, that process will take weeks or months to resolve.

seeking an expedited briefing schedule or hearing for either of its pending motions. NOCO has not acted as a party suffering an ongoing irreparable injury and urgently seeking relief.

Instead, NOCO seeks to circumvent the rules and processes established by federal law and international treaties by filing a baseless motion with no support and then seeking leave to unleash the full panoply of discovery available against parties who have not even been served. NOCO has cited, and Aukey has found, no case allowing such an abuse of the legal process. The Court should not countenance NOCO's actions.

### A. The Court Cannot Properly Order Discovery Before Service of Process, and NOCO Cites no Cases on Point to Support its Request.

NOCO asserts that the Federal Rules of Civil Procedure, particularly Rule 26(d), grant the Court discretion to control the timing and scope of discovery, and to expedite discovery by shortening the response period upon a showing of good cause. (*See* ECF 10, 2-3.) This argument is correct as far as it goes, but it cannot go far because NOCO skips over the most critical point. Federal Rule of Civil Procedure 26, every other rule NOCO cites, and every case NOCO cites on expedited discovery both *presume* and *require* that the court has secured jurisdiction over the defendant through effective service of process. But in this case, NOCO has not served process on Aukey, and does not claim otherwise. (*See* ECF 5, 5-6 (arguing for the right to seek an injunction before service of process); ECF 11, 6-8 & n. 2.) The Court's jurisdiction is no minor procedural quibble; this defect is fatal to NOCO's motion.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distributing, Inc., v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 353 (6th Cir. 2003) (affirming decision to set aside default judgment absent proof of proper service or written waiver despite delivery of a waiver packet). "An individual or entity named as a defendant

is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Brothers, Inc. v. Michetti Pipe Stringing,* 526 U.S. 344, 347, 119 S. Ct. 1322, 1325 (1999). Under this "bedrock principle" of our law, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.,* 119 S. Ct. at 1327 (citations omitted). Courts do not have personal jurisdiction over a defendant absent service of process; mere notice is not enough. *Omni Capital Intl., Ltd v. Rudolph Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.")

The great weight of authority indicates NOCO's failure to effect service of process dooms the Motion for Preliminary Injunction which provides NOCO's primary justification for this discovery motion. (*See* ECF 11, 6-8.) And though NOCO did unearth a single case granting a narrow preliminary injunction to preserve the status quo pending service of process under the Hague Convention (ECF 5, 6), it cites no cases allowing discovery, much less expedited discovery, before service of process. (*See* ECF 10, *passim.*) By contrast, though an issue so fundamental seems to be rarely ruled upon, multiple courts have denied motions for expedited discovery due to lack of jurisdiction over foreign defendants not properly served. *See Amari v. Spillan,* No. 2:08-cv-829, 2008 WL 5378339, *3 (S.D. Ohio Dec. 19, 2008) ("As to the Pistilli Defendants, until they have been effectively served, this Court cannot subject them to this Opinion and Order."); *Henkel Corp. v. Degremont, S.A.,* 136 F.R.D. 88, 89 (E.D. Pa. 1991) (denying motion for expedited discovery without prejudice for lack of jurisdiction after quashing service of process). *See also In re Paradise Valley Holdings, Inc.*, No. 3-34704, 2005 WL 3841866, *1 (Bankr. E.D. Tenn. Dec.

29, 2005) (denying motion for expedited discovery as procedurally defective because individual defendants had not been served with the motion).[3]

This court should similarly deny NOCO's motion because this case has not begun, and the Court has not secured jurisdiction over Aukey. And as described below, even if the Court had jurisdiction to issue NOCO's proposed order, NOCO has not shown the good cause required to justify its request for expedited discovery.

### B. NOCO Has Failed to Show Good Cause to Expedite Discovery Because it Has Shown No Urgency, and its Request is Nonspecific and Overly Broad.

"[E]xpedited discovery is *not* the norm[, a] party seeking expedited discovery must show good cause for departing from the usual discovery procedures." *Elektra Entm't Grp., Inc. v. Does 1-6*, No. 1:08-CV-444, 2009 WL 10679073, at *2 (S.D. Ohio Feb. 5, 2009) (emphasis original). And "[g]ood cause for expedited discovery is contingent on urgency." *See Elektra*, 2009 WL 10679073 at *2. (Motion for expedited discovery denied where plaintiff's actions showed no urgency, and it filed the motion several months after filing suit.) "[T]here is little binding authority on the issue of expedited discovery in the Sixth Circuit, and district courts are split on the appropriate standard." *Luxottica Retail N. Am., Inc. v. Vision Serv. Plan*, No. 1:14-cv-581, 2014 WL 4626015, *4 (S.D. Ohio Sept. 12, 2014). But as in *Elektra*, courts generally "require a party to show good cause before granting an expedited discovery request." *Barrette Outdoor Living, Inc v. Does*, No. 1:16-cv-914, 2016 WL 1588672, *2 (N.D. Ohio Apr. 20, 2016).

