IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY,** | ) | CASE NO. 1:20-cv-02322 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JUDGE SOLOMON OLIVER, JR.** |
| -v- | ) | |
| | ) | |
| **AUKEY TECHNOLOGY CO., LTD., et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF THE NOCO COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY**

Plaintiff The NOCO Company ("***NOCO***") submits this Reply Brief in Support of its Motion for Expedited Discovery (ECF # 10) (the "***Motion***"). NOCO requested limited expedited discovery related to its Motion for Preliminary Injunction (ECF # 5), which seeks to stop Defendants Aukey Technology Co., Ltd., Shenzhenshi Jaingyun Shangmaoyouxiangongsi, and Wodeshijikeji Shenzhen Youxiangongsi's (together, the "***Defendants***") from repeatedly causing the unauthorized removal of NOCO products from Amazon's Browse Nodes for Defendants' benefit.

Expedited discovery would confirm Defendants' involvement in these brazen and illegal acts, which Defendants notably failed to deny in their Opposition to NOCO's Motion for Preliminary Injunction (ECF # 11). The Court has authority to allow expedited discovery, including third-party subpoenas, even while Hague Convention service on Defendants remains pending, and the Court can limit discovery to issues

relevant to the Motion for Preliminary Injunction to avoid any undue burden on Defendants or third parties.

    **I.    The Court Has Authority To Grant Plaintiff's Request For Expedited Discovery.**

Even though Defendants are clearly on notice of this lawsuit and voluntarily participating in motion practice, they are trying to evade the Court's authority to grant expedited discovery by invoking procedural technicalities. But the law is clear that the Court may order expedited discovery in these circumstances, even when service on Defendants remains outstanding, and even as to third parties such as Amazon.

    **A. The Court Can Order Expedited Discovery From Defendants.**

The Court should grant NOCO's request for expedited discovery of Defendants' role in the removal of NOCO products from the Browse Nodes. Defendants have been on notice of this action for months, are willingly participating in motion practice, have only increased their unscrupulous acts on the Amazon Marketplace in the time since filing the Complaint, and have not denied the removal of NOCO products from the Browse Nodes.

The expedited discovery sought here is specifically related to the pending Motion for Preliminary Injunction. Courts often grant expedited discovery where the request is necessary to adequately appraise the justification for injunctive relief. *See, e.g., Renewal by Anderson, LLC v. Fillar,* Case No. 1:15-cv-01117, 2015 U.S. Dist. LEXIS 71739, at *5 (N.D. Ohio June 3, 2015) (granting expedited discovery in anticipation of preliminary injunction hearing); *Cengage Learning v. Doe 1*, No. 18-cv-403, 2018 U.S. Dist. LEXIS 239799, at *19-20 (S.D.N.Y. Jan. 17, 2018) (granting expedited discovery against defendants to determine extent of Lanham Act violations for temporary

restraining order); *see also BBK Tobacco & Foods, LLP v. Wish Seller Gooshelly,* Case No. 20-10025, 2020 U.S. Dist. LEXIS 81920, at *2 (E.D. Mich. May 11, 2020) (noting that expedited discovery from third parties was appropriate where related to a motion for alternative service).

Defendants offer no controlling authority to the contrary. Instead, they quote broad, sweeping statements made by courts in inapplicable circumstances to give the mistaken impression that this Court lacks authority to order expedited discovery. For instance, *Murphy Brothers, Inc. v. Michetti Pipe Stringing*, 526 U.S. 344 (1999) does not involve foreign defendants and Hague Convention service but rather the effect of service on the timeline for removal under 28 U.S.C. § 1446. The *Murphy* court's statement that a defendant "is not obliged to engage in litigation" until formal service occurs is limited to that context and would not save Defendants in any event, given that they are voluntarily participating in this lawsuit for purposes of the Motion for Preliminary Injunction. Similarly, *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345 (6th Cir. 2003) involves the question of whether a court can enter a default judgment against a defendant who has not been properly served. Questions of default and personal jurisdiction are not at issue at this juncture; rather, the question here is the Court's authority to issue expedited discovery and enter injunctive relief prior to Hague Convention service. *C.f. Omni Capital Intl., Ltd., v. Rudolph Wolff & Co., Ltd.* 484 U.S. 97 (1987).[1] In short, Defendants have been on notice of this action for

