USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 18, 2017

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER, INC., PEARSON EDUCATION, INC., CENGAGE LEARNING, INC., and MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-20,<br><br>Defendants. | 17 Civ. 6225 (JGK)<br><br>ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND EXPEDITED DISCOVERY ORDER |

## ORDER TO SHOW CAUSE

Plaintiffs Elsevier, Inc., Pearson Education, Inc., Cengage Learning, Inc., and McGraw-Hill Global Education Holdings, LLC (collectively, "Plaintiffs") have moved *ex parte* against Defendants Does 1-20 ("Defendants") for a temporary restraining order, expedited discovery order, and order to show cause for preliminary injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. § 6201. Plaintiffs proceed on the basis that Defendants are importing, distributing, offering for sale and/or selling counterfeits of Plaintiffs' textbooks, *i.e.*, unauthorized copies of Plaintiffs' copyrighted works bearing Plaintiffs' federally registered trademarks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, HEREBY FINDS:

<span style="color:red">EXHIBIT A</span>

Case 1:17-cv-06225-ARR-JO Document 15-1 Filed 12/31/20 Page 2 of 24
Case 1:17-cv-06225-ARR-JO Document 15 Filed 02/08/17 Page 2 of 22

A. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights and trademarks in connection with Defendants' importation, distribution, offering for sale and/or sale of counterfeits of Plaintiffs' textbooks, including via the following online storefronts on the eBay.com marketplace:

(1) adonaisavesorg (Seller URL http://www.ebay.com/usr/adonaisavesorg);

(2) andrepayn7 (Seller URL http://www.ebay.com/usr/andrepayn7);

(3) bb886500 (Seller URL http://www.ebay.com/usr/bb886500);

(4) bookbuzzi (Seller URL http://www.ebay.com/usr/bookbuzzi);

(5) bookseller2221 (Seller URL http://www.ebay.com/usr/bookseller2221);

(6) bukhstar (Seller URL http://www.ebay.com/usr/bukhstar);

(7) cs4885 (Seller URL http://www.ebay.com/usr/cs4885);

(8) gfro8866 (Seller URL http://www.ebay.com/usr/gfro8866);

(9) greatwhite430 (Seller URL http://www.ebay.com/sch/greatwhite430);

(10) marbul-4 (Seller URL http://www.ebay.com/usr/marbul-4);

(11) modelistajp (Seller URL http://www.ebay.com/usr/modelistajp);

(12) mystarbook (Seller URL http://www.ebay.com/usr/mystarbook);

(13) peteanderso-5 (Seller URL http://www.ebay.com/usr/peteanderso-5);

(14) saveout (Seller URL http://www.ebay.com/usr/saveout).

(Collectively, the "Online Storefronts.").

  B.  The importation, distribution, offering for sale, and/or sale of counterfeits of Plaintiffs' textbooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted; and

  C.  The harm to Plaintiffs from denial of the requested *ex parte* order outweighs the harm to Defendants' legitimate interests against granting such order.

  THEREFORE, IT IS HEREBY ORDERED that Defendants Does 1-20 shall appear on the 1st day of September 2017, at 10:00 a.m. in Courtroom 12B of the United States District Court for the Southern District of New York at 500 Pearl Street, New York, New York, to show cause why an Order, pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. § 6201, and the Court's equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs a preliminary injunction enjoining Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, in a manner substantially similar to the relief provided in the Temporary Restraining Order below.

  IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel, by email to kerry@oandzlaw.com, by the 25th day of August, 2017, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants by the 28th day of August, 2017.

## **TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED, in accordance with Rule 65 of the Federal Rules of Civil Procedure, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, servants, employees, and all those acting in active concert or in participation with any of them, are enjoined from:

    a) Directly or indirectly infringing any copyrighted work that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Works");

    b) Directly or indirectly infringing any trademark that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Marks");

    c) Directly or indirectly manufacturing, importing, distributing (including returning goods purchased from another), offering for sale and/or selling counterfeits of Plaintiffs' textbooks;

    d) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe Plaintiffs' Works, Plaintiffs' Marks, and/or manufacture, import, distribute, offer for sale and/or sell counterfeits of Plaintiffs' textbooks; and

2. Defendants, their officers, agents, servants, employees, and all those acting in active concert or in participation with any of them, including eBay Inc. ("eBay") and PayPal Inc. ("PayPal"), must, upon receiving actual notice of this Temporary Restraining Order, immediately locate all accounts receiving funds from sales made by any of Defendants' Online Storefronts ("Defendants' Accounts") and immediately cease transferring or disposing of any money or other assets residing in Defendants' Accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from Defendants' Accounts pending further order of this Court. This includes but is not limited to: (a) any and all of Defendants' Accounts with PayPal; and (b) any financial institution accounts linked to Defendants' Accounts or that otherwise have received proceeds of sales from Defendants' Online Storefronts.

