# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE NOCO COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>AUKEY TECHNOLOGY CO., LTD., et al.,<br><br>            Defendants. | Case No. 20-cv-02322-SO<br><br>**Judge Solomon Oliver, Jr** |

## SUPPLEMENTAL DECLARATION OF SHI, WENYU IN SUPPORT OF DEFENDANTS' OPPOSITION TO NOCO'S MOTION TO STRIKE SHI, WENYU DECLARATION

1. I, Shi, Wenyu, am more than twenty-one years of age, am competent to present this Declaration, and have personal knowledge of the facts set forth herein. I could and would testify competently under oath to the matters set forth herein if called upon to do so.

2. This Supplemental Declaration is submitted in support of Defendants' Opposition to NOCO's Motion to Strike Shi Wenyu's Declaration submitted on December 18, 2020 ("Shi Declaration I").

3. I have made both the Shi Declaration I and this Supplemental Declaration as an official corporate representative of the Defendant Aukey Technology Co., Ltd. and its two co-defendants. The statements of fact in both declarations are based on my personal knowledge and experience (as described below and in the Shi Declaration I), and I provide this Supplemental Declaration in part to clarify my background and experience to provide additional context and clarify the foundation for the statements in both declarations. In this Supplemental Declaration, as

in the Shi Declaration I, I refer to the Aukey Technology Co., Ltd. and the related co-defendants collectively as "Aukey" or as "We."

4. As stated in the Shi Declaration I, I am an executive operations manager at the Aukey Technology Co., Ltd. with more than six years working at the company. My current job title at Aukey is Senior Operations Manager (for Amazon Operations). I have a B.A. degree in English. I first joined Aukey as a Sales Associate, and I have since been promoted to Sales Specialist, then Sales Director, and then Senior Operations Manager.

5. As noted above in Paragraph 1 and in the first paragraph of the Shi Declaration I -- I have made the factual statements in both of my Declarations based on my personal knowledge and experience except where expressly noted otherwise. Statements in the Shi Declaration I regarding Amazon and its operations made "upon information and belief" are based on my years of experience working directly with Amazon and supervising Aukey's Amazon sales. Statements in the Shi Declaration I made "upon information and belief" about the actions of "Aukey" are similarly based on both my personal knowledge and years of experience, and upon my communications with peers and colleagues inside the companies to investigate those matters as part of preparing these Declarations on behalf of Aukey.

6. In my role as Senior Operations Manager for Aukey, my duties and responsibilities include supervising the Aukey Technology Co., Ltd.'s global operations concerning automotive parts and automotive accessories under Aukey's TACKLIFE brand. Aukey's TACKLIFE products are primarily sold through the Amazon Marketplace in different countries.

7. I supervise the Amazon store/account managers responsible for the operation of the TACKLIFE brand in each individual country where TACKLIFE products are sold. The store/account managers routinely report to me the status of sales of each individual product under

2

the TACKLIFE brand, including but not limited to information such as the weekly/monthly/quarterly/annual revenue for each TACKLIFE automotive product; customer feedback, comments, and complaints; and any disputes filed by customers or competitors with Amazon against Aukey and Amazon's subsequent resolution of those complaints/disputes. As part of my duties and responsibilities, I must and do remain up to date on the latest revisions of Amazon's Seller Policies, and on the status of any legal actions involving the TACKLIFE brand or individual TACKLIFE products.  My duties and responsibilities also include — either performed myself or through oversight of subordinates who report to me — tracking activities of competitors, organizing holiday sale events, marketing and promoting TACKLIFE products from different suppliers, coordinating with suppliers regarding quality control, conveying customers' feedback to suppliers for product improvements, and assisting the legal department at Aukey as needed in various legal disputes.

8. As part of its business strategy, the Aukey Technology Co., Ltd. has licensed the TACKLIFE brand to different distributors, including to Shenzhenshi Jiangyun Shangmaoyouxiangongsi and Wodeshijikeji Shenzhen Youxiangongsi who sell TACKLIFE products through the Amazon Marketplace (US).  As part of the licensing agreement between those companies, I supervise the operation of these two companies as explained above.

9. I am one of the original Aukey managers who first established Aukey's Amazon sale channels, including the Amazon sales channels for TACKLIFE products.  As part of this initial work establishing Aukey's Amazon operations, and as part of my continuing duties and responsibilities, I have closely monitored and remained apprised of the details of Amazon's Seller Policies.  I myself (sometimes with help from the account/storefront managers I supervise and my assistants) have studied the written Amazon's Seller Policies (*see* e.g., Exhibit A to Shi Declaration

3

731295402.1

I); have frequently communicated with Amazon's Marketing and Seller Management team to obtain official explanations either of specific Amazon's Seller Policies or Amazon decisions regarding certain complaints or disputes; and have attended Amazon's webinars and met in person with Amazon's local representatives regarding the latest revisions of Amazon's Seller Policies.

10. The Browse Node policy which I explained in the Shi Declaration I is one of Amazon's Seller Policies referred to above. I obtained and have kept current my personal knowledge and understanding of the Amazon Browse Node policy through the performance of my duties and responsibilities as explained above. As part of my duties and responsibilities, I have also at various times, discussed with Aukey's account/store managers and executives of other companies who also have Amazon storefronts instances in which we have observed competitors listing products in improper Browse Nodes contrary to Amazon policy.

11. As part of my duties and responsibilities, I have also remained current with online discussions by Amazon Sellers regarding problems with improper Browse Node listings as reflected in posts on several Amazon Seller discussion forums. The statements in the Shi Declaration I relating to Amazon Browse Node listings, Amazon policies regarding such listings, and the occasional abuse/improper Browse Node listings by some Amazon Sellers are based on my personal knowledge and experience as explained above.

12. My personal knowledge and experience with Amazon's Browse Node policies and their enforcement includes one instance in which an Aukey product (a TACKLIFE jump starter) was inadvertently listed in an improper Browse Node. That improper listing was either reported to Amazon by a competitor or was discovered by Amazon bots. Amazon Browse Node Specialists reviewed that report and decided to move the improperly-listed TACKLIFE product to a correct Browse Node. During this process, the Aukey TACKLIFE product in question was never de-listed

4

by Amazon (i.e., removed from the Amazon Marketplace) and the sale of that Aukey product were not disrupted by the Browse Node reassignment.

I declare under the penalty of perjury that the foregoing is true and correct.

   This the 14th day of January, 2021.

                                                            _____
                                                            Shi, Wenyu

5

731295402.1