# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY,** | CASE NO. 1:20-cv-02322 |
| Plaintiff, | |
| -v- | JUDGE SOLOMON OLIVER, JR. |
| **AUKEY TECHNOLOGY CO., LTD., et al.,** | |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO STRIKE DEFENDANTS' EXHIBIT 1 TO THE OPPOSITION TO
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff The NOCO Company ("***NOCO***") respectfully submits this Reply Brief in Support of its Motion to Strike Defendants' Exhibit 1 to the Opposition to the Motion for Preliminary Injunction (ECF # 14) (the "***Motion***").[1]

In their Opposition to NOCO's Motion (ECF # 16), Defendants Aukey Technology Co., Ltd. ("***Aukey***"), Shenzhenshi Jaingyun Shangmaoyouxiangongsi, and Wodeshijikeji Shenzhen Youxiangongsi (together, the "***3P Defendants***" and collectively, the "***Defendants***") once again fail to deny that they were involved in removing NOCO from the Browse Nodes and manipulating the Amazon Marketplace. Instead, in an attempt to remedy the fact that Defendants' original declaration of Shi, Wenyu (ECF # 11-1) (the "***Declaration***" and the "***Declarant***") is based almost entirely "upon information and belief" rather than personal knowledge, Defendants offer a supplemental

---

[1] NOCO acted well within its rights to move this Court regarding Defendants' deficient and legally insufficient declaration, but NOCO is willing to expedite this matter in any way the Court should like or order.

declaration (ECF # 16-1) (the "***Supplemental Declaration***"). Despite its vague, legalistic denials, this Supplemental Declaration does nothing to correct the flaws in the original Declaration, and Defendants effectively concede in their brief that they have engaged in the very conduct NOCO seeks to enjoin. Neither the original Declaration nor the Supplemental Declaration does any of the following:

- deny that Defendants were involved in removing NOCO products from Amazon's Browse Nodes;
- deny that Defendants contacted Amazon about removing NOCO products from Browse Nodes;
- deny that Defendants had any knowledge that NOCO products were being removed from Browse Nodes;
- deny that Defendants (and only Defendants) benefitted from the removal of NOCO products from Amazon's Browse Nodes;
- disclose any of Defendants' alleged "ordinary course" communications with Amazon about NOCO;
- disclose the identities of anyone at Amazon with whom Defendants allegedly communicated;
- explain how a "sales operations manager" can conduct investigations for and legally represent three purportedly independent companies;
- explain how Defendants are affiliated, other than summarily stating that they are "related" and are parties to a licensing agreement; and
- provide any reason whatsoever as to why the CEO, President, CFO, COO, or any other "c-suite" officer has not submitted a declaration or even been identified.

Tellingly, however, ever since NOCO requested a preliminary injunction on December 4, 2020, NOCO's products have remained in their designated Browse Nodes (and retained the Best Seller Badge) for over six weeks—without any unauthorized removal. Similarly, when NOCO filed its Complaint (ECF # 1) on October 13, 2020, NOCO's products remained in their designated Browse Nodes until November 23,

2020—the week of Thanksgiving and start of the holiday shopping season. By comparison, in just the ten (10) days before NOCO filed its motion, its products were removed five (5) times from the Browse Nodes. *See* Supplemental Declaration of Jonathan Nook in Support of NOCO's Reply Brief (ECF # 14-1). And from June through September 2020, NOCO's products were removed on a near-weekly basis. *See id*. It simply cannot be a coincidence that after NOCO filed suit that the manipulation stopped—NOCO was able to use the Amazon Marketplace without interference for eight weeks. But simply filing suit was not enough for Defendants' actions to completely halt—after these eight weeks of silence the unlawful activity started again. NOCO filed its Motion for Preliminary Injunction to bring this conduct to a halt, once and for all— and, to date, it's worked but only a Court order will prevent further harm.

I. **The Opposition Demonstrates That Defendants Are Manipulating the Amazon Marketplace.**

Yet again, what Defendants fail to state in their Opposition (or attach) is more telling than the vague recitations they provide. And once again, Defendants fail to deny that they:

- contacted Amazon to request NOCO's removal from the Browse Nodes;
- benefitted from NOCO's removal from the Browse Nodes; and
- receive the Best Seller Badge when NOCO products are removed from the Browse Nodes.

Defendants also still have not provided any statement from a c-suite level executive, officer, or board member with the ability to bind not only Aukey but the 3P Defendants as well. (*See* ECF ## 11, 16).

