IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY,** | CASE NO. 1:20-cv-02322 |
| Plaintiff, | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| **AUKEY TECHNOLOGY CO. LTD., et al.,** | |
| Defendants. | |

**PLAINTIFF'S OMNIBUS MOTION FOR LEAVE TO SUPPLEMENT THE RECORD, ORDER AND HEARING TO SHOW CAUSE, AND LEAVE TO AMEND REQUESTED INJUNCTIVE RELIEF**

Plaintiff The NOCO Company ("***NOCO***") respectfully requests that this Court: (i) grant NOCO leave to supplement the record with new evidence; (ii) issue an order and hold a hearing on this matter to determine if Defendants have misled the Court and NOCO; and (iii) grant NOCO leave to amend the requested injunctive relief in its December 4, 2020 Motion for Preliminary Injunction (ECF #5).

In recent days, new probative evidence has come to light detailing Defendants Aukey Technology Co., Ltd. ("***Aukey***"), Shenzhenshi Jaingyun Shangmaoyouxiangongsi ("***HuiMing***"), and Wodeshijikeji Shenzhen Youxiangongsi's ("***WorldUS***") (together, the "***Defendants***") deceptive trade practices in connection with the Amazon Marketplace. As a result, Amazon suspended Aukey and 3P Sellers, including WorldUS and HuiMing, from selling "Tacklife" jump starters on the Amazon Marketplace. In order to fully assess the scope of Defendants' anticompetitive tactics, the Court should consider this new evidence, which supports:

1

(i) NOCO's claims for violations of the Lanham Act and Ohio's ban on unfair trade practices, tortious interference, and civil conspiracy;

(ii) NOCO's Motion to Strike Defendants' Declaration of Shi, Wenyu; and

(iii) NOCO's request for preliminary injunctive relief and expedited discovery.

After filing its Complaint, NOCO requested an order enjoining Defendants from, *inter alia*: (i) selling their products on the Amazon Marketplace and (ii) unlawfully manipulating the Amazon Marketplace. (*See* ECF # 5). NOCO also requested expedited discovery, in part, to subpoena Amazon for records evidencing Defendants' manipulation. Within the Parties' briefings, Defendants submitted an unsupported and speculative declaration from Shi, Wenyu (ECF # 11-1) (the "**Declaration**"), which is now directly refuted by Amazon's findings. *See, e.g.,* ECF # 11-1 at ¶ 14. Despite this action and motion practice, Defendants continued to flout state and federal law in addition to Amazon's policies.

I. **NEW EVIDENCE OF DEFENDANTS' MANIPULATION.**

NOCO recently learned that numerous media outlets are reporting that Amazon temporarily suspended Aukey's sale of its "Tacklife" brand jump starters from the Amazon Marketplace, revoked Aukey's 3P sellers HuiMing and WorldUS selling privileges, and removed additional Aukey products and sellers as well. *See, e.g.,* Rita Liao, *Prime Today, Gone Tomorrow: Chinese Products Get Pulled from Amazon* (May 11, 2021, 7:56 PM), https://techcrunch.com/2021/05/11/chinese-products-get-pulled-from-amazon/; *see also* Andrew Myrick, *Popular Brands Like Aukey Allegedly Involved in Massive Fake Amazon Review Scheme* (May 10, 2021), https://www.androidcentral.com/data-breach-reveals-massive-fake-amazon-review-scheme. Amazon stated it

removed Defendants to "protect the integrity [of the Amazon Marketplace]," citing its "long-standing policies to protect the integrity of [its] store, including product authenticity, genuine reviews and products meeting the expectations of [its] customers," as a reason for the removals. *See* Liao, *supra,* at 1.

Although Amazon publicly acknowledged and has finally taken action to thwart some of Defendants' deceptive tactics, Amazon may reinstate Defendants at any time. Amazon's appeal process permits sellers whose accounts have been temporarily deactivated, or whose listings have been removed, to file an appeal and seek reinstatement. *See Appeal an Account Deactivation or Listing Removal,* AMAZON SELLER CENTRAL (2021), https://sellercentral.amazon.com/gp/help/external/200370560?language=enUS&ref=mpbc_200370580_cont_200370560. Additionally, Amazon permits its sellers to operate multiple seller accounts. *See Selling Policies and Seller Code of Conduct*, AMAZON SELLER CENTRAL (2021), https://sellercentral.amazon.com/gp/help/external/G1801?language=en_US.

