IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE NOCO COMPANY, | ) CASE NO. 1:20-CV-02322-SO |
| Plaintiff, | ) JUDGE SOLOMON OLIVER |
| v. | ) |
| AUKEY TECHNOLOGY CO., LTD., et al., | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO NOCO'S OMNIBUS MOTION**

The Court should deny NOCO's "Omnibus Motion" because the news articles NOCO cites are irrelevant to its Motion for Preliminary Injunction, and the amended relief NOCO requests would have this Court stand in the shoes of Amazon to administer the Amazon Marketplace.

NOCO has now filed five motions before serving its Complaint. The present Omnibus Motion continues NOCO's pattern of overreach by seizing on two news articles about unrelated issues as a pretext to ask the Court to ***permanently bar*** Defendants ("Aukey") from selling ***any*** products through Amazon.com, even through third-party distributors and whether or not they compete with NOCO. But using NOCO's "other bad acts" logic, Aukey could just as easily argue that the recent $7.05 million jury verdict against NOCO for false advertising and trademark infringement in its Amazon digital advertising (including $5.75 million in punitive damages)[1] proves that NOCO comes to this court with unclean hands, should be barred from bringing its claims against Aukey, and should itself be permanently barred from selling on Amazon. NOCO

---

[1] *See Deltona Transformer Corp. v. The NOCO Company*, Case 6:19-cv-00308-CEM-LRH (M.D. Fla), "Verdict Form" (ECF 315) & "Verdict Form" (ECF 317 [punitive damages]), dated 05/25/2021.

1

crams three distinct motions into five pages, but all three lack merit and should be denied.

## I. NOCO'S PROPOSED NEW EVIDENCE IS IRRELEVANT.

The Court should deny NOCO leave to supplement the record because its motion is a transparent attempt to inject allegations of "other bad acts" into this case, presumably as evidence of "corporate character" or propensity for wrongdoing. *See* FRE 404(b)(1).[2] NOCO's argument shows a certain lack of self-awareness given its own "intentional misconduct or gross negligence" and false advertising on Amazon. (*See* footnote 1, *supra*.) It also goes without saying that the contents of these articles are hearsay (sometimes double hearsay). *See* FRE 801(c), 802. But most important, NOCO's proposed supplemental evidence is irrelevant because it has no "tendency to make a fact [of consequence to the action] more or less probable." FRE 401(a).

NOCO bases its Motion for Preliminary Injunction (ECF 5) entirely on its claim that Aukey "conspired" with Amazon agents to improperly switch the listings for certain NOCO products to different Amazon Browse Nodes. (*See* ECF 5, pp. 2-5 & *passim*.) NOCO's Complaint also relies primarily on those allegations. (*See* ECF 1, ¶¶41-63, 89-117.)

The articles, by contrast, report on the hacking of a large third-party database and the resulting data breach, which reportedly revealed information showing hundreds of thousands of individuals and some Amazon sellers (including Aukey) violating Amazon's rules against paying for positive product reviews, whether true or false. *See* Rita Liao, *Prime Today, Gone Tomorrow: Chinese Products Get Pulled from Amazon* (May 11, 2021, 7:56 PM), https://techcrunch.com/2021/05/11/chinese-products-get-pulled-from-amazon/; *see also* Andrew Myrick, *Popular Brands Like Aukey Allegedly Involved in Massive Fake Amazon Review Scheme*

---

[2] "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." FRE 404(b)(1).

(May 10, 2021), https://www.androidcentral.com/data-breach-reveals-massive-fake-amazon-review-scheme. It is true that the data breach occurred and that Amazon has since suspended the accounts of Defendants and other companies. Aukey's Amazon accounts remain shut down weeks later, with no indication of when or if Amazon might allow them to reopen.  But nothing in those articles relates to Amazon Browse Nodes—the issue briefed in NOCO's Motion for Preliminary Injunction. Nor do the articles discuss false negative reviews of competing products—the other issue NOCO relies on in its Complaint. (*See id.*, ¶¶ 64-68, 89-117.) So, admissibility aside, the articles are irrelevant.

