IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY,** | ) | CASE NO. 1:20-cv-02322 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| **AUKEY TECHNOLOGY CO. LTD., et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S OMNIBUS MOTION**

Plaintiff The NOCO Company ("*NOCO*") submits this Reply in Support of its

Omnibus Motion for Leave to Supplement the Record, Order and Hearing to Show

Cause, and Leave to Amend Requested Injunctive Relief (ECF # 20) (the "*Omnibus

Motion*"). Defendants Aukey Technology Co., Ltd. ("*Aukey*"), Shenzhenshi Jaingyun

Shangmaoyouxiangongsi ("*HuiMing*"), and Wodeshijikeji Shenzhen Youxiangongsi's

("*WorldUS*") (together, the "*Defendants*") Response in Opposition (ECF # 21) (the

"*Response*") is threadbare of law or facts in support of the limb that they now stand on.

Tellingly absent from the Response are any assertions or averments from

Defendants that they did not solicit and pay for false positive or false negative reviews

or otherwise violate Amazon's policies. Although Defendants cast overreaching and

irrelevant aspersions to distract the Court from the issues,[1] Defendants tacitly confirm

---

[1] Defendants point to a wholly irrelevant jury verdict to distract the Court from
evidence that they have been caught manipulating the Amazon Marketplace. The
overreaching verdict relates to the genericness of the terms "battery" and "tender," and
has no reference to Amazon's policies or procedures. In the litigation, NOCO was never

that Amazon removed them from the Amazon Marketplace for purchasing false

reviews. (*See* ECF # 21 at 2). However, in support of their Opposition to NOCO's Motion

for Preliminary Injunction (ECF # 11), Defendants declared—under oath—that they

were not violating any of Amazon's policies. *See* Declaration from Shi, Wenyu (the

"***Declaration***") (ECF # 11-1 at ¶ 20). Public news articles, Amazon, and Defendants

themselves now confirm that to not be true.

## I. Defendants' Removal from the Amazon Marketplace is Directly Relevant.

Defendants' deceptive business tactics fall squarely within the Complaint and

preliminary injunction briefing. "The standard for relevancy is extremely liberal."

*United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006); *see also Douglass v.*

*Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992) (stating that a district court "may not

exclude the evidence if it has the slightest probative worth."). Evidence of Defendants'

blatant Amazon Marketplace manipulation is directly relevant here.

This lawsuit centers around Defendants' manipulation of the Amazon

Marketplace to deceive United States consumers and harm NOCO. Until recently,

Defendants competed with NOCO on the Amazon Marketplace for sales of jump

starters to United States consumers. NOCO's Complaint, filed in October 2020, details

Defendants' propensity for violating Amazon's policies, including Amazon's policy

---

accused of or found to have been violating Amazon's policies or procedures, which are at
the center of the dispute here. Although NOCO was not represented by undersigned
counsel in the referenced matter, NOCO plans to thoroughly appeal that overreaching
verdict.

against paid reviews and the purported "Browse Node policy."[2] (*See, e.g.,* ECF # 1 at ¶ 2). NOCO's motion for preliminary injunction requested that the Court forbid Defendants from "selling their products on the Amazon Marketplace and illegally manipulating the Amazon Marketplace." (ECF # 5 at 2). Defendants' near-constant manipulation of the Amazon Browse Nodes spurred NOCO to request preliminary injunctive relief.

Put simply, evidence of Amazon's decision to remove Defendants from the Amazon Marketplace is directly relevant to at least NOCO's claim for false advertising, which was extensively briefed in the preliminary injunction proceedings. (*See* ECF # 5 at 9-10). Defendants' removal from the Amazon Marketplace would certainly "make a fact [of consequence to the action] more…probable" because Defendants' removal is directly related to Defendants' intent to mislead consumers into purchasing Defendants' products, which harms NOCO. *See* Fed. R. Evid. 401(a).

II.     **Defendants' Removal Emphatically Demonstrates the Declaration is Not True.**

Amazon's removal of Defendants and the plethora of articles discussing the removal directly contradict the Declaration. *See, e.g.,* Imad Khan, *Aukey Kicked Off Amazon Following Fake Reviews Allegations [Update]*, TOM'S GUIDE (May 10, 2021), https://www.tomsguide.com/news/aukey-kicked-off-amazon-following-fake-reviews-allegations ("Top accessory manufacturer Aukey has been kicked off Amazon following a massive data breach that detailed a pay-for-play scheme in which manufacturers would pay customers for positive reviews."); MARKETPLACE PULSE, *Amazon Suspends*

---

[2] The purported "Browse Node policy" that Defendants now claim they swore to not be violating was never submitted in the preliminary injunction briefing. (*See* ECF # 16-1 at ¶ 10; ECF # 20 at 4).

