**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THE NOCO COMPANY, | ) CASE NO. 1:20-cv-02322-SO |
| Plaintiff, | ) |
| | ) JUDGE SOLOMON OLIVER |
| v. | ) **JURY TRIAL DEMANDED** |
| AUKEY TECHNOLOGY CO., LTD., et al. | ) |
| Defendants. | ) |
| | ) |
| | ) |

**DEFENDANTS' ANSWER AND COUNTERCLAIMS TO NOCO'S COMPLAINT**

Defendants Aukey Technology Co., Ltd., Shenzhenshi Jiangyun Shangmaoyouxuangongsi ("SJS"), and Wodeshijikeji Shenzhen Youxiangongsi ("WSY") (collectively hereafter "Defendants" or "Aukey") answer Plaintiff The NOCO Company's ("NOCO") Complaint by denying each and every allegation against them unless specifically admitted or controverted below:

**ANSWER TO "PRELIMINARY STATEMENT"**

1.     Aukey admits that NOCO purports to bring claims seeking injunctive relief and monetary damages and further notes that the Court has already denied NOCO's request for preliminary injunctive relief. (ECF 23.)  However, Aukey denies the validity of NOCO's claims and denies any liability to NOCO. Aukey denies all other allegations in Paragraph 1.

2.     Denied.

3.     Aukey admits that consumers located in the United States purchase goods through the online Amazon Marketplace located at www.amazon.com. Aukey denies all other allegations

1

in Paragraph 3.

## ANSWER TO "NATURE OF THE ACTION"

4.      Aukey admits that NOCO purports to bring claims against it for violations of the Lanham Act, 15 U.S.C. § 1125, et seq.; deceptive trade practices in violation of O.R.C. § 4165.02; common law tortious interference with business relationships; and common law civil conspiracy but denies the validity of NOCO's claims and denies any liability to NOCO. Aukey denies all other allegations in Paragraph 4.

## ANSWER TO "PARTIES"

5.      Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5, and so denies them.

6.      Aukey admits that NOCO sells consumer products including battery chargers and jump starters. Aukey denies all other allegations in Paragraph 6.

7.      Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7, and so denies them.

8.      Defendant Aukey Technology Co., Ltd. admits that it is a company organized under the laws of China and headquartered in China. Aukey admits that it owns the "TACKLIFE" brand and the rights to the TACKLIFE mark. Aukey denies all remaining allegations in Paragraph 8.

9.      Defendant SJS admits that it had been a third-party seller in the Amazon Marketplace operating the online store "HuiMing." SJS denies that it is currently an active Amazon third-party seller. SJS denies all remaining allegations in Paragraph 9.

10.     Defendant SJS admits that it is a company organized under the laws of China and located in China. SJS denies all remaining allegations in Paragraph 10.

11.     Defendant WSY admits that it had been a third-party seller in the Amazon Marketplace operating the online store "WorldUS." WSY denies that it is currently an active

Amazon third-party seller. WSY denies all remaining allegations in Paragraph 11.

12.     Defendant WSY admits that it is a company organized under the laws of China and located in China. WSY denies all remaining allegations in Paragraph 12.

13.     Aukey admits that products of the Aukey Technology Co., Ltd, including portable vehicle jump-starters, have been sold to consumers under the TACKLIFE mark through online stores accessible through www.amazon.com under the names "WorldUS" and "HuiMing." Aukey denies all remaining allegations in Paragraph 13.

14.     Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14 regarding NOCO's understanding but admits that the three defendants are related entities. Aukey admits that products of the Aukey Technology Co., Ltd, including vehicle jump-starters and other products, have been sold to consumers under the TACKLIFE mark through online stores accessible through www.amazon.com under the names "WorldUS" and "HuiMing." Aukey denies all remaining allegations in Paragraph 14.

15.     Denied.

16.     Aukey admits that defendants SJS and WSY have been licensed to market and sell products under the TACKLIFE mark in the Amazon (US) Marketplace. Aukey denies all remaining allegations in Paragraph 16.

