# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY,** ) | CASE NO. 1:20-cv-02322 |
| ) | |
| Plaintiff, ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| **AUKEY TECHNOLOGY CO. LTD., et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEETING OF THE PARTIES UNDER FED. R. CIV. P. 26(f) and L.R. 16.3(b)

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on Friday, November 19, 2021, and was attended by: (i) Kyle D. Stroup, counsel for Plaintiff The NOCO Company ("***NOCO***"); and (ii) Peter J. Curtin and Yichen Cao, counsel for Defendants Aukey Technology Co., Ltd. ("***Aukey***"), Shenzhenshi Jaingyun Shangmaoyouxiangongsi ("***HuiMing***"), and Wodeshijikeji Shenzhen Youxiangongsi's ("***WorldUS***") (together, the "***Defendants***") (referring to Defendants and NOCO collectively as the "***Parties***").

2. The Parties will exchange the pre-discovery disclosures required by Rule 26(a)(1) and the Court's prior order by December 20, 2021.

3. The Parties recommend the Standard track in accordance with the Court's prior order.

4. The case is suitable for the following Alternative Dispute Resolution ("***ADR***") mechanism: Mediation.

5. The Parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

6. <u>Recommended Discovery Plan</u>:

   a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery: The Parties anticipate seeking discovery regarding Defendants' and NOCO's: (i) business information related to the marketing and sale of portable jump starters and automotive accessories, including but not limited to advertising data, for the Amazon Marketplace; (ii) internal and external emails and correspondence related to the allegations in the Complaint, including but not limited to communications with Amazon personnel; (iii) sales data and related information for the TACKLIFE jump starters and NOCO's jump starters since at least January 2019; and (iv) changelog and other technical data related to the Amazon Marketplace. The Parties anticipate utilizing: (i) traditional paper discovery—requests for production, interrogatories, and requests for admissions; (ii) party and non-party depositions; (iii) expert discovery; and (iv) third-party subpoenas. By listing likely topics of discovery above, the Parties make no admission or concession regarding the propriety of any specific discovery request, the admissibility of any specific documents or information produced, or the scope and/or universe of relevant documents and information.

    b) <u>Discovery cut-off date</u>: The Parties recommend that: (i) fact discovery close on December 6, 2022; (ii) affirmative expert reports (i.e., reports on issues for which the party bears the burden of proof) due on January 27, 2023; (iii) defensive expert reports (i.e., responding to the affirmative reports) due on March 3, 2023; (iv) rebuttal expert reports due on March 31, 2023; and (v) expert discovery to close by April 30, 2023

7.    <u>Recommended dispositive motion date</u>: The Parties recommend that initial dispositive motions should be due on May 26, 2023, with additional briefing due thereafter in accordance with the Federal Rules of Civil Procedure and the Local Rules.

8.    <u>Recommended cut-off date for amending the pleadings and/or adding additional parties</u>: The Parties recommend that the Court set February 25, 2022, as the deadline to amend the pleadings and/or add additional parties but reserve the right to petition the Court for leave to amend or supplement the pleadings thereafter.

9.    <u>Recommended date for a Status Hearing</u>: The Parties recommend that a Status Hearing be set for June 20, 2022.

10.    <u>Other matters for the attention of the Court</u>: (i) The Parties are beginning to engage in initial settlement discussions; (ii) to facilitate the exchange of sensitive business information, the Parties anticipate entering into a stipulated protective order; and (iii) Defendants' TACKLIFE brand of products (including the jump starters at issue in this case) have been off the Amazon Marketplace since approximately the third week of April 2021, and Defendants see no indication that will change.

4859-4450-7652, v. 1

Respectfully submitted,

                                **KOHRMAN JACKSON & KRANTZ LLP**

| | |
|---|---|
| */s/ Peter J. Curtin* | */s/ Jon J. Pinney* |
| Peter J. Curtin (pro hac vice) | JON J. PINNEY (0072761) |
| ARCH & LAKE LLP | JONATHON W. GROZA (0083985) |
| 203 North LaSalle Street | KYLE D. STROUP (0099118) |
| Suite 2100 | One Cleveland Center, 29th Floor |
| Chicago, IL 60601 | 1375 East Ninth Street |
| (312) 558-1369 | Cleveland, Ohio 44114-1793 |
| (312) 614-1873 (fax) | Telephone: (216) 696-8700 |
| (240) 432-3267 (cell) | Facsimile: (216) 621-6536 |
| pete_curtin@archlakelaw.com | Email: jjp@kjk.com; jwg@kjk.com; kds@kjk.com |
| Jay R. Campbell (0041293) | |
| David A. Bernstein (0093955) | *Counsel for Plaintiff The NOCO Company* |
| TUCKER ELLIS LLP | |
| 950 Main Avenue, Suite 1100 | |
| Cleveland, OH 44113 | |
| Telephone:    216.592.5000 | |
| Facsimile:     216.592.5009 | |
| E-mail:jay.campbell@tuckerellis.com | |
|        david.bernstein@tuckerellis.com | |

*Counsel for Defendants*

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic docketing system on December 1, 2021.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Jon J. Pinney
Jon J. Pinney

*Counsel for Plaintiff The NOCO Company*