IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, | ) | Case No. 1:20-cv-02232 |
| | ) | |
| Plaintiff. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| AUKEY TECHNOLOGY CO., LTD., et al., | ) | |
| | ) | **ORDER SETTING MEDIATION** |
| Defendants. | ) | **CONFERENCE** |
| | ) | |

The mediation conference in the above-entitled case has been set for **August 23, 2022 at 10:00 A.M.**  The mediation conference will be held by video conference.  Instructions for participating via video conference will be emailed to the parties separately.

**I.    ATTENDANCE REQUIREMENTS**

A.    The conference shall be attended by all named individual parties, as well as by an authorized representative of any named corporate, governmental, or other entity, together with **LEAD** trial counsel for each party.

B.    A corporate party shall send a representative with full and complete authority to bind the company up to the value of plaintiff's claim and/or defendant's counterclaim. A governmental entity shall send a representative authorized to act on its behalf, subject to the requirement in Paragraph C below. When the settlement decision will be made in whole or part by an insurer, the insurer shall send a representative in person with full and complete authority to make settlement decisions.

C. <u>Persons with ultimate settlement authority must be present on behalf of each party</u>. The court understands final approval of settlements with governmental entities are subject to approval by a legislative body; this paragraph requires the person who has final authority to recommend the approval of the proposed settlement to the legislative body to be in attendance. Arranging to have a person with final settlement authority available by telephone does not meet the requirements of this order. In the confidential statement referenced below, counsel shall identify the client representative(s) that will be attending and certify that the attending representative has full settlement authority, as defined herein. The court may reschedule or cancel the conference if the representative is determined to be unqualified.

II. **MEDIATION/SETTLEMENT CONFERENCE MEMORANDUM**

A. Each party shall submit a confidential mediation/settlement conference memorandum to the magistrate judge on or before **August 16, 2022**. The memorandum shall not become a part of the case file maintained by the clerk of court, but shall be for the exclusive use of the magistrate judge in preparing for the mediation/settlement conference

B. The Mediation/Settlement Conference Memorandum shall contain:

1. A recitation of the key facts relevant to a determination and/or settlement of the case.

2. An analysis of the legal issues that will affect the settlement evaluations of the parties.

3. A discussion of the strengths and weaknesses of the case

4. The party's view concerning the potential for resolution of the case by settlement;

5. A description of settlement efforts made to date;

6. A listing of any critical documents, photographs or other exhibits essential to the court being able to grasp the party's settlement position and/or case

      evaluation. If not already part of the court file copies of said documents shall be provided.

    7. A certification that the persons attending on behalf of the party have full and complete settlement authority, as described in Section I above.

  C. The settlement conference memorandum **should not be lengthy**, but should contain enough information to be useful to the magistrate judge in analyzing the factual and legal issues in the case.  The parties are encouraged to be candid in their statements.

  D. The mediation/settlement conference memorandum shall not be filed with the clerk, but shall be emailed or faxed to the magistrate judge.  The email address is: Parker_Chambers@ohnd.uscourts.gov, and the fax number is: 216-357-7139.  Unless requested by **all** parties, copies of the mediation/settlement conference memorandum **shall not** be provided to the other parties in the case.

  E. If the mediation/settlement conference memorandum, including exhibits, exceeds 100 pages, counsel shall also deliver a hard copy of the statement and exhibits to Chambers 11B, (in addition to emailing or faxing them as set forth above) by **August 16, 2022.**  The exhibits should be properly tabbed and formatted for efficient use by the magistrate judge.  Please notify chambers *prior* to delivering a hard copy of the mediation statement.

**III.** **EX-PARTE PRE-MEDIATION/SETTLEMENT TELEPHONE CONFERENCE**

  The magistrate judge will conduct ex-parte telephone conferences with counsel for each party 2 to 3 days before the settlement conference, after delivery of the mediation/settlement conference memorandum. Counsel shall be prepared to discuss any information in the memorandum, any information that could enhance or pose an impediment to settlement, and any other issues that counsel believes should be conveyed to the magistrate judge. All matters discussed during the ex-parte pre-mediation/settlement telephone conference shall be maintained

in confidence by the magistrate judge.  **Upon receipt of this order, counsel shall contact the magistrate judge's courtroom deputy via email Parker_Chambers@ohnd.uscourts.gov to schedule the ex-parte telephone conference.**

IV.     PRE-SETTLEMENT CONFERENCE OFFER AND DEMAND

A mediation/settlement conference is more likely to be productive if, before the conference, the parties have exchanged meaningful written settlement proposals. Therefore, no later than **August 8, 2022**, each counsel making affirmative claims for relief ("claimant's counsel") shall submit a written itemization of damages and settlement demand to opposing counsel with an explanation of why such a settlement demand is appropriate. No later than **August 15, 2022**, opposing counsel shall submit a written response and offer to claimant's counsel with a brief explanation of why such a settlement is appropriate. On occasion, this process will lead directly to a settlement.

If settlement is not achieved, the parties shall include copies of the settlement demand(s) and offer(s) as exhibits to their settlement statement. Do not file copies of these papers with the Clerk's Office.

V.      MEDIATION/SETTLEMENT CONFERENCE FORMAT

The Court will generally use a format in which the magistrate judge will welcome the parties and explain the process, including confidentiality of the mediation/settlement conference. Each side will be given the opportunity to make opening remarks that shall be directed to the magistrate judge.  The court will likely ask individual parties or corporate representatives to make their own statements. Counsel should prepare the party to address the magistrate judge concerning their claims or defenses.  Counsel should be prepared to respond to questions from

the magistrate judge concerning elements of their causes of action or defenses, their damage calculations, the applicable law and other matters, during this joint segment of the conference.

Once opening remarks are concluded, the court will separate the parties and conduct individual caucus meetings via the video conference break-out rooms. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to find creative means for resolving the dispute.

**VI.     STATEMENTS INADMISSIBLE**

Statements made by any party during the mediation/settlement conference may not be used in discovery and will not be admissible at trial. Parties are encouraged to be frank and open in their discussions. The court expects the parties to address each other with courtesy and respect.

**VII.    ISSUES TO BE DISCUSSED AT MEDIATION/SETTLEMENT CONFERENCE**

The parties shall be prepared to discuss the following at the mediation/settlement conference:

1. What are your objectives in the litigation?
2. What are the strengths and weaknesses of your case?
3. Do you understand the opposing side's view of the case?
4. What is wrong with their perception?
5. What is right with their perception?
6. What are the factual and legal points of agreement/disagreement between the parties?
7. What are the impediments to settlement?
8. What remedies are available through litigation or otherwise?

9. Are there any possibilities for creative resolution of the dispute?

10. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

11. Are there any outstanding liens? Do we need to include a representative of the lienholder?

12. What legal costs or case expenses will you incur to take the case through trial and appeal?

**VIII. CLIENT PREPARATION FOR MEDIATION/SETTLEMENT CONFERENCE**

For many clients, this will be the first time they have participated in a court-supervised mediation/settlement conference. Therefore, counsel shall provide their clients with a copy of this Order and shall discuss with them the points contained herein prior to the settlement conference.

IT IS SO ORDERED.

Dated: February 11, 2022

Thomas M. Parker
United States Magistrate Judge