

~~LR - APPENDIX L~~

~~FORM PROTECTIVE ORDER~~

## ~~IN THE~~ UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| ~~Plaintiff~~ | ) |
|  | ) ~~Case No.~~ |
|  | ) |
| ~~v.~~ | ) |
|  | ) ~~[STIPULATED]¹~~ PROTECTIVE ORDER |
|  | ) |
| ~~Defendant~~ | ) |

### ~~[if by stipulation]~~ EASTERN DIVISION

|  |  |
|---|---|
| THE NOCO COMPANY, | ) |
|  | ) |
| Plaintiff, | ) CASE NO:  1:20-cv-02322 |
| v. | ) |
|  | ) JUDGE DAVID A. RUIZ |
| AUKEY TECHNOLOGY CO. LTD., et al., | ) |
|  | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

~~[if not fully by stipulation] A party to this action has moved that the Court enter a protective order.  The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:~~

4882-2746-3725, v. 1

EXHIBIT 2

1.   **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order  concerning ~~confidential information~~Confidential Information as set  forth  below.  ~~As  there  is  a  presumption  in  favor  of  open  and  public  judicial proceedings in the federal courts, this Order shall be strictly construed~~

---

[1] ~~Counsel should include or delete language in brackets as necessary to the specific case.~~

1.   ~~in favor of public disclosure and open proceedings wherever possible.~~ The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" shall mean information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, or commercial information that the party has maintained as confidential; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (f) personnel or employment records of a person who is not a party to this case. Information or documents that are available to the public may not be designated as Confidential Information. Confidential Information may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if the information's confidentiality and sensitivity warrant additional protection beyond that afforded to information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order ***and*** furthermore is (1) within the scope of Rule 26(c)(1)(G) and is current or future business or technical trade secrets or plans, ***or*** (2) corporate financial information that a party has maintained as confidential, ***or*** (3) Confidential Information the disclosure of which would contravene an obligation of confidentiality to a third person or to a court.

~~2.~~ **Form and Timing of Designation.** A party, or non-party subjected to a subpoena, may designate documents as ~~confidential and~~Confidential Information

restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL

– – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation.or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PREOTECTIVE ORDER designations. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL,"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation, the parties may agree temporarily to designate original documents that are produced for inspection "CONFIDENTIAL, – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," even though the original documents being produced have not themselves been so labeled. All information learned in the course of

such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked ~~CONFIDENTIAL,~~"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The ~~designation~~designations "CONFIDENTIAL –– SUBJECT TO PROTECTIVE ORDER" ~~does~~or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" do not mean that the document

**3.**  has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

~~**3.  Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.~~

**4.  Depositions.** Deposition testimony shall be deemed as CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL ~~-~~ SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

**5.  Protection of Confidential Material.**

(a)  **General Protections.** ~~Documents~~Confidential Information

designated CONFIDENTIAL – — SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in 5(b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Notwithstanding the foregoing, nothing in this Order shall be construed to limit a party's counsel from reasonably informing the party in compliance with the Rules of this Court or the Ohio Rules of Professional Conduct.

¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action [adversary proceeding], including any appeal thereof.

**(b)   Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any ~~CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents~~Confidential Information to any ~~third~~ person or entity except as set forth in subparagraphs (1)-~~(5). Subject~~9). Confidential Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be disclosed only to ~~these requirements,~~ the ~~following~~ categories of persons ~~may be allowed to review documents that have been~~designated set forth in subparagraphs (1) through (9) inclusive. Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER:" may be disclosed only to the categories of persons set forth in subparagraphs (1), and (3) through (9), inclusive:

**(1)   Counsel.** Counsel for the parties and employees and agents of __counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.** ~~Parties and employees of a party to this Order.²~~Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to conduct the litigation in which the information is disclosed;

**(3)   The Court and its personnel;**

~~(3)~~(4)____**Court Reporters and Recorders.** Court reporters and recorders _engaged for depositions;

**(5)   Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents or providing other litigation support services, but only after such vendors or contractors have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(4)(6)**     **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation _and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of ~~Understanding and Agreement to Be Bound; and~~ Understanding and Agreement to Be Bound. For clarity, any expert designated by a party must execute and adhere to the attached Acknowledgment of Understanding and Agreement to Be Bound, and disclosure of Confidential Information to an expert is subject to the procedures set forth in Section (5), Subparagraph (d);

**(7)  Witnesses at Depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all

exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

**(8)  Author or Recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

~~(5)~~  **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be

---

[2] **NOTE:** ~~If the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of an additional category of protection that prohibits disclosure of such documents or information to category (2) or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the order.~~

**(9)** agreed or ordered. All such persons shall execute the certification contained in Attachment A, ~~Acknowledgment~~Acknowledgement of Understanding and Agreement to Be Bound.

