# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY,** | ) | CASE NO. 1:20-cv-02322 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| **AUKEY TECHNOLOGY CO., LTD., et al.** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## THE NOCO COMPANY'S MOTION FOR EXTENSION OF CASE DEADLINES

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), Plaintiff The NOCO Company ("*NOCO*") requests that this Court issue an order modifying the deadlines set forth in the Parties' prior motion (ECF # 45), which the Court approved in its May 5, 2023 Minutes of Proceedings and Order (ECF # 46). Currently, NOCO and Defendants Aukey Technology Co., Ltd., ("*Aukey*"), Shenzhenshi Jiangyun Shangmaoyouxiangongsi ("*HuiMing*"), and Wodeshijikeji Shenzhen Youxiangongsi ("*WorldUS*") (collectively, the "*Parties*") are operating under the following case schedule:

| Event | Deadline |
|---|---|
| Fact Discovery Close | October 2, 2023 |
| Affirmative Expert Reports | November 28, 2023 |
| Defensive Expert Reports | January 5, 2024 |

| | |
|---|---|
| Rebuttal Expert Reports | February 2, 2024 |
| Expert Discovery Close | March 1, 2024 |
| Dispositive Motions | April 26, 2024 |

*See* ECF # 46. Previously, the Parties jointly moved the Court for an extension of the case deadlines on two occasions. *See* ECF ## 42, 45. However, with fact discovery imminently closing, and Defendants having recently produced documents—including on October 1, 2023—NOCO requires additional time to conduct fact discovery, including but not limited to reviewing and translating Defendants' documents, deposing witnesses, and obtaining documents and information from third parties. Accordingly, NOCO requests that the Court enter an order extending the case deadlines by at least ninety (90) days, which will allow NOCO and Defendants to complete fact discovery. Alternatively, NOCO requests that the Court schedule a status conference, at its convenience, so that the Parties may discuss the additional time required to conduct discovery.

## I. RELEVANT BACKGROUND.

Defendants did not file a Fed. R. Civ. P. 12 response to the Complaint until July 29, 2021, as a result of NOCO perfecting service of the Complaint through the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matter. *See* ECF # 26. The Court then held its Fed. R. Civ. P. 16 case management conference on December 6, 2021, and the Court assigned an initial case management schedule on December 9, 2021. *See* ECF ## 30, 33. Initially, the Court ordered that fact discovery close on December 6, 2022. *See* ECF # 33.

The Parties then began conducting discovery, with NOCO diligently issuing discovery requests upon Defendants on January 20, 2022, and issuing a Fed. R. Civ. P. 45 subpoena upon Amazon.com, Inc. on January 20, 2022. *See* ECF # 42. The Parties also entered into a Stipulated Protective Order to facilitate the production of confidential information and negotiated electronic search terms to aid in the retrieval of electronic documents. *See* ECF ## 41, 42.[1]

Despite NOCO's diligence in seeking discovery from Defendants and issuing discovery requests on January 20, 2022, Defendants did not begin producing documents until nineteen (19) months later on August 2, 2023. *See* August 2, 2023 Email Correspondence, attached as **Exhibit 1**. At that time, Defendants indicated that more documents were forthcoming and noted that documents would be produced on a "rolling basis." However, between January 20, 2022, and August 2, 2023, NOCO attempted to accelerate the fact discovery process and issued discovery deficiency letters on May 19, 2022, and June 22, 2023, to Defendants related to their lack of document production and objections to NOCO's discovery requests. *See* Discovery Deficiency Letters, attached as **Exhibits 2 and 3**.

After Defendants' initial August 2, 2023 production, Defendants then produced batches of documents on three more occasions. Defendants' second production occurred on August 29, 2023. *See* Email Correspondence Producing Documents, attached as **Exhibit 4**. Defendants produced their third batch of documents on September 26, 2023—a mere six (6)

---

[1] During this time, the Parties also attended mediation of the above-captioned action on September 7, 2022, and attempted to resume mediation on April 24, 2023. *See* September 7, 2022 and April 24, 2023 Minute Orders.

days before the close of fact discovery. *See* Exh. 4. Even more prejudicially, Defendants made their fourth document production one (1) day before the close of fact discovery on October 1, 2023. *See* Exh. 4.

As a result of Defendants' delayed document production, counsel for NOCO has not had sufficient opportunity to translate the documents into English, conduct a sufficient review of the documents produced, evaluate the documents, or follow-up on questions raised by the documents. Further, as a result of Defendants' delays, NOCO has been prevented from conducting depositions of Defendants' witnesses and representatives as NOCO has not had a full opportunity to review Defendants' document production. Put simply, the Court should not permit Defendants to abscond from their discovery obligations by producing documents on the eve of the close of fact discovery. Indeed, Defendants have not indicated whether their document production is complete. Accordingly, the Court should extend the case deadlines to permit NOCO to complete fact discovery.

## II. GOOD CAUSE EXISTS TO AMEND THE CASE SCHEDULE.

Generally, upon demonstrating good cause, a court may amend its case management schedule. *See Deloitte Tax LLP v. Murray*, Case No. 1:20-cv-2487, 2022 U.S. Dist. LEXIS 1464, at *3-4 (N.D. Ohio Jan. 4, 2022); *Gargas v. Estes Express Lines.* Case No. 3:20-cv-590, 2021 U.S. Dist. LEXIS 243556, at *7 (N.D. Ohio Dec. 20, 2021). "A party demonstrates sufficient good cause to alter the discovery deadlines established by the Court when it shows that, despite its diligence, the established deadline could not be met." *Deloitte Tax*, 2022 U.S. Dist. LEXIS 1464, at *3-4 (citing *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014)).

4

"District courts enjoy a wide latitude in 'manag[ing] the discovery process and control[ling] their dockets.'" *Deloitte Tax*, 2022 U.S. Dist. LEXIS 1464, at *4 (quoting *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992))).

Here, good cause exists to amend the case schedule. Defendants did not begin producing documents until August 2, 2023, despite NOCO's diligent efforts to accelerate document production. *See* Exhs. 1, 2, 3. Defendants should also not benefit from their discovery-gamesmanship in producing documents the day before fact discovery closes. NOCO has not had an opportunity to sufficiently review and evaluate Defendants' document production. Because of the delayed productions, NOCO could not have taken depositions of Defendants' witnesses and representatives without suffering great prejudice. Further, NOCO will be prejudiced should fact discovery close without permitting NOCO to sufficiently review, evaluate, and follow-up on Defendants' document production or take depositions of fact witnesses.

### III. CONCLUSION.

Defendants should not be allowed to benefit from delaying document production and producing documents the day before fact discovery closes. Accordingly, good cause exists to amend the case schedule as NOCO has not had sufficient opportunity to translate, review, follow-up on, and evaluate Defendants' recent document productions. As a result, the Court should extend the case deadlines by at least ninety (90) days or in the alternative, set a status conference at the Court's convenience to discuss extensions of the case deadlines.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

/s/ *Jon J. Pinney*
---
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
NATHAN F. STUDENY (0077864)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com;
nfs@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic docketing system on October 2, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jon J. Pinney*
Jon J. Pinney

*Counsel for Plaintiff The NOCO Company*
