AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| THE NOCO COMPANY | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-02322 |
| AUKEY TECHNOLOGY CO., LTD., et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Amazon.com, Inc., c/o Corporation Service Company, 300 Deschutes Way, SW, Suite 208, Tumwater, WA 98501

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
Please see attached Notice of Deposition.

| Place: 2021 7th Ave., Seattle, Washington 98121 or a place to be determined by Amazon.com, Inc. and the Parties. | Date and Time: 12/18/2023 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically and video

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/27/2023

*SANDY OPACICH, CLERK OF COURT*

OR

_____  /s/ Jon J. Pinney
Signature of Clerk or Deputy Clerk    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* The NOCO Company , who issues or requests this subpoena, are:

Jon J. Pinney, Kohrman Jackson & Krantz LLP, 1375 East Ninth St., 29th Floor, Cleveland, OH 44114; 216-696-8700; jjp@kjk.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-02322

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | Add Attachment | Reset |

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY,** | ) | CASE NO.:    1:20-cv-02322 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| **AUKEY TECHNOLOGY CO., LTD., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF THE NOCO COMPANY'S
NOTICE OF FED R. CIV. P. 30(B)(6) DEPOSITION OF
NON-PARTY AMAZON.COM, INC.**

Pursuant to Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 45, please take notice that commencing on December 18, 2023, at 1:00 p.m. Eastern Standard Time / 10:00 a.m. Pacific Standard Time, Plaintiff The NOCO Company ("*NOCO*") shall take the oral deposition of Non-Party Amazon.com, Inc. ("*Amazon*") at a place to be agreed upon by NOCO and Amazon. The deposition shall continue from day to day, weekends and holidays excepted, until completed and shall be recorded stenographically and by video.

Amazon is required to produce one or more officers, directors, employees, agents or other persons at the stated location and time who are aware of and are prepared to testify on Amazon's behalf about Amazon's knowledge, not just about information personally known by the deponent, but of the topics described and set forth in the attached Schedule "A." *See*

Fed. R. Civ. P. 30(b)(6). If the designated representative(s) do not presently have such knowledge, they are required to acquire it through whatever reasonable investigation may be necessary. Amazon is further advised that pursuant to Fed. R. Civ. P. 30(b)(6), NOCO and Amazon must confer in good faith about the matters for examination.

In close, Amazon shall designate and produce for deposition one or more officers, directors, employees, agents or other persons to testify on its behalf regarding the topics set forth in Schedule "A," which is attached hereto and incorporated as if fully set forth herein.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
NATHAN F. STUDENY (0077864)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com; nfs@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

## SCHEDULE A

## INCORPORATION OF PRIOR SUBPOENA AND RESERVATION OF RIGHTS

On or about January 11, 2022, NOCO issued a Subpoena to Produce Documents, Information, or Objects with an attached Schedule A of Subpoenaed Documents to Amazon in the above-captioned case (the "***Prior Subpoena***"). NOCO incorporates and adopts, as if fully rewritten herein, the Prior Subpoena and is in no way waiving, and does not intend to waive, but rather intends to preserve and is preserving, all of its rights related to the sufficiency of Amazon's production in response to the Prior Subpoena and/or enforcement of the Prior Subpoena and the documents and information requested therein.

## DEFINITIONS

1.  The terms "You," "Your," and "Amazon" mean and refer to Amazon.com, Inc. and its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

2.  The term "NOCO" means and refers to Plaintiff The NOCO Company and its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any

other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

3. "Aukey" means and refers to Defendant Aukey Technology Co., Ltd. and its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

4. "HuiMing" means and refers to Defendant Shenzhenshi Jiangyun Shangmaoyouxiangongsi, a former third-party seller on the Amazon Marketplace who operated a "Tacklife Auto Store" and "HuiMing" storefront with a unique Amazon Marketplace storefront found at https://www.amazon.com/s?me=AXPPSCJRMAK3H&marketplaceID=ATVPDKIKX0DER. "HuiMing" also includes its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

5. "WorldUS" means and refers to Defendant Wodeshijikeji Shenzhen Youxiangongsi, a former third-party seller on the Amazon Marketplace who operated a "WorldUS" storefront with a unique Amazon Marketplace storefront found at https://www.amazon.com/s?me=A3FT6M013JLBV2&marketplaceID=ATVPDKIKX0DER.

