## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY**, | ) | CASE NO. 1:20-cv-02322 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| **AUKEY TECHNOLOGY CO. LTD., et al.**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF SERVICE OF SUBPOENA *DUCES TECUM* AND SUBPOENA TO TESTIFY AT A DEPOSITION

Pursuant to Fed. R. Civ. P. 45(a)(4), please take notice that the Subpoena *Duces Tecum*, which is attached as __Exhibit A__, issued on November 17, 2023 was personally served upon Non-Party Amazon.com, Inc. on November 21, 2023, as evidenced by the Proof of Service, which is attached as __Exhibit B__. *See* Exhs. A and B.  The Subpoena to Testify at a Deposition issued on November 27, 2023, which is attached as __Exhibit C__, was personally served upon Non-Party Amazon.com, Inc. on November 28, 2023, as evidenced by the Proof of Service attached as __Exhibit D__. *See* Exhs. C and D.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*

JON J. PINNEY (0072761)
JON W. GROZA (0083985)
NATHAN F. STUDENY (0077864)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: jjp@kjk.com; jwg@kjk.com; nfs@kjk.com
kds@kjk.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic filing system on December 8, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jon J. Pinney*
Jon J. Pinney

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| THE NOCO COMPANY | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. 1:20-cv-02322 |
| AUKEY TECHNOLOGY CO., LTD., et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Amazon.com, Inc. c/o Corporation Service Company, 300 Deschutes Way SW, Suite 208, Tumwater, WA 98501

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Exhibit A.

| Place: Electronic production preferred via email to Kyle D. Stroup, kds@kjk.com, or 1375 E. 9th St., 29th Floor, Cleveland, Ohio 44114 | Date and Time:  12/05/2023 5:30 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/17/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Jon J. Pinney |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
The NOCO Company                          , who issues or requests this subpoena, are:

Jon J. Pinney, 1375 E. 9th St., 29th Floor, Cleveland, Ohio 44114; jjp@kjk.com; 216-696-8700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-02322

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print     Save As...     Add Attachment     Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY**, | ) | CASE NO:     1:20-cv-02322 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| **AUKEY TECHNOLOGY CO. LTD., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

---

## PLAINTIFF THE NOCO COMPANY'S SUBPOENA *DUCES TECUM* PROPOUNDED UPON NON-PARTY AMAZON.COM, INC.

---

Pursuant to Fed. R. Civ. P. 45(a)(1)(C), Plaintiff The NOCO Company ("***NOCO***") hereby requests that Non-Party Amazon.com, Inc. ("***Amazon***") respond to the following *Subpoena Duces Tecum* (the "***Document Requests***") by December 5, 2023, and forward the same in electronic format to the office of the undersigned counsel: Jon J. Pinney, Kohrman Jackson & Krantz LLP, One Cleveland Center, 1375 East Ninth Street, 29th Floor, Cleveland, Ohio 44114, via email at jjp@kjk.com. These Document Requests are made subject to the definitions and instructions set forth herein.

These Document Requests are deemed to be continuing to the date of production. If You learn that any response is incomplete or incorrect, or if any response becomes incomplete or incorrect by reason of a development occurring after the response is provided, please

promptly supplement or correct each incomplete or incorrect response by service of a supplemental response.

## INCORPORATION OF PRIOR SUBPOENA AND RESERVATION OF RIGHTS

On or about January 11, 2022, NOCO issued a Subpoena to Produce Documents, Information, or Objects with an attached Schedule A of Subpoenaed Documents to Amazon in the above-captioned case (the "*Prior Subpoena*"). NOCO incorporates and adopts, as if fully rewritten herein, the Prior Subpoena and is in no way waiving, and does not intend to waive, but rather intends to preserve and is preserving, all of its rights related to the sufficiency of Amazon's production in response to the Prior Subpoena and/or enforcement of the Prior Subpoena and the documents and information requested therein.

## DEFINITIONS

1.      The terms "You," "Your," and "Amazon" mean and refer to Amazon.com, Inc. and its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

2.      The term "NOCO" means and refers to Plaintiff The NOCO Company and its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any

4872-3425-8065, v. 1

other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

3.      "Aukey" means and refers to Defendant Aukey Technology Co., Ltd. and its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

4.      "HuiMing" means and refers to Defendant Shenzhenshi Jiangyun Shangmaoyouxiangongsi, a former third-party seller on the Amazon Marketplace who operated a "Tacklife Auto Store" and "HuiMing" storefront with a unique Amazon Marketplace storefront found at https://www.amazon.com/s?me=AXPPSCJRMAK3H &marketplaceID=ATVPDKIKX0DER. "HuiMing" also includes its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

5.      "WorldUS" means and refers to Defendant Wodeshijikeji Shenzhen Youxiangongsi, a former third-party seller on the Amazon Marketplace who operated a "WorldUS" storefront with a unique Amazon Marketplace storefront found at https://www.amazon.com/s?me=A3FT6M013JLBV2&marketplaceID=ATVPDKIKX0DER.

3

"WorldUS" also includes its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

6.     "Defendants" means and refers, collectively, to Aukey, HuiMing, and WorldUS.

7.     "3P Defendants" means and refers, collectively, to HuiMing and WorldUS.

8.     "Amazon Marketplace" means and refers to Your e-commerce platform that is accessible to the public via the internet at the website URL amazon.com. For clarity, the Amazon Marketplace lists items for sale from a seller's account, such as NOCO or 3P Defendants' seller accounts, such that consumers can purchase, view, review, rate, and otherwise interact with the respective product pages listed on the Amazon Marketplace.

9.     "Tacklife Trademarks" means and refers to the trademarks registered or assigned, or previously registered or assigned, to Aukey with the United States Patent and Trademark Office, including but not limited to, Registration Numbers 6022427, 6005412, 5245543, and 4913016.

10.    "Tacklife Product" and "Tacklife Products" mean and refer to those certain products currently or previously sold by one or more Defendants on the Amazon Marketplace that bear the Tacklife Trademark.

11.     As used herein, the terms "NOCO Product" or "NOCO Products" mean and refer to any and all items listed for sale or sold by NOCO or You on the Amazon Marketplace during the Relevant Time Period. For illustration, NOCO Products include, without limitation, the items listed for sale on the Amazon Marketplace at https://www.amazon.com/stores/NOCO/page/7428E5DB-99DF-42C9-8687-789F696FFDF3?ref_=ast_bln         and         the extensions thereto.

12.     "ASIN" or "ASINs" means and refers to Amazon's standard identification number which is a ten-digit alphanumeric code that You use to identify products sold or listed for sale on the Amazon Marketplace.

13.     "Browse Nodes" means and refers to the hierarchy of categories, including, but not limited, to root, branch, and leaf nodes, that are used to organize the Amazon Marketplace's product listings for a given category of products. For example and clarity, but without limitation, NOCO Products are placed into certain Browse Nodes such as those Browse Nodes titled "Automotive Replacement Batteries & Accessories," "Automotive Performance Batteries & Accessories," and "Jump Starters."

14.     "Sales Rank" means and refers to the selling popularity of a product relative to other products in the same Browse Node(s) on the Amazon Marketplace.

15.     "Communication" shall have the broadest definition and scope possible under federal law and includes every manner of means of disclosure, transfer, exchange of information, fact, idea, or inquiry, whether orally or written, whether face-to-face or electronically, or by telephone, telecopies, mail, email, facsimile, personal delivery, overnight

5

delivery, electronic messages, including, but not limited to, WhatsApp, Microsoft Teams, Slack, Skype, iMessages, and Zoom, or otherwise, including all transfer of information on, across, or through the Amazon XWiki or Your similar collaborative knowledge sharing or documentation platforms. All such Communications in writing shall include, without limitation, printed, typed, handwritten, or other human or machine-readable documents.

