

**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | **jjp@KJK.com**

**VIA EMAIL**

**December 11, 2023**

The Honorable David A. Ruiz
Carl B. Stokes United States Court House
801 West Superior Avenue
Courtroom 17B
Cleveland, Ohio 44113
Ruiz_Chambers@ohnd.uscourts.gov

**RE: *The NOCO Company v. Aukey Technology Co., Ltd., et al.,***
**U.S. District Court, Northern District of Ohio, Eastern Division**
**Case No. 1:20-cv-02322**

The Hon. David A. Ruiz:

Plaintiff The NOCO Company ("***NOCO***") writes to you pursuant to Local Rule 37.1. The purpose of this letter is to notify the Court of the following discovery-related issues which have arisen between NOCO and Defendants Aukey Technology Co., Ltd. ("***Aukey***"), Shenzhenshi Jiangyun Shangmaoyouxiangongsi ("***HuiMing***"), and Wodeshijikeji Shenzhen Youxiangongsi's ("***WorldUS***" and together with Aukey and HuiMing, the "***Defendants***"):

- Without providing any explanation, Defendants are delaying the Fed. R. Civ. P. 30(b)(6) deposition of their corporate representative and have delayed the Parties' attempts to meet and confer regarding proposed topics for examination;

- Defendants failed to timely notify NOCO of a material change of a witness's availability and whereabouts; and

- Defendants submitted improper objections to NOCO's First Set of Requests for Admissions (the "***RFAs***") and have refused to amend and/or supplement their responses.

NOCO's position on each of these issues and facts relevant to the Court's consideration are fully explained below. We look forward to discussing these issues with the Court at the Court's convenience prior to the current January 3, 2024 fact discovery deadline.

## I. Background Information.

On October 13, 2020, NOCO initiated this action against Defendants for manipulating non-party Amazon.com, Inc.'s ("***Amazon***") United States e-commerce platform (the "***Amazon***




**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | **jjp@KJK.com**

***Marketplace***"). Particularly, NOCO alleges that Defendants improperly manipulated the Amazon Marketplace by removing NOCO's products from NOCO's selected browse nodes, which impacted NOCO's ability to receive Amazon's coveted accolades, including the "Best Seller Badge," and negatively affected how easy it was for consumers to find NOCO products. NOCO also alleges that Defendants improperly manipulated the Amazon Marketplace by authoring false product reviews and safety complaints—either on their own or through the use of third parties. As NOCO alleges, Defendants manipulation has reduced NOCO's sales and/or otherwise increased NOCO's costs for advertising on the Amazon Marketplace.

Prior to May 2021, Defendants WorldUS and HuiMing sold "Tacklife" brand jump starters on the Amazon Marketplace, but as reported by media outlets and confirmed in discovery, Amazon has since shut down the WorldUS and HuiMing Amazon Marketplace storefronts and has otherwise prohibited the sale of Tacklife jump starters on the Amazon Marketplace. *See* ECF # 20.

Since the Court's December 6, 2021 Case Management Conference, the Parties attempted to work collectively in discovery. NOCO initially served its first set of discovery requests, including the RFAs, upon Defendants on January 20, 2022. Defendants issued joint objections and responses to NOCO's discovery on March 24, 2022.[1] *See* Aukey's Objections and Responses to NOCO's RFAs, attached as **Exhibit A**.

On May 19, 2022, NOCO notified Defendants of the deficiencies in their responses to NOCO's written discovery, including, *inter alia*, WorldUS and HuiMing's failures to respond individually, Aukey's lack of document production, and Aukey's improper responses to the RFAs. *See* Jon J. Pinney May 19, 2022 Letter to Peter J. Curtin, attached as **Exhibit B**. Counsel for the Parties met and conferred on June 9, 2022, pursuant to Fed. R. Civ. P. 37, in an attempt to resolve their issues. *See* Jon J. Pinney June 16, 2022 Letter to Peter J. Curtin, attached as **Exhibit C**.[2]

Following their meet and confer, the Parties focused their efforts on document production by negotiating and entering into a stipulated protective order (ECF # 38) and electronic search terms to aide in the retrieval and production of documents. However, Defendants did not begin producing documents until August 3, 2023, and then produced additional

---

[1] Counsel for NOCO and Defendants have discussed a stipulation wherein Defendants stipulate that they are related entities who share business functions and employees and that a response by one individual Defendant is a response by all Defendants. NOCO submitted a proposed stipulation to this effect on December 4, 2023, but has yet to receive a response to the proposal.

