IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NOCO COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  CASE NO.:   1:20-cv-02322 |
| AUKEY TECHNOLOGY CO., LTD., et al., | ) )  JUDGE DAVID A. RUIZ |
| Defendants. | ) ) ) ) ) ) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants Aukey Technology Co., Ltd. ("Aukey"), Shenzhenshi Jaingyun Shangmaoyouxiangongsi ("HuiMing"), and Wodeshijikeji Shenzhen Youxiangongsi's ("WorldUS") (collectively "Aukey" or "Defendants") hereby provide the following Responses and Objections (the "Responses") to Plaintiff The NOCO Company's First Set of Requests for Admissions dated January 20, 2022 (the "Requests"). These Responses represent the state of Defendants' knowledge as of the date of this document and are made solely for the purposes of this action.

**GENERAL OBJECTIONS AND STATEMENTS
WITH RESPECT TO PLAINTIFF'S REQUESTS FOR ADMISSION**

The following responses are based upon information presently available to Defendants, which Defendants believe to be correct. Discovery has just begun, and Defendants consequently do not presently know of all relevant facts, relevant documents, or witnesses who have knowledge

1

concerning this matter. For these reasons, Defendants expressly reserve the right to supplement the Responses, if necessary or appropriate, and the Responses are made without prejudice to Defendants' right to use subsequently discovered facts or documents. This Reservation is incorporated into each of the responses set forth below.

By answering these Requests, Defendants do not acknowledge that the information contained therein is admissible or even relevant to the claims or defenses in this litigation. Many Requests evince NOCO's desire to range far afield from the allegations in the Complaint to hunt for evidence of wrongdoing in anything and everything Defendants may have done while selling products on the Amazon Marketplace. Defendants reserve the right to object to the use of these Responses for any purpose, in this or any other proceeding, action or matter; to object to further inquiry with respect to the subject matter of these Requests; and to object to the admissibility at trial of these Responses, including without limitation all objections on the grounds that such information is not relevant to the subject matter involved in the action or to the claims or defenses of any party.

Defendants hereby incorporate the following General Objections into each of its Responses to each Request as though fully stated and set forth therein, which Responses are made without waiver of any of these General Objections.

1.      Defendants object to any definitions and instructions to the extent they are vague, ambiguous, overly broad, unduly burdensome, exceed the usual and ordinary meaning of the words defined therein or go beyond the permissible scope of discovery as set forth in the applicable Rules of Civil Procedure and Local Rules of the Court. Defendants will interpret the referenced words in accordance with their usual and customary meaning and in accordance with the applicable Rules of Civil Procedure and Local Rules of the Court.

2. Defendants object to each Request to the extent it is vague, ambiguous, and/or fails to provide clear definitions or explanation of the terms and phrases used therein.

3. Defendants object to each Request to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, or information subject to protection as trial preparation material, or information protected from discovery by any other applicable privileges, or information which is otherwise immune from discovery. Defendants' Responses will not use, rely upon, or reflect any information or materials protected by the attorney-client privilege, the work product doctrine, or other available legal privileges or protections against discovery.

4. Defendants object to each Request to the extent that it is not limited to a relevant or reasonable period of time or to the time period at issue in this case on the grounds that it is overly broad, unduly burdensome, and harassing in that it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendants object to any Request, or portion thereof, that seeks information regarding all TACKLIFE products on the grounds that such Requests are overly broad, immaterial, burdensome, and harassing for seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Hundreds of products bearing the TACKLIFE brand were sold in the Amazon Marketplace, and the vast majority of those products (well over 95%) have never competed with a NOCO product and have nothing to do with this litigation.

6. Defendants object to each Request to the extent it is vague, ambiguous, overly broad, and/or seeks the disclosure of information not relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant will respond to such Requests to the extent that Plaintiff seeks

relevant information or information reasonably calculated to lead to the discovery of admissible evidence.

7. Defendants object to each Request, or portion thereof, that is harassing, unreasonably cumulative, or duplicative.

8. Defendants object to each Request to the extent it seeks information subject to any duty of confidentiality or confidentiality agreement between Defendants and any third-party or to any privacy rights or confidentiality obligations.

9. Defendants object to each Request to the extent it seeks information that is confidential, proprietary, or contains trade secrets, and Defendant provide such information subject to the terms and conditions contained in a protective order to be entered in this matter, and until such time a protective order is entered, subject to the procedures and protections provided in the Local Civil Rules.

