

**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | **jjp@KJK.com**

**KJK**.com

**VIA EMAIL**

**May 19, 2022**

Peter J. Curtin                              Jay R. Campbell
Yichen Cao, Ph.D.                          David A. Bernstein
Arch & Lake LLP                            Tucker Ellis LLP
203 North LaSalle Street, Suite 2100    950 Main Avenue, Suite 1100
Chicago, Illinois 60601                   Cleveland, Ohio 44112
pete_curtin@archlakelaw.com            jay.campbell@tuckerellis.com
yichencao@archlakelaw.com              david.bernstein@tuckerellis.com

**RE:**  ***The NOCO Company v. Aukey Technology Co., Ltd., et al.,***
       **U.S. District Court, Northern District of Ohio, Case No. 1:20-cv-02322**

Dear Pete:

Please be advised that Defendants Aukey Technology Co., Ltd. ("***Aukey***"), Shenzhenshi Jaingyun Shangmaoyouxiangongsi ("***HuiMing***") and Wodeshijikeji Shenzhen Youxiangongsi's ("***WorldUS***") (collectively, "***Defendants***") have failed to sufficiently respond to Plaintiff The NOCO Company's ("***NOCO***") (together with Defendants, the "***Parties***") January 20, 2022 Interrogatories, Requests for Production, and Requests for Admissions (collectively, the "***Requests***"). Although NOCO provided Defendants with an additional thirty (30) days to respond to the Requests, Defendants' March 24, 2022 discovery responses (the "***Responses***") are deficient in a number of material ways. Please contact me by <u>May 23, 2022</u>, to discuss potential resolutions to the following issues in accordance with our mutual obligations to meet and confer pursuant to Fed. R. Civ. P. 37.

   I.   <u>Deficiencies Applicable to All Responses</u>

One of more of the Defendants failed to respond to the Requests. NOCO served Aukey, HuiMing, and WorldUS with separate sets of Requests and instructed each Defendant to respond individually. Defendants submitted the Responses jointly—on behalf of all Defendants. However, because Defendants each maintain their own corporate identities, Defendants' joint Responses continue to muddy the cloudy lines of corporate boundaries identified in Defendants' Declaration in Support of its Brief in Opposition (ECF # 11-1), which

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center  +  29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center  +  Suite 1900
Columbus OH 43125

**MERITAS** ®
LAW FIRMS WORLDWIDE

{K0827791.5}



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | **jjp@KJK.com**

NOCO previously asserted were entirely unclear. *See* ECF ## 11-1; 14 at 4. As a result, please submit responses specific to each Defendant.

Defendants generally lob unpersuasive relevancy-based objections throughout their Responses. The plain language of Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." This Circuit has determined that the Federal Rules of Civil Procedure permit broad discovery. *See United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976); *see also Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Therefore, without dispute, the Court must construe "relevancy" broadly and will not limit discovery to the precise allegations set out in the pleadings or to the merits of the case. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Indeed, discovery requests are deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. *See id; see also In re Heparin Products Liability Litigation*, 273 F.R.D. 399, 406 (N.D. Ohio 2011). Accordingly, Defendants should withdraw their relevancy-based objections throughout the Responses.

Likewise, Defendants object to the Requests on the basis of privilege. Tellingly, Defendants' Responses did not include privilege logs that would provide NOCO (or the Court) a reasonable opportunity to challenge Defendants' classification of certain documents and/or information as privileged and/or subject to protection. If Defendants are withholding documents or information on the basis of privilege, Fed. R. Civ. P. 26(b)(5) plainly requires Defendants to produce privilege logs that describe documents, communications, or other tangible things that are being withheld in a manner that enables NOCO to assess Defendants' claims of privilege. To the extent Defendants are withholding responsive information on the basis of privilege, Defendants must supplement their Responses, individually, with a privilege log as the Federal Rules of Civil Procedure require.

