

JON J. PINNEY | Managing Partner

Direct: 216.736.7260 | Mobile: 216.538.8695 | jjp@KJK.com

**VIA EMAIL**

**June 16, 2022**

| | |
|---|---|
| Peter J. Curtin | Jay R. Campbell |
| Yichen Cao, Ph.D. | David A. Bernstein |
| Arch & Lake LLP | Tucker Ellis LLP |
| 203 North LaSalle Street, Suite 2100 | 950 Main Avenue, Suite 1100 |
| Chicago, Illinois 60601 | Cleveland, Ohio 44112 |
| pete_curtin@archlakelaw.com | jay.campbell@tuckerellis.com |
| yichencao@archlakelaw.com | david.bernstein@tuckerellis.com |

**RE:** *The NOCO Company v. Aukey Technology Co., Ltd., et al.,*
*U.S. District Court, Northern District of Ohio, Case No. 1:20-cv-02322*

Pete:

Thank you for meeting with us on Thursday, June 9, 2022, to discuss Defendants' combined responses (the "***Responses***") to Plaintiff The NOCO Company's ("***NOCO***" and together with Defendants, the "***Parties***") First Set of Requests for Production (the "***Requests for Production***"), First Set of Requests for Admissions ("***Request for Admissions***"), and First Set of Interrogatories ("***Interrogatories***") (collectively, the "***Requests***"). This letter serves to memorialize our meet-and-confer and identify each Party's next steps.

### I.  Relevancy-Based Objections

As an initial matter, the Parties discussed Defendants' relevancy-based objections that were raised throughout the Responses to the Requests. Primarily at issue was the scope of discovery as it relates to NOCO's and Defendants' products. The Parties agreed that, in accordance with their December 1, 2021 Rule 26(f) report (ECF # 32), the scope of discovery should initially be limited to TACKLIFE and NOCO branded jump starters and automotive accessories. In particular, the Parties agreed to narrow the definition of "Tacklife Product"[1] and "Tacklife Products" to include only jump starters and automotive accessories currently or previously sold by one or more Defendants on the Amazon Marketplace.

The Parties also discussed Defendants' relevancy-based objections as it relates to the Takedown, Data Breach, and any related investigation by Amazon. Defendants maintain that

---

[1] Any capitalized term not defined herein shall take the definition as set forth in the Requests.

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center  +  29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center  +  Suite 1900
Columbus OH 43125

**KJK**.com

A LAW FIRM
**BUILT FOR BUSINESS**

1

{K0827791.5}



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 **| Mobile:** 216.538.8695 **|** jjp@KJK.com

any Documents, Communications, or related information are not relevant to the Action. Indeed, you stated that it is unlikely Defendants produce any Documents, Communications, or related information with respect to the Takedown, Data Breach, or any related investigation absent an order from the Court. In contrast, NOCO asserts that those Documents, Communications, and related information are highly relevant to the Action and constitute direct evidence of Defendants' manipulation of the Amazon Marketplace. The Parties understand that future meet-and-confers may be necessary, which may culminate in discovery dispute briefings.

In addition, the Parties discussed temporal limitations that NOCO placed upon the Requests. Specifically, NOCO initially defined the Relevant Time Period as "the time between January 1, 2019 through the date of production, inclusive of the start and end dates." *Requests for Production* at Definition 49, page 13. After clarification, Defendants agreed that the Relevant Time Period, as initially defined, is acceptable.

### II.     Combined Responses and Corporate Identity

The Parties also discussed Defendants' failure to separately respond to the Requests. As we discussed and set forth in our May 19, 2022 letter, Defendants' combined responses only further cloud Defendants' corporate identities. In response, you stated that Defendants may be willing to stipulate that HuiMing and WorldUS are agents and/or affiliates of Aukey, were acting at the direction of Aukey, and/or would not have acted without Aukey's approval. You agreed to confer with Aukey regarding this issue. NOCO reserves its rights to request separate, individualized responses to the Requests in the future.

### III.    Defendants' ASINs

The Parties also considered Defendants' objection to NOCO's Interrogatory No. 6, which requested the ASINs of the products sold by Defendants on the Amazon Marketplace. The Parties agreed to limit the list of ASINs requested to those specific TACKLIFE branded jump starters and automotive accessories at issue in the Action. NOCO asserts that identifying the TACKLIFE branded products by ASIN will facilitate future discovery in this Action, enhance discussions amongst the Parties, and aide in identifying products for dispositive motions or trial. Accordingly, you agreed to confer with Defendants regarding their response.

### IV.    Stipulated Protective Order

You acknowledged that we are awaiting your comments and/or edits to the proposed stipulated protective order NOCO previously sent. As NOCO understands, the previous issues related to highly confidential, attorneys' eyes only designations with respect to disclosures to experts. NOCO believes that the revisions it previously made are sufficient to

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center  +  29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center  +  Suite 1900
Columbus OH 43125

**KJK**.com

A LAW FIRM
**BUILT FOR BUSINESS**

2

{K0827791.5}



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 **| Mobile:** 216.538.8695 **| jjp@KJK.com**

address your concerns, but we welcome discussion in order to facilitate the Parties' exchange of documents.

### V. Document Production

We also discussed Defendants' privilege-based objections, search terms, and forms of production. Defendants agreed to produce a privilege log, as required under the Federal Rules of Civil Procedure, if Defendants withhold Documents, Communication, or related information on the basis of privilege. Additionally, to facilitate the retrieval and production of discoverable Documents, Communications, and related information, NOCO agreed to provide Defendants with initial search terms in the coming days. We also agreed that the Parties should produce documents in native and portable document forms, but should you believe that an additional discussion related to form of production is necessary, please let us know.

### VI. Future Discussions

Recognizing the progress the Parties have made, we agreed to further discuss the Requests for Admissions and Interrogatories at a later date. With that being said, please let us know Defendants' response related to Interrogatory No. 6 regarding the ASINs. While we look forward to continuing our discussions, in the meantime, please let us know if Defendants intend to supplement or amend their Responses to the Requests for Admissions or Interrogatories in light of our meet-and-confer.

If you believe that any of the foregoing is inaccurate, please let us know; otherwise, we will assume that the foregoing is an accurate representation of our conference. In light of the foregoing, please note that NOCO does not waive and is preserving all of its rights, and NOCO is not limiting the Requests in any way and is instead intending to reach a compromise to facilitate initial discovery in the Action.

**THIS LETTER DOES NOT PURPORT TO BE A COMPLETE STATEMENT OF THE LAW, THE FACTS, PLAINTIFF'S RIGHTS OR POTENTIAL CLAIMS, AND THIS LETTER IS WITHOUT PREJUDICE TO NOCO'S LEGAL AND EQUITABLE RIGHTS, ALL OF WHICH ARE EXPRESSLY RESERVED.**

**Sincerely**,

*/s/ Jon J. Pinney/*

**JON J. PINNEY**

**Managing Partner | KJK**

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center + 29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center + Suite 1900
Columbus OH 43125

**KJK**.com

A LAW FIRM
**BUILT FOR BUSINESS**