

**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | jjp@KJK.com

**VIA EMAIL**

**November 10, 2023**

| | |
|---|---|
| Peter J. Curtin | Jay R. Campbell |
| Yichen Cao, Ph.D. | Anthony R. Petruzzi |
| Arch & Lake LLP | Carter S. Ostrowski |
| 203 North LaSalle Street | Tucker Ellis LLP |
| Suite 2100 | 950 Main Avenue, Suite 1100 |
| Chicago, Illinois 60601 | Cleveland, Ohio 44112 |
| pete_curtin@archlakelaw.com | jay.campbell@tuckerellis.com |
| yichencao@archlakelaw.com | anthony.petruzzi@tuckerellis.com |
| | carter.ostrowski@tuckerellis.com |

RE:  *The NOCO Company v. Aukey Technology Co., Ltd., et al.,*
U.S. District Court, Northern District of Ohio, Case No. 1:20-cv-02322

Pete:

I write in follow-up to my letter of June 22, 2023, as well as our previous discussions about discovery in this matter. Specifically, Defendants Aukey Technology Co., Ltd. ("***Aukey***"), Shenzhenshi Jiangyun Shangmaoyouxiangongsi ("***HuiMing***"), and Wodeshijikeji Shenzhen Youxiangongsi's ("***WorldUS***" and collectively, the "***Defendants***") responses to Plaintiff The NOCO Company's ("***NOCO***") First Set of Requests for Admissions ("***RFAs***") and First Set of Interrogatories ("***Interrogatories***") remain deficient.

Additionally, enclosed are draft Fed. R. Civ. P. 30(b)(6) notices for each of Defendants' corporate representatives, including designated topics for deposition; NOCO's First Supplemental Objections and Responses to Defendant Aukey Technology Co., Ltd.'s First Set of Interrogatories; and NOCO's Amended Initial Disclosures.

Please contact me by November 15, 2023, to discuss resolving Defendants' deficiencies pursuant to Fed. R. Civ. P. 37, the proposed topics for examination pursuant to Fed. R. Civ. P. 30(b)(6), and deposition dates prior to the revised fact discovery cutoff.

  I.  <u>Defendants Must Either Individually Respond to the Discovery Requests or Stipulate as to Their Corporate Identities.</u>

As we discussed at a prior, June 9, 2022 discovery conference, despite NOCO issuing individual discovery requests to each of the Defendants separately, Defendants issued combined responses to NOCO's Requests for Production, RFAs, and Interrogatories, which clouds Defendants' corporate identities. During our previous conference, you stated that you would confer with Defendants to determine if Defendants will stipulate that HuiMing

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center + 29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center + Suite 2500
Columbus OH 43125

**KJK**.com

A LAW FIRM
**BUILT FOR BUSINESS**

1



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 | **Mobile:** 216.538.8695 | jjp@KJK.com

and WorldUS are agents and/or affiliates of Aukey and/or would not have acted without Aukey's approval or direction in order to clarify the corporate identities of each Defendant. Please advise as to whether Defendants will agree to such a stipulation.

  II.  <u>Defendants' Must Withdraw Their Objections to the RFAs and Provide Substantive Responses in Accordance with Fed. R. Civ. P. 36(a).</u>

Defendants assert improper relevancy-based objections throughout their responses to the RFAs and Interrogatories. Indeed, in response to RFAs Nos. 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 18, 19, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, and 32, Defendants refuse to respond, provide a general objection as to relevancy, and state that "[t]here are no allegations" in the Complaint related to the RFA.

First, such boilerplate objections are improper Fed. R. Civ. P. 36(a). *See Meggitt v. Neema, LLC (In re Meggitt)*, Case No. 17-30029, 2018 Bankr. LEXIS 521, at *9-10 (N.D. Ohio Feb. 27, 2018). Further, the plain language of Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The Sixth Circuit has emphasized that the Federal Rules of Civil Procedure permit broad discovery. *See United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976); *see also Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Therefore, without dispute, the Court must construe "relevancy" broadly and will not limit discovery to the precise allegations set out in the pleadings or to the merits of the case. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Discovery requests are deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. *See id; see also In re Heparin Products Liability Litigation*, 273 F.R.D. 399, 406 (N.D. Ohio 2011).

Therefore, Defendants must withdraw their boilerplate, relevancy-based objection to RFAs Nos. 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 18, 19, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, and 32 and respond accordingly. Should Defendants fail to do so by November 22, 2023, NOCO intends to move the Court for an order declaring that Defendants have admitted the RFAs.

  III.  <u>Defendants Must Produce a Privilege Log.</u>

Defendants have objected to NOCO's discovery requests on the basis of privilege. However, Defendants' responses did not include a privilege log that would provide NOCO (or the Court) a reasonable opportunity to analyze Defendants' classification of certain documents and/or information as privileged and/or subject to protection. If Defendants are withholding documents or information on the basis of privilege, Fed. R. Civ. P. 26(b)(5) plainly requires Defendants to produce privilege logs that describe documents, communications, or other tangible things that are being withheld in a manner that enables NOCO to assess Defendants' claims of privilege. To the extent Defendants are withholding

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center + 29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center + Suite 2500
Columbus OH 43125

KJK.com

A LAW FIRM
**BUILT FOR BUSINESS**

2



**JON J. PINNEY | Managing Partner**

**Direct:** 216.736.7260 **| Mobile:** 216.538.8695 **| jjp@KJK.com**

responsive information on the basis of privilege, Defendants must supplement their responses, individually, with a privilege log as the Federal Rules of Civil Procedure require.

    IV.    <u>Verification to the Interrogatories.</u>

Defendants' responses to the Interrogatories remain deficient as Defendants' responses to the Interrogatories were not submitted under oath. Although your March 25, 2022 email correspondence indicated that Defendants' verifications were forthcoming, to date, we have not received Defendants' verifications. Accordingly, please provide Defendants' verifications to the responses to the Interrogatories as required under Fed. R. Civ. P. 33(b)(3).

In light of the foregoing, please be advised that NOCO is not waiving and does not intend to waive, but rather is preserving and intends to preserve, all of its rights related to Defendants' document production, including but not limited to challenging the sufficiency of Defendants' production and Defendants' confidentiality designations, as well as Defendants' responses to NOCO's RFAs and Interrogatories.

**THIS LETTER DOES NOT PURPORT TO BE A COMPLETE STATEMENT OF THE LAW, THE FACTS, PLAINTIFF'S RIGHTS OR POTENTIAL CLAIMS, AND THIS LETTER IS WITHOUT PREJUDICE TO NOCO'S LEGAL AND EQUITABLE RIGHTS, ALL OF WHICH ARE EXPRESSLY RESERVED.**

**Sincerely**,

*[signature]*

**JON J. PINNEY**
**Managing Partner | KJK**

encl.

---

| **CLEVELAND** | **COLUMBUS** | **KJK**.com |
|---|---|---|
| 1375 East Ninth Street | 10 West Broad Street | A LAW FIRM |
| One Cleveland Center + 29th Floor | One Columbus Center + Suite 2500 | **BUILT FOR BUSINESS** |
| Cleveland OH 44114 | Columbus OH 43125 | |