**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **THE NOCO COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CASE NO.:   1:20-cv-02322** |
| v. ) | |
| ) | **JUDGE DAVID A. RUIZ** |
| **AUKEY TECHNOLOGY CO., LTD., et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

---

**DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS**
**TO NOCO'S FIRST SET OF INTERROGATORIES**

---

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, Defendants Aukey Technology Co., Ltd. ("Aukey"), Shenzhenshi Jiangyun Shangmaoyouxiangongsi ("HuiMing"), and Wodeshijikeji Shenzhen Youxiangongsi ("WorldUS") (collectively "Aukey" or "Defendants") hereby provide the following Supplemental Responses and Objections (the "Responses") to Plaintiff The NOCO Company ("NOCO") First Set of Interrogatories dated January 20, 2022 (the "Interrogatories"). These Responses represent the state of Defendants' knowledge as of the date hereof and are made solely for the purposes of this action.

**GENERAL OBJECTIONS AND**
**STATEMENTS REGARDING PLAINTIFF'S INTERROGATORIES**

The following Responses are based upon information presently available to Defendants, which Defendants believe to be correct.  Discovery is ongoing and Defendants consequently do not presently know of all facts, relevant documents, or witnesses who have knowledge concerning this matter.  For these reasons, Defendants expressly reserve the right to supplement these Responses if necessary or

1

appropriate, and Defendants make these Responses without prejudice to their right to use or rely upon subsequently discovered facts, documents, or witnesses.  These Responses are neither intended as, nor shall they be deemed, admissions or representations that further information, documents, or witnesses do not exist.  This reservation is incorporated into each of the Responses set forth below.

By answering these Interrogatories, Defendants do not acknowledge that the information contained herein is admissible.  Defendants reserve the right to object to the use of information produced in response to these Interrogatories for any purpose, in this or any other proceeding, action, or matter; to object to further inquiry with respect to the subject matter of these Interrogatories; and to object to the admissibility at trial of any information produced in response to these Interrogatories, including without limitation, all objections on the grounds that such information is not relevant to the subject matter involved in the action or to the claims or defenses of any party.  In instances where Defendants agrees to produce certain documents, the documents will be electronically provided or made available for inspection and copying at the offices of Defendant's counsel of record or a location otherwise mutually agreed upon by the parties.

Defendants hereby incorporate the following General Objections into each of their Responses to each Interrogatory as though fully stated and set forth therein, which Responses are made without waiver of any of these General Objections.

## **GENERAL RESPONSES AND OBJECTIONS**

1.      Defendants object to the Interrogatories, as well as the definitions ("Definitions") and instructions ("Instructions") contained therein, to the extent that they purport to impose obligations greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules,

and/or any other applicable laws or rules. Defendants will follow the applicable Rules of Civil Procedure and Local Rules of the Court in responding to the Interrogatories.

2.      Defendants object to the Interrogatories, as well as the Definitions and Instructions contained therein, to the extent that they call for the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or rule.  Such information will not be produced. Any production thereof is inadvertent and shall not be, or be deemed to be, a waiver of any such privilege, immunity, or protection from disclosure.

3.      Defendants object to the Interrogatories, as well as the Definitions and Instructions contained therein, to the extent that they seek information that constitutes or discloses trade secrets or other confidential and/or proprietary information of the Defendants, other than in accordance with the protective order(s) applicable to this case.

4.      Defendants object to the Interrogatories, as well as the Definitions and Instructions contained therein, to the extent that they call for the production of information in the possession, custody, or control of persons or entities other than the Defendants.  Defendants will produce only documents and information in Defendants' possession, custody, or control, after a reasonable search has been conducted.

5.      Defendants object to the Interrogatories, as well as the Definitions and Instructions contained therein, to the extent that they call for speculation by seeking information or admissions from Defendants concerning the actions, conduct, motivations, and intentions of third parties beyond Defendants' control.

6.      Defendants object to the Interrogatories, as well as the Definitions and Instructions contained therein, to the extent that they seek admissions from Defendants concerning events, occurrences, and actions in which Defendants were not involved.

7.      Defendants object to the Interrogatories, as well as the Definitions and Instructions contained therein, to the extent that they seek documents or information that cannot be practicably ascertained or obtained by Defendants.

8.      Defendants object to the Interrogatories to the extent they seek information or documents already known to NOCO or its agents; information available to NOCO from documents in its own files or from public sources that are equally accessible to NOCO as they are to the Defendants; or information or documents obtainable by NOCO from a public source or some other source available to NOCO that is more convenient, less burdensome, less expensive, or from which the burden of deriving or ascertaining the information or documents is substantially the same for NOCO as for Defendants.

9.      Defendants' responses to any of the Interrogatories will not be an admission or acknowledgement that such Interrogatories call for information that is relevant to the subject matter of this action.  Defendants expressly reserves the right to contend at trial, or in any other or subsequent proceeding in this action, that such response is inadmissible, irrelevant, and/or not the proper basis for discovery.

10.     Nothing contained in any response shall be deemed to be an admission, concession, or waiver by Defendants of the validity of any claim, defense or position asserted by NOCO in this case or any other related action.

11.     Any responses to the Interrogatories set forth below by Defendants are based upon Defendants' present knowledge and understanding and are subject to amendment and/or

4

supplementation as necessary, consistent with local rules and the FRCP.  Defendants reserve the right to supplement and/or modify any general objections, specific objections, and/or answers to each of the Interrogatories as additional information becomes available to Defendants throughout the course of these proceedings.

