IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NOCO COMPANY, | ) CASE NO. 1:20-cv-02322-SO |
| Plaintiff, | ) JUDGE SOLOMON OLIVER |
| v. | ) |
| AUKEY TECHNOLOGY CO., LTD., et al. | ) |
| Defendants. | ) |

**Defendants' Rule 26(a)(1) Initial Disclosures**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants Aukey Technology Co., Ltd., Shenzhenshi Jiangyun Shangmaoyouxuangongsi ("SJS"), and Wodeshijikeji Shenzhen Youxiangongsi ("WSY") (collectively "Aukey") make the following initial disclosures:

**A. Individuals Likely to Have Discoverable Information**

1. Ms. Shi Wenyu, Senior Operations Manager (Amazon Operations)
   c/o Peter J. Curtin & Yichen Cao
   ARCH & LAKE LLP
   203 N. LaSalle Street, Suite 2100
   Chicago, IL 60601

Ms. Shi will have information regarding Aukey's operations on Amazon relating to the marketing and sale of TACKLIFE products, including the TACKLIFE jump starters which competed with the NOCO products mentioned in the Complaint. Ms. Shi will also have information regarding Amazon policies and procedures governing Sellers, including Amazon's

1

policies and procedures as they pertain to Sellers' placement of their products in particular categories for groupings for search and sale ("browse nodes"). Ms. Shi will also have information regarding the procedures by which consumers or Amazon Sellers can register complaints with Amazon regarding a particular product listing. Ms. Shi will also have knowledge regarding the market for and competitors of the TACKLIFE jump starters in the United States and the sales data for those products.

    2. Mr. Jonathan Nook
       Chief Visionary Officer, The NOCO Company
       c/o Plaintiff's counsel

Mr. Nook will have information regarding NOCO's operations on Amazon relating to the marketing and sale of the NOCO jump starters and other power products which competed with the TACKLIFE products mentioned in the Complaint. Mr. Nook will also have information relating to the factual allegations in NOCO's Complaint, NOCO's Motion for Preliminary Injunction, the Nook Declaration dated 12/4/2020, and the Supplemental Nook Declaration dated 12/31/2020. Mr. Nook will have information regarding his and NOCO's communications with Amazon or Amazon personnel regarding the "Browse Node" incidents discussed in the Complaint, including but not limited to the communications listed in Paragraph 6 of the Supplemental Nook Declaration. Mr. Nook will also have information regarding Amazon policies and procedures governing Sellers, including Amazon's policies and procedures as they pertain to Sellers' placement of their products in particular categories for groupings for search and sale ("browse nodes"). Mr. Nook will also have information regarding the procedures by which consumers or Amazon Sellers can register complaints with Amazon regarding a particular product listing. Mr. Nook will also have knowledge regarding the market for and competitors of the NOCO jump starters in the United States and the sales data for those products.

3. Corporate Representative of The NOCO Company
   c/o Plaintiff's counsel

A corporate representative of NOCO will have information related to at least its corporate structure, employees, and the relevant sales data, profits, advertising, customer reviews and consumer complaints regarding NOCO jump starters.

4. Corporate Representative of Amazon, Inc.
   [presently unspecified]

A corporate representative of Amazon, Inc. and/or any subordinate entity responsible for managing the Amazon Marketplace at www.Amazon.com will have information regarding Amazon policies and procedures governing Sellers, including Amazon's policies and procedures as they pertain to Sellers' placement of their products in particular categories for groupings for search and sale ("browse nodes"). This representative will also have information regarding the procedures by which consumers or Amazon Sellers can register complaints with Amazon regarding a particular product listing. This representative will also have information related to any internal Amazon investigation into any facts underlying the allegations in NOCO's Complaint, Motion for Preliminary Injunction, and associated papers. This representative will also have information related to Mr. Nook's alleged communications with Amazon or Amazon personnel regarding the subject matter of NOCO's Complaint.

5. Aukey reserves the right to rely upon testimony provided or other discoverable information known by any individual listed in the Rule 26(a) disclosures or witness lists of Plaintiff NOCO, now or in the future.

6. Aukey reserves the right to rely upon testimony provided and other discoverable information known by any testifying expert presented by NOCO in this litigation.

7. There may be additional individuals, as yet unidentified by Aukey, who possess discoverable information. Aukey reserves the right to timely supplement these disclosures.

B. **Documents Likely to Contain Discoverable Information**

1. Aukey's electronically stored information and hard copy documents, which include certain documents showing the relevant sales data, costs and profits, advertising, and other marketing materials related to its TACKLIFE-branded jump starters. These also include any non-privileged documents, information or communications related to the subject matter of NOCO's Complaint or NOCO's Motion for Preliminary Injunction and associated documents.

2. NOCO's electronically stored information and hard copy documents, which include relevant sales data, profits, advertising and other marketing materials, consumer complaints and customer reviews, etc. regarding the NOCO jump starters and any documents or communications related to the subject matter of NOCO's Complaint or its Motion for Preliminary Injunction and associated documents.

3. Electronically stored information and hard copy documents within the possession custody and control of third-party Amazon, Inc., including Amazon documents related to the subject matter of NOCO's Complaint and NOCO's Motion for Preliminary Injunction and associated documents. Amazon also controls access to the Amazon accounts of Defendants' webstores, which may include relevant electronically stored information.

4. Aukey reserves the right to rely upon any electronically stored information and hard copy documents produced by Plaintiff NOCO or by any third-parties (whether or not produced pursuant to Rule 34 subpoenas) including any electronically stored information and hard copy documents filed with the Court as exhibits to filings or listed as trial exhibits by NOCO. Aukey reserves the right to timely supplement these disclosures.

5. There may be additional electronically stored information and hard copy documents which Aukey has not yet identified containing discoverable information. Aukey reserves the right to timely supplement these disclosures.

C. **Computation of Damages**

Aukey, having filed no counterclaims, asserts no damages at this time. Aukey reserves the right to timely supplement these disclosures should that change.

### D. Liability Insurance

Aukey has no liability insurance relevant to the claims in this litigation.

Respectfully submitted,

/s/ *Jay R. Campbell*
Jay R. Campbell (0041293)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:   216.592.5000
Facsimile:   216.592.5009
E-mail:jay.campbell@tuckerellis.com
          david.bernstein@tuckerellis.com

Peter J. Curtin (*pro hac vice*)
ARCH & LAKE LLP
203 North LaSalle Street
Suite 2100
Chicago, IL 60601
(312) 558-1369
(312) 614-1873 (fax)
(240) 432-3267 (cell)
pete_curtin@archlakelaw.com
*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jay R. Campbell