## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| THE NOCO COMPANY, | ) | |
| | ) | |
| | ) | Case No. 1:20-cv-02322-DAR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUKEY TECH. CO., LTD., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' UNOPPOSED MOTION TO STAY THE
## CASE DEADLINES PENDING TRANSITION OF DEFENSE COUNSEL

Defendants Aukey Technology Co., Ltd., Shenzhenshi Jiangyun Shangmaoyouxiangongsi, and Wodeshijikeji Shenzhen Youxiangongsi (collectively "Aukey" or "Defendants") respectfully request that this Court stay all deadlines in this case pending the upcoming transition of defense counsel, which Defendants expect to be accomplished fairly quickly despite the holiday season.

In sum, for the reasons set forth below, the Defendants hereby move this Court to: (a) stay all current pretrial deadlines pending the appearance of new lead counsel for Defendants, (b) instruct the parties to promptly notify the Court of such appearance, (c) further instruct the parties that, with the new defense counsel in place the parties shall promptly confer to develop a reasonably practical plan to accomplish the remaining fact discovery, and (d) further instruct the parties to petition the Court promptly for an appropriate extension of the stayed deadlines based on that agreed plan.

On December 21, 2023 and December 22, 2023, counsel for the parties conferred by videoconference and email, respectively, and Plaintiff does not oppose this Motion, or the relief requested.  In support of the Motion, the Defendants submit the following:

1.      On December 19, 2023, Defendants' undersigned lead counsel filed an Unopposed Motion for Leave to Withdraw as Counsel. (Doc. 54.) As set forth in that motion, after the required written notice, Defendants have consented to that withdrawal and Plaintiff does not oppose it.

2.      Aukey has begun to actively seek and interview potential new lead counsel for this litigation, and (even accounting for some delay due to the holidays) expects that new lead counsel will enter their appearance for Defendants within the next thirty days.

3.      When the new lead counsel appears in this case, Aukey's current local counsel at Tucker Ellis LLP will likely withdraw to allow the new counsel to choose their own co-counsel.

4.      On December 11, 2023, Plaintiff submitted a five-page letter brief to the Court regarding certain discovery issues.  (Doc. 53.)

5.      On December 13, 2023, the Court instructed Defendants to respond to Plaintiff's letter brief no later than December 27, 2023. (*See* [non-document] Order dated December 13, 2023.)

6.      Fact discovery is currently set to close on January 3, 2024. (*See* [non-document] Order dated October 12, 2023.)

7.      The current deadline for affirmative expert reports is February 26, 2024. (*Id.*)

8.      The current deadline for defensive expert reports is April 4, 2024. (*Id.*)

9.      The current deadline for rebuttal expert reports is May 2, 2024. (*Id.*)

10.     Expert discovery is currently set to close on May 30, 2024. (*Id.*)

11.     The remaining fact discovery needed cannot, practically speaking, be completed by January 3, 2024.

12.     Specifically, Defendants completed their document production on October 2, 2023, and NOCO produced its documents on November 22, 2023. Some document discovery (or at least

some exchange of financial information) remains before the parties can complete depositions, because neither party has produced documents or summary financial information sufficient to show unit sales, sales revenue, costs, profits, etc., of the relevant products during the relevant time.

13.     Both sides have issued corporate deposition notices and Defendants have issued three individual deposition notices. Defendants have now served Objections and Responses to NOCO's Rule 30(b)(6) Deposition Notice. The parties have begun to confer regarding the timing and (as to the corporate depositions) the appropriate scope of those depositions. Plaintiff has issued a Second Set of Requests for Admission to Defendants. Defendants have agreed to provide Supplemental Responses to Plaintiff's First Set of Requests for Admission.

14.     The parties have continued and will continue to work to complete discovery and to narrow or resolve their existing discovery disputes, but in fairness, some of these issues should be left to and will require the involvement of Defendants' new counsel.

15.     As described above, events since the filing of Plaintiff's December 11 discovery letter have mooted, or at a minimum changed the scope of, some of those discovery disputes to the point that they have not fully crystallized.

16.     To the extent discovery disputes remain after the transition of defense counsel, those issues would benefit from new/updated briefing.

## ARGUMENT AND AUTHORITY

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (U.S. 1936) (citations omitted); *see Adams Respiratory Therapeutics, Inc. v. Perrigo Co.,*

3

2007 WL 4284877, *1 (W.D. Mich. 2007) (same). The decision to stay proceedings "ordinarily rests with the sound discretion of the District Court." *Ohio Environmental Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir.1977).

Here, staying the remaining pretrial deadlines pending the appearance of new defense counsel and the parties' prompt negotiation of proposed new deadlines will promote judicial economy, preserve the parties' respective resources, and accommodate the practical need for new defense counsel to learn the issues and advise their clients on important upcoming decisions, which will at least reshape and may moot the parties' current discovery disputes.

For these reasons, the Defendants respectfully request that the Court enter an order: (a) staying all current case deadlines pending the appearance of new lead counsel for Defendants, (b) instructing the parties to: (i) promptly notify the Court of such appearance, and (ii) to confer thereafter promptly to develop a reasonably practical plan to accomplish the remaining fact discovery, and (iii) then jointly petition the Court for an appropriate extension of the current deadlines based on that agreed plan.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above and for good cause shown, the Defendants respectfully request that the Court enter an Order in the form accompanying this motion to stay all remaining pretrial deadlines pending the appearance of new counsel for defendants.

4

Date: December 22, 2023                     Respectfully  Submitted,


*Peter J. Curtin*
Peter J. Curtin
ANALECTS LEGAL LLC
1212 S. Naper Blvd., Suite 119 – PMB 238
Naperville, IL 60540-7439
Phone: 312.558.1368
Cell: 240.432.3267
pcurtin@analectslegal.com


Jay R. Campbell (0041293)
Carter Ostrowski (_____)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:      216.592.5000
Facsimile:      216.592.5009
E-mail: Jay.Campbell@tuckerellis.com
          Carter.Ostrowski@tuckerellis.com

*Counsel for Defendants*