# EXHIBIT 8



**Chicago**: 203 N LaSalle St., Suite 2100, Chicago, IL 60601
**Houston**: 2500 Wilcrest Dr., Suite 301, Houston, TX, 77042

February 10, 2023

Jon J. Pinney
Nathan F. Studeny
Kyle D. Stroup
Kohrman Jackson & Krantz
1375 East Ninth Street
One Cleveland Center, 29th Floor
Cleveland, Ohio 44114-1793

  RE: *The NOCO Company v Aukey Technology Co., Ltd.*,
     Case No. 1:20-cv-02322-PAB (N.D. Ohio).

Dear Jon,

  We write because Defendant The NOCO Company ("NOCO") has failed to sufficiently respond to Defendant Aukey Technology Co., Ltd.'s ("Aukey") November 6, 2022, Interrogatories, Requests for Production and Requests for Admission (collectively the "Requests"). Although Aukey provided NOCO with two extensions of time totaling twenty-four (24) days to respond to the Requests, NOCO's December 30, 2022, discovery responses (the "Responses") are deficient in a number of material ways. Please contact me by February 15, 2023, so that we can arrange to meet and confer to narrow the parties' disputes as much as possible as required by Federal Rule of Civil Procedure 37.

  1. **<u>Deficiencies Applicable to Multiple Responses</u>**

  First, NOCO has refused to produce documents or provide any information responsive to Requests seeking discovery into the instances in which NOCO has filed a lawsuit or pursued an administrative proceeding accusing one or more third parties of causing it economic harm from 2019 to the present through acts of unfair competition in the Amazon Marketplace. (*See* NOCO's Responses to Interrogatory No. 6 and Requests for Production 4 and 42-46.) NOCO objects that those Requests are improper because the information sought is irrelevant to any claim or defense in this case. Not so.

  Under Fed. R. Civ. P. 26(b)(1) a party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

*Analects Legal LLC*    1212 S Naper Blvd., Suite #119 - PMB 238
Naperville, IL 60540-7349

party." As you know, the Sixth Circuit, like all other circuit courts, has determined that the Federal Rules of Civil Procedure permit broad discovery. Moreover, it is easy to articulate the relevance of the information Aukey seeks through these Requests to the parties' claims and defenses in this case, which distinguishes them from NOCO's irrelevant requests seeking discovery into matters not encompassed by NOCO's Complaint.

Put simply, NOCO has filed lawsuits against numerous companies and individuals, known and unknown, accusing them of unfair competition against NOCO in the Amazon Marketplace during the period relevant to this case (January 2019 to the present). NOCO has alleged that these acts of unfair competition have harmed NOCO and caused it to lose sales, particularly sales of NOCO jump starters. NOCO may have secured judgments and damages awards against some third parties. The claims in those cases are similar in certain ways to NOCO's claims against Aukey.

In this case, NOCO alleges that Aukey's alleged misconduct related to NOCO's Browse Node listings caused NOCO to lose sales and diverted sales to Aukey in the Amazon Marketplace from January 2019 onward. For NOCO to calculate and quantify its claimed damages with reasonable particularity, NOCO must identify and distinguish between any effects on NOCO's sales from Aukey's alleged actions, any effects on NOCO's sales from the actions of other competitors in that crowded market, and the effects of outside events that disrupted the Amazon Marketplace in 2020-2021.

There is no dispute that Aukey is entitled to examine and challenge NOCO's damages analysis. Because NOCO brought the lawsuits in good faith, NOCO must believe that those third-parties caused it economic injury in the Amazon Marketplace from January 2019 onward. NOCO cannot reasonably argue that the actions of third-party competitors in the same market, competing against the same products, during the same time are irrelevant to the analysis and quantification of any damages caused by Aukey. Accordingly, NOCO should withdraw its relevance objections to the Requests related to NOCO's unfair competition claims against third parties. To the extent NOCO objects to the breadth of these Requests, the parties should meet and confer to attempt to narrow and focus the Requests to discrete subsets of relevant documents.

*Analects Legal LLC*              1212 S Naper Blvd., Suite #119 - PMB 238

Naperville, IL 60540-7349

Second, NOCO has also objected to most Requests on the basis of attorney-client privilege and work-product protection, including Requests seeking information regarding NOCO's communications with Amazon personnel and communications between NOCO's attorneys and Amazon's attorneys. But NOCO has not produced a privilege log to give Aukey (or the Court) a reasonable opportunity to challenge NOCO's claims. If NOCO is withholding documents or information based on privilege, Rule 26(b)(5) requires NOCO to produce appropriate privilege logs describing the documents, communications, or other tangible things being withheld in a manner enabling Aukey to assess NOCO's privilege claims. Several weeks have passed since NOCO's written Responses, and NOCO has provided no privilege log. To the extent NOCO withholds responsive information based on privilege claims, NOCO must promptly supplement its Responses with the required privilege log.