---

[3] To be clear, NOCO's service of its motion by mail upon the defendants in China is not proper service under the Hague Convention. (*See* ECF 10.) The Hague Convention permits service by mail (i.e., "by postal channels") only "so long as the receiving state does not object." *Water Splash, Inc. v. Menon*, ---U.S. ---, 137 S. Ct. 1504, 1513 (2017). China has affirmatively objected to service by mail. *See Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., Ltd.*, --- F. Supp.3d---, 2020 WL 5036085 (N.D. Cal. 2020). So, this Court may not permit service by mail; it is inconsistent with the Hague Convention. *See Magma Holding, Inc., v. Ka Tat "Karter" Au Yeung*, No. 2:20-cv-00406, 2020 WL 5877821, *4 (D. Nev. Oct. 2, 2020).

To evaluate a movant's showing of need, "[c]ourts consider several factors in determining if good cause exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought." *Barrette*, 2016 WL 1588672 at *2. In this case, the first two *Barrette* factors do not exist and NOCO has sought discovery with no limits beyond those in the Federal Rules. (*See* ECF 10 & 10-1.) Therefore, NOCO has not shown good cause, and the Court should deny its motion.

### 1. *The Defendants Are Known, and There is No Danger Relevant Evidence will be Lost or Destroyed.*

Courts often permit expedited discovery (of parties and third parties) to identify unknown defendants. *See Searcy v. GUESS, LLC*, No. 2:19-cv-3124, 2020 WL 1694987, *4 (S.D. Ohio Apr. 6, 2020); *Barrette*, 2016 WL 1588672, *2-3 (good cause existed for a narrowly tailored expedited discovery request to third parties to identify Doe defendants in trade secret misappropriation case); *N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F.Supp.3d 634, 637 (E.D. Mich. 2016) (good cause existed for expedited discovery requests to third party service providers limited to seek identity and financial information of defendants, accompanied by offer to post bond); *Arista Records, LLC v. Doe,* 2007 WL 5254326, *3 (S.D. Ohio Nov. 5, 2007) (record companies permitted to subpoena third party ISP to identify Doe defendants). There is no such concern here because the Defendants are known to NOCO, and even confirmed proper addresses for service of process. (ECF 5, 6.) In other cases, courts have allowed expedited discovery to guard against loss or destruction of evidence. But NOCO has made no such argument, and speculation or bare assertions that evidence might be lost or destroyed cannot show good cause. *See Best v. Mobile Streams, Inc.*, No. 1:12-cv-564, 2012 WL 5996222, *2 (S.D. Ohio Nov. 30, 2012).

### 2. NOCO Has Shown Little or No Evidence of Urgent Need in the Form of Irreparable Harm.

NOCO relies almost exclusively on the pendency of its Motion for Preliminary Injunction to justify expedited discovery. (ECF 10, 2-3.) But that reliance is unavailing given the weakness of NOCO's motion and its own actions undercutting its claims of irreparable harm.

As the cases hold, claims of unfair competition or infringement *may* justify expedited discovery. "Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time." *Caston v. Hoaglin*, No. 2:08-cv-200, 2009 WL 1687927, *2 (S.D. Ohio June 12, 2009). But expedited discovery is *not necessarily* justified in every unfair competition case, or whenever a plaintiff seeks an injunction. *See Elektra* 2009 WL 10679073, *2.

NOCO cites three out-of-circuit cases for the proposition that preparing for a preliminary injunction hearing justifies expedited discovery. (ECF 10, 3.) But in those cases, the urgency stemming from the nature of the proceeding, not the mere existence of a preliminary injunction motion, created the good cause required to expedite discovery. In two of NOCO's cases, the issue was the constitutionality of government actions, which often presents considerable urgency due to time sensitivity or the potential for irreparable harm to broad classes of citizens. *See Edudata Corp. v. Sci. Computers, Inc.*, 599 F. Supp. 1084, 1086 (D. Minn.), *aff'd in part, appeal dismissed in part*, 746 F.2d 429 (8th Cir. 1984) (challenge to the constitutionality of a state law regulating corporate takeovers); *Ellsworth Assocs., Inc. v. U.S.*, 917 F. Supp. 841, 844 (D.D.C. 1996) (plaintiff challenged constitutionality of upcoming government contract bidding process). And NOCO's third case involved alleged trade secret misappropriation, presenting a high potential for irreparable harm. *See Meritain Health Inc. v. Express Scripts, Inc.*, No. 4:12-cv-266-CEJ, 2012

WL 1320147 at *1 (E.D. Mo. Apr. 17, 2012). NOCO cannot bootstrap the urgency required to justify expedited discovery here from its own request for preliminary injunction regardless of the merits or simply by labeling its claims "unfair competition."