---

[1] Defendants cite several other district court decisions that are inapplicable because they involve situations in which parties were improperly served. *See Amari v. Spillan*, Case No. 2:08-cv-829, 2008 U.S. Dist. LEXIS 105655, at *8-9 (S.D. Ohio Dec. 19, 2008) (quashing summons due to improper service); *Henkel Corp. v. Degremont, S.A.,* 136 F.R.D. 88, 89 (E.D. Pa. 1991) (quashing service of process).

months, insisted on service pursuant to the Hague Convention, and cannot point to any controlling case law that would justify denying expedited discovery here.

### B. The Court Can Order Expedited Discovery From Third Parties.

Similarly, the Court has authority to allow NOCO to seek expedited third-party discovery from Amazon to understand the scope of Defendants' misconduct and to protect consumers.

Courts regularly permit plaintiffs to serve discovery on third parties, who are under no duty to preserve evidence, pending Hague Convention service. In *TracFone Wireless, Inc. v. CNT Wireless LLC*, No. 1:19-cv-24325, 2019 U.S. Dist. LEXIS 194634 (S.D. Fla. Nov. 8, 2019), the plaintiff, a mobile phone provider with proprietary software, brought suit against Canadian defendants who were engaged in a phone trafficking scheme. The plaintiff, who had not yet served the defendants, sought expedited discovery on multiple third parties, including Apple, Target, and Walmart, to understand the scope of defendants' misconduct. *Id.* at *3-4. In granting the request, the court permitted the plaintiff to serve subpoenas on any "third parties it reasonably believes may have information relating to the case..." *Id.* at *9; *see also Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (permitting expedited discovery on third-party banks to understand scope of foreign defendants' assets where service would take six months).

Expedited third-party discovery is commonly allowed where foreign defendants are engaging in online misconduct and trying to evade service or detection. Courts permit expedited third-party discovery from online retailers and account providers when plaintiffs seeking injunctive relief need to understand the financial impact of

4

foreign defendants' misconduct. In *Pearson Educ., Inc. v. Does 1-100*, No. 1:17-cv-00203-KMW, *6-7 (S.D.N.Y. Jan. 17, 2017) (Dkt. 3),[2] the court allowed the plaintiffs to subpoena Amazon to understand the scope of the foreign defendants' counterfeit textbook scheme. In addition to providing plaintiffs with defendants' true names, the expedited discovery was designed to identify defendants' bank accounts and credit cards. *Id.* In another case involving the same plaintiffs and textbook scheme, the court permitted subpoenas on the same issues, but cast an even wider net, allowing subpoenas to be served on eBay, PayPal, and any other third parties that provided services to defendants. *Elsevier, Inc. v. Does 1-20*, 1:17-cv-06225-JGK-G2G, *7 (S.D.N.Y. Aug. 18, 2017). In *Microsoft Corp. v. FIFAVIP Co., Ltd.*, 5:17-cv-02887-LHK, *2 (N.D. Cal. May 19, 2017) (Dkt. 5), the court permitted expedited discovery on a host of third parties so that plaintiff could locate and quantify the assets generated by the defendants' misconduct.[3]

## II. Expedited Discovery Is Warranted Here.

As outlined in NOCO's initial brief, expedited discovery is appropriate in these circumstances.

Good cause for expedited discovery "frequently exists in cases involving claims of infringement and unfair competition," or where "the plaintiff seeks a preliminary injunction." *Pod-Ners, LLC v. Northern Feed & Bean*, 204 F.R.D. 675, 676 (D. Colo.

---

[2] The referenced unpublished orders are attached as **Exhibit A**.