3. Defendants, their officers, agents, servants, employees, and all those acting in active concert or in participation with any of them, must, upon receiving notice of this Temporary Restraining Order, immediately locate all physical copies of books published by any of the Plaintiffs ("Plaintiffs' Books") that are within their possession, custody or control, and immediately cease selling, distributing, transferring, or disposing of Plaintiffs' Books pending an inspection by Plaintiffs. Any such Books determined by Plaintiffs during the inspection to be not counterfeit shall, upon Plaintiffs' notice of such determination, be exempt from this Temporary Restraining Order. Plaintiffs shall provide notice of their determinations to eBay and the relevant

5

Defendants promptly after completing inspections conducted pursuant to this paragraph.

4. eBay shall immediately cease allowing the Online Storefronts to sell or offer for sale any of Plaintiffs' Books pending Plaintiffs' inspection and receipt of a notice of determination pursuant to paragraph 3 above.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further date as set by the Court.

IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $5,000 by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

IT IS FURTHER ORDERED that Plaintiffs shall serve copies of this Order, the Complaint, and Plaintiffs' *ex parte* application (together with all supporting declarations and other documents) on Defendants via the email addresses associated with their Online Storefronts. Plaintiffs shall promptly file proof of such service, and shall cause these materialas to be dockected on this Court's electronic case filing system.

6

## EXPEDITED DISCOVERY ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to take expedited discovery, prior to a Rule 26(f) conference, is GRANTED. Plaintiffs may issue a Rule 45 subpoena to eBay and PayPal seeking Defendants' true names, aliases, and all related contact and financial account information associated with Defendants' Online Storefronts, including financial institution accounts or credit cards linked to Defendants' Accounts. Subject to appropriate objections, eBay and PayPal shall produce responsive records within three (3) days of service of the subpoena.

IT IS FURTHER ORDERED that Plaintiffs may issue Rule 45 subpoenas to other third parties providing services to Defendants or the Online Storefronts in order to: (a) determine Defendants' true names, current (and permanent) addresses, and email addresses, and (b) identify Defendants' financial institution accounts used to receive, transfer, or send funds or payment in connection with their allegedly illegal activities. Recipients of subpoenas issued pursuant to this Order shall produce responsive records within seven (7) days of receiving actual notice of this Order.

SO ORDERED this 18th day of August, 2017.

*Katherine Polk Failla*
_____
Katherine Polk Failla
United States District Judge
Sitting in Part I

7

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> FIFAVIP CO., LTD., et al., <br><br> Defendants. | Case No. 17-cv-02887-LHK <br><br> **ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND AUTHORIZATION FOR ELECTRONIC SERVICE OF PROCESS; ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE** <br><br> Re: Dkt. No. 4 |

Plaintiff Microsoft Corporation ("Microsoft") moves *ex parte* against Defendants FIFAVIP Co., Ltd., ChongQing Wanke Web Ltd. Co, Jianchun Zhang, and Does 1-20 ("Defendants"), dba futvip.com and other associated websites ("futVIP"), for (1) expedited discovery; (2) a temporary restraining order ("TRO") freezing Defendants' assets; (3) authorization to serve Defendants by email; and (4) an Order to Show Cause why a preliminary injunction should not be entered restraining Defendants' illegal activities. Microsoft makes its motion pursuant to Federal Rules of Civil Procedure 64 and 65, 15 U.S.C. § 1116 of the Lanham Act, and the Court's inherent equitable powers, on the basis that, among other things, Defendants are distributing, offering for sale and/or selling, via the Internet, fraudulently obtained goods that they are advertising with and which bear Microsoft's federally registered trademarks attached as exhibits to Microsoft's Complaint (collectively, the "Microsoft Marks"), which trademarks are owned and controlled by Microsoft and used in connection with Microsoft's products (collectively, the "Microsoft