3

Instead, Defendants merely offer a series of legal conclusions and pivot from key facts they cannot deny—namely that they persuaded Amazon to remove NOCO products from the Browse Nodes.

For example, Defendants' Opposition states as follows:

> 23. Aukey has never "coerced" Amazon or Amazon employees. (*Id.*, ¶¶ 5-6.)
>
> 24. Aukey has never conspired with Amazon or its employees. (*Id.*, ¶ 7.)
>
> 25. Aukey communicates with Amazon employees through ordinary commercial channels established by Amazon as part of the business relationship. (*Id.*, ¶¶ 5, 7.)
>
> 26. Aukey has heard nothing about the alleged Amazon investigation; there have been no communications between Aukey and Amazon related to NOCO's allegations. (*Id.*, ¶ 21.)

(ECF # 16 at 5). While Defendants deny the legal conclusions that they "coerced" or "conspired with" Amazon, they never affirmatively deny asking, working with or otherwise convincing Amazon to remove NOCO from the Browse Nodes. In fact, they admit to communicating with Amazon through "ordinary commercial channels" and state that they have "heard nothing about the alleged Amazon investigation." *Id.*

Unlawful conduct committed through "ordinary" commercial channels is still unlawful conduct. Defendants fail to identify in paragraph 26 the specific NOCO "allegations" they deny discussing with Amazon. Rather, they simply cite to the Declaration's paragraph 21, **which is based upon information and belief**, again tacitly admitting to engaging in the precise behavior NOCO seeks to enjoin.

Defendants appear to advance an absurd defense. Namely, that Amazon, pursuant to a purported "Browse Node policy," will remove NOCO's jump-starter from a certain Browse Node while allowing Defendants' jump-starters to remain in the very

4

same Browse Node. Defendants do not cite or attach this purported "Browse Node policy," and their arguments are not supported by logic or evidence. NOCO products were removed from the designated Browse Nodes on at least twenty-five (25) occasions throughout June, July, August, September, November, and December 2020. (*See* ECF # 14-1 at ¶ 6). And after each and every instance, Amazon placed NOCO's products back into the originally designated Browse Nodes, which reinforces that NOCO's removal never occurred pursuant to any policy but was due to Defendants' manipulation. (*See id.* at ¶¶ 9-11).

## II. The Declarant Has No Authority to Bind Defendants.

Just like the original Declaration, Defendants' Supplemental Declaration serves only to cloud Defendants' misconduct. Defendants merely state that the Declarant "speaks as a corporate representative of [Defendants]" (ECF # 16 at 7) and is "an executive operation manager" who helps supervise Defendants' Amazon Marketplace operations, without clarifying her authority to act on Defendants' behalf.

At no point does the Declarant state that she can actually bind ***all*** of the Defendants. An agent can bind a principal only when the agent has actual authority or is held out by the principal as having such authority. *See, e.g., Baker Hi-way Express, Inc. v. BP Prods. N. Am., Inc.*, Case No. 5:05-CV-02975, 2006 U.S. Dist. LEXIS 70493, at *8-9 (N.D. Ohio Sept. 19, 2006) (marketer was found to not have apparent authority because marketers are not normally entrusted to bind the defendant to fuel contracts as authority extends to actions customarily within an agent's purview); *see also Ondricko v. MGM Grand Detroit*, Case No. 09-11073, 2010 U.S. Dist. LEXIS 156975, at *8 (E.D. Mich. May 27, 2010) (employees with binding authority are those with "speaking

authority for the corporation" and "managerial responsibility"); *c.f. Innovation Ventures, L.L.C. v. Aspen Fitness Prods.*, Case No. 11-CV-13537, 2015 U.S. Dist. LEXIS 179139, at *25 (E.D. Mich. Mar. 31, 2015) (CEO had significant authority and his actions could be imputed to company for liability purposes). Here, despite several opportunities to do so, Defendants have not made clear that the Declarant is authorized to bind all of them.

In an attempt to explain the relationship among Aukey and the 3P Defendants, the Declarant states that there is a licensing agreement among the entities but fails to attach it to the Supplemental Declaration. Nor does the Declarant offer any explanation for how such an intellectual property licensing agreement provides any authority whatsoever to bind the 3P Defendants, let alone conduct any investigation into Defendants' removal of NOCO products from the Browse Nodes. The Declaration is silent as to the Declarant's actual role and relationship with the 3P Defendants aside from vague descriptions, and nothing contained in the Declaration states that she can actually bind the 3P Defendants. Again, despite several opportunities, Defendants have failed to put forth any c-suite executive or officer to make such statements on behalf of all Defendants.