Amazon's actions validate and confirm NOCO's allegations that Defendants have unlawfully manipulated the Amazon Marketplace. Absent judicial relief, however, Defendants will re-enter and continue manipulating the Amazon Marketplace. Amazon's findings further necessitate expedited discovery to determine the extent of Defendants' deceptive trade practices before Defendants can resume harming NOCO. Accordingly, this Court must consider this new evidence in ruling upon the Motion for Preliminary Injunction (ECF # 5), Motion for Expedited Discovery (ECF # 10), and Motion to Strike the Declaration of Shi, Wenyu (ECF # 14).

## II. AMAZON'S FINDINGS REFUTE DEFENDANTS' SWORN STATEMENTS.

Amazon's findings and suspension of Defendants refute numerous sworn statements in the Declaration. As a result, NOCO requests the Court issue an order and hold a show cause hearing to determine if Defendants misled the Court and NOCO. It is within the "inherent power" of this Court to impose sanctions where false testimony is provided. *See Ndoye v. Major Performance, LLC,* Case No. 1:15-cv-380, 2017 U.S. Dist. LEXIS 28923, at *30-31 (S.D. Ohio Mar. 1, 2017) (granting sanctions where a plaintiff acted in bad faith to inflate damages). "False testimony in a formal proceeding is intolerable," and is a "flagrant affront to the truth-seeking function of adversary proceedings." *ABF Freight Sys. v. NLRB,* 510 U.S. 317, 323 (1994).

Crucially, Defendants stated, under penalty of perjury, that they have "done nothing improper or outside the ordinary course of a seller's relationship with Amazon, and NOCO has provided no evidence to show otherwise." (ECF # 11-1 ¶ 20). Additionally, Defendants testified that they never conspired with Amazon employees against NOCO and never filed false Amazon complaints regarding NOCO products. (*See* ECF # 11-1 ¶¶ 7-8). However, Amazon suspended Aukey and its Co-Defendants for violating its policies against manipulation. Just as Defendants mislead consumers with their false and deceptive product listings and trade practices, Defendants have now misled the Court and NOCO by averring that they abide by Amazon's policies. Therefore, the Court should issue an order requiring Defendants to show cause and hold a hearing to determine if Defendants have misled the Court and NOCO through false testimony.

4

### III. DEFENDANTS SHOULD BE PERMANENTLY BARRED FROM THE AMAZON MARKETPLACE.

NOCO's requested relief in its Motion for Preliminary Injunction (ECF # 5) should be modified to reflect the new evidence. Specifically, the Court should issue an order prohibiting Defendants from re-entering or attempting to re-enter the Amazon Marketplace in any form, either directly or indirectly through any parties, to sell any products.

Absent the requested injunctive relief, NOCO and the American public will continue to suffer irreparable injury. "The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *Berger v. Nat'l Bd. of Med. Examiners*, 2019 U.S. Dist. LEXIS 145666 at *53 (S.D. Ohio Aug. 27, 2019), *citing S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017); *see also Wynn Oil Co. v. American Way Service Corp. II*, 943 F.2d 595, 607-08 (6th Cir. 1991) (recognizing that irreparable harm typically occurs where consumers are misled and business reputations are harmed). Amazon suspended Defendants from the Amazon Marketplace for continuing to mislead American consumers and harming the Amazon Marketplace through unlawful business practices. If permitted to re-enter the Amazon Marketplace in any form, Defendants will no doubt continue violating the American consumer and NOCO's rights.

NOCO respectfully requests that this Court: (i) deem the record supplemented and consider new, crucial evidence demonstrating Defendants' Amazon Marketplace manipulation; (ii) issue an order requiring Defendants to show cause and hold a hearing to determine if Defendants have misled the Court and NOCO through false testimony; and (iii) amend NOCO's requested injunctive relief such that Defendants

5

cannot re-enter the Amazon Marketplace in any form, either directly or indirectly through any parties, to sell any products and continue harming NOCO, the Amazon Marketplace, and the American consumer.

        Respectfully Submitted,

        **KOHRMAN JACKSON & KRANTZ LLP**

        */s/ Jon J. Pinney*
        JON J. PINNEY (0072761)
        JONATHON W. GROZA (0083985)
        KYLE D. STROUP (0099118)
        One Cleveland Center, 29th Floor
        1375 East Ninth Street
        Cleveland, Ohio 44114-1793
        Telephone: (216) 696-8700
        Facsimile: (216) 621-6536
        Email: jjp@kjk.com; jwg@kjk.com; kds@kjk.com

        *Counsel for Plaintiff The NOCO Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic docketing system on May 20, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jon J. Pinney*
Jon J. Pinney

*Counsel for Plaintiff The NOCO Company*