NOCO tries to avoid this fatal flaw by framing its preliminary injunction motion and the related filings as concerning "deceptive trade practices" and "manipulation" writ large and arguing that to decide its motions the Court must "fully assess the scope of Defendants' anticompetitive tactics." (*E.g.*, ECF 20, pp. 1-3.) But this argument does not withstand scrutiny. NOCO's motions are legal filings based on specific allegations and governed by the Federal Rules of Civil Procedure and Evidence, not a sweeping investigation into "everything my opponent has ever done."  NOCO seeks injunctive relief based on particular allegations, and the issues have been briefed. NOCO will undoubtedly argue that its own misconduct and false advertising on Amazon.com are irrelevant (*see* footnote 1, *supra*), and that same standard applies to these articles.

If NOCO wishes to expand this case and seek preliminary injunctive relief based on alleged false positive product reviews, it may seek to amend its Complaint per FRCP 15(a), and then redraft and refile its preliminary injunction motion. Absent that, the two NOCO articles have no place in the record, and the Court should deny NOCO's Motion.[3]

---

[3] Aukey does not concede such an amendment would be proper. NOCO has another case pending in this district against eleven named Defendants, including Aukey, and a hundred "John Does," alleging unfair

## II. THE NOCO ARTICLES DO NOT CONTRADICT THE SHI DECLARATIONS.

NOCO spends barely a page on its Motion for an Order to Show Cause and a Show Cause Hearing and says little of substance. For the reasons set forth above, contrary to NOCO's claims, no information reported in those articles contradicts either the Shi Declaration (ECF 11-1) or the Supplemental Shi Declaration (ECF 16-1). Both declarations respond to NOCO's Motion for Preliminary Injunction, so the declarations and articles address different subjects.

The two Shi Declarations discuss the witness' background, Amazon policies and procedures (particularly those related to Amazon Browse Nodes), and the likely harm from NOCO's proposed injunction. Ms. Shi also states in her first Declaration that Aukey has never filed a complaint with Amazon regarding any safety concern with a NOCO product. (ECF 11-1, ¶¶8.) Nothing in either article contradicts that statement, or even mentions false negative reviews. NOCO makes no factually-supported argument otherwise. (ECF 20, p. 4 & *passim.*)

The statement NOCO deems "crucial" reveals the emptiness of its fulmination about false testimony. As the Shi Declaration concludes, after discussing Amazon Browse Nodes and Browse Node policies, Ms. Shi states that "Aukey does not understand how such an order [the proposed injunction] could be justified when Aukey has done nothing improper or outside the ordinary course of a Seller's relationship with Amazon . . ." (ECF 11-1, ¶20.) NOCO's motion rips the last half of this statement out of its context (Amazon Browse Nodes and NOCO's motion) and argues Ms. Shi has made a sworn denial of any type of wrongdoing related to any Amazon sales by anyone connected to Aukey at any time. (ECF 20, p. 4.) But that argument is incorrect, and NOCO itself could make no such claim. (*See* footnote 1, *supra*.)

---

competition based on alleged anti-competitive conduct, including alleged false positive reviews. *See The NOCO Company v. Shenzhen Valuelink, E-Commerce Co., Ltd.,* 1:20-cv-00049-SO (N.D. Ohio), Complaint (ECF 1). NOCO cannot properly bring the same claims against Aukey in two pending lawsuits.

It is difficult to discern any support for NOCO's claim that "Amazon's findings" and Aukey's suspension "refute numerous sworn statements in the Declaration." (ECF 20, p. 4.) The articles report no findings or specific comments from Amazon, and NOCO has identified no sworn statements refuted by or contrary to the information reported in those articles. (*See id.*) Instead, NOCO argues that, because Amazon has suspended Aukey's accounts for "violating its policies against manipulation" (that generic word again), the Court should hold a show cause hearing and, presumably, grill Aukey witnesses about these issues and anticompetitive conduct in general. (*Id*.)