*Amazon-Native Brands Mpow and Aukey*, (May 11, 2021), https://www.
marketplacepulse.com/articles/amazon-suspends-amazon-native-brands-mpow-and-
aukey ("Amazon has suspended over a dozen Chinese sellers for participating in fake
review schemes. The list includes Mpow and Aukey, two of the biggest electronics
Amazon-native brands out of China."). Specifically, the Declaration's paragraph 20
states:

> Of course, Aukey does not believe the injunction NOCO requests would be
> proper. But more importantly we do not understand how such an order
> could be justified when Aukey has done nothing improper or outside the
> ordinary course of a Seller's relationship with Amazon, and NOCO has
> provided no evidence to show otherwise.

(ECF # 11-1 at ¶ 20). Defendants made a sweeping, sworn statement that they play by
the rules of the Amazon Marketplace. The new evidence confirms that is not true.

Now that the Court is aware that Amazon has taken action against Defendants,
Defendants attempt to walk back the Declaration. However, contrary to Defendants'
assertions, the Declaration's paragraph 20 makes no specific reference to the purported
Amazon "Browse Node policy," and Defendants placed no context into that paragraph.
Indeed, the purported "Browse Node policy" is not mentioned in the preceding three
paragraphs.

The only context Defendants provided was NOCO's request for injunctive relief,
which specifically references Defendants' illegal manipulation of the Amazon
Marketplace. (*See* ECF # 5 at 18). More importantly, where NOCO specifically requests
that the Court issue an order, NOCO does not specifically mention Amazon's Browse
Nodes. (*See id.*). The Court should disregard Defendants' attempts to contort their

4

blanketed sworn statement and instead, issue an order and hold a hearing for Defendants to show cause.

### III.    NOCO's Proposed Injunctive Relief Would Maintain the Current Status Quo.

The Court should allow NOCO to amend its request for injunctive relief such that the new proposed injunctive relief maintains the current status quo. *See Ewald v. DaimlerChrysler Corp.,* Case No. 3:02-cv-7018, 2002 U.S. Dist. LEXIS 16648, at *2 (N.D. Ohio Aug. 21, 2002) (stating that the purpose of preliminary injunctive relief is to maintain the status quo). NOCO is not requesting that the Court sit in Amazon's shoes—Amazon has already removed Defendants from the Amazon Marketplace. Nor is NOCO specifically requesting that the Court permanently bar Defendants from the Amazon Marketplace at this stage. (*See* ECF # 20, at 5-6). Rather, NOCO requests that the Court ratify Amazon's actions and prohibit Defendants' likely attempts to re-enter the Amazon Marketplace.

NOCO's request to amend the proposed relief is warranted because the new evidence increases NOCO's likelihood of success on the merits of its false advertising claim. Amazon's Anti-Manipulation Policy for Customer Reviews expressly forbids review manipulation. *See Anti-Manipulation Policy for Customer Reviews*, AMAZON HELP & CUSTOMER SERVICE (Last visited: June 9, 2021), https://www.amazon.com/gp/help/customer/display.html?nodeId=201996120 (detailing Amazon's legal successes combating false reviews). The Lanham Act also expressly forbids Defendants from causing false information to be published about another's products. *See* 15 U.S.C. 1125(a)(1)(B); *see also Vita-Mix Corp. v. Tristar Prods.,* Case No. 1:07-cv-275, 2008 U.S. Dist. LEXIS 143319, at *7 (N.D. Ohio Sept. 30, 2008). Therefore, it is now more likely

4842-4106-2894, v. 1

that NOCO will succeed on the merits of its false advertising claim. Accordingly, NOCO's request to amend the proposed relief to match the current status quo is warranted.

### IV.    Conclusion.

For the foregoing reasons, and the reasons set forth in the Omnibus Motion, NOCO requests that the Court: (i) deem the record supplement and consider new, crucial evidence demonstrating Defendants' Amazon Marketplace manipulation; (ii) issue an order requiring Defendants to show cause and hold a hearing to determine if Defendants have misled the Court and NOCO through false testimony; and (iii) amend NOCO's requested injunctive relief such that Defendants cannot re-enter the Amazon Marketplace in any form, either directly or indirectly through any parties, to sell any products and continue harming NOCO, the Amazon Marketplace, and the American consumer.

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

4842-4106-2894, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic docketing system on June 10, 2021.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/Jon J. Pinney
Jon J. Pinney

*Counsel for Plaintiff The NOCO Company*