17.     Denied.

## ANSWER TO "SUBJECT MATTER JURISDICTION"

18.     Paragraph 18 consists of statements of law to which no response is required. To the extent Paragraph 18 includes factual allegations regarding Aukey's conduct, Aukey denies them. Solely for the purposes of this action, Aukey does not dispute that the Court has subject matter jurisdiction over the claims in NOCO's Complaint. Aukey denies all remaining allegations in Paragraph 18.

## ANSWER TO "PERSONAL JURISDICTION AND VENUE"

19.    Paragraph 19 consists of statements of law to which no response is required. To the extent Paragraph 19 includes factual allegations regarding Aukey's conduct, Aukey denies them. Solely for the purposes of this action, Aukey does not dispute that the Court has personal jurisdiction over the defendants. Aukey denies all remaining allegations in Paragraph 19.

20.    Paragraph 20 consists of statements of law to which no response is required. To the extent Paragraph 20 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey denies all remaining allegations in Paragraph 20.

21.    Paragraph 21 consists of statements of law to which no response is required. To the extent Paragraph 21 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that the three defendants are Chinese entities. Aukey denies all remaining allegations in Paragraph 21.

22.    Paragraph 22 consists of statements of law to which no response is required. Aukey admits that persons residing in the United States have purchased its products, including through the Amazon Marketplace. To the extent Paragraph 22 includes other factual allegations regarding Aukey's conduct, Aukey denies them. Aukey denies all remaining allegations in Paragraph 22.

23.    Aukey admits that persons residing in the United States have purchased its products, including through the Amazon Marketplace. To the extent Paragraph 23 includes other factual allegations regarding Aukey's conduct, Aukey denies them and specifically denies that it has engaged in anticompetitive conduct. Aukey denies all remaining allegations in Paragraph 23.

24.    Aukey admits that products of the Aukey Technology Co., Ltd, including portable vehicle jump-starters, have been sold to consumers under the TACKLIFE mark through online stores accessible through www.amazon.com under the names "WorldUS" and "HuiMing." Aukey

denies all remaining allegations in Paragraph 24.

25.     Aukey admits that products of the Aukey Technology Co., Ltd, including vehicle jump-starters and other products, have been sold to consumers under the TACKLIFE mark through online stores accessible through www.amazon.com under the names "WorldUS" and "HuiMing." Aukey denies all remaining allegations in Paragraph 25.

26.     Aukey admits that the internet domain "Amazon.com" hosts the Amazon Marketplace. Aukey further admits that products of the Aukey Technology Co., Ltd, including portable vehicle jump-starters, have been sold to consumers under the TACKLIFE mark through online stores accessible through www.amazon.com under the names "WorldUS" and "HuiMing." Aukey further admits that United States consumers have purchased its products, including through the Amazon Marketplace. Aukey denies all remaining allegations in Paragraph 26.

27.     Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27 concerning the operation and workings of the "Amazon.com" domain, and so denies them. Aukey admits that persons or entities operating as Sellers in the Amazon Marketplace may list products for sale in their online stores. Aukey denies all remaining allegations in Paragraph 27.

28.     The allegations in Paragraph 28 are not directed towards Aukey. To the extent Paragraph 28 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey denies all remaining allegations in Paragraph 28.

29.     The allegations in Paragraph 29 are not directed towards Aukey. To the extent Paragraph 29 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29 concerning the corporate structure of Amazon Inc. and related entities, which entities

host various websites, and how those websites operate, and so denies them. Aukey admits that many online marketplaces exist other than Amazon.com, including Amazon.cn., Amazon.uk, and Amazon.br. Aukey denies all remaining allegations in Paragraph 29.

30. Denied.

31. Paragraph 31 consists of statements of law to which no response is required. To the extent Paragraph 31 includes factual allegations regarding Aukey's conduct, Aukey denies them. Solely for the purposes of this action, Aukey does not dispute that venue is proper in this judicial district. Aukey denies all remaining allegations in Paragraph 31.