**(c)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of ~~documents designated as CONFIDENTIAL~~Confidential Information pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)** **Notice and Opportunity to Object.** Counsel for a receiving party shall provide opposing counsel executed copies of the Acknowledgment of Understanding and Agreement to be Bound at least ten (10) days prior to providing Confidential Information to any one of the categories of persons identified in the foregoing Section (5), Subparagraph (b). Upon objection, the parties will promptly confer to resolve the dispute in accordance with the Local Rules of this Court and Federal Rules of Civil Procedure. If the parties are unable to resolve the dispute, the parties shall follow the procedures set forth in the Local Rules for resolving discovery disputes. Any party objecting to the disclosure bears the burden of demonstrating that good cause exists to prevent such disclosure to the identified person(s). While engaged in the foregoing procedure and an objection is pending, the receiving party is not

permitted to disclose Confidential Information to the person identified in the objection, except that other discovery shall continue in accordance with the Court's rules and procedures.

(d)(e)    **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORENYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e)(f) **Inadvertent Production.** Inadvertent production of any document orinformation without a designation of "CONFIDENTIAL – SUBJECT TOAn inadvertent failure to designate a document or information as Confidential Information does not, standing alone, waive the right to so designate the Confidential Information; provided, however, that a failure to

serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated as either "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

6.     ~~Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents~~Under Seal.     Filing of Confidential Information. Absent a statute or an order of this Court, documents may not be filed under seal. *See* L.R.5.2; Electronic Filing Policies and Procedures Manual Section 16. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any ~~confidential information.~~Confidential Information. If, however, the ~~confidential information~~Confidential Information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to _why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE

ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document _is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.~~³~~ [1]

**7. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL ~~–~~ SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL ~~–~~ SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. Any challenge to any designation must comply with the Local Rules of this Court for resolving discovery disputes and as set forth in Paragraph 5(d) above.

**8. Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL ~~–~~ SUBJECT TO PROTECTIVE ORDER or

---

[1] If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

   9.   **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that

---

[3] **[NOTE:** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.]

_may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging

**9.**  the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or informationConfidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**10. Obligations on Conclusion of Litigation.**

> **(a)   Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

> **(b)  Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.Confidential Information.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ Section (5), Subparagraph (d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return;

or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to

information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order. An

(b)  attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents.

(c)  **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –

SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection

under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as

the Court may rule on a specific document or issue.

**13.  No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party or non-party subject to a subpoena, may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party or non-party moves for an order providing such special protection.

~~13.~~14.  **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: _____                    _____
                                   U.S. District Judge
                                   ~~U.S. Magistrate Judge~~
                                   ~~U.S. Bankruptcy Judge~~

~~[Delete signature blocks if not wholly by consent]~~

**WE SO ~~MOVE~~/STIPULATE**          **WE SO ~~MOVE~~/STIPULATE**
**and agree to abide by the**        **and agree to abide by the**
**terms of this Order**              **terms of this Order**


_____            _____

_____            _____
Signature                           Signature

Counsel for:_____             Counsel for:_____


Dated: _____                     Dated: _____

22

4865-8294-5069, v. 2

## FORM PROTECTIVE ORDER
## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| ~~Plaintiff~~ | ~~)~~<br>~~)~~ ~~Civil No.~~<br>~~)~~<br>~~)~~<br>~~)~~<br>~~)~~ |
| ~~Defendant~~ | ~~)~~ |

### ~~ACKNOWLEDGMENT~~ EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY,** | ) | CASE NO:    1:20-cv-02322 |
| _____ Plaintiff, | ) ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| **AUKEY TECHNOLOGY CO. LTD., et al.,** | ) ) ) | |
| _____ Defendants. | ) ) ) | |

### ACKNOWLEDGEMENT OF UNDERSTANDING
### AND
### AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the

Protective Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date:_____  _____
Signature