4880-4071-9249, v. 1

"WorldUS" also includes its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

6. "Defendants" means and refers, collectively, to Aukey, HuiMing, and WorldUS.

7. "3P Defendants" means and refers, collectively, to HuiMing and WorldUS.

8. "Amazon Marketplace" means and refers to Your ecommerce platform that is accessible to the public via the internet at the website URL amazon.com. For clarity, the Amazon Marketplace lists items for sale from a seller's account, such as Amazon, NOCO, or 3P Defendants' seller accounts, such that consumers can purchase, view, review, rate, and otherwise interact with the respective product pages listed on the Amazon Marketplace.

9. "Tacklife Trademarks" means and refers to the trademarks registered or assigned, or previously registered or assigned, to Aukey with the United States Patent and Trademark Office, including but not limited to Registration Numbers 6022427, 6005412, 5245543, and 4913016.

10. "ASIN" or "ASINs" means and refers to Amazon's standard identification number which is a ten-digit alphanumeric code that You use to identify products sold or listed for sale on the Amazon Marketplace.

11. "Tacklife Product" and "Tacklife Products" mean and refer to those certain products currently or previously sold by one or more Defendants on the Amazon Marketplace. For illustration, Tacklife Products include those products that bear the Tacklife Trademark or bear any of the below model type or ASINs:

| Model | ASIN |
|---|---|
| TACKLIFE-T8 | B09ZP3QBG6 |
| TACKLIFE-T8 | B09ZP3KTVS |
| TACKLIFE-T8 | B09ZP1H7N8 |
| TACKLIFE-T8 | B09ZP2Y5PD |
| TACKLIFE-T8 | B09Z6MH7GV |
| TACKLIFE-T8 | B09Z6LJZ2C |
| TACKLIFE-T8 | B09Z6L8H3N |
| TACKLIFE-T8 | B09Z6LLYS6 |
| TACKLIFE-T8 Pro | B09Z2PBFMM |
| TACKLIFE-T8 Pro | B09Z7YHPR7 |
| TACKLIFE-T8 Pro | B09Z7Y4MLT |
| TACKLIFE-KP200 | 464923759 |
| TACKLIFE-KP120 | 226741580 |
| TACKLIFE-T8 MAX | B07DH3QHYD |
| TACKLIFE-T8 | 811621989 |
| TACKLIFE-T8 Pro | 781120539 |
| TACKLIFE-T8 | B09FK23TF3 |
| TACKLIFE-T8 | B09FLS73F7 |
| TACKLIFE-T8 | B09FJV25RD |
| TACKLIFE-T8 MAX | B09FJQVJQ5 |
| TACKLIFE-TC80 | B09F3JSMYY |
| TACKLIFE-T8 Pro | B09FJMVDM8 |
| TACKLIFE-T8 Pro | B09FJJ9SP3 |
| TACKLIFE-T8 | B09FJK2HYJ |
| TACKLIFE-T6 | B09F9F39RT |
| TACKLIFE-KP120 | B09FD8Q6XZ |
| TACKLIFE-KP200 | B09FDM2WN2 |
| TACKLIFE-T6 | B09F6CJML6 |
| TACKLIFE-T8 | B09DYBLK7T |
| TACKLIFE-T8 | B09DYCHMDR |
| TACKLIFE-T8 Pro | B09F351PVH |