16. The term "Document" or "Documents" includes Electronically Stored Information and Communications and is used in the broadest possible sense and means and refers to, without limitation, all materials discoverable under the applicable Federal Rules of Civil Procedure that are within Your possession, custody, or control, or that of any agent, representative (including, without limitation, attorneys), or other person acting or purporting to act for or on Your behalf or in concert with You. Without limiting the forgoing definition, Documents and Electronically Stored Information include Writings,[1] and Recordings,[2] and Photographs.[3] Examples of these include: drawings; graphs; charts; correspondence; letters; memoranda; facsimiles; records; medical records; summaries of personal conversations or interviews; wires; telegrams; reports; books; transcripts; legal pleadings and papers; summaries or records of telephone conversations (including telephone and mobile telephone billing records); diaries; journals; forecasts; statistical statements; work papers; accounts;

---

[1] The term "Writings" is given the same meaning as the definition contained in Federal Rule of Evidence 1001(a).

[2] The term "Recordings" is given the same meaning as the definition contained in Federal Rule of Evidence 1001(b).

[3] The term "Photographs" is given the same meaning as the definition contained in Federal Rule of Evidence 1001(c).

account records; bank statements; receipts; automated teller machine receipts or printouts; credit card statements or records; analytical records; agendas, minutes or records of meetings or conferences; consultants' reports; employment records; appraisals; agreements; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; notes; lists; notices; advertising; changelogs; log data; audit trails; audit or investigation summaries; any form of data compilation from which information can be obtained, including for illustrative purposes, but not limited to, all electronic data (including all electronic mail and information about electronic mail, including message contents, header information, and logs of electronic mail system usage, whether sent internally or externally); voice mails; text messages; electronic messages through software, including without limitation, WhatsApp, Microsoft Teams, Slack, Skype, iMessages, and Zoom; on-line data storage on mainframes, minicomputers, personal computers, and laptops; off-line data storage, backups, and archives; floppy disks; zip drives; zip files; tapes; compact disks or diskettes; hand-held devices or personal digital assistants; disconnected hard drives and other removable electronic media; application programs and utilities; and all sound reproductions, however produced or reproduced.

17.    The term "Electronically Stored Information" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained that are in Your possession, custody, or control.

7

18. As used herein, "person" means any natural person, or any legal, foreign, or judicial entity, including but not limited to any corporation, limited liability company, business trust, estate, trust, partnership, proprietorship, association, foundation, organization, joint venture, governmental entities, group of persons, or any other entity or form of organization, foreign or domestic.

19. The terms "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

20. The term "any" shall be construed to include "all" and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

21. The term "each" shall be construed to include "every" and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

22. Any word or term in the singular form shall also be construed as plural and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

23. The masculine form shall also be construed to include the feminine and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

4872-3425-8065, v. 1

24.     The term "concerning," in addition to its usual and customary meaning, shall have the broadest definition and scope possible under the federal law and shall include, without limitation, constituting, comprising, containing, consisting of, displaying, embodying, including, setting forth, proposing, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, regarding, authorizing, relating to, or referring to, directly or indirectly.

25.     The terms "all" and "each" shall be construed as all and each.

26.     The term "including" means "including but not limited to."

27.     "Evidencing," "relating," "relate to," "relate," or "related," in addition to their usual and customary meanings, shall mean referring to, pertaining to, concerning, describing, discussing, commenting on, constituting, comprising, explaining, showing, analyzing, evidencing, supporting or contracting, directly or indirectly, whether in whole or in part.

## **INSTRUCTIONS**

1.     Requests for Production are propounded pursuant to Fed. R. Civ. P. 45(a)(1)(C) and must be produced by December 5, 2023.

2.     These Document Requests are deemed continuing so as to require supplemental or amended answers should You obtain additional information subsequent to Your initial answer.

3.     With respect to the answer to each Document Request, or subpart thereof, answer with as much particularity as is reasonably possible, including—without limitation—

9

the nature and designation of any files that contain such information and the identification of each person who provided any information included in such answer.

4.      In addition to original and final versions of Documents, all drafts, alterations, modifications, changes, and amendments of Documents should be produced, as well as all copies that are non-identical to the original in any respect, including any copy bearing non-identical markings or notations of any kind.

5.      Documents stored electronically shall be produced in their native format (word, excel, etc.) in addition to portable document file (pdf) versions where applicable. Where possible, NOCO requests that Documents be produced electronically.

6.      In producing Documents, all Documents that are physically attached to each other shall be produced in that form. Documents that are segregated or separated from other documents, whether in binders, files or sub-files, or by use of dividers, tabs or any other method should be produced in that form.  Documents shall be produced in the order in which they are maintained.

7.      If You object to responding to a Document Request because of the attorney-client privilege, the attorney work-product doctrine, or any other type of privileges, provide a privilege log setting forth the following information:

(a).      The nature of the privilege claimed;

(b).      The date and number of pages, attachments, and appendices of the Document and the particular request to which the Document responds;

10

(c).    The type of Document (e.g., correspondence, memorandum, e-mail, facsimile, etc.), past and present custodians (including identification of such Persons' addresses, employment, and titles of such Persons), location, and other information sufficient to Identify the Document or electronically stored information (ESI) for a subpoena duces tecum or a request for production, including, where appropriate, the author or authors (including identification of such Persons' addresses, employment, and titles of such Persons), the addressee or recipient, and if not apparent, the relationship between the author and addressee or recipient; and

(d).    The general subject matter of the Document and, in the case of any Document relating to or referring to a meeting or conversation, a description of such meeting or conversation, including the nature of the privileged information or Document, the attorney and client involved, and the date the Document was generated, prepared or dated.

8.    If any Document requested to be identified or produced is not in Your possession, custody, or control, or is no longer in existence, state whether:

(a).    It is missing or lost;

(b).    It has been destroyed;

(c).    A third party may have it or a copy of it and, if so, Identify such Person(s);

(d).    It has been otherwise disposed of and, if so, explain the circumstances surrounding each disposition, state the date or approximate date thereof, and Identify the Persons with knowledge of such circumstances; and

11

(e).     Identify the Documents that are missing, lost, destroyed, transferred, or otherwise disposed of by type of Document, author, date, subject matter, addressee, or recipient, the number of pages, attachments, or appendices, and Identify all Persons to whom the Documents were distributed, shown, or explained.

9.      If necessary, You must translate any responsive data into a reasonably usable form. If the information requested by these Document Requests is not available in the form requested, state whatever information is available to You in whatever form.

10.     Where an identified Document is in a language other than English, state whether or not an English translation of such a Document exists. If a Document submitted is in a language other than English and an English translation thereof exists, submit both the original and the English language translation.

11.     In accordance with Fed. R. Civ. P. 45, if You object to a Document Request, You must specify the grounds for objecting to the request and whether any responsive materials are being withheld on the basis of the objection. If You only object to part of the Document Request, You must specify the allegedly objectionable part of the Document Request and produce documents in response to the remainder of the Document Request. If Your response indicates that Documents will be produced, You must provide a reasonable but specific time in Your response when production will occur.

12.     If any Document is not produced in full, produce it to the extent possible, and identify each page or portion of the Documents withheld.

4872-3425-8065, v. 1

13.     Each Document Request herein shall be construed independently and not with reference to any other Document Request for the purposes of limitation.

14.     Unless otherwise set forth herein, these Document Requests seek information concerning the period of time between January 1, 2020 through the date of actual production, inclusive of the start and end dates (the "***Relevant Time Period***"). These Document Requests seek information that refers or relates to the Relevant Time Period, regardless of when the information was prepared.

## REQUEST FOR DOCUMENTS

This Subpoena extends to all below-described Documents that pertain to the Relevant Time Period.