[2] Following the June 9, 2022 meet and confer, the Parties proceeded to the unsuccessful September 7, 2022 mediation with Magistrate Judge Thomas M. Parker.



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | **jjp@KJK.com**

documents on August 28, 2023; September 26, 2023; and October 1, 2023.[3] *See* Jon J. Pinney June 22, 2023 Letter to Peter J. Curtin, attached as **Exhibit D**, and Defendants' Production Email Correspondence, attached as **Exhibit E**.

II. Defendants Unexplainedly Delay the Rule 30(b)(6) Deposition.

After an initial review of Defendants' document production, NOCO sent another letter to Defendants' counsel on November 10, 2023, which is attached as **Exhibit F**. In that letter, NOCO re-raised the issues with Defendants' responses to NOCO's discovery requests, including Aukey's responses to the RFAs. NOCO also provided Defendants with draft notices of Fed. R. Civ. P. 30(b)(6) depositions and proposed topics for examination on November 10, 2023, which are attached as **Exhibit G**.[4] Although counsel for NOCO and Defendants met and conferred on November 22, 2023, Defendants' counsel was not in a position to substantively discuss the proposed topics for examination or provide dates for the depositions. *See* NOCO v. Aukey, et al., - Discovery Issues Email Thread Among Counsel, attached as **Exhibit H**. Rather, counsel for the Parties discussed the proposed Fed. R. Civ. P. 45 subpoena to take Amazon's Fed. R. Civ. P. 30(b)(6) deposition, as required under Fed. R. Civ. P. 30(b)(6).[5]

Although Defendants led NOCO to believe that it would be receiving fulsome responses to the proposed topics for examination and potential deposition dates by November 29, 2023, Defendants' counsel "[were not] able to provide Aukey's detailed formal objections" or any potential deposition dates on November 29, 2023. *Id.* NOCO's counsel again asked for a convenient time to meet and confer about the proposed topics and for Defendants to provide a deposition date, and counsel for the Parties were scheduled to meet and confer on Friday December 8, 2023, at 4:00 p.m. *Id.* However, fifteen minutes prior to the scheduled conference, at 3:45 p.m. on December 8, 2023, Defendants' counsel cancelled the meet and confer due to an unexplained "issue…which impacts [the meet and confer] ***and the Rule 30(b)(6) deposition***." *Id.* (emphasis added). Defendants have yet to explain

[3] On October 2, 2023, NOCO moved the Court to extend case deadlines, including the discovery deadline, considering the delayed production and required depositions, which was granted by the Court on October 12, 2023 (Non-document entry).

[4] NOCO also supplemented its initial responses to Aukey's First Set of Interrogatories and amended its Initial Disclosures.

[5] NOCO and Amazon have been in ongoing discussions with respect to the documents and deposition subpoena issued to Amazon. NOCO has presently noticed the deposition of Amazon's Fed. R. Civ. P. 30(b)(6) representative for December 18, 2023. While these discussions remain ongoing and NOCO intends to move forward with the deposition, Amazon's counsel has advised the undersigned that Amazon intends to oppose and resist NOCO's deposition subpoena, further jeopardizing the January 3, 2024 fact discovery deadline.



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 **| Mobile:** 216.538.8695 **| jjp@KJK.com**

this issue that is now prejudicing NOCO from taking the depositions prior to the January 3, 2024 fact discovery deadline.

III. Despite Swearing Under Penalty of Perjury, Defendants Failed to Notify NOCO that Ms. Shi Wenyu is No Longer Employed by Aukey.