10. Defendants object to each Request, Definition, or Instruction to the extent it seeks discovery that is inconsistent with or enlarges the scope of discovery under the applicable Rules of Civil Procedure and Local Rules of the Court.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1. Defendants object to the definitions of "NOCO," "Plaintiff," "Aukey," "HuiMing," "WorldUS," "You," "Defendants," "3P Defendants" and "Amazon" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that they purport to expand each of those entities to include third parties once but no longer connected to them, third parties never under their control, and third parties unconnected to and never connected to them, thereby seeking information Defendants could not reasonably be expected to know about actions which cannot be attributed to them performed by entities which

4

they may not even know exist. For example, the terms "affiliates" and "associates" encompass an amorphous and ill-defined, but presumably large, group for any company -- even more so when expanded to include "their . . . predecessors, successors, and assigns." And the definition of a corporate entity cannot reasonably be defined in this context to include "any other person . . . purporting to act on their behalf [i.e., acting without authority] and their . . . predecessors, successors, and assigns."

2. Defendants object to the definitions of the terms "NOCO Product" and "NOCO Products" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because they purport to define those terms to include "any and all items listed for sale or sold by . . . Amazon on the Amazon Marketplace during the Relevant Time Period." Amazon itself sells about twelve million products on the Amazon Marketplace, and those products frequently change. *See https://www.bigcommerce.com/blog/ amazon-statistics/#a-shopping-experience-beyond-compare.* Only a miniscule portion of those products have anything to do with NOCO, the Defendants, or this litigation.

3. Defendants object to the definitions of the terms "Interact" or "Interactions" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that they purport to define those terms using verbiage no clearer or more specific than the original term. By way of example, the phrase "selection, or other engagement with any feature on the Amazon Marketplace" encompasses reading, or even looking at, a web page.

4. Defendants object to each of the three definitions of the term "identify" as overly broad and unduly burdensome in that those definitions purport to impose duties on Defendants which exceed those imposed by the applicable Federal Rules of Civil Procedure and Local Civil

Rules. Defendants will follow the Federal Rules of Civil Procedure and Local Civil Rules when responding to discovery requests.

5. Defendants object to the definition of the term "concerning" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it purports to define "concerning" as meaning (in addition to its unspecified "usual and customary meaning" and "without limitation" and "directly or indirectly") no less than twenty-one additional terms or phrases, many of which are no more clear or specific than the original term. Defendants will make no attempt to traverse this linguistic maze but will apply their good faith understanding of the usual and customary meaning of the word "concerning" when answering discovery requests.

6. Defendants object to the definitions of "evidencing," "pertain," "with respect to," "relating," "relate to," "relate," or "related" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that Plaintiff purports to define those seven disparate terms as each as meaning (in addition to their unspecified "usual and customary meaning" and "either directly or indirectly" and "in whole or in part") no less than twenty-five additional terms or phrases, many of which are no more clear or specific than the original term. Again, Defendants will apply their good faith understanding of the usual and customary meanings of the defined terms when answering discovery requests.

**SPECIFIC OBJECTIONS TO INSTRUCTIONS**

1. Defendants object to Plaintiff's third, fourth, fifth, sixth, and seventh instructions to the extent that they purport to impose burdens or duties on Defendants which exceed those imposed by the Federal Rules of Civil Procedure and Local Civil Rules. Defendants will comply with the Federal Rules of Civil Procedure and Local Civil Rules when responding to discovery.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS**

Within the limitations set forth above, Defendants incorporate each of their general objections, as applicable, into each of the below responses and provides the following specific objections and responses to Plaintiff's First Set of Requests for Admission as follows:

**REQUEST FOR ADMISSION NO. 1:** Admit that You listed Tacklife Products for sale on the Amazon Marketplace.

**RESPONSE:** Subject to and without waiving the General and Specific Objections above, and further noting that the mark/brand is "TACKLIFE", Defendants respond as follows: Admitted.

**REQUEST FOR ADMISSION NO. 2:** Admit that You currently offer jump starter products under the "Fanttik" brand name for sale on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations regarding a FANTTIK brand in the Complaint.

**REQUEST FOR ADMISSION NO. 3:** Admit that You currently offer jump starter products under the "Hulkman" brand name for sale on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations regarding a HULKMAN brand in the Complaint.

7

**REQUEST FOR ADMISSION NO. 4:** Admit that You currently offer automotive accessory products under the "Fanttik" brand name for sale on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations regarding a FANTTIK brand in the Complaint.

**REQUEST FOR ADMISSION NO. 5:** Admit that You currently offer automotive accessory products under the "Hulkman" brand name for sale on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations regarding a HULKMAN brand in the Complaint.