Defendants also object to any Request that seeks information or documents regarding Tacklife Products that Defendants sold on the Amazon Marketplace. For purposes of illustration, Defendants' joint general objection number six to NOCO's Requests for Production states, "Defendants object to any request, or portion of thereof, that seeks information regarding all TACKLIFE products or all of Defendants' products on the grounds that the Request is overly broad, immaterial, burdensome, and harassing in that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Aukey sold hundreds of products bearing the TACKLIFE brand in the Amazon Marketplace at any one time, and the vast majority of those products (well over 95%) never competed with a NOCO product and have nothing to do with this litigation." In the Parties Rule 26(f) report, submitted to the Court on December 1, 2021 (ECF # 32), the Parties identified information

---

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center + 29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center + Suite 1900
Columbus OH 43125

**KJK**.com

A LAW FIRM
**BUILT FOR BUSINESS**

2

{K0827791.5}



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | **jjp@KJK.com**

regarding "business information related to the marketing and sale of portable jump staters and automotive accessories...sales data and related information for the TACKLIFE jump starters" as relevant to the litigation. NOCO understood that when it discussed "Tacklife Products" in the Requests, Defendants understood that term to pertain and concern Tacklife branded jump starters and automotive accessories, as the Parties contemplated in the Rule 26(f) report. Further, because Amazon removed Tacklife Products from the Amazon Marketplace, NOCO was unable to specifically identify, with hyperlinks and/or ASINs, each and every listing. Thus, to the extent any responsive information and/or documents pertaining to Tacklife Products is being withheld on this basis, please supplement Defendants' Responses.

Further, as it relates to discussions between the Parties, NOCO is still awaiting Defendants' approval of or comments to the proposed stipulated protective order. NOCO understands Defendants were previously concerned about designations of experts as it relates to Highly Confidential Information, as that term is defined therein. The most recent draft should provide the Parties sufficient protection. Accordingly, please confirm your approval of the stipulated protective order or provide your comments on or before May 27, 2022, as it's clear that the protective order is necessary for the Parties to productively engage in discovery.

As for any claim that the Requests seek information outside of Defendants' possession, custody, and control, at a minimum, Defendants should specifically identify what documents are outside of their possession, custody, and control. Additionally, to the extent that these documents are in the possession, custody, or control of an entity that Defendants have a working relationship with, Defendants should request these documents from that entity or provide sufficient information that will permit NOCO to issue a subpoena or conduct necessary third-party discovery with respect to the appropriate third parties.

Defendants also  object to certain Requests and claim that the corresponding Request does not contain a temporal limitation, which is incorrect. NOCO clearly set forth temporal limitations in its Requests that conform to the applicable statute of limitations. For example, in NOCO's Interrogatories to HuiMing, NOCO states, "[u]nless otherwise set forth herein, the Interrogatories seek information concerning the period of time between January 1, 2019 through the date of actual production...[t]he Interrogatories seek information and Documents that refer or relate to the Relevant Time Period, regardless of when the information was prepared." *See* NOCO's First Set of Interrogatories to HuiMing at p. 13. Accordingly, NOCO will consider Defendants' baseless objections related to temporal limitations withdrawn.

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center  +  29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center  +  Suite 1900
Columbus OH 43125

**KJK**.com

A LAW FIRM
**BUILT FOR BUSINESS**

{K0827791.5}



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 **| Mobile:** 216.538.8695 **| jjp@KJK.com**

II.      Interrogatory Deficiencies

In addition to the deficiencies applicable to all of the Responses set forth above, Defendants' Responses to NOCO's First Set of Interrogatories are deficient for several reasons. At the outset, Defendants' Interrogatory Responses were not submitted under oath, despite NOCO's specific instruction. Again, given the multiple Defendants and blurred corporate lines, it is crucial that NOCO understands who is responding on behalf of each Defendant. It is equally crucial so that NOCO may identify necessary deponents.

*Responses to Interrogatories No. 5, 8, 10-11, 14-15, 17-18:* Defendants generally conclude that these Interrogatories contain multiple discrete subparts. Defendants use this excuse as a basis for objecting to Interrogatories No. 15-19 as exceeding the 25 interrogatories permitted under Fed. R. Civ. P. 33(a)(1). However, Defendants fail to provide any explanation whatsoever as to how or why they have concluded that these Interrogatories contain multiple, discrete subparts. Thus, at a minimum, please explain how and why Defendants reached this unfounded conclusion for each Interrogatory listed above.

*Interrogatory No. 6:* Defendants' ASINs with respect to jump starters and automotive accessories are necessary for NOCO to conduct third-party discovery. Defendants' refusal to provide ASINs impedes NOCO's ability to specifically identify products Defendants sold on the Amazon Marketplace, which in turn, causes vagueness and ambiguity issues with third parties.