12.     Defendants' responses to the Interrogatories do not waive Defendants' right to challenge the materiality, authenticity, and/or admissibility of evidence in this action.  All objections as to materiality, authenticity, or admissibility of any information provided, or document or documents produced, are expressly reserved.

13.     An objection to a particular individual Interrogatory that relates to a document should not be construed to indicate that the documents in question actually exist.  Similarly, a response undertaking to produce documents pursuant to any particular Interrogatory should not be construed to indicate that any such documents exist.

14.     Each of the following responses and objections is consistent with, and without waiver of, these General Objections.  The General Objections shall apply to each of the Interrogatories regardless of whether a General Objection or a specific objection is stated after a particular Interrogatory.  The making of a specific objection to a particular Interrogatory is not intended to and does not constitute a waiver of any General Objection.

15.     Defendants object to the Interrogatories to the extent that they request or would require the disclosure or identification of email communications.  Emails will be produced in accordance with the agreement reached between counsel regarding search terms and custodians.

16.     Defendants object to the Interrogatories to the extent that those Interrogatories "including all discrete subparts" exceed the 25 interrogatory limit specified in Federal Rule of Civil Procedure 33(a)(1).

17.     Defendants object to the Interrogatories to the extent that the purpose or effect of the request is to harass and to cause hardship to the Defendants or to needlessly increase the cost of litigation.

## RULE 33(D) RESPONSES

In some instances, the answer to an Interrogatory may be derived or ascertained from Defendants' business records; from an examination, audit, or inspection of such business records; or a compilation, abstract, or summary based thereon and the burden of deriving or ascertaining the answer will be substantially the same for the Plaintiff as for Defendants.  Accordingly, in such instances the responses will reference Rule 33(d), and Defendants will, upon reasonable notice, agree to produce the records from which the response may be derived or ascertained for inspection and copying by Plaintiff.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Defendants object to the definitions of "NOCO," "Plaintiff," "Aukey," "HuiMing," "WorldUS," "You," "Defendants," "3P Defendants" and "Amazon" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that they purport to expand each of those entities to include third parties once but no longer connected to them, third parties never under their control, and third parties unconnected to and never connected to them, thereby seeking information Defendants could not reasonably be expected to know about actions which cannot be attributed to them performed by entities ore persons which they may not even know exist.  For example, the terms "affiliates" and "associates" encompass an amorphous and ill-defined, but presumably large, group for any company -- even more so when expanded to include "their . . . predecessors, successors, and assigns." And the definition of a corporate entity cannot reasonably be defined in this context

6

to include "any other person  .  .  .  purporting  to  act  on  their  behalf  [i.e., acting  without  authority] and  their.  .  .  . predecessors, successors, and assigns."

2.       Defendants object to the definitions of the terms "NOCO Product" and "NOCO Products" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because they purport to define those terms to include "any and all items listed for sale or sold by . . . Amazon on the Amazon Marketplace during the Relevant Time Period." Amazon itself sells about twelve million different products on the Amazon  Marketplace,  which  frequently  change.  *See  https://www.bigcommerce.com/blog/ amazon-statistics/#a-shopping-experience-beyond-compare.*  Only a miniscule portion of those products have anything to do with NOCO, the Defendants, or this litigation. Defendants' Responses are necessarily limited to products which they recognize as NOCO-branded products.

3.       Defendants object to each definition of the term "identify" as overly broad and unduly burdensome in that those definitions purport to impose duties on Defendants which exceed those imposed by the applicable Federal Rules of Civil Procedure and Local Civil Rules. Defendants will follow the Federal Rules of Civil Procedure and Local Civil Rules when responding to NOCO's discovery requests.

4.       Defendants object to the definition of the term "concerning" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it purports to define "concerning" as meaning (in addition to its unspecified "usual and customary meaning" and "without limitation" and "directly or indirectly") no less than twenty-one additional terms or phrases, many of which are no more clear or specific than the original term. Defendants will make no attempt to traverse NOCO's linguistic maze but will instead apply their good faith understanding of the usual and customary meaning of the word "concerning" when answering discovery requests.

5.        Defendants object to the definitions of "evidencing," "pertain," "with respect to," "relating," "relate to," "relate," or "related" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that Plaintiff purports to define those seven disparate terms as each meaning (in addition to their unspecified "usual and customary meanings"  and "either directly or indirectly" and "in whole or in part") no less than twenty-five additional terms or phrases, many of which are no more clear or specific than the original term.  Again, Defendants will apply their good faith understanding of the usual and customary meanings of the defined terms when answering discovery requests.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

1.        Defendants object to Plaintiff's fifth, sixth, seventh, eighth, ninth, tenth, and eleventh instructions to the extent that they purport to impose burdens or duties on Defendants which exceed those imposed by the Federal Rules of Civil Procedure and Local Civil Rules. Defendants will comply with the Federal Rules of Civil Procedure and Local Civil Rules.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Defendants incorporate by reference into each specific response and objection to each Request below, as though fully set forth therein, its General Responses and Objections.

**INTERROGATORY NO. 1:** Identify each person who is known or reasonably believed by You to have knowledge of any facts or information relevant to any of the claims, allegations, or facts stated in the Complaint. Your responses should include each person's address, phone number, and email address; each person's status or role with You; a brief summary of the facts or information that each person is believed to know or possess; and should identify the source and the location where the basis for each person's knowledge of facts or information is derived from or can be found.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are

specifically set forth herein. Defendants further object to this Interrogatory to the extent it seeks documents that are subject to protection under the attorney/client privilege, the attorney-work product doctrine, and/or were prepared in anticipation of litigation.