Third, NOCO has objected to many Requests (principally those related to NOCO's sales and revenue before and after the various Browse Node shifts) with the claim that "Aukey's misconduct is not a legitimate basis for Aukey to acquire a further competitive advantage by using discovery as a business intelligence tool." (*See* NOCO's Responses to Interrogatory 19 and Requests for Production 33-34, 40-41 and 50.) This is not a proper objection and the information Aukey seeks through those Requests is directly relevant to the damages analysis. NOCO cannot credibly object to Requests directed towards the unit sales and revenue of the affected NOCO products before and after the Browse Node switches that NOCO claims caused it substantial economic harm. NOCO's "competitive advantage" objection also ignores the existence of the Stipulated Protective Order, which should assuage NOCO's concerns about Aukey misusing NOCO's sensitive financial information. Finally, as NOCO knows, Aukey no longer competes with NOCO on the Amazon Marketplace.  NOCO should immediately produce any responsive materials it withheld based on this objection.

Fourth, NOCO asserts generalized proportionality objections in response to many Requests without describing how they are allegedly disproportionate or proposing a narrower production. (*See* NOCO's Responses to Interrogatory 6 and Requests for Production 4, 42-46 and 48.)  NOCO should withdraw those objections unless it can properly support them. As you know, once Aukey makes a *prima facie* showing of relevance and discoverability, the burden shifts to NOCO to explain why discovery should not be permitted. *See, e.g., Delta T, LLC v. Williams,* 337 F.R.D. 395, 398 (S.D. Ohio 2021). The proportionality requirement of

*Analects Legal LLC*                    1212 S Naper Blvd., Suite #119 - PMB 238

                                        Naperville, IL 60540-7349

Rule 26(b)(1) "[is not] intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26 (2015 Notes of Advisory Committee). Instead, "[t]he parties and the Court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Id.*

Aukey is willing to meet and confer with NOCO to discuss the scope of any Request and to narrow them if appropriate. As a gesture of good faith in advance of the parties' conference, Aukey has unilaterally narrowed the scope of certain discovery requests as noted below. But Aukey does note that NOCO has indicated its damages claim may reach nine figures. If so, none of Aukey's Requests are disproportionate to the stakes of this case.

Fifth, NOCO objects to many Requests seeking information regarding the factual bases and support for NOCO's claims by stating that "the precise details of Aukey's misconduct is [sic] a proper subject for discovery propounded upon, rather than by, Aukey, as the information is in Aukey's possession." (*See* NOCO's Responses to Interrogatories 8-13, 16, 18 and 20-21.) This objection is improper because the responsive information is relevant and discoverable; information on what NOCO considers to be the factual bases for NOCO's claims and the support NOCO believes it possesses for those claims is almost uniquely in NOCO's possession. As an experienced litigant with experienced counsel, NOCO understands these are standard Requests seeking discoverable information. If NOCO persists in citing only its Complaint and preliminary injunction papers as setting forth the bases for and evidence supporting its claims, NOCO will be held to that meager disclosure at summary judgment. NOCO should immediately produce any responsive materials or information withheld based on this objection.

Finally, many of NOCO's Responses to Aukey's interrogatories include a statement that NOCO "reserves the right" to respond by producing documents under Rule 33(d). (*See* NOCO's Responses to Interrogatory 8-13 and 16-21.) Those statements are not objectionable. A problem arises, though, when NOCO's Responses to most of Aukey's requests for production (including those related to the subject matter of the interrogatories listed above) condition NOCO's production of documents on Aukey and NOCO agreeing to a list of ESI search terms for NOCO to use to locate responsive documents. (*See* NOCO's Responses to Aukey's Requests for Production 1-3,

**4**

*Analects Legal LLC*                   1212 S Naper Blvd., Suite #119 - PMB 238
                                                                           Naperville, IL 60540-7349

5-6, 12, 14-15, 17-26, 30-39, 47, and 49-57.) Respectfully, we were surprised to see this mentioned for the first time in NOCO's discovery responses and NOCO's ESI search term condition has it backwards. NOCO cannot properly require that Aukey and NOCO agree to a list of ESI search terms for NOCO to use before NOCO produces any documents responsive to any Aukey Request.

      NOCO's discovery obligations arise under Federal Rule of Civil Procedure 26; they are not contingent upon agreed ESI search terms. Search terms exist as a tool to ensure proportionality (particularly as to email searches). But if a discovery request seeks a discrete category of relevant documents known to exist and to be kept in certain files, or if NOCO knows of certain relevant and responsive documents, then NOCO has the duty to identify and produce those documents even if they do not include a particular word.