First, the substance of the irreparable harm claim in NOCO's preliminary injunction motion is weak. (*See* ECF 11, 12-13.) Indeed, NOCO's motion and the Nook Affidavit proffer no evidence NOCO has suffered or will continue to suffer irreparable injury. The Nook Affidavit claims only that NOCO has lost unspecified sales and revenue (*see* ECF 5-1, ¶¶25-26), and NOCO's motion also mentions lost sales. But harm quantifiable in dollar terms is not "irreparable" harm. *See Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc.,* 716 F.3d 952, 955, 957 (6th Cir. 2013). And NOCO admits it has consistently been able to enlist allies from within its own Amazon 3P Seller team and restore its products to its desired Browse Nodes. (*See* ECF 5-1, ¶12.)

Even if NOCO argues that it has suffered irreparable harm from Amazon's temporary movement of a few product listings or from Amazon's elimination of duplicate NOCO product listings from multiple Browse Nodes, NOCO cannot explain why it did not seek an injunction earlier (or why it has not sought an injunction against Amazon). The timing of NOCO's actions undercut its claims. According to NOCO, seven of the ten incidents apparently occurred before NOCO filed the Complaint in mid-October. (*Id.*, ¶¶10-21). According to Mr. Nook, Amazon had already told NOCO that Aukey and alleged rogue Amazon employees were responsible, but it would not or could not stop them. (*See id.*, ¶¶18-20.) Another such incident (the eighth) allegedly occurred in October (*id.*, ¶ 21), after which NOCO moved to reassign the case in November (ECF 4) but otherwise sat quietly. NOCO then waited several more weeks to seek "emergency" relief (ECF 5), and four days later filed this motion seeking broad and unspecified discovery (ECF 9). NOCO has not approached the Court or counsel to seek expedited briefing or to set a hearing date

10

for either pending motion. The most reasonable conclusion is that NOCO is angry that Amazon moved some of its product listings but is not suffering irreparable harm.

Put simply, NOCO has not acted like a party in a hurry. A plaintiff's delay may show that the absence of an injunction would not cause irreparable harm. *See NAACO Indus., Inc v. Applica, Inc.,* No. 1:06-CV-3002, 2006 WL 3762090 (N.D. Ohio Dec. 20, 2006) (delay of over a month was "convincing evidence" of no irreparable injury). NOCO's delays here similarly undercut its claims that it is suffering irreparable harm that justifies expedited discovery.

### 3. *NOCO Has Concealed Much of What it Knows.*

NOCO has failed to spell out much of what it must know about these alleged incidents, which undermines the credibility of its allegations and suggests that it believes disclosure would harm its case. For example, NOCO's Motion and the Nook Affidavit provide no names of Mr. Nook's Amazon informants; no written record of any communications; no specific dates of the communications or of the incidents; no listing of the ten NOCO products Amazon moved from one Browse Node to another, or which Browse Nodes were involved; no explanation of the relevant Amazon policies or how NOCO believes those transfers violated Amazon policy; and no description or calculation of harm to NOCO beyond bare claims of "lost sales." The gaping holes in NOCO's story, resulting from NOCO's decision not to provide information it must know, further undercut its claims of irreparable harm.

### 4. *NOCO's Broad and Unfocused Discovery Proposal Also Weighs Against Finding Good Cause.*

Overly broad requests for expedited discovery — like the nearly unlimited request NOCO presents — can be fatal to finding good cause. The cases discussed herein where courts granted expedited discovery often mention the focused nature of the discovery sought, which was narrowly

tailored to meet a demonstrated need such as identifying unknown defendants, securing financial data, or protecting trade secrets. *See, e.g., Barrette,* 2016 WL 1588672, *2 (listing "the scope of the information sought" as one element of the good cause analysis). "As part of the good cause inquiry, courts also look to see that the proposed discovery is appropriately narrow and targeted." *Johnson v. U.S. Bank Nat. Ass'n*, No. 1:09-cv-492, 2009 WL 4682668, *1 (S.D. Ohio Dec. 3, 2009). In many cases, the movant presented the proposed expedited discovery requests to the Court for review along with the motion. *See, e.g., Barrette,* 2016 WL 1588672, *2-3. NOCO's failure to meet these standards provides yet another reason for the court to deny its request.