[3] None of the cases Defendants cite support the proposition that the Court should prohibit expedited third-party discovery pending Hague Convention service. Opp. 6-7. Indeed, in one of Defendants' cases, *Amari v. Spillan*, No. 2:08-cv-829, 2008 U.S. Dist. LEXIS 105655, *9 (S.D. Ohio Dec. 19, 2008), the court permitted plaintiffs to serve third-party expedited discovery even though it did not permit expedited discovery on un-served foreign defendants.

2002); *see also Luxottica Retail N. Am., Inc. v. Vision Serv. Plan,* No. 1:14-cv-581, 2014 U.S. Dist. LEXIS 128017, at *10-11 (S.D. Ohio Sept. 12, 2014). Courts consider three factors for a showing of good cause in deciding a motion for expedited discovery: "(1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought." *Barrette Outdoor Living, Inc. v. Doe,* Case No. 1:16-cv-914, 2016 U.S. Dist. LEXIS 52919 (N.D. Ohio Apr. 20, 2016).

NOCO demonstrated that each factor weighs in its favor. First, given that service via the Hague Convention can take up to six months for the central authority in China to serve Defendants, there is a risk that Defendants may lose or destroy evidence related to the merits of the litigation. Indeed, this risk is more than theoretical, given that Defendants continue to remove NOCO products from the Browse Nodes with impunity.

Second, expedited discovery would advance this case considerably. While NOCO has demonstrated that its products are being removed from the Browse Nodes on the Amazon Marketplace, and Defendants have not denied involvement, expedited discovery would efficiently and conclusively confirm the extent of Defendants' misconduct. As NOCO products continue to be removed from the Browse Nodes, NOCO continues to lose the Amazon Best Seller Badge, causing consumer confusion and deception. These acts harm NOCO's goodwill and reputation in the automotive industry and in the Amazon Marketplace, as a whole. Since first discovering the removal of NOCO products, Defendants' actions have only become more frequent, harmful, and burdensome to both NOCO and Amazon, as demonstrated by the continued need to

return NOCO products back into the Browse Nodes after their unauthorized and illegal removal.

Third, NOCO is requesting limited discovery, tailored for purposes of the Motion for Preliminary Injunction. (*See* ECF # 10 at 1 ("[Defendants] should be required to respond…to a limited set of discovery requests in anticipation of a hearing on the Motion for Preliminary Injunction."). Defendants' argument that the Motion should be denied because expedited discovery would be too burdensome is baseless. NOCO requests expedited discovery limited to the removal of NOCO products from the Browse Nodes beginning in early June 2020. NOCO does not expect to require, and is not currently requesting, discovery regarding any issues before 2020.

In sum, NOCO's request for expedited discovery is appropriate because it is specifically tied to the Motion for Preliminary Injunction, solely targeting information concerning the removal of NOCO products from the Browse Nodes in 2020. The Court should grant NOCO's request for all the foregoing reasons, in addition to the bases set forth in NOCO's Motion for Expedited Discovery.

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
JUSTINE LARA KONICKI (0086277)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com;
    jlk@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Plaintiff The NOCO Company's Reply in Support of its Motion for Expedited Discovery has been filed electronically on this 31st day of December 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties not receiving service through the Court's electronic filing system will be served by mail at the following addresses:

Aukey Technology Co., Ltd.
Room 102
Building P09
Huanan Dianzi Trading Center Plaza
Shenzhen 518111 China

Shenzhenshi Jiangyun Shangmaoyouxiangongsi
Room 913, Block B, World Financial Center
Heping Road, Nanhu Street
Luohu District
Shenzhen, Guangdong, 518111 China

Wodeshijikeji Shenzhen Youxiangongsi
Longgangqu Bujijiedao Buzhonglu 12 Hao
Meidulanhuating Czuo 8B
Shenzhen, Guangdong 518114 China

*/s/ Jon J. Pinney*
Jon J. Pinney