1

Products"). Microsoft further makes its motion on the basis that Defendants are engaged in an ongoing enterprise to unlawfully access Microsoft Accounts ("MSAs") belonging to authorized Microsoft customers in order to hijack those accounts, steal and misappropriate credit cards registered to those accounts for their own illegal ends, and distribute the MSAs and their stored value without any authorization from Microsoft or the authorized MSA holder. The Court having reviewed the Complaint, Ex Parte Motion and Memorandum of Points and Authorities in Support, and supporting declarations and exhibits submitted therewith, the Court hereby GRANTS Plaintiff's motion for expedited discovery, temporary restraining order, and authorization for electronic service of process.

## I. Expedited Discovery

For the reasons set forth in Plaintiff's motion, the Court hereby orders that Microsoft may begin discovery immediately regarding the identity and whereabouts of Defendants and the assets generated by Defendants from their sale of access to MSAs paired with virtual gaming currencies for the Xbox video console by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Western Union, or other merchant account providers, payment providers, third party payment processors (e.g., PayEase, IPS Ltd., or Realypay) or credit card associations (e.g., MasterCard and VISA), which receive payments or hold assets on Defendants' behalf and any other third parties, including domain registrars and internet service providers, that have information about the identity and whereabouts of Defendants.

## II. Temporary Restraining Order

Plaintiff moves ex parte for a temporary restraining order to restrain Defendants' illicit proceeds. *See* ECF No. 4-2 ("Mot."), at 17. For the reasons set forth in Plaintiff's ex parte motion for a temporary restraining order, the Court finds that a temporary restraining order restraining Defendants' assets is appropriate in this case.

2

Case No. 17-CV-02887-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND AUTHORIZATION FOR ELECTRONIC SERVICE OF PROCESS; ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE

In particular, the Court finds that Plaintiff has been injured by Defendants' conduct and that this injury is irreparable. Specifically, Plaintiff alleges in its Complaint—and sets forth in declarations supporting its ex parte motion for temporary restraining order—that Defendants have engaged in a pattern and practice of unlawfully obtaining MSA credentials, using those credentials to fraudulently gain access to MSAs and the authorized MSA holders' linked credit cards, and then unlawfully purchased virtual gaming currencies with the MSA holders' credit cards. *See* ECF No. 1 ("Compl."), at ¶ 28; ECF No. 4-5 ("Beckley Decl."), at ¶¶ 7-31. Defendants then sell access to the MSA, in addition to the fraudulently obtained virtual gaming currencies, through their website. Microsoft is thus being harmed from Defendants' conduct in the form of millions of dollars of bank charge backs and consumer refunds, as well as the ongoing harm to Microsoft's goodwill and reputation. *See* Beckley Decl. ¶ 32. Defendants' activity is ongoing, and absent Court intervention, the activity will very likely continue. *See* Mot., at 15.

Further, the Court finds that the circumstances of this case warrant issuing a temporary restraining order without notice to Defendants. As set forth in the declaration of Investigator Jeremy Beckley in support of Plaintiff's ex parte motion, "[i]n [his] significant experience investigating fraudulent activity against Microsoft and others, companies and individuals selling unlawful products are difficult, if not impossible, to find and frequently shut down websites discovered by Microsoft only to reopen under different domain names." Beckley Decl. ¶ 34. Further, these companies and individuals "frequently move their money, destroy any incriminating records, and set up shop under different domain names." *Id.* Further, Plaintiff has reason to believe that the Defendants in this case, specifically, "funnel proceeds of their fraud through PayPal to foreign bank accounts held in China," and thus it is likely that, "as soon as Defendants learn about the existence of this lawsuit, they will repatriate all of their assets currently held in the United States to China to prevent them from being made available to satisfy an award for Microsoft in this case." Mot., at 19; *see* Beckley Decl. ¶¶ 11, 33. The Court therefore finds that it is appropriate to issue this Order without notice to Defendants because it is likely that Plaintiff

3
Case No. 17-CV-02887-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND AUTHORIZATION FOR ELECTRONIC SERVICE OF PROCESS; ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE

will be deprived of its opportunity to recover monetary damages from Defendants if the Court does not issue the instant ex parte temporary restraining order.