Because Defendants simply submit a long-winded explanation of the Declarant's occupational duties, without any perspective as to how these duties fit in the overall corporate structure, the extent of the Declarant's familiarity with Defendants' actions regarding NOCO remains unclear. For example, the Declarant does not state whether she supervises specific seller teams who would be able to request NOCO's removal from the Browse Nodes, whether she is in regular contact with Amazon regarding the

6

Browse Nodes, and whether she has discussed NOCO products with Amazon. Instead, the Supplemental Declaration describes one entirely irrelevant instance where the Declarant discussed with Amazon the removal of an improperly listed Tacklife jump starter from the Browse Nodes.

### III. The Court Should Strike Any Declaration Made Upon Information and Belief.

The Court should strike the Declaration, which remains dependent on conjecture instead of personal knowledge. Trying to evade an injunction and continue manipulating the Amazon Marketplace, the Declarant originally couched a series of purported factual assertions in the Declaration with the caveat that such assertions were being made "upon information and belief." (*See* ECF # 11-1 ¶¶ 5, 7, 8, 14, and 21). Conceding that this original Declaration was flawed, Defendants now offer a Supplemental Declaration that merely recites the Declarants' credentials and job duties. But the very purpose of a declaration is to provide a declarant's personal knowledge—not to offer speculation, and the Supplemental Declaration cannot avoid this fundamental flaw in the Declarant's statements. As NOCO's Motion to Strike made clear, sworn statements made upon information and belief, such as those contained in the Declaration, should not be considered at any stage of litigation.

Regardless of the procedural context, sworn statements made upon information and belief are not properly considered by a court. *See Touchston v. McDermott*, 120 F. Supp. 2d 1055, 1059 (M.D. Fla. 2000) (stating that evidence provided in an affidavit on information and belief "generally is considered insufficient to support a motion for preliminary injunction." (citing 11A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2949 (2d ed. 1995)); *County Fare LLC v. Lucerne Farms,*

7

Case No. 311-cv-722, 2011 U.S. Dist. LEXIS 61064, at *25-26 (D. Conn. June 7, 2011) ("Courts have wide discretion to assess the affidavit's credibility and generally consider affidavits made on information and belief to be insufficient for a preliminary injunction."); *In re W. States Wholesale Natural Gas Antitrust Litig., Learjet, Inc. v. Oneok, Inc.,* Case No. 2:06-cv-0233, 2:03-cv-1431, 2007 U.S. Dist. LEXIS 61975, at *27, fn.3 (D. Nev. Aug. 17, 2007) (deciding to not consider a declaration because it contained a "number of statements made 'on information and belief,'" because the statements were not made upon personal knowledge, at the motion to dismiss stage); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995) (declaration made upon information and belief could not be considered at summary judgment stage); *see also Koorsen Fire & Sec., Inc. v. Westerfield*, Case No. 1:17-cv-845, 2018 U.S. Dist. LEXIS 203766, at *21 (excluding allegations made "upon information and belief" in considering motion for preliminary injunction).

    The Defendants here have not presented any authority suggesting that the Declaration can be properly considered when it contains an array of statements made upon information and belief. These statements, which are based on speculation rather than personal knowledge, lack probative value as to the factual issues in dispute. Accordingly, NOCO requests that the Court strike the Declaration and not consider statements of the Declarant made upon information and belief.

8

## IV. Conclusion.

For the foregoing reasons, as well as the reasons set forth in NOCO's Motion to Strike, the Court should strike the Declaration from the record.

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
JUSTINE LARA KONICKI (0086277)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com;
jlk@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Plaintiff The NOCO Company's Reply in Support of its Motion to Strike Defendants' Exhibit 1 to the Opposition to Motion for Preliminary Injunction has been filed electronically on this 21st day of January 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties not receiving service through the Court's electronic filing system will be served by mail at the following addresses:

Aukey Technology Co., Ltd.
Room 102
Building P09
Huanan Dianzi Trading Center Plaza
Shenzhen 518111 China

Shenzhenshi Jiangyun Shangmaoyouxiangongsi
Room 913, Block B, World Financial Center
Heping Road, Nanhu Street
Luohu District
Shenzhen, Guangdong, 518111 China

Wodeshijikeji Shenzhen Youxiangongsi
Longgangqu Bujijiedao Buzhonglu 12 Hao
Meidulanhuating Czuo 8B
Shenzhen, Guangdong 518114 China

*/s/ Jon J. Pinney*
Jon J. Pinney