NOCO's position is nonsense. That's not how the law works, and no case NOCO cites suggests otherwise. NOCO's arguments about the Shi Declarations go too far, and NOCO provides no legitimate basis for its requested order to show cause and show cause hearing. Absent any evidence of false testimony, the Court should also deny this portion of NOCO's Omnibus Motion

### III. THE AMENDED RELIEF NOCO REQUESTS OVERREACHES AND WOULD HAVE THIS COURT ADMINISTERING THE AMAZON MARKETPLACE.

NOCO now seeks to elevate its requested injunctive relief from a disproportionate, possibly unprecedented overreach (barring the sale of any TACKLIFE-branded products on Amazon) to an astounding, extralegal level with its request to amend its proposed preliminary injunction to an order **permanently** "prohibiting Defendants from re-entering or attempting to re-enter the Amazon Marketplace in any form, either directly or indirectly through any parties, to sell any products." (ECF 20, p. 5.) The Court must deny NOCO's proposed amendment because it has no legal basis.

The glaring obstacle to NOCO's proposed amendment is that the Court lacks the authority to issue a permanent injunction against Aukey before a final determination on the merits. "The purpose of such interim equitable relief is not to conclusively determine the rights of the parties … but to balance the equities as the litigation moves forward." *Trump v. Intl. Refugee Assistance Project*, 582 U.S. ___, 137 S.Ct. 2080, 2087 (2017) (citation omitted). *See also Winter v. Natural*

5

*Res. Def. Council, Inc.,* 555 U.S. 7, 32, 129 S.Ct. 365, 381 (2008) (a preliminary injunction requires a showing of "likelihood of success on the merits"). *See generally* FRCP 58(a)-(c) (discussing the form, timing, and requirements for entry of final judgment). NOCO has not requested consolidation of any preliminary injunction hearing with trial on the merits, and when ruling on a preliminary injunction the court must "preserve [Aukey's] right to a jury trial." FRCP 65(a)(2).

But the Court should also deny NOCO the ability to amend its papers to seek such relief even on a temporary basis. First, as shown above, the NOCO articles are irrelevant, and do not justify NOCO amending its motion papers six months after filing. Second, NOCO's amended proposal is deeply punitive, would bar lawful conduct, and goes far beyond preserving the status quo at the time of the Complaint. Third, assuming, but not conceding, that the Court has the authority to issue such an order and NOCO could meet its burden of persuasion, NOCO's amendment would position this Court in the shoes of Amazon, Inc. as the gatekeeper determining which companies may sell in the Amazon Marketplace. The Court should hesitate to assume such a role, particularly on this record.

Courts adjudicate the legal rights of the parties before them and impose liability on those, such as NOCO, who violate the law. (*See* footnote 1, *supra*.) But Amazon is not before the court, and some actions may violate Amazon's rules without violating the law, and *vice versa*. Amazon, and others running e-commerce platforms, have the right to determine who may sell on their websites and to set and enforce their rules. Amazon is doing so; the Court should leave them to it.

## IV. CONCLUSION

In sum, for all the reasons set forth above and for good cause shown, the Court should deny NOCO's Omnibus Motion in its entirety.

        Respectfully submitted,

/s/ *Jay R. Campbell*
Jay R. Campbell (0041293)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:  216.592.5000
Facsimile:  216.592.5009
E-mail:  jay.campbell@tuckerellis.com
        david.bernstein@tuckerellis.com

/s/ Peter J. Curtin
Peter J. Curtin (*pro hac vice*)
Yichen Cao, Ph.D.
**ARCH & LAKE LLP**
203 North LaSalle Street, Suite 2100
Chicago, IL 60601
(312) 558-1369
(312) 614-1873 (fax)
pete_curtin@archlakelaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on June 3, 2021, a copy of the foregoing Defendants' Response in Opposition to NOCO's Omnibus Motion was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    Respectfully submitted,

*/s/ Jay R. Campbell*
Jay R. Campbell (0041293)

*Attorney for Defendants*