## ANSWER TO "FACTUAL BACKGROUND"

32. The allegations in Paragraph 32 are not directed towards Aukey. To the extent Paragraph 32 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that consumers on the Amazon Marketplace may search for products before making a purchase. Aukey denies all remaining allegations in Paragraph 32.

33. The allegations in Paragraph 33 are not directed towards Aukey. To the extent Paragraph 33 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that products are listed in online stores in the Amazon Marketplace, and further admits that individuals browsing the Amazon Marketplace may review a listed product. Aukey further admits that individuals browsing the Amazon Marketplace may read product reviews previously created. Aukey denies all remaining allegations in Paragraph 33.

34. The allegations in Paragraph 34 are not directed towards Aukey. To the extent Paragraph 34 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 34 regarding the effect of consumer reviews upon product rankings, and so denies them.

To the best of Aukey's knowledge, any such relationship is determined by Amazon's proprietary algorithms. Aukey further admits, upon information and belief, that product reviews may influence consumer purchasing decisions although the degree of such influence remains uncertain. Aukey denies all remaining allegations in Paragraph 34.

35.     The allegations in Paragraph 35 are not directed towards Aukey. To the extent Paragraph 35 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35, particularly the vague and subjective allegations regarding the "proper" or intended functioning of the Amazon Marketplace, and so denies them. Aukey denies all remaining allegations in Paragraph 35.

36.     The allegations in Paragraph 36 are not directed towards Aukey. To the extent Paragraph 36 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36 regarding the effect of product reviews and sales upon product rankings, and so denies them. To the best of Aukey's knowledge, any such relationship is determined by Amazon's proprietary algorithms. Aukey denies all remaining allegations in Paragraph 36.

37.     The allegations in Paragraph 37 are not directed towards Aukey. To the extent Paragraph 37 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37 regarding the effect of product reviews upon product rankings, and so denies them. To the best of Aukey's knowledge, any such relationship is determined by Amazon's proprietary algorithms. Aukey denies all remaining allegations in Paragraph 37.

38.     The allegations in Paragraph 38 are not directed towards Aukey. To the extent

Paragraph 38 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that a product's Amazon ranking apparently affects whether that product receives certain badges awarded by Amazon. Aukey lacks sufficient knowledge or information to form a belief about the truth of any allegations in Paragraph 38 regarding the operation of Amazon's proprietary algorithms beyond the items specifically admitted, and so denies them. Aukey denies all remaining allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are not directed towards Aukey. To the extent Paragraph 39 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that a product's Amazon ranking apparently may affect where that product is displayed in relevant search results. Aukey lacks sufficient knowledge or information to form a belief about the truth of any allegations in Paragraph 39 regarding the operation of Amazon's proprietary algorithms beyond the items specifically admitted, and so denies them. Aukey denies all remaining allegations in Paragraph 39.

40.     The allegations in Paragraph 40 are not directed towards Aukey. To the extent Paragraph 40 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that a product's Amazon ranking apparently may affect where that product is displayed in relevant search results. Aukey lacks sufficient knowledge or information to form a belief about the truth of any allegations in Paragraph 40 regarding the operation of Amazon's proprietary algorithms beyond the items specifically admitted, and so denies them. Aukey denies all remaining allegations in Paragraph 40.

### ANSWER TO "Amazon's Browse Node Search Function"

41.     The allegations in Paragraph 41 are not directed towards Aukey. To the extent Paragraph 41 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey

admits that individuals online in the Amazon Marketplace may search for products and may "visit" individual product pages. Aukey denies all remaining allegations in Paragraph 41.

42. The allegations in Paragraph 42 are not directed towards Aukey. To the extent Paragraph 42 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that individuals online in the Amazon Marketplace may search for products using multiple search functions, including searching Browse Nodes. Aukey denies all remaining allegations in Paragraph 42.