| Model | ASIN |
|---|---|
| TACKLIFE-T8 | B09DPFLVPD |
| TACKLIFE-T8 MAX | B09DXY8BLY |
| TACKLIFE-T8 | B09DP8163Q |
| TACKLIFE-T8 Pro | B09JSP62K9 |
| TACKLIFE-T8 Pro | B09DP6LS35 |
| TACKLIFE-KP120 | 349468885 |
| TACKLIFE-T8 Pro | B09C8J9FQV |
| TACKLIFE-T8 | B09C5GP3RR |
| TACKLIFE-T8 | B09C1FB2JF |
| TACKLIFE-KP120 | B09C1G9WLW |
| TACKLIFE-KP200 | B09C1FLBF1 |
| TACKLIFE-T8 | B09C1F9WQ7 |
| TACKLIFE-T8 | B09BZ6GCHL |
| TACKLIFE-KP120 | B09BZ3JVW3 |
| TACKLIFE-KP200 | B09BYQHWF2 |
| TACKLIFE-T8 | B09BZ49TND |
| TACKLIFE-T8 Pro | B09BTP9PXX |
| TACKLIFE-T8 Pro | B09BTT29YT |
| TACKLIFE-T8 | B09BQ2SR65 |
| TACKLIFE-T6 | B09BTB8Q1D |
| TACKLIFE-T8 MAX | B09BTWZPX4 |
| TACKLIFE-T8 | B09BTSL1Q6 |
| TACKLIFE-T8 | B09BQ5ZJH6 |
| TACKLIFE-KP120 | B09BMVN294 |
| TACKLIFE-KP200 | B09BMTLSLV |
| TACKLIFE-T8 | B09BMV7LT3 |
| TACKLIFE-T8 Pro | B09BJ35NX2 |
| TACKLIFE-T6 | B09BKTJNFM |
| TACKLIFE-T8 MAX | B09BKQBTHK |
| TACKLIFE-T8 | B09BDYHCW9 |
| TACKLIFE-T8 | B09BDVPPPJ |
| TACKLIFE-T8 | B09BFDFDR3 |
| TACKLIFE-T8 | B07BGT26J9 |
| TACKLIFE-T6 | B099F72KJD |
| TACKLIFE-T8 MAX | B099F3LTHY |
| TACKLIFE-T8 | B099F1Q12M |
| TACKLIFE-T8 | B099F2JQPR |
| TACKLIFE-T6 | B099F76F5B |
| TACKLIFE-T8 | B079P5YGXB |

| Model | ASIN |
|---|---|
| TACKLIFE-KP120 | B099KFF74G |
| TACKLIFE-KP200 | B099PSN6CC |
| TACKLIFE-T8 | B099KC3W94 |
| TACKLIFE-T8 Pro | B099JD5M7D |
| TACKLIFE-T8 Pro | B099DC3QQ2 |
| TACKLIFE-T8 Pro | B099JC4SYB |
| TACKLIFE-T8 | B099F8ZGFJ |
| TACKLIFE-KP120 | B09937FBZ5 |
| TACKLIFE-T8 Pro | B09937ZPT3 |
| TACKLIFE-T8 | B099372K1C |
| TACKLIFE-T8 | B098NW6DZ6 |
| TACKLIFE-T8 Pro | B09938JTZK |
| TACKLIFE-T6 | B09937MJR7 |
| TACKLIFE-T8 MAX | B09937WD75 |
| TACKLIFE-T8 | B09937NTQ4 |
| TACKLIFE-T8 | B0993819ZP |
| TACKLIFE-T6 | B099371VNY |
| TACKLIFE-KP200 | B0811T6FJW |
| TACKLIFE-T6 | B07CYR8MQF |
| TACKLIFE-T8 MAX | B08LQ33VGV |
| TACKLIFE-T8 MAX | B098Q9TGL4 |
| TACKLIFE-T6 | B098J8L1N9 |
| TACKLIFE-T8 | B098J2PNRY |
| TACKLIFE-T6 | B098L8TTRX |
| TACKLIFE-T8 | B098JGXVZM |
| TACKLIFE-KP200 | B098L4ZK77 |
| TACKLIFE-T8 Pro | B098N9H54T |
| TACKLIFE-T8 | B098K83687 |
| TACKLIFE-KP120 | B098LCHVP2 |
| TACKLIFE-T8 | B098K5LX6K |
| TACKLIFE-T8 Pro | B098K52843 |
| TACKLIFE-T8 | 436518021 |
| TACKLIFE-T6 | 847248128 |
| TACKLIFE-T8 | 362656677 |
| TACKLIFE-T8 | 384133561 |
| TACKLIFE-T6 | 159687580 |
| TACKLIFE-T8 MAX | 813844584 |
| TACKLIFE-T8 | 791546788 |
| TACKLIFE-T8 | 960868215 |