1.     All Documents or Communications that concern, relate to, identify, or otherwise evidence sales of the following NOCO Products and associated ASINs on the Amazon Marketplace from May 1, 2020 to June 17, 2021:

| Model | ASIN |
|---|---|
| NOCO Boost Sport GB20 | B015TKPT1A |
| NOCO Boost Plus GB40 | B015TKUPIC |
| NOCO Boost XL GB50 | B07MVY7K43 |
| NOCO Boost HD GB70 | B016UG6PWE |
| NOCO Boost Pro GB150 | B015TKSSB8 |
| NOCO Boost Max GB250 | B08V6MJ2NR |
| NOCO Boost Max GB251 | B08V73BZ42 |
| NOCO Boost Max GB500 | B07C2WS1XH |
| NOCO Boost X GBX45 | B0924V8SPC |
| NOCO Boost X GBX55 | B08WZKRHZZ |
| NOCO Boost X GBX75 | B08WYKD6TY |
| NOCO Boost X GBX155 | B08WZFPXFM |

13

2.    All Documents or Communications that concern, relate to, identify, or otherwise evidence sales of the following Tacklife Products and associated ASINs on the Amazon Marketplace from May 1, 2020 to June 17, 2021:

| Model | ASIN |
|---|---|
| TACKLIFE-T8 | B09ZP3QBG6 |
| TACKLIFE-T8 | B09ZP3KTVS |
| TACKLIFE-T8 | B09ZP1H7N8 |
| TACKLIFE-T8 | B09ZP2Y5PD |
| TACKLIFE-T8 | B09Z6MH7GV |
| TACKLIFE-T8 | B09Z6LJZ2C |
| TACKLIFE-T8 | B09Z6L8H3N |
| TACKLIFE-T8 | B09Z6LLYS6 |
| TACKLIFE-T8 Pro | B09Z2PBFMM |
| TACKLIFE-T8 Pro | B09Z7YHPR7 |
| TACKLIFE-T8 Pro | B09Z7Y4MLT |
| TACKLIFE-KP200 | 464923759 |
| TACKLIFE-KP120 | 226741580 |
| TACKLIFE-T8 MAX | B07DH3QHYD |
| TACKLIFE-T8 | 811621989 |
| TACKLIFE-T8 Pro | 781120539 |
| TACKLIFE-T8 | B09FK23TF3 |
| TACKLIFE-T8 | B09FLS73F7 |
| TACKLIFE-T8 | B09FJV25RD |
| TACKLIFE-T8 MAX | B09FJQVJQ5 |
| TACKLIFE-TC80 | B09F3JSMYY |
| TACKLIFE-T8 Pro | B09FJMVDM8 |
| TACKLIFE-T8 Pro | B09FJJ9SP3 |
| TACKLIFE-T8 | B09FJK2HYJ |
| TACKLIFE-T6 | B09F9F39RT |
| TACKLIFE-KP120 | B09FD8Q6XZ |
| TACKLIFE-KP200 | B09FDM2WN2 |
| TACKLIFE-T6 | B09F6CJML6 |
| TACKLIFE-T8 | B09DYBLK7T |
| TACKLIFE-T8 | B09DYCHMDR |
| TACKLIFE-T8 Pro | B09F351PVH |
| TACKLIFE-T8 | B09DPFLVPD |

14

| | |
|---|---|
| TACKLIFE-T8 MAX | B09DXY8BLY |
| TACKLIFE-T8 | B09DP8163Q |
| TACKLIFE-T8 Pro | B09JSP62K9 |
| TACKLIFE-T8 Pro | B09DP6LS35 |
| TACKLIFE-KP120 | 349468885 |
| TACKLIFE-T8 Pro | B09C8J9FQV |
| TACKLIFE-T8 | B09C5GP3RR |
| TACKLIFE-T8 | B09C1FB2JF |
| TACKLIFE-KP120 | B09C1G9WLW |
| TACKLIFE-KP200 | B09C1FLBF1 |
| TACKLIFE-T8 | B09C1F9WQ7 |
| TACKLIFE-T8 | B09BZ6GCHL |
| TACKLIFE-KP120 | B09BZ3JVW3 |
| TACKLIFE-KP200 | B09BYQHWF2 |
| TACKLIFE-T8 | B09BZ49TND |
| TACKLIFE-T8 Pro | B09BTP9PXX |
| TACKLIFE-T8 Pro | B09BTT29YT |
| TACKLIFE-T8 | B09BQ2SR65 |
| TACKLIFE-T6 | B09BTB8Q1D |
| TACKLIFE-T8 MAX | B09BTWZPX4 |
| TACKLIFE-T8 | B09BTSL1Q6 |
| TACKLIFE-T8 | B09BQ5ZJH6 |
| TACKLIFE-KP120 | B09BMVN294 |
| TACKLIFE-KP200 | B09BMTLSLV |
| TACKLIFE-T8 | B09BMV7LT3 |
| TACKLIFE-T8 Pro | B09BJ35NX2 |
| TACKLIFE-T6 | B09BKTJNFM |
| TACKLIFE-T8 MAX | B09BKQBTHK |
| TACKLIFE-T8 | B09BDYHCW9 |
| TACKLIFE-T8 | B09BDVPPPJ |
| TACKLIFE-T8 | B09BFDFDR3 |
| TACKLIFE-T8 | B07BGT26J9 |
| TACKLIFE-T6 | B099F72KJD |
| TACKLIFE-T8 MAX | B099F3LTHY |
| TACKLIFE-T8 | B099F1Q12M |
| TACKLIFE-T8 | B099F2JQPR |
| TACKLIFE-T6 | B099F76F5B |
| TACKLIFE-T8 | B079P5YGXB |
| TACKLIFE-KP120 | B099KFF74G |
| TACKLIFE-KP200 | B099PSN6CC |

15

4872-3425-8065, v. 1

| TACKLIFE-T8 | B099KC3W94 |
|---|---|
| TACKLIFE-T8 Pro | B099JD5M7D |
| TACKLIFE-T8 Pro | B099DC3QQ2 |
| TACKLIFE-T8 Pro | B099JC4SYB |
| TACKLIFE-T8 | B099F8ZGFJ |
| TACKLIFE-KP120 | B09937FBZ5 |
| TACKLIFE-T8 Pro | B09937ZPT3 |
| TACKLIFE-T8 | B099372K1C |
| TACKLIFE-T8 | B098NW6DZ6 |
| TACKLIFE-T8 Pro | B09938JTZK |
| TACKLIFE-T6 | B09937MJR7 |
| TACKLIFE-T8 MAX | B09937WD75 |
| TACKLIFE-T8 | B09937NTQ4 |
| TACKLIFE-T8 | B0993819ZP |
| TACKLIFE-T6 | B099371VNY |
| TACKLIFE-KP200 | B0811T6FJW |
| TACKLIFE-T6 | B07CYR8MQF |
| TACKLIFE-T8 MAX | B08LQ33VGV |
| TACKLIFE-T8 MAX | B098Q9TGL4 |
| TACKLIFE-T6 | B098J8L1N9 |
| TACKLIFE-T8 | B098J2PNRY |
| TACKLIFE-T6 | B098L8TTRX |
| TACKLIFE-T8 | B098JGXVZM |
| TACKLIFE-KP200 | B098L4ZK77 |
| TACKLIFE-T8 Pro | B098N9H54T |
| TACKLIFE-T8 | B098K83687 |
| TACKLIFE-KP120 | B098LCHVP2 |
| TACKLIFE-T8 | B098K5LX6K |
| TACKLIFE-T8 Pro | B098K52843 |
| TACKLIFE-T8 | 436518021 |
| TACKLIFE-T6 | 847248128 |
| TACKLIFE-T8 | 362656677 |
| TACKLIFE-T8 | 384133561 |
| TACKLIFE-T6 | 159687580 |
| TACKLIFE-T8 MAX | 813844584 |
| TACKLIFE-T8 | 791546788 |
| TACKLIFE-T8 | 960868215 |
| TACKLIFE-T8 Pro | 813236550 |
| TACKLIFE-T8 Pro | 925114572 |
| TACKLIFE-KP200 | 691687233 |