Even more concerning is Defendants' failure to timely notify NOCO that Aukey's "Senior Operations Manager (for Amazon Operations)," Ms. Shi Wenyu ("***Ms. Shi***"), is no longer employed by Defendant(s). *See id.*; *see also* ECF ## 11-1 (the "***Shi Declaration***") and 16-1 (the "***Supplemental Shi Declaration***" and with the Shi Declaration, the "***Declarations***"). In the briefing surrounding NOCO's motion for preliminary injunction (ECF ## 5, 11, 14, 16, and 17), Defendants heavily relied on the Declarations as a factual basis for their arguments. Defendants then identified Ms. Shi as "Aukey personnel" with knowledge related to this lawsuit in Defendants' responses to NOCO's First Set of Interrogatories and identified her in Defendants' Rule 26(a)(1) Initial Disclosures. Aukey's March 3, 2023 Verified Supplemental Responses and Objections to NOCO's First Set of Interrogatories are attached as **Exhibit I**, and Defendants' Rule 26(a)(1) Initial Disclosures are attached as **Exhibit J**. Ms. Shi also attended the September 7, 2022 mediation between the Parties.

On December 6, 2023, Defendants' counsel notified NOCO's counsel—for the first time—that Ms. Shi was no longer employed by Aukey and that she had left "over a year ago." *See* Exh. H. However, Aukey's "Legal affair director," Wu Bo, swore under penalty of perjury that as of March 3, 2023, Ms. Shi was still "Aukey personnel" in her role as "Senior Operations Manager (Amazon Operations)." *See* Exh. I at p. 11. NOCO raised this issue with counsel for Defendants on December 6, 2023, and requested that Defendants produce Ms. Shi voluntarily or provide her last known address. Now, given Defendants' unexplained issues with respect to NOCO's requested depositions, locating and subpoenaing Ms. Shi for deposition may require additional time for discovery, which could have been avoided had Defendants timely notified NOCO.

IV. Because Aukey Issued Improper Objections and WorldUS and HuiMing Failed to Respond, NOCO's RFAs Should Be Deemed Admitted or the Court Should Require Defendants to Provide Sufficient Responses.

As detailed above, Defendants' responses to the RFAs require the Court to deem the RFAs admitted or the Court should require Defendants to provide sufficient responses. Despite issuing individual RFAs upon each Defendant, Defendants submitted joint responses. While the Parties have discussed a stipulation as to Defendants' corporate identities, no stipulation has been entered into and Defendants have not responded to NOCO's December 4, 2023 proposal. Fed. R. Civ. P. 36(a) permits the Court to deem the RFAs admitted for failure to respond. Fed. R. Civ. P. 36(a)(6); *see also Sherwin-Williams Co. v. Wooster Brush Co.*, Case No. 5:12CV3052, 2014 U.S. Dist. LEXIS 26806, at *4 (N.D. Ohio



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | **jjp@KJK.com**

Mar. 3, 2014) (deeming requests for admissions admitted where plaintiff made specific requests for admissions and defendant responded generally).

At issue are Defendants' responses to RFAs Nos. 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 18, 19, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, and 32. The general form of Defendants' objections to the RFAs is "Defendants object to this [RFA] as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding [the RFA]." First, such boilerplate objections are improper, especially when the RFA requests specific information, such as here. *See* Exh. A; *Sherwin-Williams Co.*, 2014 U.S. Dist. LEXIS 26806, at *4; *Meggitt v. Neema, LLC (In re Meggitt)*, Case No. 17-30029, 2018 Bankr. LEXIS 521, at *9-10 (N.D. Ohio Feb. 27, 2018). Even if not considered boilerplate responses (which they are), the plain language of Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Indeed, discovery requests are deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)*; see also In re Heparin Products Liability Litigation*, 273 F.R.D. 399, 406 (N.D. Ohio 2011).

Here, NOCO requests specific information related to: (i) Defendants' continued sales on the Amazon Marketplace under the "Hulkman" and "Fanttik" brands; (ii) Tacklife products; (iii) NOCO products; (iv) advertisements and interactions on the Amazon Marketplace; and (v) Amazon Marketplace features such as product reviews and votes. Despite these categories directly relating to the facts and damages alleged in the Complaint, Defendants refuse to provide an admission or denial on the basis of relevancy.

As a result, NOCO requests referral to a Judicial Officer pursuant to Local Rule 37.1 to discuss the discovery issues referenced above. Please contact me at your earliest convenience to discuss further.

**Thank you**,

**JON J. PINNEY**

**Managing Partner | KJK**

cc: Jon W. Groza, Esq., Nathan F. Studeny, Esq., Kyle D. Stroup, Esq.
Peter James Curtin, Esq., Jay R. Campbell, Esq., Carter S. Ostrowski, Esq.