**REQUEST FOR ADMISSION NO. 6:** Admit that You currently advertise jump starter products for sale on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding Defendants' advertising.

**REQUEST FOR ADMISSION NO. 7:** Admit that You currently advertise automotive accessory products for sale on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope

of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding Defendants' advertising.

**REQUEST FOR ADMISSION NO. 8:** Admit that You previously engaged persons to Interact with advertisements on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding interactions with advertisements.

**REQUEST FOR ADMISSION NO. 9:** Admit that You had Communications with Amazon related to the placement of NOCO Products in the Browse Nodes.

**RESPONSE:** Defendants object to this Request as vague, ambiguous, overly broad, and designed to produce a misleading response in that it makes no distinction between types of communications, timing of communication, channels of communication, or who initiated that communication.

Subject to and without waiving their General and Specific Objections, Defendants admit that there were communications during the Relevant Time Period between Aukey personnel and representatives of Amazon regarding NOCO's improper Browse Node listings.

**REQUEST FOR ADMISSION NO. 10:** Admit that the Tacklife Products were removed from the Amazon Marketplace as a result of, in whole or in part, the Data Breach.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding the Data Breach or regarding the alleged conduct mentioned in the public reporting on the Data Breach.

**REQUEST FOR ADMISSION NO. 11:** Admit that the Tacklife Products were removed from the Amazon Marketplace due to Your solicitation of reviews or product ratings on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding solicitation of reviews or product ratings.

**REQUEST FOR ADMISSION NO. 12:** Admit that You solicited reviews for the Tacklife Products listed for sale on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding solicitation of reviews for the TACKLIFE Products.

**REQUEST FOR ADMISSION NO. 13:** Admit that You contacted Amazon regarding the placement of the Best Seller Badge on Tacklife Products.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding contacts with Amazon concerning the Best Seller Badge.

**REQUEST FOR ADMISSION NO. 14:** Admit that You contacted Amazon regarding the placement of the Best Seller Badge on NOCO Products.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope

of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding contacts with Amazon concerning the Best Seller Badge.

**REQUEST FOR ADMISSION NO. 15:** Admit that You contacted Amazon regarding the placement of the Amazon Choice Badge on Tacklife Products.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding contacts with Amazon concerning the Amazon Choice Badge.

**REQUEST FOR ADMISSION NO. 16:** Admit that You contacted Amazon regarding the placement of the Amazon Choice Badge on NOCO Products.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding contacts with Amazon concerning the Amazon Choice Badge.

**REQUEST FOR ADMISSION NO. 17:** Admit that You solicited product reviews for the NOCO Products listed for sale on the Amazon Marketplace.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants respond as follows: Denied.

**REQUEST FOR ADMISSION NO. 18:** Admit that You solicited product reviews for the Tacklife Products listed for sale on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding solicitation of product reviews for the TACKLIFE Products.

**REQUEST FOR ADMISSION NO. 19:** Admit that You solicited product reviews for one or more product(s) listed for sale by You on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding solicitation of product reviews for Defendant' products.

**REQUEST FOR ADMISSION NO. 20:** Admit that You solicited Interactions with the product rating feature of the Amazon Marketplace for the NOCO Products listed for sale on the Amazon Marketplace.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants respond as follows: Denied.

**REQUEST FOR ADMISSION NO. 21:** Admit that You solicited Interactions with the product rating feature of the Amazon Marketplace for the Tacklife Products listed for sale on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding solicitation of Interactions with the product rating feature of the Amazon Marketplace for TACKLIFE Products.

**REQUEST FOR ADMISSION NO. 22:** Admit that You solicited Interactions with the product rating feature of the Amazon Marketplace for one or more product(s) listed for sale by You on the Amazon Marketplace.

**RESPONSE**: Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope

of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding solicitation of Interactions with the product rating feature of the Amazon Marketplace for product(s) sold by Defendants on the Amazon Marketplace.

**REQUEST FOR ADMISSION NO. 23:** Admit that You solicited Interactions with the helpful votes feature (as pictured below) of the Amazon Marketplace for the NOCO Products listed for sale on the Amazon Marketplace.

965 people found this helpful

Helpful | Report abuse

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding solicitation of Interactions with the helpful votes feature of the Amazon Marketplace for NOCO Products.

**REQUEST FOR ADMISSION NO. 24:** Admit that You solicited Interactions with the helpful votes feature (as pictured below) of the Amazon Marketplace for the Tacklife Products listed for sale on the Amazon Marketplace.