*Responses Interrogatories No. 11-19:* Defendants generally conclude that the Interrogatories seek information outside the proper scope of discovery under Fed. R. Civ. P. 26 without providing any explanation. "The mere statement by a party that an interrogatory or request for production is…irrelevant is not adequate to voice a successful objection.'" *See In re Heparin Prods. Liab. Litig.,* 273 F.R.D. at 410 (quoting *Kafele v. Javitch, Block, Eisen & Rathbone*¸ Case No. 03-638, 2005 WL 5095186, at *2 n.8 (S.D. Ohio April, 20, 2005). Additionally, Defendants are not permitted to simply state that documents do not exist or are outside Defendants' possession, custody, or control as there are likely individuals or representatives of Defendants that have information requested by each Interrogatory. Thus, please provide specificity, as required, about how and why Defendants believe the information sought pursuant to these Interrogatories is irrelevant.

III.     Requests for Production Deficiencies

As set forth in Section I, above: (i) Defendants' objection on relevancy grounds to various Requests for Production is unfounded; (ii) Defendants are required to produce a privilege log so that NOCO can assess the nature of the documents Defendants are objecting to

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center  +  29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center  +  Suite 1900
Columbus OH 43125

**KJK**.com

A LAW FIRM
**BUILT FOR BUSINESS**

4

{K0827791.5}



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | **jjp@KJK.com**

producing; and (iii) Defendants are required to identify documents not in their possession, custody, or control such that NOCO can use third-party discovery to obtain these documents. By May 27, 2022, please produce the requested documents in their native forms as set forth in NOCO's instructions to the Requests for Production, a privilege log, and identify any third party that may possess the requested documents with specificity.

Defendants indicated that they would produce certain responsive documents in their possession but have failed to produce a single document of discovery to date. Accordingly, by May 27, 2022, please provide documents in their native form that Defendants have identified in the Responses to Requests for Production Nos. 2, 3, 4, 5, 7, 8, 10, 11, 12, 14, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26, 27, 29, 30, and 33.

*Requests for Productions Nos. 13, 19, and 20:* Please provide some dates and times during May 2022 such that NOCO and Defendants can meet and confer as stated in these particular Responses.

*Request for Production No. 28:* Defendants' tax information is highly relevant to its revenue generated as a result of Defendants' concerted effort to manipulate the Amazon Marketplace to their advantage. As stated above, the Northern District of Ohio construes "relevance" broadly. Accordingly, please produce the tax returns and other financial information requested.

*Request for Production No. 32:* Defendants promised to produce documents once a stipulated protective order is in place. Again, NOCO is awaiting Defendants' comments and believes the previous draft submitted adequately addresses Defendants' concerns.

IV.    <u>Requests for Admissions Deficiencies</u>

Defendants again lodge unfounded relevancy objections to several Requests for Admission. Defendants' entire relevancy argument is based on a misguided theory that information is irrelevant unless it is specifically referenced in an allegation contained in the Complaint. Whether an allegation exists in a complaint is not the determinative test for relevancy in discovery. *See Oppenheimer Fund, Inc.,* 437 U.S. at 351. As long as there is any possibility that the information may be relevant to the general subject matter of the action, then the information requested is deemed relevant. *See In re Heparin Products Liability Litigation*, 273 F.R.D. at 399.  Even still, Defendants object to certain Requests for Admissions related to advertising on the Amazon Marketplace by claiming that no such allegation exists in the Complaint. However, the Complaint specifically discusses Defendants' advertising on the Amazon Marketplace. *See* ECF # 1 at ¶ 91. Thus, Defendants' objection on the basis of relevancy here is baseless and should be withdrawn.  Accordingly, by May 27, 2022, each

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center + 29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center + Suite 1900
Columbus OH 43125

**KJK**.com

A LAW FIRM
**BUILT FOR BUSINESS**

5

{K0827791.5}



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | **jjp@KJK.com**

Defendant should provide a response to Requests for Admissions Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, and 32.

I trust that this letter adequately addresses the issues raised in Defendants' Responses. However, if Defendants intend to stand by their objections, please provide dates and times during May 2022 to meet and confer regarding any unresolved issues as required by Fed. R. Civ. P. 37.

**THIS LETTER DOES NOT PURPORT TO BE A COMPLETE STATEMENT OF THE LAW, THE FACTS, PLAINTIFF'S RIGHTS OR POTENTIAL CLAIMS, AND THIS LETTER IS WITHOUT PREJUDICE TO PLAINTIFF'S LEGAL AND EQUITABLE RIGHTS, ALL OF WHICH ARE EXPRESSLY RESERVED.**

Sincerely,

**JON J. PINNEY**

**Managing Partner | KJK**

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center + 29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center + Suite 1900
Columbus OH 43125

**KJK**.com

A LAW FIRM
**BUILT FOR BUSINESS**

6

{K0827791.5}