Defendants further object to this interrogatory on the basis that identifying "each person who is known or reasonably believed by You to have knowledge of any facts or information relevant to any of the claims, allegations, or facts stated in the Complaint" is overly broad, unduly burdensome, and not proportional to the needs of the case. This Interrogatory seeks the identity of an impossibly broad class of persons involved in a broad range of activities, most of which have no relevance to the claims or defenses in this litigation.

Defendants further object that the request for a summary of each individual's likely knowledge calls for speculation regarding information beyond Defendants' ken – particularly as to third-parties and employees or contractors of third parties who are not and never have been under Defendants' control.  Simply put, the quantity of information potentially encompassed by this "Interrogatory No. 1" is massive; there can be no detailed substantive answer to this Interrogatory due to its over breadth. The information sought far exceeds what could possibly be reasonably related to the claims or defenses of this case. For example, (using NOCO's definitions) the scope of this Interrogatory is broad enough to encompass: (1) the identity of any consumer who shopped for a TACKLIFE or a NOCO product listed in the Complaint, (2) any or all of Defendants' current or former employees connected to the sales of any TACKLIFE product  (even though the vast majority of the hundreds of TACKLIFE products have no connection to this litigation); (3) any NOCO employee connected to the Amazon Marketplace listings of NOCO products allegedly shifted from one Amazon Browse Node to another; and (4) any Amazon employee or contractor connected to the decision to move a NOCO Product; (5) any Amazon

employee or contractor who investigated such Browse Node changes or moved the NOCO Products; and (6) any Amazon employee or contractor who communicated with Mr. Jonathan Nook or other NOCO employees regarding the Browse Node issues. The identities of persons in the first category are irrelevant to this case. The identity and knowledge of the overwhelming majority of persons in the second category are irrelevant to this case. The identity and knowledge of the third parties in the third through sixth categories are not presently known to Defendants.

Defendants further object to this Interrogatory on the grounds that discovery has just begun and is ongoing, and Defendants are still identifying those with knowledge of facts or information relevant to the claims, allegations, or facts stated in the Complaint.

Subject to and without waiving the General and Specific objections above, Defendants respond as follows based on a review of NOCO's Complaint:  First, Defendants reasonably believe that no person has knowledge or information relevant to many of  the "claims, allegations, or facts stated in the Complaint" because, as Defendants made clear in their successful opposition to NOCO's Motion for Preliminary  Injunction, many of the "claims, allegations, or [alleged] facts" set forth in NOCO's Complaint have no basis – beginning with NOCO's allegations of a wrongful conspiracy between Defendants and Amazon over the course of a year to move a few NOCO products from one Amazon Browse Node into another Amazon Browse Node (while still keeping those products listed and selling on the Amazon Marketplace) and NOCO's scandalous intimations of potentially criminal conduct.

Second, based on NOCO's papers, various current or former employees or contractors of Amazon located at least in the United States, China, and India may have relevant knowledge or information. This group includes the anonymous Amazon personnel with whom Mr. Jonathan Nook and/or other NOCO personnel repeatedly communicated about these issues. The identities,

knowledge and contact information of such persons are unknown to Defendants, although some are known to NOCO.

Third, based on NOCO's papers, various current or former NOCO employees likely have relevant knowledge or information. The identities, knowledge and contact information of such persons are unknown to Defendants, although all of these are presumably known to NOCO. Defendants also identify Mr. Jonathan Nook, NOCO's Chief Visionary Officer and a declarant for NOCO in this litigation. NOCO presumably has Mr. Nook's contact information, and his declarations provide "a brief summary of the facts or information" he claims to possess.

Fourth, the Aukey personnel with knowledge of "facts or information" relevant to the "claims, allegations, or facts stated in the Complaint" include Ms. Shi Wenyu, Senior Operations Manager (Amazon Operations). Ms. Shi may be contacted through the undersigned counsel, and her two declarations in connection with the preliminary injunction briefing provide a general summary of Ms. Wenyu's relevant knowledge and the bases for her knowledge.

Defendants will identify their witnesses and other evidence as required by the Federal Rules of Civil Procedure, this Court's Local Rules, and the applicable Case Management Orders. Defendants reserve the right to amend and supplement its Response as discovery progresses.

**INTERROGATORY NO. 2:** Identify each person whom You expect to call as a fact or Expert Witness at any point in the Action. Your response should include each person's phone number, address, and email address.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.  Defendants further object to this Interrogatory as premature, in that discovery is ongoing and in its early stages. Defendants do not presently know whom they will call as a fact or expert witness in this case.

Subject to and without waiving the General and Specific objections above, Defendants respond as follows: Discovery is ongoing, and Defendants have not yet determined which fact and expert witnesses they may call as witnesses at trial. Defendants will disclose that information, including the fact and expert disclosures required by Federal Rule 26 and the Local Civil Rules according to the schedule established by the Court. When Defendants do so, those persons may be contacted through the undersigned counsel.

**INTERROGATORY NO. 3:** For each Expert Witness whom You expect to call as an Expert Witness at trial, identify each assumption that you or others working on Your behalf, including Your attorney(s), provided to the Expert Witness before Your Expert Witness formed the opinions the Expert Witness plans to express at trial.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.  Defendants further object to this Interrogatory as premature, in that discovery is ongoing and in its early stages. Defendants do not presently know whom they will call as an expert witness in this case.

Subject to and without waiving the General and Specific objections above, Defendants respond as follows: Discovery is ongoing, and Defendants have not yet determined which experts they may call as witnesses at trial. Defendants will provide the expert disclosures required by Federal Rule 26 and the Local Civil Rules according to the schedule established by the Court.