      One example of such discrete groups of documents are documents sufficient to identify the unit sales, revenues, costs, and profits from 2019-2021 for the products NOCO has identified in its papers as switched between Browse Nodes by Amazon. Other examples include communications between NOCO and Amazon (or their attorneys) regarding the Rule 45 subpoena NOCO issued in February 2022, the communications between Mr. Nook and Amazon personnel discussed in NOCO's Complaint and PI papers, the communications with Amazon regarding the specific Browse Node changes identified in NOCO's Complaint and PI papers, and the documents reviewed or relied upon by NOCO in preparing its Complaint. NOCO can readily identify and produce such documents without search terms and should do so without further delay.

      But some Aukey Requests for Production are admittedly broader, and ESI search terms would be useful for those. We believe, and assume NOCO agrees, that this is a case where the parties should use different lists of search terms (to avoid, for example, NOCO searching its electronic files for the ASINs or model names of NOCO jump starters). We will soon send you a list of proposed ESI search terms for NOCO.

*Analects Legal LLC*          1212 S Naper Blvd., Suite #119 - PMB 238
Naperville, IL 60540-7349

2. **Interrogatory Response Deficiencies**

In addition to the general deficiencies discussed in Section 1, we have identified other deficiencies in NOCO's Responses to the following interrogatories.

**NOCO's Responses to Interrogatories 1 and 2**: These interrogatories seek the identity of persons known to NOCO possessing knowledge or documents relevant to the case. In response to each, NOCO lists the same three bullet points identifying Jeffrey Weiner (NOCO's CFO), Jonathan Nook (NOCO's President) and unknown "representatives, employees, and/or agents or contractors of Amazon.com, Inc." This response is notably incomplete. The interrogatories did not ask NOCO to identify its planned Rule 30(b)(6) witnesses or its preferred trial witnesses. There are undoubtedly other persons known to (and employed by) NOCO with direct knowledge of the subject matter underlying NOCO's Complaint or other subjects relevant to the claims and defenses in this case. For example, NOCO has employees involved in the marketing and sales of the relevant NOCO products, in selecting their Browse Nodes, supervising its Amazon operations, etc.

NOCO filed its Complaint nearly 2.5 years ago after investigating the events described in its Complaint and its preliminary injunction papers. NOCO has presumably continued to investigate and analyze its claims to develop its case and quantify its damages. NOCO should supplement its responses to the interrogatories listed above to enable Aukey to identify other potential witnesses.

**NOCO's Responses to Interrogatory 3**: After listing its objections, NOCO responds that it has taken no non-privileged statements from NOCO personnel or from third parties relating to the facts underlying this litigation. This response leaves open the possibility of NOCO having taken responsive statements which it claims are privileged. To the extent NOCO is withholding responsive information based on privilege claims, NOCO must promptly supplement its Responses with a privilege log as required by Rule 26(b)(5).

**NOCO's Responses to Interrogatory 6**: After listing its objections, NOCO refused to respond to this Interrogatory. This interrogatory requested, in part, that NOCO "identify and describe in detail" any administrative proceeding or lawsuit brought by NOCO within the past five years claiming unfair competition under the Lanham Act.

*Analects Legal LLC*                          1212 S Naper Blvd., Suite #119 - PMB 238

                                                                                 Naperville, IL 60540-7349

NOCO's principal objections to this interrogatory were based on relevance and proportionality. Aukey respectfully disagrees. In the section above, we have explained in detail the relevance of the requested information to this lawsuit and NOCO's failure to justify its proportionality objection. Even so, to address NOCO's proportionality objection, Aukey agrees to the following changes to narrow the interrogatory: Aukey strikes the words "and describe in detail." Aukey replaces the words "conduct which violated Ohio law" with the words "unfair competition under Ohio law." Aukey narrows the requested timeframe from "within the past five years" to "from January 2019 to the present."

Finally, for the purpose of this interrogatory Aukey defines "identify" to mean: (a) providing the information typically contained in a case caption (i.e., the parties, case number, and venue), and (b) whether the alleged unfair competition occurred in the Amazon Marketplace or elsewhere. As modified, the interrogatory is notably narrower than the original version and can be answered with a simple chart presenting information known to NOCO or within its custody or control. If NOCO maintains its objections and refusal to reply, the parties should meet and confer on this response at the earliest opportunity.

**NOCO's Responses to Interrogatory 8-13, 18, and 20-21:** These nine interrogatories requested the factual bases and supporting evidence for NOCO's claims and for certain specific allegations in NOCO's Complaint. In response, NOCO objects based on its "Aukey's misconduct is known to Aukey" objection and on attorney-client privilege and attorney work product. NOCO then states that the Complaint contains the factual basis for its claims and reserves the right to respond by producing documents under Rule 33(d).