NOCO asserts that its "discovery requests and subpoenas will be targeted to seek information needed for a preliminary injunction and will not be unduly burdensome." (ECF 10, 2.) But that vague assurance takes nothing away from the breadth of its actual request to "begin discovery in this litigation, including issuing Requests for Production, Interrogatories, and Requests for Admissions to Defendants as well as Fed. R. Civ. P. 45 subpoenas to non-parties. Defendants are to respond to Plaintiffs' discovery requests within fourteen (14) days." (ECF 10-1.) This request is nothing like those permitted in two of the cases NOCO cites, described as "a limited set of documents and depositions" (*Meritain Health,* 2012 WL 1320147, *2) or "narrowly tailored" discovery requests. *Ellsworth Assocs.*, 917 F. Supp. at 844. NOCO's proposed Order would grant it the right to immediately begin to take the full range of discovery available to litigants, with Aukey's response time cut by 50%, and no limits beyond those in the Federal Rules. NOCO has not even limited the number of third party subpoenas or listed the recipients. (*Id.*)

The breadth of NOCO's request far exceeds even that of the expedited discovery requests rejected as excessive in *5ifth Element Creative, LLC v. Kirsch*, No. 5:10-cv-255-KKC, 2010 WL 4102907 (E.D. Ky. Oct. 18, 2010). In *5ifth Element* the plaintiff sought "the unrestricted ability

to depose three former employees or consultants of 5ifth Element, three members of third-party companies, and the Defendant, as well as leave to serve the Defendant with an untold number of requests for production of documents," and "has not provided the Court with any limitations on either the line of questions to be asked during the depositions or the types of documents it seeks from the Defendant." *Id.,* 2010 WL 4102907, *2. The *5ifth Element* court found no good cause for such a broad request. In another case, the court rejected as overly broad an expedited discovery request seeking "checks, invoices, letters, and other documents" absent any showing of irreparable harm to plaintiff or likely destruction of documents. *See In re Paradise Valley Holdings,* 2005 WL 3841866, *2. *See also Caston,* 2009 WL 1687927, *4 (denying request to serve expedited document preservation subpoenas not narrowly tailored to the relevant timeframe). The breadth of NOCO's request supports an inference of hardship against Aukey. NOCO's discovery requests are not "appropriately narrow and targeted" and so cannot satisfy the good cause inquiry.[4] *See Johnson*, 2009 WL 4682668, *1.

### III. CONCLUSION

NOCO has not shown that the Court should allow any discovery now, much less expedited discovery. NOCO is not entitled to discovery before service of process, and the Court lacks jurisdiction to grant it. NOCO also seeks nearly unlimited discovery despite having failed to show good cause for any expedited discovery.

NOCO's hearsay tale of woe is inherently implausible, including its claims that Aukey "coerced" Amazon to harm NOCO, and that Amazon found misconduct and policy violations but

---

[4] If the Court is inclined to allow any discovery at this stage, which it should not, Defendants request the opportunity to be heard on the appropriate scope of the specific discovery permitted. Defendants would then also seek reciprocal discovery from NOCO, including on the Nook Affidavit and its allegations, which would require the deposition of Mr. Jonathan Nook and possibly his sources.

refused to act against those involved. NOCO's decision to withhold evidence which must be in its possession also undercuts the credibility of its allegations of misconduct and irreparable harm. For all the reasons set forth above, and for good cause shown, Aukey respectfully urges the Court to deny NOCO's Motion for Expedited Discovery.

                                        Respectfully submitted,

                                        /s/ *Jay R. Campbell*
                                        Jay R. Campbell (0041293)
                                        David A. Bernstein (0093955)
                                        TUCKER ELLIS LLP
                                        950 Main Avenue, Suite 1100
                                        Cleveland, OH 44113
                                        Telephone:   216.592.5000
                                        Facsimile:    216.592.5009
                                        E-mail:       jay.campbell@tuckerellis.com
                                                                   david.bernstein@tuckerellis.com

                                        /s/ Peter J. Curtin
                                        Peter J. Curtin (*pro hac vice*)
                                        Yichen Cao, Ph.D.
                                        Yu Di
                                        Diego F. Freire
                                        **ARCH & LAKE LLP**
                                        203 North LaSalle Street, Suite 2100
                                        Chicago, IL 60601
                                        (312) 558-1369
                                        (312) 614-1873 (fax)
                                        pete_curtin@archlakelaw.com

                                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020 a copy of the foregoing Defendants' Brief in Opposition to NOCO's Motion for Expedited Discovery was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Respectfully submitted,

    */s/ Jay R. Campbell*
    Jay R. Campbell (0041293)

    *Attorney for Defendants*