The Court therefore GRANTS Plaintiff's ex parte application for a temporary restraining order and issues the following temporary restraining order: upon receiving actual notice of this Order, any banks, savings and loan associations, payment processors or other financial institutions, including PayPal, Western Union, or other merchant account providers, payment providers, third party payment processors (e.g., PayEase, IPS Ltd., or Realypay) or credit card associations (e.g., MasterCard and VISA) providing financial services to and/or holding accounts for Defendants shall immediately locate all accounts connected to Defendants and that such financial institutions or other third-party providers be temporarily restrained and enjoined from transferring, disposing, or allowing the withdrawal of any money or other assets of Defendants.

Pursuant to Federal Rule of Civil Procedure 65(c), the Court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Plaintiff has not briefed the bond issue in its ex parte motion, nor has Plaintiff provided the Court with any indication of what amount may be "proper to pay the costs and damages" in this case. *Id.* However, in other cases in which courts have frozen assets in Lanham Act disputes, courts have imposed bonds of $10,000. *See, e.g.*, *Zosma Ventures, Inc. v. Nazari*, 2012 WL 12887392, at *7 (C.D. Cal. Mar. 14, 2012) (requiring $10,000 bond in trademark case); *SATA GmbH & Co. Kg. v. Wenzhou New Century Int'l, Ltd.*, 2015 WL 6680807, at *10 (C.D. Cal. Oct. 19, 2015) (same). Accordingly, Plaintiff shall post a bond in the amount of $10,000.00 as payment of damages to which Defendants may be entitled if Defendants are found to have been wrongfully enjoined. The above temporary restraining order is effective upon Plaintiff posting the $10,000 bond. To the extent Defendants believe that additional security is necessary pursuant to Federal Rule of Civil Procedure 65(c), Defendants shall file an appropriate motion.

4
Case No. 17-CV-02887-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND AUTHORIZATION FOR ELECTRONIC SERVICE OF PROCESS; ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE

### III. Service of Process via Registered Email

The Court further finds that Plaintiff may complete service of process on Defendants by registered electronic mail to the unique email addresses used by Defendants in connection with futVIP that Plaintiff has demonstrated will provide adequate notice to Defendants pursuant to Federal Rule of Civil Procedure 4. Those email addresses are as follows:

- Support@FUTVIP.com
- mmovip@outlook.com
- 279617723@qq.com
- support@fifavip.com
- delvery06@futvip.com
- mygameorder@futvip.com
- myfifapoints@futvip.com
- delivery04@futvip.com
- delivery02@futvip.com
- myeaorder@futvip.com
- delivery08@futvip.com

Sufficient cause having been shown, service of this Order together with the Summons and Complaint, may be made on Defendants by electronic mail to the above addresses, and that such service shall be made forthwith after the PayPal, Western Union or other accounts are restrained and in no event later than within nine (9) days from the date of this Order or at such time as may be extended by this Court.

### IV. Preliminary Injunction Hearing and Expiration of Temporary Restraining Order

Federal Rule of Civil Procedure 65(b)(2) provides that a temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or if the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). The Court finds good cause to extend the time for expiration

5

Case No. 17-CV-02887-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND AUTHORIZATION FOR ELECTRONIC SERVICE OF PROCESS; ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE

until **June 8, 2017** because Defendants appear to be located in China and thus may need additional time to obtain counsel. Defendants FIFAVIP Co., Ltd. and ChongQing Wanke Web Ltd. Co appear to be corporations, and thus cannot proceed pro se. Civ. L. R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Accordingly, the Court sets a preliminary injunction hearing for **June 8, 2017, at 1:30 p.m.** Plaintiff shall file a motion for preliminary injunction on Monday, May 22, 2017. Plaintiff's motion shall address the appropriate security amount for a preliminary injunction. Defendants shall file an opposition by Tuesday, May 30, 2017. Plaintiff shall file a reply by Friday, June 2, 2017.