43. The allegations in Paragraph 43 are not directed towards Aukey. To the extent Paragraph 43 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that "Browse Nodes" are Amazon's method of organizing products on sale on the Amazon Marketplace. Amazon Browse Nodes are arranged in a hierarchy that progresses from general to more specific product categories. Aukey denies all remaining allegations in Paragraph 43.

44. The allegations in Paragraph 44 are not directed towards Aukey. To the extent Paragraph 44 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that Amazon's Product Advertising API 5.0 Documentation contains the quoted passage. Aukey further admits that each Browse Node is intended to represent a collection of products grouped together due to certain shared qualities. Aukey denies all remaining allegations in Paragraph 44.

45. The allegations in Paragraph 45 are not directed towards Aukey. To the extent Paragraph 45 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that Amazon's Product Advertising API 5.0 Documentation on Browse Nodes states that

each Amazon Browse Node has a unique identification number. Aukey denies all remaining allegations in Paragraph 45.

46.     The allegations in Paragraph 46 are not directed towards Aukey. To the extent Paragraph 46 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that Amazon Sellers specify each product's Browse Node ID while creating the product listing. Aukey denies all remaining allegations in Paragraph 46.

47.     The allegations in Paragraph 47 are not directed towards Aukey. To the extent Paragraph 47 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that it is physically possible for Amazon Sellers to create multiple listings for the same product in different Browse Nodes. Aukey further states that it is widely known within the Amazon Seller community that certain Sellers abuse this feature of the Browse Node system and attempt to "game" Amazon's algorithms to increase the likelihood that their product receives a "Best Seller Badge" in one or more Browse Nodes. Aukey further states that Amazon's AI programs and personnel can review product listings to ensure products are listed accurately, and if not, may remove that product from a Browse Node.  Aukey denies all remaining allegations in Paragraph 47.

48.     The allegations in Paragraph 48 are not directed towards Aukey. To the extent Paragraph 48 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that it is aware that NOCO frequently lists products, including its GB40 model jump starter, in multiple Browse Nodes. Aukey further states that it believes this practice is inappropriate and violates the policies Amazon Sellers are required to follow. For example, a jump starter should be listed in the "Jump Starter" Browse Node with competing products. A jump-starter is not an

10

automotive "accessory" as that term (and category/Browse Node) are properly understood.  Aukey denies all remaining allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are not directed towards Aukey. To the extent Paragraph 49 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that individuals may search the Amazon Marketplace by Browse Node. Aukey denies that most consumers search Amazon using Browse Nodes and notes that NOCO's allegation about that feature's efficiency and ease of use is subjective. Aukey further states that consumers more commonly search the Amazon Marketplace using keywords to locate a desired product. Aukey denies all remaining allegations in Paragraph 49.

50.     The allegations in Paragraph 50 are not directed towards Aukey. To the extent Paragraph 50 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that Amazon awards the "Best Seller Badge" to products by Browse Node, according to factors determined by its proprietary algorithms – which apparently includes sales rank. Aukey denies all remaining allegations in Paragraph 50.

51.     The allegations in Paragraph 51 are not directed towards Aukey. To the extent Paragraph 51 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that Amazon awards the "Best Seller Badge" to products by Browse Node. Aukey further admits that a Best Seller Badge increases the visibility of a product and generally leads to increased sales. Aukey denies all remaining allegations in Paragraph 51.

52.     The allegations in Paragraph 52 are not directed towards Aukey. To the extent Paragraph 52 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey specifically denies any "manipulation" of Amazon's Browse Nodes or NOCO's product listings.

Aukey further admits that NOCO products have sometimes been awarded Best Seller Badges. Aukey denies all remaining allegations in Paragraph 52.