8

4880-4071-9249, v. 1

| Model | ASIN |
| --- | --- |
| TACKLIFE-T8 Pro | 813236550 |
| TACKLIFE-T8 Pro | 925114572 |
| TACKLIFE-KP200 | 691687233 |
| TACKLIFE-T8 | B085C46T5R |
| TACKLIFE-T8 Pro | B08PK4Z3JH |
| TACKLIFE-T6 | B08YJQ7KVQ |
| TACKLIFE-T8 MIX | B08YJKR5MS |
| TACKLIFE-T8 | B085HCWD8T |
| TACKLIFE-T6 | B08XQPTWZX |
| TACKLIFE-T8 MIX | B08XQCB4KN |
| TACKLIFE-T8 | B08JPVJRL8 |
| TACKLIFE-T8 | B086P9HGH8 |
| TACKLIFE-T8 | B07BGRN4TF |
| TACKLIFE-T6 | B08XNL2WH6 |
| TACKLIFE-T6 | B08X1GLQ1K |
| TACKLIFE-T6 | B075K42Z1M |
| TACKLIFE-T6 | B08FMTHJ93 |
| TACKLIFE-T6 | B08SLYYPGQ |
| TACKLIFE-KP120 | B07VLQ4KK8 |
| TACKLIFE-TC80 | B08PKQ65HL |
| TACKLIFE-T8 MAX | B08JLQ5FSL |
| TACKLIFE-T8 MIX | B08LPPX8LF |
| TACKLIFE-T8 MAX | B07YSF462H |
| TACKLIFE-KP200 | B07WZP9TMX |
| TACKLIFE-KP120 | B088R3SJ6Y |
| TACKLIFE-T8 Pro | B08BJMSSSX |
| TACKLIFE-T8 | B08L6BRXQ4 |
| TACKLIFE-T8 | B08LD5B3M9 |
| TACKLIFE-T8 | B0815VQ41T |
| TACKLIFE-T8 | B07HF2M73K |
| TACKLIFE-T8 | B07YWQ87QB |
| TACKLIFE-KP120 | B0811FP14S |
| TACKLIFE-T8 MIX | B07H7BFVY9 |
| TACKLIFE-T6 | B07XM6HX1R |
| TACKLIFE-CC1 | B07V2J13JN |
| TACKLIFE-SJC2 | B07VL26DTT |
| TACKLIFE-SJC1 | B07V4KY72P |
| TACKLIFE-SJC2 | B07VG67M1K |
| TACKLIFE-CC1 | B07V3MGX9M |

4880-4071-9249, v. 1

| Model | ASIN |
|---|---|
| TACKLIFE-HA2 | B07V3LGBJZ |
| TACKLIFE-SJC1 | B07V817FH2 |
| TACKLIFE-T8 | B07N1KXDCV |
| TACKLIFE-T6 | B07GBCLK7L |