| | |
|---|---|
| TACKLIFE-T8 | B085C46T5R |
| TACKLIFE-T8 Pro | B08PK4Z3JH |
| TACKLIFE-T6 | B08YJQ7KVQ |
| TACKLIFE-T8 MIX | B08YJKR5MS |
| TACKLIFE-T8 | B085HCWD8T |
| TACKLIFE-T6 | B08XQPTWZX |
| TACKLIFE-T8 MIX | B08XQCB4KN |
| TACKLIFE-T8 | B08JPVJRL8 |
| TACKLIFE-T8 | B086P9HGH8 |
| TACKLIFE-T8 | B07BGRN4TF |
| TACKLIFE-T6 | B08XNL2WH6 |
| TACKLIFE-T6 | B08X1GLQ1K |
| TACKLIFE-T6 | B075K42Z1M |
| TACKLIFE-T6 | B08FMTHJ93 |
| TACKLIFE-T6 | B08SLYYPGQ |
| TACKLIFE-KP120 | B07VLQ4KK8 |
| TACKLIFE-TC80 | B08PKQ65HL |
| TACKLIFE-T8 MAX | B08JLQ5FSL |
| TACKLIFE-T8 MIX | B08LPPX8LF |
| TACKLIFE-T8 MAX | B07YSF462H |
| TACKLIFE-KP200 | B07WZP9TMX |
| TACKLIFE-KP120 | B088R3SJ6Y |
| TACKLIFE-T8 Pro | B08BJMSSSX |
| TACKLIFE-T8 | B08L6BRXQ4 |
| TACKLIFE-T8 | B08LD5B3M9 |
| TACKLIFE-T8 | B0815VQ41T |
| TACKLIFE-T8 | B07HF2M73K |
| TACKLIFE-T8 | B07YWQ87QB |
| TACKLIFE-KP120 | B0811FP14S |
| TACKLIFE-T8 MIX | B07H7BFVY9 |
| TACKLIFE-T6 | B07XM6HX1R |
| TACKLIFE-CC1 | B07V2J13JN |
| TACKLIFE-SJC2 | B07VL26DTT |
| TACKLIFE-SJC1 | B07V4KY72P |
| TACKLIFE-SJC2 | B07VG67M1K |
| TACKLIFE-CC1 | B07V3MGX9M |
| TACKLIFE-HA2 | B07V3LGBJZ |
| TACKLIFE-SJC1 | B07V817FH2 |
| TACKLIFE-T8 | B07N1KXDCV |
| TACKLIFE-T6 | B07GBCLK7L |

4872-3425-8065, v. 1

3.      All Documents or Communications that concern, relate to, identify, or otherwise evidence Amazon's internal standard operating procedures addressing miscategorization and Browse Nodes from May 1, 2020 to June 17, 2021.

4.      All Documents or Communications that concern, relate to, identify, or otherwise evidence the Brows Node(s) for the following NOCO Products and associated ASINs and the Sales Rank of each NOCO Product and associated ASIN within each Browse Node from May 1, 2020 to June 17, 2021:

| Model | ASIN |
|---|---|
| NOCO Boost Sport GB20 | B015TKPT1A |
| NOCO Boost Plus GB40 | B015TKUPIC |
| NOCO Boost XL GB50 | B07MVY7K43 |
| NOCO Boost HD GB70 | B016UG6PWE |
| NOCO Boost Pro GB150 | B015TKSSB8 |
| NOCO Boost Max GB250 | B08V6MJ2NR |
| NOCO Boost Max GB251 | B08V73BZ42 |
| NOCO Boost Max GB500 | B07C2WS1XH |
| NOCO Boost X GBX45 | B0924V8SPC |
| NOCO Boost X GBX55 | B08WZKRHZZ |
| NOCO Boost X GBX75 | B08WYKD6TY |
| NOCO Boost X GBX155 | B08WZFPXFM |

5.      All Documents or Communications that concern, relate to, identify, or otherwise evidence the Brows Node(s) for the following Tacklife Products and associated ASINs and the Sales Rank of each Tacklife Product and associated ASIN within each Browse Node from May 1, 2020 to June 17, 2021:

| Model | ASIN |
|---|---|
| TACKLIFE-T8 | B09ZP3QBG6 |
| TACKLIFE-T8 | B09ZP3KTVS |

18

| | |
|---|---|
| TACKLIFE-T8 | B09ZP1H7N8 |
| TACKLIFE-T8 | B09ZP2Y5PD |
| TACKLIFE-T8 | B09Z6MH7GV |
| TACKLIFE-T8 | B09Z6LJZ2C |
| TACKLIFE-T8 | B09Z6L8H3N |
| TACKLIFE-T8 | B09Z6LLYS6 |
| TACKLIFE-T8 Pro | B09Z2PBFMM |
| TACKLIFE-T8 Pro | B09Z7YHPR7 |
| TACKLIFE-T8 Pro | B09Z7Y4MLT |
| TACKLIFE-KP200 | 464923759 |
| TACKLIFE-KP120 | 226741580 |
| TACKLIFE-T8 MAX | B07DH3QHYD |
| TACKLIFE-T8 | 811621989 |
| TACKLIFE-T8 Pro | 781120539 |
| TACKLIFE-T8 | B09FK23TF3 |
| TACKLIFE-T8 | B09FLS73F7 |
| TACKLIFE-T8 | B09FJV25RD |
| TACKLIFE-T8 MAX | B09FJQVJQ5 |
| TACKLIFE-TC80 | B09F3JSMYY |
| TACKLIFE-T8 Pro | B09FJMVDM8 |
| TACKLIFE-T8 Pro | B09FJJ9SP3 |
| TACKLIFE-T8 | B09FJK2HYJ |
| TACKLIFE-T6 | B09F9F39RT |
| TACKLIFE-KP120 | B09FD8Q6XZ |
| TACKLIFE-KP200 | B09FDM2WN2 |
| TACKLIFE-T6 | B09F6CJML6 |
| TACKLIFE-T8 | B09DYBLK7T |
| TACKLIFE-T8 | B09DYCHMDR |
| TACKLIFE-T8 Pro | B09F351PVH |
| TACKLIFE-T8 | B09DPFLVPD |
| TACKLIFE-T8 MAX | B09DXY8BLY |
| TACKLIFE-T8 | B09DP8163Q |
| TACKLIFE-T8 Pro | B09JSP62K9 |
| TACKLIFE-T8 Pro | B09DP6LS35 |
| TACKLIFE-KP120 | 349468885 |
| TACKLIFE-T8 Pro | B09C8J9FQV |
| TACKLIFE-T8 | B09C5GP3RR |
| TACKLIFE-T8 | B09C1FB2JF |
| TACKLIFE-KP120 | B09C1G9WLW |
| TACKLIFE-KP200 | B09C1FLBF1 |