965 people found this helpful

Helpful | Report abuse

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding

solicitation of Interactions with the helpful votes feature of the Amazon Marketplace for TACKLIFE Products.

**REQUEST FOR ADMISSION NO. 25:** Admit that You solicited Interactions with the helpful votes feature (as pictured below) of the Amazon Marketplace for one or more product(s) listed for sale by You on the Amazon Marketplace.

965 people found this helpful

Helpful | Report abuse

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding solicitation of Interactions with the helpful votes feature of the Amazon Marketplace for Defendants' products.

**REQUEST FOR ADMISSION NO. 26:** Admit that NOCO Products were removed from the Amazon Marketplace as a result of, in whole or in part, of Your comments, inquiries, statements, or complaints about NOCO Products.

**RESPONSE:** Defendants object to this Request as calling for speculation, because Defendants do not know and cannot fairly be expected to know Amazon's internal decision-making process, or the motivations of the Amazon personnel involved in removal decisions.

Subject to and without waiving its General and Specific Objections, Defendants respond as follows: Denied. Defendants are not aware of any NOCO products being removed from the Amazon Marketplace after (or as a result of) any action by Defendants.

14

**REQUEST FOR ADMISSION NO. 27:** Admit that product reviews were published on the Amazon Marketplace as a result of, in whole or in part, Your solicitations or engagements with consumers.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26 to the extent that it seeks an admission regarding solicitation of product reviews for Defendants' products.  There are no allegations in the Complaint regarding solicitation of product reviews for Defendants' products.

To the extent that this Request seeks an admission regarding solicitation of product reviews for NOCO Products, Defendants respond as follows: Denied.

**REQUEST FOR ADMISSION NO. 28:** Admit that product reviews were published on the Amazon Marketplace as a result of, in whole or in part, Your solicitations or engagements with purchasers of Tacklife Products.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26 to the extent that it seeks an admission regarding solicitation of product reviews for Defendants' products.  There are no allegations in the Complaint regarding solicitation of product reviews for Defendants' products.

To the extent that this Request seeks an admission regarding solicitation of product reviews for NOCO Products, Defendants respond as follows: Denied.

**REQUEST FOR ADMISSION NO. 29:** Admit that You contract with or had agreements with third parties related to Tacklife Products listed for sale on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope

of discovery under Fed. R. Civ. P. 26 to the extent that it seeks an admission regarding solicitation of product reviews for Defendants' products. There are no allegations in the Complaint regarding agreements with third parties related to TACKLIFE Products.

Defendants further object to this Request as ambiguous and designed to produce a misleading Response because the language encompasses any type of contract or agreement, including supply agreements, purchase orders, shipping contracts, etc.

**REQUEST FOR ADMISSION NO. 30:** Admit that You directed third parties to Interact with advertisements of NOCO Products on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding Interactions with advertisements of NOCO Products.

**REQUEST FOR ADMISSION NO. 31:** Admit that You directed third parties to Interact with advertisements of Tacklife Products on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope of discovery under Fed. R. Civ. P. 26. There are no allegations in the Complaint regarding Interactions with advertisements of TACKLIFE Products.

**REQUEST FOR ADMISSION NO. 32:** Admit that You did not inform Amazon that You are currently selling products on the Amazon Marketplace.

**RESPONSE:** Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the proper scope

of discovery under Fed. R. Civ. P. 26.  There are no allegations in the Complaint regarding Defendants selling products on the Amazon Marketplace.

Defendants further object to this Request as ambiguous and designed to produce a misleading Response because it could easily be read to require the same Response whether or not Defendants were "currently selling products on the Amazon Marketplace."

Date:  March 24, 2022            Respectfully submitted,

/s/ *Peter J. Curtin*
Peter J. Curtin (*pro hac vice*)
Yichen Cao, Ph.D.
**ARCH & LAKE LLP**
203 North LaSalle Street, Suite 2100
Chicago, IL 60601
Telephone: (312) 558-1369
Facsimile: (312) 614-1873 (fax)
Email: pete_curtin@archlakelaw.com

Jay R. Campbell (0041293)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:    216.592.5000
Facsimile:    216.592.5009
E-mail: jay.campbell@tuckerellis.com
       david.bernstein@tuckerellis.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was sent to all counsel of record via electronic mail on this 24th day of March, 2022.

                                                     */s/Peter J. Curtin*
                                                     Peter J. Curtin

                                                     *Counsel for Defendants*