**INTERROGATORY NO. 4:** For each Request for Admission, which were served concurrently with these Interrogatories, for which lack of information or knowledge was claimed by You, identify specifically each step taken to attempt to answer said Request for Admission and identify each person contacted in attempting to answer the Request for Admission.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeking information not relevant to the claims and defenses in this lawsuit because it expressly seeks the identity of persons lacking relevant knowledge.

Subject to and without waiving the General and Specific objections above, Defendants respond  as follows: Defendants did not claim lack of information or knowledge as to any of NOCO's Requests for Admission.

**INTERROGATORY NO. 5:** For each Request for Admission which has been denied, either in whole or in part, state all bases for denial and Identify all Documents and information which support such denial and all persons and Documents known to You to possess information relevant to your denial.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory (rather blatantly) seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory as having multiple "discrete subparts" (at least five discrete subparts because Defendants denied five of NOCO's Requests for Admission in whole or in part (Nos. 17, 20, and 26-28).  Therefore, this "Interrogatory No. 5" comprises at least Interrogatory Nos. 5-9 of the 25 interrogatories permitted to NOCO by Federal Rule 33(a)(1). Defendants further object that this Interrogatory – with its demands to identify "all documents and information which support such denial" and "all persons and Documents known to . . possess [relevant] information" – is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence at least because of NOCO's definition of "You." Defendants further object that this Interrogatory is impossible to answer because it purports to require Defendants to identify "all Documents and information" that "support" [prove] a negative proposition. Defendants have no idea what documents they could identify that could

13

possibly "support" the facts that Defendants did not solicit reviews or ratings of NOCO Products.

Defendants further object that this Interrogatory is unduly burdensome and harassing because the documents sought fall within NOCO's Request for Production No. 4.

Subject to and without waiving the General and Specific objections above, Defendants respond that the bases for their denials are that the events NOCO sought admissions regarding which Defendants denied simply did not happen. Defendants further respond by incorporating herein their Response to NOCO's Request for Production No. 4 and will produce the documents identified in that Response pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 6:** Identify all ASINs which You sold or listed for sale on the Amazon Marketplace. Your response should include the ASIN, product description, and brand.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information that is not relevant to the claims and defenses in this lawsuit, and is not proportional to the needs of this case because it calls for the identification of "all ASINs" which "You" "sold or listed for Sale on the Amazon Marketplace." Defendants specifically object to the NOCO's definition of "You," its demand for information regarding "all ASINs" and the apparent lack of any temporal limitation related to this Interrogatory.

First, as NOCO well knows, Defendants were Amazon Sellers for years until Amazon closed Defendants' webstores for the TACKLIFE brand in May 2021. Therefore, this Interrogatory expressly seeks information relevant to activities occurring before and after the relevant time period for this litigation.

Second, as NOCO well knows, and as Defendants described in the Shi Declarations filed

as part of the briefing on NOCO's Motion for Preliminary Injunction, Defendants typically sold several hundred TACKLIFE-branded products in the Amazon Marketplace in a given year. More than 95% of those products never competed with a NOCO product and have no connection to the claims and defenses in this litigation.

Defendants further object to this Request to the extent that it seeks information that can be obtained from some other source more convenient, less burdensome, or less expensive and to the extent that it seeks information outside of Defendant's possession, custody, and control. As NOCO well knows, Amazon closed Defendants' webstores selling TACKLIFE products in May 2021. At the same time, Amazon locked Defendants out of their Amazon Marketplace Sellers portals and accounts. Defendants no longer have access to any documents of information stored therein. Therefore, it would take an extraordinary amount of time and effort for Defendants to piece together even a partial, incomplete list of ASINs which they sold or listed for sale on the Amazon Marketplace.

Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**Supplemental  Response to Interrogatory No. 6:**  Defendants incorporate by reference their General and Specific Objections set forth above.  Having  conferred with counsel for NOCO regarding the scope of this Interrogatory and confirmed that the Interrogatory seeks information regarding the TACKLIFE brand jump starters listed on the Amazon Marketplace from January 1, 2019, onward, Aukey provides the following supplemental response: The attached Exhibit A is an Excel spreadsheet listing, by model and ASIN, the TACKLIFE brand, lithium battery-powered handheld jump starters Aukey sold on the Amazon Marketplace during the relevant time period (from January 1, 2019, through the "Takedown" in April 2021).

**INTERROGATORY NO. 7:** Identify all third parties with whom You collaborate, engage, contract with, or otherwise work with concerning, relating, or pertaining to the Amazon Marketplace.

**RESPONSE:**  Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information that is not relevant to the claims and defenses in this lawsuit, and is not proportional to the needs of this case because it calls for the identification of "all third parties" with whom "You" "collaborate, engage, contract with, or otherwise work with" "concerning, relating, or pertaining to the Amazon Marketplace." Defendants specifically object to NOCO's definition of "You" for the reasons articulated above, and further object to the demand to identify "all third parties" whom Defendants work with in any way related to "the Amazon Marketplace." This Interrogatory would be remarkably broad if Defendants were still Amazon Sellers.  During the years when Defendants were selling products on the Amazon Marketplace, this  Interrogatory would have required the identification of suppliers, manufacturers, shippers, janitorial services, employment agencies, Amazon itself, etc., etc., most of whom have no connection whatsoever to the claims or defenses in this litigation.