As explained above, NOCO's first objection is meritless. If NOCO is withholding any information based on that objection it should immediately provide a supplemental response to the relevant interrogatory disclosing that information. To the extent NOCO is withholding responsive information based on privilege claims, NOCO must promptly supplement its Responses with a privilege log as required by Rule 26(b)(5). The Complaint and NOCO's preliminary injunction papers disclose that certain responsive documents and information must exist. They are known to NOCO, responsive to these interrogatories and certain Aukey Requests for Production, and likely within NOCO's possession or control. NOCO should supplement its responses to these interrogatories and must produce at least those documents immediately to fulfill its discovery obligations under Rule 33(d).

7

*Analects Legal LLC*                      1212 S Naper Blvd., Suite #119 - PMB 238
                                          Naperville, IL 60540-7349

**NOCO's Response to Interrogatory 15:** This interrogatory requests that NOCO identify each relevant NOCO product -- handheld jump starters powered by lithium batteries that NOCO marketed and sold on Amazon.com from 2019-2021 -- and the Browse Nodes in which NOCO listed them. This request encompasses a limited, discrete set of information in NOCO's possession. NOCO responded by providing a list of NOCO ASINs and stating that the remaining information sought was equally available to Aukey on the Amazon Marketplace. NOCO has the requested information at its fingertips, but provided only some information when it could have provided all. NOCO's response is insufficient, incorrect, and internally inconsistent.

First, NOCO acknowledges it has withheld responsive information based on an implied "undue burden" objection but does not identify the alleged burden involved or support its claim that Aukey could acquire the information elsewhere just as easily. This response does not meet NOCO's burden to justify refusing to produce relevant and responsive information. (See the discussion above regarding proportionality.)

Second, to the best of our knowledge NOCO is simply wrong to claim that the "remaining information sought is equally available to Aukey on the Amazon Marketplace." NOCO is saying, essentially, "take this list of ASINs and then go do your own research." But assuming that list of ASINs is the complete list for 2019-2021, there is no guarantee that Aukey could discover the remaining information (model name, model number, and Browse Nodes) for the entire period from 2019-2021. Using each ASIN, Aukey could search for and identify the **current** model name, model number, and Browse Node for the NOCO product sold under that ASIN if the ASIN is still listed on Amazon.com.

But, to the best of our knowledge, Aukey has no reliable way to identify all Browse Nodes in which NOCO listed each such product (ASIN) throughout the relevant period (2019-2021), or to identify any relevant ASINs previously used but no longer in service. And even if that were possible, Aukey could not do so with certainty or nearly as easily as NOCO can pull that information from its records. Finally, as NOCO is well aware, litigants are often required to produce relevant and discoverable documents and information even if the material is not exclusively available from them.

This one isn't hard. NOCO should promptly supplement its responses to Interrogatory 15 to provide the requested information.

*Analects Legal LLC*                            1212 S Naper Blvd., Suite #119 - PMB 238
                                                Naperville, IL 60540-7349

**NOCO's Response to Interrogatory 16:**  This interrogatory requests NOCO to identify each instance in which NOCO claims Aukey caused Amazon personnel to switch a NOCO product from one Browse Node to another, to provide basic identifying information about the NOCO product and Browse Nodes involved, and how long the switch lasted before NOCO had the product switched back. NOCO's response mirrors its responses to Interrogatories 8-13, 18 and 20-21. NOCO objects based on its "Aukey's misconduct is known to Aukey" objection and on attorney-client privilege and attorney work product before responding that the Complaint contains the factual basis for NOCO's claims and further reserving the right to respond by producing documents under Rule 33(d).

As explained above, NOCO's first objection is meritless. If NOCO is withholding any information based on that objection it should immediately provide a supplemental response to this interrogatory disclosing that information. Further, to the extent NOCO is withholding responsive information based on privilege claims, NOCO must promptly supplement its Responses with a privilege log as required by Rule 26(b)(5).

Aukey again notes that the Complaint and NOCO's preliminary injunction papers disclose that NOCO possesses at least some documents and information responsive to this interrogatory. Indeed, NOCO listed some alleged Browse Node switches and a rough date for each in its preliminary injunction papers. NOCO must have based its assertions on some documents or information known to NOCO, responsive to this interrogatory and certain Requests for Production, and likely still within NOCO's possession or control. NOCO must produce at least those documents immediately to fulfill its discovery obligations under Rule 33(d).

**NOCO's Response to Interrogatory 17:**  This interrogatory seeks the unit sales and gross revenue information for the NOCO products NOCO claims were harmed by Browse Node switches from six months before the "switch" to six months after the Browse Node placement was switched back and asks NOCO to provide the same information for each such product for the calendar year before the year of the switch and the calendar year after the switch. NOCO objected based on its "business intelligence" objection, and then stated it would respond pursuant to Rule 33(d) by producing relevant and responsive information subject to the Stipulated Protective Order.