**IT IS SO ORDERED on May 19, 2017, at 7:40 P.M.**

_____
LUCY H. KOH
United States District Judge

6

Case No. 17-CV-02887-LHK
ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY, TEMPORARY RESTRAINING ORDER, AND AUTHORIZATION FOR ELECTRONIC SERVICE OF PROCESS; ORDER SETTING PRELIMINARY INJUNCTION SCHEDULE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/17/17

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC.; CENGAGE LEARNING, INC.; and MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-100,<br><br>Defendants. | Civil Action No. _17-cv-203-DAB_<br><br>DAB/s 1/17/17<br><br>[PROPOSED] ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, AND EXPEDITED DISCOVERY ORDER |

## ORDER TO SHOW CAUSE

Plaintiffs Pearson Education, Inc., Cengage Learning, Inc., and McGraw-Hill Global Education Holdings, LLC (collectively, "Plaintiffs") have moved *ex parte* against Defendants Does 1-100 ("Defendants") for a temporary restraining order, expedited discovery order, and order to show cause for preliminary injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. § 6201. Plaintiffs proceed on the basis that Defendants are importing, distributing, offering for sale and/or selling counterfeits of Plaintiffs' textbooks, i.e., unauthorized copies of Plaintiffs' copyrighted works bearing Plaintiffs' federally registered trademarks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, HEREBY FINDS:

A. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights and trademarks in connection with Defendants' importation, distribution, offering for sale and/or sale of counterfeits of

Plaintiffs' textbooks, including via the following online storefronts on the Amazon.com marketplace:

(1) _Best_Bookstore_ (Seller ID - AHVFVEEJX47FM)

(2) ABC Trading Group (Seller ID A2MBNV2T9HT1Y0)

(3) acerbooks (Seller ID A2YZKS0F51PXLM)

(4) Amazeeng (Seller ID AL5UW87ML1EXF)

(5) Atlantic Corner (Seller ID A2R8A4DP65CE1)

(6) Books Deposit Worldwide, f/k/a Fiedel Retails (Seller ID A2LGOO4N4RK026)

(7) Boosti LLC (Seller ID A179GETFEHNZR2)

(8) CalText Books (Seller ID ATVPDKIKX0DER)

(9) Cameron's Treasures (Seller ID AOU12I4K26OHC)

(10) CheapAZZBooks (Seller ID A2TKMPXX6CQRJI)

(11) classicbook (Seller ID A294CMWX8KAGBE)

(12) Donald Boone (Seller ID A3PBGSERTQXEVG)

(13) eBOOKSHOUSE (Seller ID A2AHKOYMZDI15S)

(14) Fine Line Media (Seller ID A210ICNPH3ZM0M)

(15) happy_textbooks (Seller ID A18SIXOC6A2FIL)

(16) Marion Marketplace (Seller ID A2VD3DBSBAUDUU)

(17) Mommys Place (Seller ID AUJVS5879E9OV)

(18) nightdream (Seller ID A2GQ8MJSSI69Z2)

(19) onlinebeagle_books (Seller ID A35TMV14ZDNOGT)

(20) ORCHIDSALES (Seller ID A3T0DRZUGQ8ZE2)

(21) Plan-B-99 (Seller ID A3VBR8RLJKV8E2)

(22) Qcomma (Seller ID A2OCHQVZ4MLWXB)

(23) QVC-media (Seller ID A2EBI7JXH8HHEA)

(24) RockCityBooks (Seller ID A2TFZQQVV4WT3I)

(25) Shaqsnow (Seller ID A2O32QCFJ6CJ3)

(26) Simple Livings (Seller ID A196TNQGJJJJV7)

(27) Tesco Link (Seller ID ALNI5J7Y9NC6C)

(28) TEXTbookAMAZING (Seller ID A2TKMPXX6CQRJI)

(29) theBookArb (Seller ID AB6G7R444K8T2)

(30) univbooks2011 (Seller ID A3OYGTB0TWCI6A)

(collectively, the "Online Storefronts").

B. The importation, distribution, offering for sale, and/or sale of counterfeits of Plaintiffs' textbooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted; and

C. The harm to Plaintiffs from denial of the requested *ex parte* order outweighs the harm to Defendants' legitimate interests against granting such order.

THEREFORE, IT IS HEREBY ORDERED that Defendants Does 1-100 shall appear on the __16th__ day of __February__ 2017 at __2:30__ a.m./p.m. in Courtroom __24B__ of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Centre Street, New York, New York, to show cause why an Order, pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. § 6201, and the Court's equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs a preliminary injunction enjoining Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, in a manner substantially similar to the relief provided in the Temporary Restraining Order below.