### ANSWER TO "NOCO Has Become a Target on the Amazon Marketplace"

53.     The allegations in Paragraph 53 are not directed towards Aukey. To the extent Paragraph 53 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 53 regarding NOCO's communications with Amazon personnel, and so denies them. Aukey denies all remaining allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are not directed towards Aukey. To the extent Paragraph 54 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey specifically denies that Aukey has ever removed a NOCO product from an Amazon Browse Node. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 54 regarding NOCO's communications with Amazon personnel, and so denies them. Aukey denies all remaining allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are not directed towards Aukey. To the extent Paragraph 55 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey now understands that Amazon personnel did investigate the removal of NOCO products from certain Browse Nodes and confirmed that those changes were made by Amazon software or Amazon personnel enforcing Amazon's policies and practices against Browse Node manipulation. Aukey denies all remaining allegations in Paragraph 55.

56.     The allegations in Paragraph 56 are not directed towards Aukey. To the extent Paragraph 56 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in

Paragraph 56 regarding NOCO's communications with Amazon personnel, and so denies them. Aukey denies all remaining allegations in Paragraph 56 and specifically denies NOCO's claim of "manipulation."

57.     The allegations in Paragraph 57 are not directed towards Aukey. To the extent Paragraph 57 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57 regarding NOCO's communications with Amazon personnel, and so denies them. Aukey admits that in certain instances Aukey personnel have registered complaints with Amazon about improper or multiple Browse Node listings of NOCO products. Aukey further states that any changes to the Browse Nodes of NOCO products were executed by Amazon software or Amazon personnel enforcing Amazon's policies and practices against Browse Node manipulation. Aukey denies all remaining allegations in Paragraph 57.

58.     The allegations in Paragraph 58 are not directed towards Aukey. To the extent Paragraph 58 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 58 regarding NOCO's communications with Amazon personnel, and so denies them. Aukey specifically denies that it improperly "utilized" Amazon personnel to do its bidding, rather than simply registering complaints about NOCO misconduct through standard channels. Aukey denies all remaining allegations in Paragraph 58.

**ANSWER TO "Defendants Have Manipulated NOCO's Assigned Browse Nodes"**

59.     The allegations in Paragraph 59 are not directed towards Aukey. To the extent Paragraph 59 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that NOCO products were sometimes awarded Amazon Best Seller Badges. Aukey lacks

sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 59 regarding the alleged frequency of such awards, and so denies them. Aukey denies all remaining allegations in Paragraph 59.

60.     The allegations in Paragraph 60 are not directed towards Aukey. To the extent Paragraph 60 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey admits that its TACKLIFE brand lithium-ion jump starters are high-quality, successful products which have frequently been highly ranked on Amazon and have been awarded Amazon Best Seller Badges. Aukey denies all remaining allegations in Paragraph 60.

61.     Denied.

62.     Denied.

63.     Denied.

**ANSWER TO "Defendants Manipulate NOCO Product Reviews"**

64.     The allegations in Paragraph 64 are not directed towards Aukey. To the extent Paragraph 64 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 64 regarding false product reviews and false safety reports, and so denies them. Aukey specifically denies that it has ever provided a false review for a NOCO product (or caused one to be provided) or asserted (or caused an assertion) that there were safety problems with a NOCO product. Aukey denies all remaining allegations in Paragraph 64.

65.     The allegations in Paragraph 65 are not directed towards Aukey. To the extent Paragraph 65 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 65 regarding false product reviews and false safety reports, and so denies them. Aukey

Aukey specifically denies that it has ever provided a false review for a NOCO product (or caused one to be provided) or asserted (or caused an assertion) that there were safety problems with a NOCO product. Aukey denies all remaining allegations in Paragraph 65.

66.     The allegations in Paragraph 66 are framed in terms of NOCO's beliefs, which are subjective, irrelevant, and baseless. To the extent Paragraph 66 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 66 regarding what NOCO truly believes, and so denies them. Aukey denies all remaining allegations in Paragraph 66.