12. As used herein, the terms "NOCO Product" or "NOCO Products" mean and refer to any and all items listed for sale or sold by NOCO or You on the Amazon Marketplace during the Relevant Time Period. For illustration, NOCO Products include, without limitation, the items listed for sale on the Amazon Marketplace at https://www.amazon.com/stores/NOCO/page/7428E5DB-99DF-42C9-8687-789F696FFDF3?ref_=ast_bln and the extensions thereto as well as any product bearing any of the below model types or ASINs:

| Model | ASIN |
|---|---|
| NOCO Boost Sport GB20 | B015TKPT1A |
| NOCO Boost Plus GB40 | B015TKUPIC |
| NOCO Boost XL GB50 | B07MVY7K43 |
| NOCO Boost HD GB70 | B016UG6PWE |
| NOCO Boost Pro GB150 | B015TKSSB8 |
| NOCO Boost Max GB250 | B08V6MJ2NR |
| NOCO Boost Max GB251 | B08V73BZ42 |
| NOCO Boost Max GB500 | B07C2WS1XH |
| NOCO Boost X GBX45 | B0924V8SPC |
| NOCO Boost X GBX55 | B08WZKRHZZ |
| NOCO Boost X GBX75 | B08WYKD6TY |
| NOCO Boost X GBX155 | B08WZFPXFM |

13. "Browse Nodes" means and refers to the hierarchy of categories, including, but not limited, to root, branch, and leaf nodes, that are used to organize the Amazon Marketplace's product listings for a given category of products. For example and clarity, but without limitation, NOCO Products are placed into certain Browse Nodes such as those

10

Browse Nodes titled "Automotive Replacement Batteries & Accessories," "Automotive Performance Batteries & Accessories," and "Jump Starters."

14. "Sales Rank" means and refers to the selling popularity of a product relative to other products in the same Browse Node(s) on the Amazon Marketplace.

15. "Communication" shall have the broadest definition and scope possible under federal law and includes every manner of means of disclosure, transfer, exchange of information, fact, idea, or inquiry, whether orally or written, whether face-to-face or electronically, or by telephone, telecopies, mail, email, facsimile, personal delivery, overnight delivery, electronic messages, including, but not limited to, WhatsApp, Microsoft Teams, Slack, Skype, iMessages, and Zoom, or otherwise, including all transfer of information on, across, or through the Amazon XWiki or Your similar collaborative knowledge sharing or documentation platforms. All such Communications in writing shall include, without limitation, printed, typed, handwritten, or other human or machine-readable documents.

16. The term "Document" or "Documents" includes Electronically Stored Information and Communications and is used in the broadest possible sense and means and refers to, without limitation, all materials discoverable under the applicable Federal Rules of Civil Procedure that are within Your possession, custody, or control, or that of any agent, representative (including, without limitation, attorneys), or other person acting or purporting to act for or on Your behalf or in concert with You. Without limiting the forgoing definition,

11

Documents and Electronically Stored Information include Writings,[1] and Recordings,[2] and Photographs.[3] Examples of these include: drawings; graphs; charts; correspondence; letters; memoranda; facsimiles; records; medical records; summaries of personal conversations or interviews; wires; telegrams; reports; books; transcripts; legal pleadings and papers; summaries or records of telephone conversations (including telephone and mobile telephone billing records); diaries; journals; forecasts; statistical statements; work papers; accounts; account records; bank statements; receipts; automated teller machine receipts or printouts; credit card statements or records; analytical records; agendas, minutes or records of meetings or conferences; consultants' reports; employment records; appraisals; agreements; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; notes; lists; notices; advertising; changelogs; log data; audit trails; audit or investigation summaries; any form of data compilation from which information can be obtained, including for illustrative purposes, but not limited to, all electronic data (including all electronic mail and information about electronic mail, including message contents, header information, and logs of electronic mail system usage, whether sent internally or externally); voice mails; text messages; electronic messages through software, including without limitation, WhatsApp, Microsoft Teams, Slack, Skype, iMessages, and Zoom; on-line data storage on mainframes,

---

[1] The term "Writings" is given the same meaning as the definition contained in Federal Rule of Evidence 1001(a).