19

| | |
|---|---|
| TACKLIFE-T8 | B09C1F9WQ7 |
| TACKLIFE-T8 | B09BZ6GCHL |
| TACKLIFE-KP120 | B09BZ3JVW3 |
| TACKLIFE-KP200 | B09BYQHWF2 |
| TACKLIFE-T8 | B09BZ49TND |
| TACKLIFE-T8 Pro | B09BTP9PXX |
| TACKLIFE-T8 Pro | B09BTT29YT |
| TACKLIFE-T8 | B09BQ2SR65 |
| TACKLIFE-T6 | B09BTB8Q1D |
| TACKLIFE-T8 MAX | B09BTWZPX4 |
| TACKLIFE-T8 | B09BTSL1Q6 |
| TACKLIFE-T8 | B09BQ5ZJH6 |
| TACKLIFE-KP120 | B09BMVN294 |
| TACKLIFE-KP200 | B09BMTLSLV |
| TACKLIFE-T8 | B09BMV7LT3 |
| TACKLIFE-T8 Pro | B09BJ35NX2 |
| TACKLIFE-T6 | B09BKTJNFM |
| TACKLIFE-T8 MAX | B09BKQBTHK |
| TACKLIFE-T8 | B09BDYHCW9 |
| TACKLIFE-T8 | B09BDVPPPJ |
| TACKLIFE-T8 | B09BFDFDR3 |
| TACKLIFE-T8 | B07BGT26J9 |
| TACKLIFE-T6 | B099F72KJD |
| TACKLIFE-T8 MAX | B099F3LTHY |
| TACKLIFE-T8 | B099F1Q12M |
| TACKLIFE-T8 | B099F2JQPR |
| TACKLIFE-T6 | B099F76F5B |
| TACKLIFE-T8 | B079P5YGXB |
| TACKLIFE-KP120 | B099KFF74G |
| TACKLIFE-KP200 | B099PSN6CC |
| TACKLIFE-T8 | B099KC3W94 |
| TACKLIFE-T8 Pro | B099JD5M7D |
| TACKLIFE-T8 Pro | B099DC3QQ2 |
| TACKLIFE-T8 Pro | B099JC4SYB |
| TACKLIFE-T8 | B099F8ZGFJ |
| TACKLIFE-KP120 | B09937FBZ5 |
| TACKLIFE-T8 Pro | B09937ZPT3 |
| TACKLIFE-T8 | B099372K1C |
| TACKLIFE-T8 | B098NW6DZ6 |
| TACKLIFE-T8 Pro | B09938JTZK |

4872-3425-8065, v. 1

| | |
|---|---|
| TACKLIFE-T6 | B09937MJR7 |
| TACKLIFE-T8 MAX | B09937WD75 |
| TACKLIFE-T8 | B09937NTQ4 |
| TACKLIFE-T8 | B0993819ZP |
| TACKLIFE-T6 | B099371VNY |
| TACKLIFE-KP200 | B0811T6FJW |
| TACKLIFE-T6 | B07CYR8MQF |
| TACKLIFE-T8 MAX | B08LQ33VGV |
| TACKLIFE-T8 MAX | B098Q9TGL4 |
| TACKLIFE-T6 | B098J8L1N9 |
| TACKLIFE-T8 | B098J2PNRY |
| TACKLIFE-T6 | B098L8TTRX |
| TACKLIFE-T8 | B098JGXVZM |
| TACKLIFE-KP200 | B098L4ZK77 |
| TACKLIFE-T8 Pro | B098N9H54T |
| TACKLIFE-T8 | B098K83687 |
| TACKLIFE-KP120 | B098LCHVP2 |
| TACKLIFE-T8 | B098K5LX6K |
| TACKLIFE-T8 Pro | B098K52843 |
| TACKLIFE-T8 | 436518021 |
| TACKLIFE-T6 | 847248128 |
| TACKLIFE-T8 | 362656677 |
| TACKLIFE-T8 | 384133561 |
| TACKLIFE-T6 | 159687580 |
| TACKLIFE-T8 MAX | 813844584 |
| TACKLIFE-T8 | 791546788 |
| TACKLIFE-T8 | 960868215 |
| TACKLIFE-T8 Pro | 813236550 |
| TACKLIFE-T8 Pro | 925114572 |
| TACKLIFE-KP200 | 691687233 |
| TACKLIFE-T8 | B085C46T5R |
| TACKLIFE-T8 Pro | B08PK4Z3JH |
| TACKLIFE-T6 | B08YJQ7KVQ |
| TACKLIFE-T8 MIX | B08YJKR5MS |
| TACKLIFE-T8 | B085HCWD8T |
| TACKLIFE-T6 | B08XQPTWZX |
| TACKLIFE-T8 MIX | B08XQCB4KN |
| TACKLIFE-T8 | B08JPVJRL8 |
| TACKLIFE-T8 | B086P9HGH8 |
| TACKLIFE-T8 | B07BGRN4TF |

21

| TACKLIFE-T6 | B08XNL2WH6 |
|---|---|
| TACKLIFE-T6 | B08X1GLQ1K |
| TACKLIFE-T6 | B075K42Z1M |
| TACKLIFE-T6 | B08FMTHJ93 |
| TACKLIFE-T6 | B08SLYYPGQ |
| TACKLIFE-KP120 | B07VLQ4KK8 |
| TACKLIFE-TC80 | B08PKQ65HL |
| TACKLIFE-T8 MAX | B08JLQ5FSL |
| TACKLIFE-T8 MIX | B08LPPX8LF |
| TACKLIFE-T8 MAX | B07YSF462H |
| TACKLIFE-KP200 | B07WZP9TMX |
| TACKLIFE-KP120 | B088R3SJ6Y |
| TACKLIFE-T8 Pro | B08BJMSSSX |
| TACKLIFE-T8 | B08L6BRXQ4 |
| TACKLIFE-T8 | B08LD5B3M9 |
| TACKLIFE-T8 | B0815VQ41T |
| TACKLIFE-T8 | B07HF2M73K |
| TACKLIFE-T8 | B07YWQ87QB |
| TACKLIFE-KP120 | B0811FP14S |
| TACKLIFE-T8 MIX | B07H7BFVY9 |
| TACKLIFE-T6 | B07XM6HX1R |
| TACKLIFE-CC1 | B07V2J13JN |
| TACKLIFE-SJC2 | B07VL26DTT |
| TACKLIFE-SJC1 | B07V4KY72P |
| TACKLIFE-SJC2 | B07VG67M1K |
| TACKLIFE-CC1 | B07V3MGX9M |
| TACKLIFE-HA2 | B07V3LGBJZ |
| TACKLIFE-SJC1 | B07V817FH2 |
| TACKLIFE-T8 | B07N1KXDCV |
| TACKLIFE-T6 | B07GBCLK7L |

4872-3425-8065, v. 1

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:20-cv-02322

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Amazon.com, Inc., c/o Corporation Service Co, R/A

on *(date)*  11/21/2023  .

☑ I served the subpoena by delivering a copy to the named person as follows:  Into the hands of Ellen Jones,

as CSA for Corproation Service Company, Registered Agent for entity named above, authorized to accept.

At:  11:02am  on *(date)*  11/21/2023  ; or

☐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  12/05/2023

*Server's signature*

Greg Schermerhorn-Pierce County Reg. # 29178

*Printed name and title*
VERITIEXT
1100 Superior Avenue, Suite 1820
Cleveland, OH  44144

*Server's address*

Additional information regarding attempted service, etc.:
Assignment/Reference Number: 6325447

Served on 11/21/2023 at 11:02am

Description of person served:  50's, white, female, 5'5", 150 pounds, glasses, and brown hair

Served at:  Corporation Service Company, 300 Deschutes Way SW, Suite 208, Tumwater, WA  98501

# EXHIBIT B

| Print | Save As... | Add Attachment | | Reset |

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | | |
|---|---|---|
| THE NOCO COMPANY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:20-cv-02322 |
| AUKEY TECHNOLOGY CO., LTD., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Amazon.com, Inc., c/o Corporation Service Company, 300 Deschutes Way, SW, Suite 208, Tumwater, WA 98501

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see attached Notice of Deposition.

| Place: 2021 7th Ave., Seattle, Washington 98121 or a place to be determined by Amazon.com, Inc. and the Parties. | Date and Time: <br><br> 12/18/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically and video

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    11/27/2023

| *SANDY OPACICH, CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Jon J. Pinney |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
The NOCO Company                                                                          , who issues or requests this subpoena, are:

Jon J. Pinney, Kohrman Jackson & Krantz LLP, 1375 East Ninth St., 29th Floor, Cleveland, OH 44114; 216-696-8700; jjp@kjk.com



# EXHIBIT C

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:20-cv-02322

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows:

_____  _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____  _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

[ Print ]  [ Save As... ]  [ Add Attachment ]  [ Reset ]

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY,** | ) | CASE NO.:    1:20-cv-02322 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| **AUKEY TECHNOLOGY CO., LTD., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## PLAINTIFF THE NOCO COMPANY'S
## NOTICE OF FED R. CIV. P. 30(B)(6) DEPOSITION OF
## NON-PARTY AMAZON.COM, INC.