Defendants further object to this Request to the extent that it seeks information outside of Defendant's possession, custody, and control. As NOCO well knows, Amazon closed Defendants' webstores selling TACKLIFE products in May 2021. At the same time, Amazon locked Defendants out of their Amazon Marketplace Sellers portals and accounts. Defendants no longer

16

have access to any documents of information stored therein.

Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**Supplemental Response to Interrogatory No. 7**:  Defendants incorporate by reference their General and Specific Objections set forth above.  Having met and conferred with counsel for NOCO regarding this Interrogatory, Aukey provides the following supplemental response:

During the time period relevant to this litigation, Aukey worked with certain third parties in connection with its sale of TACKLIFE jump starters on the Amazon Marketplace. Those third parties included most prominently Amazon, Inc., and relevant Amazon subsidiaries, and ZBAO Intl., Ltd. (the primary company that shipped the TACKLIFE jump starters). Aukey personnel handled "in-house" other functions related to Aukey's sale of TACKLIFE jump starters which some Amazon Sellers might outsource (*e.g.*, advertising, graphic artists, etc.).

**INTERROGATORY NO. 8:** Identify and describe Your process or efforts You undertook for advertising or otherwise promoting the Tacklife Products for sale on the Amazon Marketplace.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory as having multiple "discrete subparts" (at least two and arguably more). Therefore, this "Interrogatory No. 8" comprises at least Interrogatory Nos. 13-14 of the 25 interrogatories permitted to NOCO by Federal Rule 33(a)(1). Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information that is not relevant to the claims and defenses in this lawsuit, and is

not proportional to the needs of this case because it calls for the identification and description of the "process and efforts" undertaken by "You" for "advertising or otherwise promoting" "the Tacklife Products for sale on the Amazon Marketplace.".

Defendants object to NOCO's definition of "You" for the reasons articulated above. Defendants object to NOCO's demand for such information regarding "the Tacklife Products" for the reasons articulated above (hundreds of TACKLIFE products, the vast majority unrelated to this litigation). In this context, the demand for information regarding the "process and efforts" for "advertising or otherwise promoting" "the Tacklife Products" is so broad, vague, and ambiguous as to defy understanding and response.

Defendants further object to the apparent lack of any temporal limitation related to this Interrogatory because any information about such "process or efforts" undertaken when Defendants first began selling on the Amazon Marketplace, or at any point outside of the statute of limitations connected to NOCO's claims, seeks information not reasonably calculated to lead to the discovery of admissible evidence, not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case.

Defendants further object to  this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**Supplemental Response to Interrogatory No. 8**:  Defendants incorporate by reference their General and Specific Objections set forth above.  Having  met and conferred with counsel for NOCO  regarding  this Interrogatory,  Aukey  provides  the  following  supplemental  response describing  generally  its  typical  promotional  "processes  and  efforts"  to  promote  the  sale  of TACKLIFE jump starters on Amazon.com from January 1, 2019, onward:

During the time period relevant to this litigation, Aukey frequently placed advertisements

on the Amazon.com platform to promote the sale of TACKLIFE jump starters on the Amazon Marketplace. Those advertisements were the primary method Aukey used to advertise and promote its TACKLIFE jump starters on Amazon.

**INTERROGATORY NO. 9:** Identify and describe Your process or efforts undertook for listing or otherwise placing the Tacklife Products in a Browse Node.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information that is not relevant to the claims and defenses in this lawsuit, and is not proportional to the needs of this case because it calls for the identification and description of the "process and efforts" undertaken by "You" for "listing or otherwise placing" "the Tacklife Products into a Browse Node."

Defendants object to NOCO's definition of "You" for the reasons articulated above. Defendants object to NOCO's demand for such information regarding "the Tacklife Products" for the reasons articulated above (hundreds of TACKLIFE products, the vast majority unrelated to this litigation). In this context, the demand for information regarding the "process and efforts" for "listing or otherwise placing" "the Tacklife Products" goes far beyond the bounds of information related to the claims or defenses in this litigation.

Defendants further object to the apparent lack of any temporal limitation related to this Interrogatory because any information about such "process or efforts" undertaken when Defendants first began selling on the Amazon Marketplace, or at any point outside of the statute

of limitations connected to NOCO's claims, seeks information not reasonably calculated to lead to the discovery of admissible evidence, not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case.

Subject to and without waiving the General and Specific objections above, Defendants respond with the following general description of the "process and efforts" they used to list a TACKLIFE jump starter in the appropriate Browse Node when they were Amazon Sellers: Defendants would first search the Browse Node listings for competing products and then choose the Browse Node most commonly used for similar jump starters as the Browse Node for the TACKLIFE jump starter. Amazon only allows one Browse Node listing per product or ASIN. Defendants observed that NOCO repeatedly listed its jump starters in three Browse Nodes.

**INTERROGATORY NO. 10:** Identify and describe Your response to The Takedown or any efforts You undertook to relist or otherwise offer for sale the Tacklife Products on the Amazon Marketplace after The Takedown occurred.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this interrogatory to the extent that it contains at least 2 discrete subparts that count against NOCO's limits under Fed. R. Civ. P. 33(a)(1). Therefore, this "Interrogatory No. 10" comprises at least Interrogatory Nos. 14-15 of the 25 interrogatories permitted to NOCO by Federal Rule 33(a)(1). Defendants further object to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible information, and not proportional to the needs of the case, to the extent that the request encompasses efforts to relist or otherwise offer for sale TACKLIFE-branded products on the Amazon Marketplace that do not compete with NOCO Products and are not relevant to the claims or defenses in this case.