As explained above, NOCO's objection is meritless. If NOCO is withholding any information based on that objection it should immediately provide a

*Analects Legal LLC*     1212 S Naper Blvd., Suite #119 - PMB 238
                          Naperville, IL 60540-7349

supplemental response to this interrogatory disclosing it. The Stipulated Protective Order has been in place for months. But several weeks have passed since NOCO served its written discovery responses, and NOCO has produced no responsive documents. The requested information is relevant to NOCO's damages claims. Documents and information responsive to this interrogatory (and to certain Aukey Requests for Production) are known to NOCO and within NOCO's possession or control. NOCO must produce at least those documents immediately to fulfill its discovery obligations under Rule 33(d).

**NOCO's Response to Interrogatory 19:** This interrogatory seeks a description of NOCO's damages claim including the factual basis for NOCO's damages calculation, a list of each of NOCO's damages theories, and a quantification of NOCO's claimed damages under each theory. NOCO objected based on its "business intelligence" objection, and on the basis that the request was premature and unduly burdensome.  NOCO responded by naming the various types of damages it seeks and stated that it expected to respond under Rule 33(d) by producing relevant and responsive information subject to the Stipulated Protective Order, but that it was "too early in the litigation to precisely quantify the amount of NOCO's damages."

As explained above, NOCO's first objection is meritless. If NOCO is withholding any information based on that objection it should immediately provide a supplemental response to this interrogatory disclosing it. Moreover, the Stipulated Protective Order has been in place for months. But several weeks have passed since NOCO served its written discovery responses and NOCO has produced no responsive documents. The requested information is relevant. If NOCO has suffered any damages, then documents and information responsive to this interrogatory (and to certain Aukey Requests for Production) are known to NOCO and within NOCO's possession or control. NOCO must produce at least those documents immediately to fulfill its discovery obligations under Rule 33(d).

### 3. Request for Production Response Deficiencies

In addition to the general deficiencies discussed in Section 1, we have identified other deficiencies in NOCO's Responses to the following requests for production.

**NOCO's Responses to RFP Nos. 1-2**. These RFPs seek the production of all materials identified in or used, relied on, or considered by NOCO in drafting its

*Analects Legal LLC*                          1212 S Naper Blvd., Suite #119 - PMB 238

                                                                                                               Naperville, IL 60540-7349

Complaint and its Rule 26(a)(1) initial disclosures. NOCO responds by agreeing to produce responsive documents . . . "in light of any ESI search terms to which the parties can agree." Because several weeks have passed since NOCO's response with no documents produced, Aukey presumes NOCO bases its delay on the lack of agreed ESI search terms. If so, that delay is unjustified.

No ESI search terms are required for NOCO to identify documents responsive to these RFPs, nor can the presence or absence of a certain word or words determine NOCO's obligation to produce them. These RFPs seek discrete categories of relevant documents known to exist and known to NOCO. Therefore, NOCO has the duty to gather and produce responsive documents. NOCO should produce responsive documents immediately.

**NOCO's Responses to RFP No. 3**. This RFP seeks the production of all materials received by NOCO in response to any Rule 45 subpoena in this case. NOCO responds by agreeing to produce responsive documents but includes the caveat "in light of any ESI search terms to which the parties can agree." This caveat is so inapposite to the Request that it may reflect a simple copy and paste error.

NOCO stated that, as of December 30, 2022, it had not received any materials responsive to any Rule 45 subpoena. Aukey reminds NOCO of its duty to promptly supplement its response and production if this changes and asks NOCO to confirm that it will produce all such materials without regard to the presence or absence of particular ESI search terms.

**NOCO's Response to RFP No. 4**. This RFP seeks all materials produced by NOCO in any litigation or administrative proceeding involving alleged unfair competition in the Amazon Marketplace. NOCO has refused to produce responsive documents, raising objections based on relevance, undue burden, and proportionality.

In the spirit of cooperation and in keeping with its duty to consider the proportionality of all discovery, Aukey agrees to amend its RFP No. 4 to read as follows: "(1) All Complaints filed by NOCO in any litigation alleging unfair competition in the sale of hand-held jump starters powered by lithium batteries in the Amazon Marketplace under either the Lanham Act, 15 U.S.C. § 1051 et seq., or under Ohio law, from January 1, 2019, to the present. (2) All interrogatory responses served by NOCO purporting to quantify NOCO's claimed damages in

*Analects Legal LLC*              1212 S Naper Blvd., Suite #119 - PMB 238
                                                                                        Naperville, IL 60540-7349

any litigation based on alleged unfair competition in the sale of hand-held jump starters powered by lithium batteries in the Amazon Marketplace under either the Lanham Act, 15 U.S.C. § 1051 et seq. or under Ohio law, from January 1, 2019, to the present. (3) All expert reports submitted by or on behalf of NOCO and purporting to quantify NOCO's claimed damages in any litigation based on alleged unfair competition in the sale of hand-held jump starters powered by lithium batteries in the Amazon Marketplace under either the Lanham Act, 15 U.S.C. § 1051 et seq. or under Ohio law, from January 1, 2019, to the present."