3

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel, by email to kerry@oandzlaw.com, by the 9th day of February, 2017, ~~and Plaintiffs' reply papers, if any, shall be filed and served on Defendants by the ___ day of _____, 2017.~~  APB 1/17/17

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED, in accordance with Rule 65 of the Federal Rules of Civil Procedure, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, are enjoined from:

   a) Directly or indirectly infringing any copyrighted work that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Works");

   b) Directly or indirectly infringing any trademark that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Marks");

   c) Directly or indirectly manufacturing, importing, distributing, offering for sale and/or selling counterfeits of Plaintiffs' textbooks;

   d) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe Plaintiffs' Works, Plaintiffs' Marks, and/or manufacture, import, distribute, offer for sale

4

and/or sell counterfeits of Plaintiffs' textbooks; and

2. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, and Amazon.com, Inc., must, upon receiving actual notice of this Temporary Restraining Order, immediately locate all accounts connected to any of Defendants' Online Storefronts ("Defendants' Accounts") and immediately cease transferring or disposing of any money or other assets residing in Defendants' Accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from Defendants' Accounts pending further order of this Court. This includes but is not limited to: (a) any and all of Defendants' Accounts with Amazon.com, Inc.; and (b) any financial institution accounts linked to Defendants' Accounts or that otherwise have received payments for purchases from Defendants' Online Storefronts.

3. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, must, upon receiving notice of this Temporary Restraining Order, immediately locate all physical copies of books published by any of the Plaintiffs ("Plaintiffs' Books") that are within their possession, custody or control, and immediately cease selling, distributing, transferring, or disposing of Plaintiffs' Books pending an inspection by Plaintiffs. Any such Books determined by Plaintiffs during the inspection to be authentic and not counterfeit shall, upon Plaintiffs' notice of such determination, be exempted from this Temporary Restraining Order.

4. Amazon.com, Inc. shall immediately cease selling, distributing, transferring, or disposing of any of Plaintiffs' Books, that it can locate following a reasonable search, on behalf of any of the Defendants or Online Storefronts pending Plaintiffs' inspection pursuant to the

Expedited Discovery Order below. Any of Plaintiffs' Books determined during the inspection to be authentic and not counterfeit shall be exempted from this Temporary Restraining Order with immediate effect.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further date as set by the Court.

IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $ 2,500.00, by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

IT IS FURTHER ORDERED that Plaintiffs shall serve copies of this Order, the Complaint, and Plaintiffs' *ex parte* application (together with all supporting declarations and other documents) on Defendants via the email addresses associated with their Online Storefronts. Plaintiffs shall promptly file proof of such service.

### EXPEDITED DISCOVERY ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to take expedited discovery, prior to a Rule 26(f) conference, is GRANTED. Plaintiffs may issue a Rule 45 subpoena to Amazon.com, Inc. seeking Defendants' true names, aliases, and all related contact and financial account information associated with Defendants' Online Storefronts, including financial institution accounts or credit cards linked to Defendants' Accounts. Subject to appropriate objections, Amazon shall produce responsive records within three days of service of the

subpoena.

IT IS FURTHER ORDERED that Plaintiffs may serve a second subpoena pursuant to Federal Rule of Civil Procedure 45 on Amazon.com, Inc. seeking to conduct an inspection of all Plaintiffs' Books held by Amazon on behalf of any of the Defendants or Online Storefronts. Subject to applicable objections, in advance of the inspection, if available, Amazon should provide Plaintiffs with a list of Plaintiffs' Books held by Amazon on behalf of any of the Defendants or Online Storefronts, and Plaintiffs and Amazon should work cooperatively to coordinate an inspection to determine the legitimacy of the inventory. Any of Plaintiffs' Books confirmed to be counterfeit during the inspection will be turned over to Plaintiffs to be held until this matter is concluded. Any of Plaintiffs' Books confirmed to be authentic and not counterfeit shall be returned to Amazon and/or Defendants and exempt from the Temporary Restraining Order with immediate effect.

SO ORDERED this 17th day of January, 2017.

*Deborah A. Batts*
United States District Judge

7