67.     The allegations in Paragraph 67 are not directed towards Aukey. To the extent Paragraph 67 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 67, and so denies them. Aukey denies all remaining allegations in Paragraph 67.

68.     Denied.

**ANSWER TO "Defendants Use Tactics Similar to Other Criminal Defendants"**

69.     The allegations in Paragraph 69 are not directed towards Aukey. To the extent Paragraph 69 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 69 regarding this unrelated criminal prosecution of unrelated parties, and so denies them. Aukey denies all remaining allegations in Paragraph 69.

70.     The allegations in Paragraph 70 are not directed towards Aukey. To the extent Paragraph 70 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in

Paragraph 70 regarding this unrelated criminal prosecution of unrelated parties, and so denies them. Aukey denies all remaining allegations in Paragraph 70.

71.     The allegations in Paragraph 71 are not directed towards Aukey. To the extent Paragraph 71 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 71 regarding this unrelated criminal prosecution of unrelated parties, and so denies them. Aukey denies all remaining allegations in Paragraph 71.

72.     The allegations in Paragraph 72 are not directed towards Aukey. To the extent Paragraph 72 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 72 regarding this unrelated criminal prosecution of unrelated parties, and so denies them. Aukey denies all remaining allegations in Paragraph 72.

73.     The allegations in Paragraph 73 are not directed towards Aukey. To the extent Paragraph 73 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 73 regarding this unrelated criminal prosecution of unrelated parties, and so denies them. Aukey denies all remaining allegations in Paragraph 73.

74.     The allegations in Paragraph 74 are not directed towards Aukey. To the extent Paragraph 74 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in

Paragraph 74 regarding this unrelated criminal prosecution of unrelated parties, and so denies them. Aukey denies all remaining allegations in Paragraph 74.

75.     The allegations in Paragraph 75 are not directed towards Aukey. To the extent Paragraph 75 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 75 regarding this unrelated criminal prosecution of unrelated parties, and so denies them. Aukey denies all remaining allegations in Paragraph 75.

76.     Denied.

77.     The allegations in Paragraph 77 are not directed towards Aukey. To the extent Paragraph 77 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 77 regarding NOCO's communications with Amazon, and so denies them. Aukey denies all remaining allegations in Paragraph 77.

78.     The allegations in Paragraph 78 are not directed towards Aukey. To the extent Paragraph 78 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 78 regarding NOCO's alleged de-listings, and so denies them. Aukey denies all remaining allegations in Paragraph 78.

79.     The allegations in Paragraph 79 are not directed towards Aukey. To the extent Paragraph 79 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in

Paragraph 79 regarding NOCO's Amazon account(s), and so denies them. Aukey denies all remaining allegations in Paragraph 79.

80.     Denied.

### ANSWER TO "The Acts of Defendants Significantly Damage NOCO"

81.     The allegations in Paragraph 81 are not directed towards Aukey. To the extent Paragraph 81 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 81 regarding what NOCO needs to remain competitive, and so denies them. Aukey denies all remaining allegations in Paragraph 81.

82.     The allegations in Paragraph 82 are not directed towards Aukey. To the extent Paragraph 82 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 82 regarding the percentage of NOCO sales made through Amazon.com, or the amount of such revenue, and so denies them. Aukey denies all remaining allegations in Paragraph 82.

83.     Paragraph 83 contains statements of law which require no response. Aukey admits that a small number of TACKLIFE products (roughly a dozen products out of about six hundred TACKLIFE products sold) compete with NOCO products. Aukey denies all remaining allegations in Paragraph 83.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

**ANSWER TO "CLAIM ONE – Violations of the Lanham Act. . ."**

89.     Aukey repeats and restates each response to Paragraphs 1-88 as if fully set forth herein.

90.     The allegations in Paragraph 90 are not directed towards Aukey. Aukey admits that NOCO sells products to American consumers, including through the Amazon Marketplace. Aukey denies all remaining allegations in Paragraph 90.