[2] The term "Recordings" is given the same meaning as the definition contained in Federal Rule of Evidence 1001(b).

[3] The term "Photographs" is given the same meaning as the definition contained in Federal Rule of Evidence 1001(c).

minicomputers, personal computers, and laptops; off-line data storage, backups, and archives; floppy disks; zip drives; zip files; tapes; compact disks or diskettes; hand-held devices or personal digital assistants; disconnected hard drives and other removable electronic media; application programs and utilities; and all sound reproductions, however produced or reproduced.

17. The term "Electronically Stored Information" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained that are in Your possession, custody, or control.

18. As used herein, "person" means any natural person, or any legal, foreign, or judicial entity, including but not limited to any corporation, limited liability company, business trust, estate, trust, partnership, proprietorship, association, foundation, organization, joint venture, governmental entities, group of persons, or any other entity or form of organization, foreign or domestic.

19. The terms "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

20. The term "any" shall be construed to include "all" and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

13

21. The term "each" shall be construed to include "every" and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

22. Any word or term in the singular form shall also be construed as plural and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

23. The masculine form shall also be construed to include the feminine and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

24. The term "concerning," in addition to its usual and customary meaning, shall have the broadest definition and scope possible under the federal law and shall include, without limitation, constituting, comprising, containing, consisting of, displaying, embodying, including, setting forth, proposing, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, regarding, authorizing, relating to, or referring to, directly or indirectly.

25. The terms "all" and "each" shall be construed as all and each.

26. The term "including" means "including but not limited to."

27. "Evidencing," "relating," "relate to," "relate," or "related," in addition to their usual and customary meanings, shall mean referring to, pertaining to, concerning, describing, discussing, commenting on, constituting, comprising, explaining, showing,

analyzing, evidencing, supporting or contracting, directly or indirectly, whether in whole or in part.

28. Where the context makes it appropriate, the present tense must be construed to include the past tense, and the past tense must be construed to include the present tense.

29. The representative(s) Amazon selects to testify on its behalf should be prepared to testify about information from the period of January 1, 2020 to the date the representative(s) are deposed (the "*Relevant Time Period*").

## TOPICS OF EXAMINATION

Amazon will designate one or more persons able to testify on its behalf with knowledge concerning the following subjects:

1. Your Electronically Stored Information, Communication, and Document retention policies and procedures, including but not limited to, retention, retrieval, and deletion of any data related to Browse Nodes, Sales Rank, and reviews published on the Amazon Marketplace.

2. The promotion, offering, and sale of NOCO Products on the Amazon Marketplace.

3. The promotion, offering, and sale of Tacklife Products on the Amazon Marketplace.

4. Your internal operating procedures addressing miscategorization and Browse Nodes during the Relevant Time Period.

15

5. Browse Nodes and any related data concerning any NOCO Products and Tacklife Products.

6. Sales Rank and any related data concerning any NOCO Products and Tacklife Products.

7. The delisting and removal of Tacklife Products from the Amazon Marketplace occurring on or about June 17, 2021.

8. Documents, Communications, and Electronically Stored Information regarding the Browse Nodes with respect to NOCO Products and Tacklife Products.

9. Documents, Communications, and Electronically Stored Information regarding NOCO Products and Tacklife Products.

10. Documents, Communications, and Electronically Stored Information regarding Sales Rank with respect to NOCO Products and Tacklife Products.

11. Authentication of any Documents, Communications, or Electronically Stored Information produced, informally or formally, by Amazon to NOCO or any of Defendants during the Relevant Time Period.

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 27, 2023, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Ohio using the ECF System, which will send notice to all counsel of record.

*/s/ Jon J. Pinney*
JON J. PINNEY

4880-4071-9249, v. 1