---

Pursuant to Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 45, please take notice that commencing on December 18, 2023, at 1:00 p.m. Eastern Standard Time / 10:00 a.m. Pacific Standard Time, Plaintiff The NOCO Company ("*NOCO*") shall take the oral deposition of Non-Party Amazon.com, Inc. ("*Amazon*") at a place to be agreed upon by NOCO and Amazon. The deposition shall continue from day to day, weekends and holidays excepted, until completed and shall be recorded stenographically and by video.

Amazon is required to produce one or more officers, directors, employees, agents or other persons at the stated location and time who are aware of and are prepared to testify on Amazon's behalf about Amazon's knowledge, not just about information personally known by the deponent, but of the topics described and set forth in the attached Schedule "A." *See*

Fed. R. Civ. P. 30(b)(6). If the designated representative(s) do not presently have such knowledge, they are required to acquire it through whatever reasonable investigation may be necessary. Amazon is further advised that pursuant to Fed. R. Civ. P. 30(b)(6), NOCO and Amazon must confer in good faith about the matters for examination.

In close, Amazon shall designate and produce for deposition one or more officers, directors, employees, agents or other persons to testify on its behalf regarding the topics set forth in Schedule "A," which is attached hereto and incorporated as if fully set forth herein.

Respectfully submitted,

KOHRMAN JACKSON & KRANTZ LLP

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
NATHAN F. STUDENY (0077864)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com; nfs@kjk.com;
kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

2

## SCHEDULE A

**INCORPORATION OF PRIOR SUBPOENA AND RESERVATION OF RIGHTS**

On or about January 11, 2022, NOCO issued a Subpoena to Produce Documents, Information, or Objects with an attached Schedule A of Subpoenaed Documents to Amazon in the above-captioned case (the "***Prior Subpoena***"). NOCO incorporates and adopts, as if fully rewritten herein, the Prior Subpoena and is in no way waiving, and does not intend to waive, but rather intends to preserve and is preserving, all of its rights related to the sufficiency of Amazon's production in response to the Prior Subpoena and/or enforcement of the Prior Subpoena and the documents and information requested therein.

## DEFINITIONS

1. The terms "You," "Your," and "Amazon" mean and refer to Amazon.com, Inc. and its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

2. The term "NOCO" means and refers to Plaintiff The NOCO Company and its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any

3

other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

3.　　"Aukey" means and refers to Defendant Aukey Technology Co., Ltd. and its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

4.　　"HuiMing" means and refers to Defendant Shenzhenshi Jiangyun Shangmaoyouxiangongsi, a former third-party seller on the Amazon Marketplace who operated a "Tacklife Auto Store" and "HuiMing" storefront with a unique Amazon Marketplace storefront found at https://www.amazon.com/s?me=AXPPSCJRMAK3H&marketplaceID=ATVPDKIKX0DER. "HuiMing" also includes its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

5.　　"WorldUS" means and refers to Defendant Wodeshijikeji Shenzhen Youxiangongsi, a former third-party seller on the Amazon Marketplace who operated a "WorldUS" storefront with a unique Amazon Marketplace storefront found at https://www.amazon.com/s?me=A3FT6M013JLBV2&marketplaceID=ATVPDKIKX0DER.

4

"WorldUS" also includes its current and former employees, vendors, contractors, representatives, affiliates, and/or anyone acting on its behalf, as well as its current and former agents, associates, attorneys, directors, executives, managers, partners, personnel, representatives, shareholders, and any other person acting or purporting to act on its behalf and their respective predecessors, successors, and assigns.

6.     "Defendants" means and refers, collectively, to Aukey, HuiMing, and WorldUS.

7.     "3P Defendants" means and refers, collectively, to HuiMing and WorldUS.

8.     "Amazon Marketplace" means and refers to Your ecommerce platform that is accessible to the public via the internet at the website URL amazon.com. For clarity, the Amazon Marketplace lists items for sale from a seller's account, such as Amazon, NOCO, or 3P Defendants' seller accounts, such that consumers can purchase, view, review, rate, and otherwise interact with the respective product pages listed on the Amazon Marketplace.

9.     "Tacklife Trademarks" means and refers to the trademarks registered or assigned, or previously registered or assigned, to Aukey with the United States Patent and Trademark Office, including but not limited to Registration Numbers 6022427, 6005412, 5245543, and 4913016.

10.     "ASIN" or "ASINs" means and refers to Amazon's standard identification number which is a ten-digit alphanumeric code that You use to identify products sold or listed for sale on the Amazon Marketplace.

11.     "Tacklife Product" and "Tacklife Products" mean and refer to those certain products currently or previously sold by one or more Defendants on the Amazon Marketplace. For illustration, Tacklife Products include those products that bear the Tacklife Trademark or bear any of the below model type or ASINs:

| Model | ASIN |
|---|---|
| TACKLIFE-T8 | B09ZP3QBG6 |
| TACKLIFE-T8 | B09ZP3KTVS |
| TACKLIFE-T8 | B09ZP1H7N8 |
| TACKLIFE-T8 | B09ZP2Y5PD |
| TACKLIFE-T8 | B09Z6MH7GV |
| TACKLIFE-T8 | B09Z6LJZ2C |
| TACKLIFE-T8 | B09Z6L8H3N |
| TACKLIFE-T8 | B09Z6LLYS6 |
| TACKLIFE-T8 Pro | B09Z2PBFMM |
| TACKLIFE-T8 Pro | B09Z7YHPR7 |
| TACKLIFE-T8 Pro | B09Z7Y4MLT |
| TACKLIFE-KP200 | 464923759 |
| TACKLIFE-KP120 | 226741580 |
| TACKLIFE-T8 MAX | B07DH3QHYD |
| TACKLIFE-T8 | 811621989 |
| TACKLIFE-T8 Pro | 781120539 |
| TACKLIFE-T8 | B09FK23TF3 |
| TACKLIFE-T8 | B09FLS73F7 |
| TACKLIFE-T8 | B09FJV25RD |
| TACKLIFE-T8 MAX | B09FJQVJQ5 |
| TACKLIFE-TC80 | B09F3JSMYY |
| TACKLIFE-T8 Pro | B09FJMVDM8 |
| TACKLIFE-T8 Pro | B09FJJ9SP3 |
| TACKLIFE-T8 | B09FJK2HYJ |
| TACKLIFE-T6 | B09F9F39RT |
| TACKLIFE-KP120 | B09FD8Q6XZ |
| TACKLIFE-KP200 | B09FDM2WN2 |
| TACKLIFE-T6 | B09F6CJML6 |
| TACKLIFE-T8 | B09DYBLK7T |
| TACKLIFE-T8 | B09DYCHMDR |
| TACKLIFE-T8 Pro | B09F351PVH |