Defendants further object to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible information, and not proportional to the needs of the case both due to NOCO's definition of "You" and because Defendants' response to the events of May 2021 and any (unsuccessful) efforts to relist the products have no relevance to the claims or defenses in this litigation.

Defendants further object to this Interrogatory because it seeks information related to Defendants' actions after "the Takedown" – which has no relevance to the claims or defenses in this litigation, which NOCO filed in late 2020 and which focuses on events which allegedly occurred in 2019-2020.

Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**INTERROGATORY NO. 11:** Identify and describe the process, procedure, Documents, Communications, or any other method in which You became aware of the Data Breach or The Takedown.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory to the extent that it contains at least 2 discrete subparts that count against NOCO's limits under Fed. R. Civ. P. 33(a)(1). Therefore, this "Interrogatory No. 11" comprises at least Interrogatory Nos. 17-18 of the 25 interrogatories permitted to NOCO by Federal Rule 33(a)(1). Defendants further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not relevant to any party's claim or defense, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, it seeks information related to events and Defendants' actions

21

after "the Takedown" – a timeframe which has no relevance to the claims or defenses in this litigation, which NOCO filed in late 2020 and which focuses on events which allegedly occurred in 2019-2020 Moreover, Defendants similarly object to NOCO's definition of "You" for the reasons articulated above. That definition encompasses unrelated individuals who learned of The Takedown or the Data Breach and took no actions for or on behalf of the Defendants.

Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**INTERROGATORY NO. 12:** Identify and describe any click or interaction You had with any advertisement of a NOCO Product on the Amazon Marketplace.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants object to this Interrogatory as vague and ambiguous as to the use of the term "interaction," which remains undefined. For example, the term interaction combined with NOCO's definition of "You" is broad enough to encompass any time any of Defendants' current or former employees (or attorneys) have ever seen a NOCO advertisement on Amazon. Defendants will not include people merely looking or reading in this Response. This Interrogatory also encompasses online shopping activities at home by a maintenance worker previously employed by a Defendant, regardless of when such employment occurred, regardless of whether such "click or interaction" was during the term of employment, and regardless of whether such "click or interaction" was performed within the scope of the employment. Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information that is not relevant to

the claims and defenses in this lawsuit, and is not proportional to the needs of this case because it calls for the identification and description of any "interaction" by "You" "with any advertisement of a NOCO Product on the Amazon Marketplace." Defendants further object to NOCO's definition of "You" for the reasons articulated above.

Defendants further object to the apparent lack of any temporal limitation related to this Interrogatory because any information about such "click or interaction" since the Takedown or at any point outside of the statute of limitations for to NOCO's claims, is neither reasonably calculated to lead to the discovery of admissible evidence nor relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case.

Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**Supplemental Response to Interrogatory No. 12**:  Defendants incorporate by reference their General and Specific Objections set forth above.  Having met and conferred with counsel for NOCO regarding this Interrogatory, Aukey provides the following supplemental response:

During the time period relevant to this litigation, Aukey responds that no Aukey personnel acting within the scope of their duties (and, to the best of Aukey's knowledge, no Aukey personnel at all) or any other persons or entities acting on Aukey's behalf had any "click" or interaction with an advertisement for a NOCO product on the Amazon Marketplace except for sometimes seeing NOCO advertisements or product pages on Amazon.com (if that fits the definition of interaction).

**INTERROGATORY NO. 13:** Identify any jump starters or automotive accessories You are currently offering for sale on the Amazon Marketplace. Your response should include the product(s) ASIN, a description of the product, the Browse Node of the product, and the product(s) brand.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks

information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible information, and not proportional to the needs of the case, to the extent it would encompass products that do not compete with NOCO Products and are not relevant to the claims or defenses in this case. Defendants further object to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible information, and not proportional to the needs of the case both due to NOCO's definition of "You" and because it seeks information related to Defendants' current actions, which have no relevance to the claims or defenses in this litigation. NOCO filed this case in late 2020 and its Complaint focuses on events which allegedly occurred in 2019-2020.

Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**INTERROGATORY NO. 14:** Identify and describe any product review, product rating, helpful vote, or question and answer You published, either directly or indirectly, on the Amazon Marketplace with respect to any jump starter or automotive accessory.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory to the extent that it contains multiple discrete subparts (four and possibly five) that count against NOCO's limits under Fed. R. Civ. P. 33(a)(1). Therefore, this "Interrogatory  No. 14" comprises at least Interrogatory Nos. 21-24 of the 25 interrogatories permitted to NOCO by Federal Rule 33(a)(1). Defendants further object to this interrogatory as vague and ambiguous in its use of the term "indirectly publish." Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly

24

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information that is not relevant to the claims and defenses in this lawsuit, and is not proportional to the needs of this case because it calls for the identification and description of "any product review, product rating, helpful vote, or question and answer" published by "You" "directly or indirectly" on the Amazon Marketplace about "any jump starter or automotive accessory." Thus, the Interrogatory seeks information regarding events with no relevance to the claims or defenses in this litigation, including any of those actions performed as to products which are not NOCO Products or the TACKLIFE products which competed with NOCO products on the Amazon Marketplace. For example, this Interrogatory is so broad that it encompasses at home online shopping activities by current or former employees for wholly irrelevant products -- such as purchasing and then reviewing an OEM factory replacement automotive light bulb.

Defendants further object to NOCO's definition of "You" for the reasons articulated above. As noted for previous Interrogatories above, this Interrogatory is broad enough to encompass personal reviews, ratings, questions, answers or votes by any of Defendants' current or former employees (or attorneys) as to any jump starter or automotive accessory on the Amazon Marketplace, regardless of when such employment occurred, regardless of when such an action occurred, and regardless of such action was performed within the scope of the employment.