      The amended RFP is much narrower and more focused than the original version, which should resolve NOCO's objections based on undue burden and proportionality. As described above, NOCO's objection to the relevance of these materials is misplaced.

      Put simply, to the extent NOCO has claimed that other parties have caused it economic harm through unfair competition with NOCO's hand-held jump starters powered by lithium batteries in the Amazon Marketplace from January 1, 2019, to the present, those claims (and any statements by NOCO quantifying the alleged damage) are relevant to evaluating and critiquing NOCO's damages claim here. NOCO alleges in this case that Aukey has caused NOCO economic harm through unfair competition with NOCO's hand-held jump starters powered by lithium batteries in the Amazon Marketplace from January 1, 2019 forward through certain actions described in its Complaint. If NOCO successfully proves liability, then any lost sales or other economic harm NOCO suffered due to actions by unrelated third-party actors is relevant to quantifying NOCO's damage award against Aukey. NOCO should agree to produce documents responsive to Amended RFP 4.

      **NOCO's Response to RFP No. 5.** This RFP seeks the production of all materials identified in or used, relied on, or considered by NOCO in drafting its discovery responses in this case. NOCO responds by agreeing to produce responsive documents . . . "in light of any ESI search terms to which the parties can agree." Because several weeks have passed since NOCO's response with no documents produced, Aukey presumes NOCO bases its delay on the lack of agreed ESI search terms. If so, that delay is unjustified.

      No ESI search terms are required for NOCO to identify documents responsive to this RFP, nor can the presence or absence of a certain word or words

*Analects Legal LLC*   1212 S Naper Blvd., Suite #119 - PMB 238
Naperville, IL 60540-7349

determine NOCO's obligation to produce them. These RFPs seek a discrete category relevant documents which, if they exist, are known to NOCO or its counsel. Therefore, NOCO has the duty to gather and produce responsive documents. NOCO should produce responsive documents immediately.

**NOCO's Response to RFP No. 11.** This RFP seeks the production of all materials relating to or describing the circumstances surrounding NOCO's actual discovery of the facts alleged in NOCO's Complaint. NOCO refuses to produce responsive documents, objecting based on privilege, work-product, relevance and that the request is duplicative.

First, if NOCO is withholding documents or information based on privilege or attorney work product claims, Rule 26(b)(5) requires NOCO to produce appropriate privilege logs describing the documents, communications, or other tangible things being withheld in a manner enabling Aukey to assess NOCO's privilege claims. Several weeks have passed since NOCO's written Responses, and NOCO has provided no privilege log. To the extent NOCO withholds responsive information based on these privilege claims, NOCO must promptly supplement its Responses with the required privilege log.

Second, the relevance and discoverability of at least a subset of the requested documents is clear beyond cavil. Nevertheless, in the spirit of cooperation and in keeping with its duty to consider the proportionality of all discovery, Aukey agrees to amend its RFP No. 11 to read as follows: "(1) Materials sufficient to identify: (a) the dates on which NOCO became aware of each Browse Node change which NOCO claims was caused by Aukey and caused NOCO economic damage, (b) the dates on which NOCO communicated to Amazon concerning each such Browse Node change, and (c) the dates on which Amazon reversed each such Browse Node change to NOCO's satisfaction; and (2) internal NOCO communications regarding any Browse Node change which NOCO claims was caused by Aukey and caused NOCO economic damage;  and (3) communications between NOCO personnel or individuals acting on NOCO's behalf and Amazon personnel or individuals acting on Amazon's behalf regarding any Browse Node change which NOCO claims was caused by Aukey and caused NOCO economic damage."

The amended RFP is narrowly-focused on the specific events underlying NOCO's claims, which should forestall any objections based on undue burden or

*Analects Legal LLC*                    1212 S Naper Blvd., Suite #119 - PMB 238
                                         Naperville, IL 60540-7349

proportionality. And the requested materials are clearly relevant and discoverable. The dates and duration of any Browse Node change which NOCO claims was caused by Aukey and caused NOCO economic harm are relevant to the claims in this case, including NOCO's liability and damages claims. Moreover, communications between NOCO personnel and NOCO's communications with Amazon about those Browse Node changes may reveal the identity of potential witnesses as well as other information relevant to liability or damages. NOCO should agree to produce documents responsive to Amended RFP 11.