91.     Aukey admits that products of the Aukey Technology Co., Ltd, including portable vehicle jump-starters, have been sold to consumers under the TACKLIFE mark through online stores accessible through www.amazon.com under the names "WorldUS" and "HuiMing."  Aukey denies all remaining allegations in Paragraph 91.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Paragraph 95 contains statements of law which require no response. To the extent Paragraph 82 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey denies all remaining allegations in Paragraph 95.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

**ANSWER TO "CLAIM TWO – Violations of Ohio's Unfair Trade Practices Law . . . ."**

100.     Aukey repeats and restates each response to Paragraphs 1-99 as if fully set forth herein.

101.     Denied.

102.     Denied.

103.     Denied.

104.     The allegations in Paragraph 104 are not directed towards Aukey. To the extent Paragraph 104 includes factual allegations regarding Aukey's conduct, Aukey denies them. Aukey specifically denies that average consumers "rely on" the Amazon Browse Nodes chosen by NOCO or on a NOCO product's Amazon ranking "when making purchasing decisions." Aukey denies all remaining allegations in Paragraph 104.

105.     Denied.

106.     Denied.

**ANSWER TO "CLAIM THREE – Tortious Interference with a Business Relationship"**

107.     Aukey repeats and restates each response to Paragraphs 1-106 as if fully set forth herein.

108.     Paragraph 108 is not directed towards Aukey. Aukey lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 108, and so denies them.

109.     Aukey admits that it knew NOCO advertised and sold products on the Amazon (US) Marketplace, as do millions of sellers.  Aukey denies all remaining allegations of Paragraph 109.

110.      Denied.

111.     Denied.

112.    Denied.

## ANSWER TO "CLAIM FOUR – Civil Conspiracy"

113.    Aukey repeats and restates each response to Paragraphs 1-113 as if fully set forth herein.

114.    Denied.

115.    Aukey admits that the defendants are related entities. Aukey further admits that Aukey Technology Co., Ltd. has licensed the TACKLIFE mark to SJS and WSY. Aukey denies all remaining allegations in Paragraph 115.

116.    Denied.

117.    Denied.

## ANSWER TO PRAYER FOR RELIEF

Aukey specifically controverts the requests set forth in Paragraphs (A) through (G) in the section of the Complaint in which NOCO prays for judgment and relief and denies that NOCO is entitled to any relief whatsoever. Aukey respectfully requests judgment dismissing all claims and against NOCO in all respects.

## AFFIRMATIVE DEFENSES

1.    Aukey has not engaged in the conduct alleged in the Complaint.

2.    The Complaint fails to state a claim upon which relief can be granted.

3.    NOCO's requested relief is barred in whole or in part under principles of equity, including without limitation the doctrines of estoppel, laches, waiver, and unclean hands.

4.    NOCO is not entitled to any injunctive relief at least because it has suffered no irreparable injury and has adequate remedies at law.

5.     NOCO has failed to join one or more parties required by Fed. R. Civ. P. 19.

21

6.      Aukey reserves the right to assert additional defenses, including those listed in

Fed. R. Civ. P. 8(c), which may be learned during discovery and further factual investigation.

**JURY TRIAL DEMANDED**

Respectfully submitted,

/s/ *Jay R. Campbell*
 Jay R. Campbell (0041293)
 David A. Bernstein (0093955)
 TUCKER ELLIS LLP
 950 Main Avenue, Suite 1100
 Cleveland, OH 44113
 Telephone:    216.592.5000
 Facsimile:    216.592.5009
 E-mail:jay.campbell@tuckerellis.com
          david.bernstein@tuckerellis.com

 Peter J. Curtin (*pro hac vice*)
 ARCH & LAKE LLP
 203 North LaSalle Street
 Suite 2100
 Chicago, IL 60601
 (312) 558-1369
 (312) 614-1873 (fax)
 (240) 432-3267 (cell)
 pete_curtin@archlakelaw.com
 *Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/ Jay R. Campbell</u>