| Model | ASIN |
|---|---|
| TACKLIFE-T8 | B09DPFLVPD |
| TACKLIFE-T8 MAX | B09DXY8BLY |
| TACKLIFE-T8 | B09DP8163Q |
| TACKLIFE-T8 Pro | B09JSP62K9 |
| TACKLIFE-T8 Pro | B09DP6LS35 |
| TACKLIFE-KP120 | 349468885 |
| TACKLIFE-T8 Pro | B09C8J9FQV |
| TACKLIFE-T8 | B09C5GP3RR |
| TACKLIFE-T8 | B09C1FB2JF |
| TACKLIFE-KP120 | B09C1G9WLW |
| TACKLIFE-KP200 | B09C1FLBF1 |
| TACKLIFE-T8 | B09C1F9WQ7 |
| TACKLIFE-T8 | B09BZ6GCHL |
| TACKLIFE-KP120 | B09BZ3JVW3 |
| TACKLIFE-KP200 | B09BYQHWF2 |
| TACKLIFE-T8 | B09BZ49TND |
| TACKLIFE-T8 Pro | B09BTP9PXX |
| TACKLIFE-T8 Pro | B09BTT29YT |
| TACKLIFE-T8 | B09BQ2SR65 |
| TACKLIFE-T6 | B09BTB8Q1D |
| TACKLIFE-T8 MAX | B09BTWZPX4 |
| TACKLIFE-T8 | B09BTSL1Q6 |
| TACKLIFE-T8 | B09BQ5ZJH6 |
| TACKLIFE-KP120 | B09BMVN294 |
| TACKLIFE-KP200 | B09BMTLSLV |
| TACKLIFE-T8 | B09BMV7LT3 |
| TACKLIFE-T8 Pro | B09BJ35NX2 |
| TACKLIFE-T6 | B09BKTJNFM |
| TACKLIFE-T8 MAX | B09BKQBTHK |
| TACKLIFE-T8 | B09BDYHCW9 |
| TACKLIFE-T8 | B09BDVPPPJ |
| TACKLIFE-T8 | B09BFDFDR3 |
| TACKLIFE-T8 | B07BGT26J9 |
| TACKLIFE-T6 | B099F72KJD |
| TACKLIFE-T8 MAX | B099F3LTHY |
| TACKLIFE-T8 | B099F1Q12M |
| TACKLIFE-T8 | B099F2JQPR |
| TACKLIFE-T6 | B099F76F5B |
| TACKLIFE-T8 | B079P5YGXB |

7

| Model | ASIN |
|-------|------|
| TACKLIFE-KP120 | B099KFF74G |
| TACKLIFE-KP200 | B099PSN6CC |
| TACKLIFE-T8 | B099KC3W94 |
| TACKLIFE-T8 Pro | B099JD5M7D |
| TACKLIFE-T8 Pro | B099DC3QQ2 |
| TACKLIFE-T8 Pro | B099JC4SYB |
| TACKLIFE-T8 | B099F8ZGFJ |
| TACKLIFE-KP120 | B09937FBZ5 |
| TACKLIFE-T8 Pro | B09937ZPT3 |
| TACKLIFE-T8 | B099372K1C |
| TACKLIFE-T8 | B098NW6DZ6 |
| TACKLIFE-T8 Pro | B09938JTZK |
| TACKLIFE-T6 | B09937MJR7 |
| TACKLIFE-T8 MAX | B09937WD75 |
| TACKLIFE-T8 | B09937NTQ4 |
| TACKLIFE-T8 | B0993819ZP |
| TACKLIFE-T6 | B099371VNY |
| TACKLIFE-KP200 | B0811T6FJW |
| TACKLIFE-T6 | B07CYR8MQF |
| TACKLIFE-T8 MAX | B08LQ33VGV |
| TACKLIFE-T8 MAX | B098Q9TGL4 |
| TACKLIFE-T6 | B098J8L1N9 |
| TACKLIFE-T8 | B098J2PNRY |
| TACKLIFE-T6 | B098L8TTRX |
| TACKLIFE-T8 | B098JGXVZM |
| TACKLIFE-KP200 | B098L4ZK77 |
| TACKLIFE-T8 Pro | B098N9H54T |
| TACKLIFE-T8 | B098K83687 |
| TACKLIFE-KP120 | B098LCHVP2 |
| TACKLIFE-T8 | B098K5LX6K |
| TACKLIFE-T8 Pro | B098K52843 |
| TACKLIFE-T8 | 436518021 |
| TACKLIFE-T6 | 847248128 |
| TACKLIFE-T8 | 362656677 |
| TACKLIFE-T8 | 384133561 |
| TACKLIFE-T6 | 159687580 |
| TACKLIFE-T8 MAX | 813844584 |
| TACKLIFE-T8 | 791546788 |
| TACKLIFE-T8 | 960868215 |

8

| Model | ASIN |
|---|---|
| TACKLIFE-T8 Pro | 813236550 |
| TACKLIFE-T8 Pro | 925114572 |
| TACKLIFE-KP200 | 691687233 |
| TACKLIFE-T8 | B085C46T5R |
| TACKLIFE-T8 Pro | B08PK4Z3JH |
| TACKLIFE-T6 | B08YJQ7KVQ |
| TACKLIFE-T8 MIX | B08YJKR5MS |
| TACKLIFE-T8 | B085HCWD8T |
| TACKLIFE-T6 | B08XQPTWZX |
| TACKLIFE-T8 MIX | B08XQCB4KN |
| TACKLIFE-T8 | B08JPVJRL8 |
| TACKLIFE-T8 | B086P9HGH8 |
| TACKLIFE-T8 | B07BGRN4TF |
| TACKLIFE-T6 | B08XNL2WH6 |
| TACKLIFE-T6 | B08X1GLQ1K |
| TACKLIFE-T6 | B075K42Z1M |
| TACKLIFE-T6 | B08FMTHJ93 |
| TACKLIFE-T6 | B08SLYYPGQ |
| TACKLIFE-KP120 | B07VLQ4KK8 |
| TACKLIFE-TC80 | B08PKQ65HL |
| TACKLIFE-T8 MAX | B08JLQ5FSL |
| TACKLIFE-T8 MIX | B08LPPX8LF |
| TACKLIFE-T8 MAX | B07YSF462H |
| TACKLIFE-KP200 | B07WZP9TMX |
| TACKLIFE-KP120 | B088R3SJ6Y |
| TACKLIFE-T8 Pro | B08BJMSSSX |
| TACKLIFE-T8 | B08L6BRXQ4 |
| TACKLIFE-T8 | B08LD5B3M9 |
| TACKLIFE-T8 | B0815VQ41T |
| TACKLIFE-T8 | B07HF2M73K |
| TACKLIFE-T8 | B07YWQ87QB |
| TACKLIFE-KP120 | B0811FP14S |
| TACKLIFE-T8 MIX | B07H7BFVY9 |
| TACKLIFE-T6 | B07XM6HX1R |
| TACKLIFE-CC1 | B07V2J13JN |
| TACKLIFE-SJC2 | B07VL26DTT |
| TACKLIFE-SJC1 | B07V4KY72P |
| TACKLIFE-SJC2 | B07VG67M1K |
| TACKLIFE-CC1 | B07V3MGX9M |

| Model | ASIN |
|---|---|
| TACKLIFE-HA2 | B07V3LGBJZ |
| TACKLIFE-SJC1 | B07V817FH2 |
| TACKLIFE-T8 | B07N1KXDCV |
| TACKLIFE-T6 | B07GBCLK7L |

12.     As used herein, the terms "NOCO Product" or "NOCO Products" mean and refer to any and all items listed for sale or sold by NOCO or You on the Amazon Marketplace during the Relevant Time Period. For illustration, NOCO Products include, without limitation, the items listed for sale on the Amazon Marketplace at https://www.amazon.com/stores/NOCO/page/7428E5DB-99DF-42C9-8687-789F696FFDF3?ref_=ast_bln and the extensions thereto as well as any product bearing any of the below model types or ASINs:

| Model | ASIN |
|---|---|
| NOCO Boost Sport GB20 | B015TKPT1A |
| NOCO Boost Plus GB40 | B015TKUPIC |
| NOCO Boost XL GB50 | B07MVY7K43 |
| NOCO Boost HD GB70 | B016UG6PWE |
| NOCO Boost Pro GB150 | B015TKSSB8 |
| NOCO Boost Max GB250 | B08V6MJ2NR |
| NOCO Boost Max GB251 | B08V73BZ42 |
| NOCO Boost Max GB500 | B07C2WS1XH |
| NOCO Boost X GBX45 | B0924V8SPC |
| NOCO Boost X GBX55 | B08WZKRHZZ |
| NOCO Boost X GBX75 | B08WYKD6TY |
| NOCO Boost X GBX155 | B08WZFPXFM |

13.     "Browse Nodes" means and refers to the hierarchy of categories, including, but not limited, to root, branch, and leaf nodes, that are used to organize the Amazon Marketplace's product listings for a given category of products. For example and clarity, but without limitation, NOCO Products are placed into certain Browse Nodes such as those

10

Browse Nodes titled "Automotive Replacement Batteries & Accessories," "Automotive Performance Batteries & Accessories," and "Jump Starters."