Defendants further object to the apparent lack of any temporal limitation related to this Interrogatory because any information about such actions undertaken at any point outside of the statute of limitations connected to NOCO's claims, or at any point since the Takedown, seeks information not reasonably calculated to lead to the discovery of admissible evidence, not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case.

25

Subject to and without waiving the General and Specific objections above, Defendants respond as follows: To the extent this Interrogatory seeks the identification of every "product review or product rating" Defendants published ("directly or indirectly") regarding any non-NOCO Product, Defendants object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26. To the extent this Interrogatory seeks the identification of every "product review or product rating" Defendants published ("directly or indirectly") regarding any NOCO Product, no such reviews or ratings exist. To the extent this Interrogatory seeks the identification of every "helpful vote, or question and answer" Defendants published ("directly or indirectly"), Defendants object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**Supplemental Response to Interrogatory No. 14**: Defendants incorporate by reference their General and Specific Objections set forth above. Having met and conferred with counsel for NOCO regarding this Interrogatory, Aukey provides the following supplemental response:

During the time period relevant to this litigation, Aukey reiterates for the sake of clarity that no Aukey personnel acting within the scope of their duties (and to the best of Aukey's knowledge no Aukey personnel at all) or other persons or entities acting on Aukey's behalf published or caused to be published a negative review of a NOCO product on the Amazon Marketplace.

**INTERROGATORY NO. 15:** Identify and describe any efforts undertaken by You or Your attempts at receiving the Best Seller Badge or Amazon Choice Badge.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory to the extent that it contains two discrete

subparts that count against NOCO's limits under Fed. R. Civ. P. 33(a)(1). Therefore, this "Interrogatory No. 15" comprises at least Interrogatory Nos. 25-26 of the 25 interrogatories permitted to NOCO by Federal Rule 33(a)(1). Defendants further object to the Interrogatory as vague and ambiguous and overly broad in its use of the terms "efforts" and "attempts" to receive the Best Seller Badge or Amazon Choice Badge. This Interrogatory is broad enough to encompass the mere act of listing a product for sale on the Amazon Marketplace. Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information that is not relevant to the claims and defenses in this lawsuit, and is not proportional to the needs of this case because it calls for the identification and description of the "any efforts" or "attempts" undertaken by "You" to receive the Amazon Best Seller Badge or Amazon Choice Badge (presumably for a product sold by Defendants). First, Defendants object to NOCO's definition of "You" for the reasons articulated above. Second, Defendants object to NOCO's demand for such information regarding all TACKLIFE products, the vast majority of which did not compete with NOCO Products and have no connection to any claims or defenses in this case.

Defendants further object to the apparent lack of any temporal limitation related to this Interrogatory because any information about such "efforts" and "attempts" undertaken when any point outside of the statute of limitations connected to NOCO's claims, or at any point since the Takedown would be irrelevant to any claims or defenses in the case, not reasonably calculated to lead to the discovery of admissible evidence, not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case.

Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**INTERROGATORY NO. 16:** Identify all IP Addresses used by You concerning, relating to, or pertaining to the Amazon Marketplace.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeking information that is not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case because it calls for the identification of "all IP Addresses used by You. . ." "… concerning, relating to, or pertaining to the Amazon Marketplace."

First, Defendants object to NOCO's definition of "You" as articulated above. Second, when combined with NOCO's overly broad definition of "concerning, relating or pertaining to" this Interrogatory is broad enough to encompass the IP Address of every current or former employee (or attorney) of Defendants who has ever done personal shopping on the Amazon Marketplace. The Interrogatory seeks this information regardless of when such employment occurred, regardless of when such use occurred, and regardless of whether such use was performed within the scope of the employment.

Defendants further object to the apparent lack of any temporal limitation related to this Interrogatory because any information about such actions undertaken at any point outside of the statute of limitations connected to NOCO's claims, or at any point since the Takedown, seeks information not reasonably calculated to lead to the discovery of admissible evidence, not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case.

Defendants further object to this Interrogatory because this "Interrogatory No. 16" is

actually Interrogatory 27 of the 25 permitted to NOCO under Fed. R. Civ. P. 33(a)(1). Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**INTERROGATORY NO. 17:** Identify and describe any investigation, audit, inspection, examination, or inquiry undertook by You or at Your direction related to The Takedown, the Data Breach, the Browse Nodes, or the Amazon Marketplace. To the extent any person(s) are Identified in response to Interrogatory No. 17, describe the activities and service(s) each person performed.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeking information that is not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case because it calls for the identification and description of "any investigation, audit, inspection, examination, or inquiry" "undertook by You or at Your direction" "related to The Takedown, the Data Breach, the Browse Nodes, or *the Amazon Marketplace*."

First, Defendants object to NOCO's definition of "You" as articulated above. Second, an Interrogatory directed to former Amazon Sellers seeking information about any "audit . . . examination, or inquiry" connected to "the Amazon Marketplace" seeks an extraordinary volume of information unconnected to any claim or defense at issue in this litigation.

Defendants further object to the apparent lack of any temporal limitation related to this Interrogatory because any information about such actions undertaken at any point outside of the statute of limitations connected to NOCO's claims seeks information not reasonably calculated to lead to the discovery of admissible evidence, not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case. Defendants further object to this Request to the

extent that it seeks information outside of Defendant's possession, custody, and control. As NOCO well knows, Amazon closed Defendants' webstores selling TACKLIFE products in May 2021. At the same time, Amazon locked Defendants out of their Amazon Marketplace Sellers portals and accounts. Defendants no longer have access to any documents of information stored therein.