**NOCO's Response to RFP No. 13.** This RFP sought all materials related to NOCO's decision to institute this lawsuit against Aukey including all such materials reflecting meetings or discussion of NOCO's Board or senior executives. NOCO refused to respond to this RFP, objecting based on privilege and work product, relevance, and that the request is allegedly duplicative.

First, if NOCO is withholding documents or information based on privilege or attorney work product claims, Rule 26(b)(5) requires NOCO to produce appropriate privilege logs describing the documents, communications, or other tangible things being withheld in a manner enabling Aukey to assess NOCO's privilege claims. To the extent NOCO withholds responsive information based on these privilege claims, NOCO must promptly supplement its Responses with the required privilege log.

Second, Aukey disagrees with NOCO's relevance objection. But in the spirit of cooperation and in keeping with its duty to consider the proportionality of all discovery, Aukey agrees to amend its RFP No. 13 to read as follows: "Communications between or involving senior NOCO executives relevant to NOCO's decision to initiate this lawsuit against Aukey." This amended RFP is quite narrowly-focused and seeks the production of relevant and discoverable information. For example, the requested communications likely include information related to the facts underlying NOCO's Complaint and described in NOCO's preliminary injunction papers, as well as NOCO's views of the harm caused by the Browse Node changes. To the extent responsive communications may be privileged, NOCO should identify them on the required privilege log. NOCO should agree to produce documents responsive to Amended RFP 13.

*Analects Legal LLC*               1212 S Naper Blvd., Suite #119 - PMB 238

                                                                                         Naperville, IL 60540-7349

**NOCO's Response to RFP 28**: This RFP seeks all materials relating to or evidencing "negative" reviews (defined as 3-star or lower reviews) of NOCO jump starters listed in the Amazon Marketplace.  NOCO refused to respond to this RFP, objecting that the RFP is overly-broad, unduly burdensome, not narrowly-tailored to the issues in the litigation, and that the requested information is equally available to Aukey on the Amazon Marketplace.

First, NOCO is simply wrong to claim that the requested information is equally available to Aukey. Aukey could perhaps print and gather copies of each such negative review from the Amazon Marketplace but has no access to much of the requested material, which includes internal NOCO documents. Second, Aukey disagrees with NOCO's claims of undue burden, and notes that NOCO has presented no information regarding the burden involved to justify that objection. But in the spirit of cooperation and in keeping with its duty to consider the proportionality of all discovery, Aukey agrees to amend its RFP No. 28 to read as follows: "Materials supporting NOCO's allegation that Aukey created or caused "negative" reviews (i.e., three or fewer stars) of NOCO jump starters listed on the Amazon Marketplace." This amended RFP is narrowly focused and seeks relevant and discoverable information. NOCO should agree to produce documents responsive to Amended RFP 28.

**NOCO's Response to RFP 30**: This RFP seeks the production of all materials NOCO intends to introduce as evidence at trial. NOCO responds with a surprising number of objections but agrees to produce responsive documents "in light of any ESI search terms to which the parties can agree."  This caveat is so inapposite to the Request that it may reflect a simple copy and paste error.

Aukey asks NOCO to confirm that it will produce all materials it intends to introduce as evidence at trial without regard to the presence of ESI search terms.

**NOCO's Response to RFP 48**: This RFP requests materials, specifically organizational charts, sufficient to identify NOCO personnel involved in the design, development, marketing or sale of any NOCO product that NOCO claims lost sales due to the actions described in NOCO's Complaint. NOCO has refused to respond to this RFP, objecting based on relevance, undue burden, and proportionality.

NOCO's objections are not credible. This is one of the most common and least burdensome discovery requests in civil litigation. NOCO is not a

15

*Analects Legal LLC*              1212 S Naper Blvd., Suite #119 - PMB 238

Naperville, IL 60540-7349

particularly large company, and Rule 26 does not require NOCO to create documents which do not already exist. If NOCO has documents, such as organizational charts, sufficient to identify its employees and their roles in the organization, it should produce them.

NOCO is an experienced litigant with experienced counsel, so NOCO is well aware that this very standard RFP seeks documents discoverable because they identify potential witnesses who may have relevant knowledge. NOCO cannot properly refuse to produce organizational charts to prevent Aukey from discovering the identities of NOCO personnel who may possess relevant and discoverable documents or information. NOCO should immediately produce documents responsive to RFP 48.