14. "Sales Rank" means and refers to the selling popularity of a product relative to other products in the same Browse Node(s) on the Amazon Marketplace.

15. "Communication" shall have the broadest definition and scope possible under federal law and includes every manner of means of disclosure, transfer, exchange of information, fact, idea, or inquiry, whether orally or written, whether face-to-face or electronically, or by telephone, telecopies, mail, email, facsimile, personal delivery, overnight delivery, electronic messages, including, but not limited to, WhatsApp, Microsoft Teams, Slack, Skype, iMessages, and Zoom, or otherwise, including all transfer of information on, across, or through the Amazon XWiki or Your similar collaborative knowledge sharing or documentation platforms. All such Communications in writing shall include, without limitation, printed, typed, handwritten, or other human or machine-readable documents.

16. The term "Document" or "Documents" includes Electronically Stored Information and Communications and is used in the broadest possible sense and means and refers to, without limitation, all materials discoverable under the applicable Federal Rules of Civil Procedure that are within Your possession, custody, or control, or that of any agent, representative (including, without limitation, attorneys), or other person acting or purporting to act for or on Your behalf or in concert with You. Without limiting the forgoing definition,

11

Documents and Electronically Stored Information include Writings,[1] and Recordings,[2] and Photographs.[3] Examples of these include: drawings; graphs; charts; correspondence; letters; memoranda; facsimiles; records; medical records; summaries of personal conversations or interviews; wires; telegrams; reports; books; transcripts; legal pleadings and papers; summaries or records of telephone conversations (including telephone and mobile telephone billing records); diaries; journals; forecasts; statistical statements; work papers; accounts; account records; bank statements; receipts; automated teller machine receipts or printouts; credit card statements or records; analytical records; agendas, minutes or records of meetings or conferences; consultants' reports; employment records; appraisals; agreements; reports or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; notes; lists; notices; advertising; changelogs; log data; audit trails; audit or investigation summaries; any form of data compilation from which information can be obtained, including for illustrative purposes, but not limited to, all electronic data (including all electronic mail and information about electronic mail, including message contents, header information, and logs of electronic mail system usage, whether sent internally or externally); voice mails; text messages; electronic messages through software, including without limitation, WhatsApp, Microsoft Teams, Slack, Skype, iMessages, and Zoom; on-line data storage on mainframes,

---

[1] The term "Writings" is given the same meaning as the definition contained in Federal Rule of Evidence 1001(a).

[2] The term "Recordings" is given the same meaning as the definition contained in Federal Rule of Evidence 1001(b).

[3] The term "Photographs" is given the same meaning as the definition contained in Federal Rule of Evidence 1001(c).

minicomputers, personal computers, and laptops; off-line data storage, backups, and archives; floppy disks; zip drives; zip files; tapes; compact disks or diskettes; hand-held devices or personal digital assistants; disconnected hard drives and other removable electronic media; application programs and utilities; and all sound reproductions, however produced or reproduced.

17.     The term "Electronically Stored Information" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained that are in Your possession, custody, or control.

18.     As used herein, "person" means any natural person, or any legal, foreign, or judicial entity, including but not limited to any corporation, limited liability company, business trust, estate, trust, partnership, proprietorship, association, foundation, organization, joint venture, governmental entities, group of persons, or any other entity or form of organization, foreign or domestic.

19.     The terms "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

20.     The term "any" shall be construed to include "all" and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

13

21.     The term "each" shall be construed to include "every" and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

22.     Any word or term in the singular form shall also be construed as plural and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

23.     The masculine form shall also be construed to include the feminine and vice versa to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of a request.

24.     The term "concerning," in addition to its usual and customary meaning, shall have the broadest definition and scope possible under the federal law and shall include, without limitation, constituting, comprising, containing, consisting of, displaying, embodying, including, setting forth, proposing, showing, evidencing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, regarding, authorizing, relating to, or referring to, directly or indirectly.

25.     The terms "all" and "each" shall be construed as all and each.

26.     The term "including" means "including but not limited to."

27.     "Evidencing," "relating," "relate to," "relate," or "related," in addition to their usual and customary meanings, shall mean referring to, pertaining to, concerning, describing, discussing, commenting on, constituting, comprising, explaining, showing,

14

analyzing, evidencing, supporting or contracting, directly or indirectly, whether in whole or in part.

28.     Where the context makes it appropriate, the present tense must be construed to include the past tense, and the past tense must be construed to include the present tense.

29.     The representative(s) Amazon selects to testify on its behalf should be prepared to testify about information from the period of January 1, 2020 to the date the representative(s) are deposed (the "***Relevant Time Period***").

<u>**TOPICS OF EXAMINATION**</u>

Amazon will designate one or more persons able to testify on its behalf with knowledge concerning the following subjects:

1.     Your Electronically Stored Information, Communication, and Document retention policies and procedures, including but not limited to, retention, retrieval, and deletion of any data related to Browse Nodes, Sales Rank, and reviews published on the Amazon Marketplace.

2.     The promotion, offering, and sale of NOCO Products on the Amazon Marketplace.

3.     The promotion, offering, and sale of Tacklife Products on the Amazon Marketplace.

4.     Your internal operating procedures addressing miscategorization and Browse Nodes during the Relevant Time Period.

15

5.     Browse Nodes and any related data concerning any NOCO Products and Tacklife Products.

6.     Sales Rank and any related data concerning any NOCO Products and Tacklife Products.

7.     The delisting and removal of Tacklife Products from the Amazon Marketplace occurring on or about June 17, 2021.

8.     Documents, Communications, and Electronically Stored Information regarding the Browse Nodes with respect to NOCO Products and Tacklife Products.

9.     Documents, Communications, and Electronically Stored Information regarding NOCO Products and Tacklife Products.

10.    Documents, Communications, and Electronically Stored Information regarding Sales Rank with respect to NOCO Products and Tacklife Products.

11.    Authentication of any Documents, Communications, or Electronically Stored Information produced, informally or formally, by Amazon to NOCO or any of Defendants during the Relevant Time Period.

16

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 27, 2023, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Ohio using the ECF System, which will send notice to all counsel of record.

/s/ Jon J. Pinney
JON J. PINNEY

17

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:20-cv-02322

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Amazon.com, Inc., c/o Corporation Service Co., R/A

on *(date)*  11/28/2023  .

☑ I served the subpoena by delivering a copy to the named individual as follows:  Ellen Jones, as CSA for

Corporation Service Company, Registered Agent for entity named above, authorized to accept.

At:  11:12am on *(date)*  11/28/2023  ; or

☐ I returned the subpoena unexecuted because:  _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  _____  .

My fees are $  _____  for travel and $  _____  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  12/04/2023

*Server's signature*

Greg Schermerhorn-Pierce County Reg. # 29178
*Printed name and title*
VERITEXT
1100 Superior Avenue, Suite 1820
Cleveland, OH  44114

*Server's address*

Additional information regarding attempted service, etc.:

Assignment/Reference Number:  6334050

Served on 11/28/23 at 11:12am

Description of person served:  50's, white, female, 5'5", 150 pounds, glasses, and brown hair

Served at:  Corporation Service Copany, 300 Deschutes Way SW, Suite 208, Tumwater, WA  98501

# EXHIBIT D

| Print | Save As... | Add Attachment | Reset |