Defendants further object to this Interrogatory because it contains multiple discrete subparts (five) that count against NOCO's limits under Fed. R. Civ. P. 33(a)(1). Therefore, this "Interrogatory No. 17" comprises at least Interrogatory Nos. 28-32 of the 25 interrogatories permitted to NOCO by Federal Rule 33(a)(1). Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

**INTERROGATORY NO. 18:** Identify and describe any investigation, audit, inspection, examination, or inquiry, of which You were the subject of, related to The Takedown, the Data Breach, the Browse Nodes, or the Amazon Marketplace. To the extent that any person(s) are Identified in response to Interrogatory No. 18, describe the activities and service(s) each person performed.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeking information that is not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case because it calls for the identification and description of "any investigation, audit, inspection, examination, or inquiry" "of which You were the subject of" "related to The Takedown, the Data Breach, the Browse Nodes, or *the Amazon Marketplace*."

First, Defendants object to NOCO's definition of "You" as articulated above. Second, an Interrogatory directed to former Amazon Sellers seeking information about any "investigation,

30

inspection . . . or inquiry" by Amazon or any other entity regarding their conduct on "the Amazon Marketplace" potentially seeks an extraordinary volume of information unconnected to any claim or defense at issue in this litigation.

Third, Defendants further object to the apparent lack of any temporal limitation related to this Interrogatory because any information about such actions regarding events outside of the statute of limitations connected to NOCO's claims seeks information not reasonably calculated to lead to the discovery of admissible evidence, not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case.

Fourth, Defendants further object to this Request to the extent that it seeks information outside of Defendant's possession, custody, and control. As NOCO well knows, Amazon closed Defendants' webstores selling TACKLIFE products in May 2021. At the same time, Amazon locked Defendants out of their Amazon Marketplace Sellers portals and accounts. Defendants no longer have access to any documents of information stored therein.

Fifth, Defendants further object to this Interrogatory because it contains multiple discrete subparts (at least four) that count against NOCO's limits under Fed. R. Civ. P. 33(a)(1). Therefore, this "Interrogatory No. 18" comprises at least Interrogatory Nos. 33-36 of the 25 interrogatories permitted to NOCO by Federal Rule 33(a)(1).

Finally, to the extent that this Interrogatory seeks information regarding "any investigation, audit, inspection, examination, or inquiry" "of which You were the subject of" "related to The Takedown, the Data Breach . . . or **_the Amazon Marketplace_**", Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Rule 26.

**<u>INTERROGATORY NO. 19:</u>** Without providing a narrative response, explain why Amazon removed the Tacklife Products from the Amazon Marketplace.

**RESPONSE:** Defendants incorporate by reference their General Objections as if they are specifically set forth herein. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product immunity.

Defendants further object to this Interrogatory as vague and confusing because the Interrogatory appears to require a narrative response while demanding a non-narrative response.

Defendants further object to this Interrogatory as calling for speculation, and information outside of Defendants' possession, custody, or control, in that it seeks information concerning the motivations and mental state of decision-makers in a third-party.

Defendants further object to this Interrogatory as overly broad, unduly burdensome and harassing, not reasonably calculated to lead to the discovery of admissible evidence, seeking information that is not relevant to the claims and defenses in this lawsuit, and not proportional to the needs of this case because it seeks confidential and sensitive business information regardless of whether that information is related to the claims or defenses at issue in this case.

Defendants further object to this Interrogatory as seeking information available from another source available to NOCO (i.e., Amazon) that is more convenient, less burdensome, less expensive, or from which the burden of deriving or ascertaining the information or documents is substantially the same for NOCO as for Defendants. Defendants further object to this Request to the extent that it seeks information outside of Defendant's possession, custody, and control. As NOCO well knows, Amazon closed Defendants' webstores selling TACKLIFE products in May 2021. At the same time, Amazon locked Defendants out of their Amazon Marketplace Sellers portals and accounts. Defendants no longer have access to any documents or information stored therein.

Defendants further object to this Interrogatory because this "Interrogatory  No. 19" is at least Interrogatory Nos. 37 of the 25 interrogatories permitted to NOCO by Federal Rule 33(a)(1). Defendants further object to this Interrogatory as seeking information outside the proper scope of discovery under Fed. R. Civ. P. 26.

Date:  March 3, 2023                                 As to objections,

*Peter J. Curtin*

Peter J. Curtin (*pro hac vice*)
Yichen Cao, Ph.D.
**Analects Legal LLC**
1212 S Naper Blvd. Suite #119-
    PMB 238
Naperville, IL 60540-7349
E-mail: pcurtin@analectslegal.com
Tel: 1.240.432.3267

Jay R. Campbell (0041293)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail:
jay.campbell@tuckerellis.com
        david.bernstein@tuckerellis.com

*Counsel for Defendants*

## **VERIFICATION OF INTERROGATORY ANSWERS**

I, Wu Bo, am  Legal affair director  for  Aukey technology co.,ltd. I hereby verify, based on

a reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge,

information, and belief.

I affirm under penalty of perjury that the foregoing is true and correct.

Executed on March  3  , 2023

Wu Bo
_____
Wu, Bo

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2023, a copy of the foregoing Defendants' Supplemental Responses and Objections to NOCO's First Set of Interrogatories was served on Plaintiff's counsel of record by electronic mail.

Respectfully submitted,

*/s/ Peter J. Curtin*
Peter J. Curtin
*Counsel for Defendants*