**NOCO's Response to RFP 55**: This RFP seeks all materials relating to, discussing, or evidencing any inquiry or investigation by NOCO or by Amazon related to the subject matter of NOCO's Complaint and Motion for Preliminary Injunction. NOCO objects to this request on the bases of attorney-client privilege and attorney work product, relevance, and duplication, but ultimately agrees to produce at least some responsive documents . . . "in light of any ESI search terms to which the parties can agree." Because several weeks have passed since NOCO's response with no documents produced, Aukey presumes NOCO bases its delay on the lack of agreed ESI search terms. If so, that delay is unjustified.

NOCO is a relatively small company which appears from the outside to operate according to a strict hierarchy. There is no dispute that a few key NOCO personnel, certainly including NOCO's President, were involved in investigating the events underlying NOCO's Complaint. No ESI search terms are required for NOCO to identify documents responsive to this RFP, nor can the presence or absence of a certain word or words determine NOCO's obligation to produce them. This RFP seeks a discrete category of relevant documents known to exist and known to NOCO. Therefore, NOCO has the duty to gather and produce responsive documents and should produce responsive documents immediately. To facilitate NOCO's response, Aukey agrees to amend the RFP to remove the words "All materials" and replace them with the words "Documents and communications."

Further, if NOCO is withholding documents or information based on privilege or attorney work product claims, Rule 26(b)(5) requires NOCO to

*Analects Legal LLC*                 1212 S Naper Blvd., Suite #119 - PMB 238
                                                                                                Naperville, IL 60540-7349

produce appropriate privilege logs describing the documents, communications, or other tangible things being withheld in a manner enabling Aukey to assess NOCO's privilege claims. Several weeks have passed since NOCO's written Responses, and NOCO has provided no privilege log. To the extent NOCO withholds responsive information based on these privilege claims, NOCO must promptly supplement its Response with the required privilege log.

**NOCO's Response to RFP 56**: This RFP seeks all materials relating to any communications with or actions taken by any Amazon Seller Team, Abuse Team, or Automotive Team (using NOCO's definitions) related to the subject matter of NOCO's Complaint and Motion for Preliminary Injunction. NOCO objects to this request on the bases of attorney-client privilege and attorney work product, relevance, and duplication, but ultimately agrees to produce at least some responsive documents . . . "in light of any ESI search terms to which the parties can agree." Because several weeks have passed since NOCO's response with no documents produced, Aukey presumes NOCO bases its delay on the lack of agreed ESI search terms. If so, that delay is unjustified.

This RFP seeks a discrete category of relevant documents known to exist and known to NOCO on a subject central to this litigation. No ESI search terms are required for NOCO to identify documents responsive to this RFP, nor can the presence or absence of a certain word or words determine NOCO's obligation to produce them. Therefore, NOCO has the duty to gather and produce responsive documents and should produce responsive documents immediately. To facilitate NOCO's response, Aukey agrees to amend the RFP to remove the words "All materials" and replace them with the words "Documents and communications."

Further, if NOCO is withholding documents or information based on privilege or attorney work product claims, NOCO must promptly supplement its Response with the required privilege log.

**NOCO's Response to RFP 57**: This RFP seeks all communications between NOCO or NOCO's counsel and Amazon or Amazon's counsel concerning the Rule 45 subpoena NOCO served upon Amazon in this litigation.  NOCO objects to this request on the bases of attorney-client privilege and attorney work product, relevance, and duplication, but ultimately agrees to produce at least some responsive documents . . .  "in light of any ESI search terms to

*Analects Legal LLC*        1212 S Naper Blvd., Suite #119 - PMB 238

Naperville, IL 60540-7349

which the parties can agree." Because several weeks have passed since NOCO's response with no documents produced, Aukey presumes NOCO bases its delay on the lack of agreed ESI search terms. If so, that delay is unjustified.

This RFP seeks a discrete category of relevant documents known to exist and known to NOCO and NOCO's counsel on a subject central to this litigation. It seems likely that very few people were involved in the requested communications, which will be stored in known locations. No ESI search terms are required for NOCO to identify responsive documents, nor can the presence or absence of a certain word or words determine NOCO's obligation to produce them. Therefore, NOCO has the duty to gather and produce responsive documents and should produce responsive documents immediately.

NOCO's objection based on lack of relevance is also unpersuasive. The requested communications no doubt include communications and negotiation about the scope and any potential response to NOCO's subpoena. Those communications, particularly those from Amazon to NOCO, may contain relevant and discoverable information concerning the events underlying the Complaint and the relevant actions by Amazon personnel, and relevant Amazon policies. It is also hard to understand how responsive documents could be privileged because NOCO and Amazon are unrelated companies with divergent legal and business interests on these issues. But to the extent NOCO is withholding responsive documents based on privilege claims, NOCO must promptly supplement its Response with the required privilege log.

We look forward to your response.

Sincerely,

ANALECTS LEGAL LLC

*Peter J. Curtin*

Peter J. Curtin
pcurtin@analectslegal.com