# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY, INC.,** | Case No. 1:20-cv-02322- DAR |
| Plaintiff, | Judge: Hon. David A. Ruiz |
| v. | Magistrate Judge: Reuben J. Sheperd |
| **AUKEY TECHNOLOGY CO., LTD., et al.,** | |
| Defendants. | |

## DEFENDANT AUKEY TECHNOLOGY CO., LTD.'S
## MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION TO COMPEL

**TABLE OF CONTENTS**

A.  Introduction ................................................................................................................. 1
B.  Background .................................................................................................................. 2
C.  Legal Standard ............................................................................................................. 2
D.  Argument ..................................................................................................................... 3
   1.  NOCO's Corporate Witnesses Were Woefully Unprepared for their Designated Topics ... 3
      a.  Mr. Weiner Was Unprepared to Discuss NOCO's Financial Information and Alleged Damages .................................................................................................................. 4
      b.  Mr. Nook Was Unprepared to Discuss NOCO's Allegations ........................................ 7
   2.  NOCO Failed to Provide Complete Answers to Aukey's Interrogatories .......................... 9
   3.  NOCO Has Failed to Produce Responsive Documents ..................................................... 11
      a.  Documents Regarding NOCO's Claimed Damages ....................................................... 11
      b.  Documents Regarding Cases Where NOCO Raised Similar Allegations ...................... 13
      c.  Documents Regarding NOCO's Complaints to Amazon about Aukey ......................... 15
E.  Conclusion .................................................................................................................. 15

# **TABLE OF AUTHORITIES**

**CASES** **PAGE**

*Champion Foodservice, LLC v. Vista Food Exch., Inc.*,
  No. 1:13-cv-1195, 2016 WL 4468000 (N.D. Ohio Aug. 23, 2016)............................................3

*Donovan v. Wal-Mart Stores, Inc.*,
  No. 4:11-CV-00885-JMC, 2012 WL 3025877 (D.S.C. July 24, 2012)..............................13, 14

*In re Intuitive Surgical Sec. Litig.*,
  No. 513CV01920EJDHRL, 2016 WL 10459420 (N.D. Cal. Sept. 27, 2016).........................13

*Marker v. Union Fid. Life Ins. Co.*,
  125 F.R.D. 121 (M.D.N.C. 1989)...............................................................................................3

*MD Auto Grp. V. Nissan N. Am., Inc.*,
  No. 1:21-CV-1584, 2022 WL 3716919 (N.D. Ohio Aug. 29, 2022).........................................2

*Nacco Materials Handling Grp., Inc. v. Lilly Co.*,
  278 F.R.D. 395 (W.D. Tenn. 2011) ...........................................................................................3

*O'Connor v. Ford Motor Co.*,
  No. 19 C 5045, 2022 WL 16757593 (N.D. Ill. Oct. 21, 2022) ("Accordingly,
  Ford is ordered to produce documents sufficient to determine manufacturing
  costs, fixed costs, and variable costs within 28 days of this Order.").......................................12

*Prosonic Corp. v. Stafford*,
  No. 2:07-CV-0803, 2008 WL 2323528 (S.D. Ohio June 2, 2008)............................................3

*White v. City of Cleveland*,
  417 F. Supp. 3d 896 (N.D. Ohio 2019)..................................................................................2, 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 30(b)(6)..................................................................................................1, 2, 3,9

Fed. R. Civ. P. 33 .........................................................................................................................2

Fed. R. Civ. P. 34 .........................................................................................................................2

A.     **Introduction**

Three and a half years ago, The NOCO Company ("NOCO") sued Aukey Technology Co., Ltd ("Aukey") and two other Defendants for somehow tricking Amazon into complying with its own policies. Fact discovery closed over a month ago. Yet, NOCO still refuses to provide Aukey with basic information about NOCO's claims. NOCO's designated Rule 30(b)(6) witnesses were woefully unprepared to answer even simple questions within the topics to which they were assigned. Indeed, NOCO's Chief Visionary Officer, Mr. Jonathan Nook, spent much of the deposition parroting back the same erroneous deflections and non-answers to avoid providing substantive testimony. Next, despite supplementing its answer twice now, NOCO still refuses to fully answer Aukey's Interrogatory Number 25. In fact, NOCO's latest answer raises more questions than it answers and Aukey should be allowed an opportunity to explore the new information provided in another deposition. Finally, NOCO continues to withhold key documents that are obviously responsive and relevant to this case. For example, NOCO tried to trick Aukey by producing *Amazon's sales data*, not NOCO's own sales data. By adopting Amazon's revenue as its own, NOCO sought a windfall based on Amazon's higher purchase price. Had it not been for Rule 30(b)(6) depositions of NOCO, NOCO might have gotten away with it.

In any event, the time for NOCO to show its cards has come and gone, yet NOCO refuses to do so. Allowing NOCO to continue stonewalling Aukey will only encourage its behavior in this case, and the swell of other cases that NOCO has brought.

Accordingly, Aukey respectfully asks the Court to order NOCO to adequately prepare a witness to testify to the topics noted by Aukey (and pay Aukey's reasonable attorneys' fees and costs – including travel expenses for conducting a second deposition). Aukey further asks the

-1-

Court to compel full and complete responses to Aukey's Interrogatory No. 25 and Request for Production numbers, 4, 14, 34, 44-46, 64, and 66-69.

**B.     Background**

For the sake of brevity, Aukey incorporates its background section from its prior motion to compel. *See* ECF No. 65-1 at 2-5.

There have been two major case developments since Aukey filed its first motion to compel.

First, in late May, Aukey conducted three depositions of NOCO personnel and NOCO itself pursuant to Rule 30(b)(6). Two of those depositions are relevant to this motion. On May 29 and 31, 2024, Aukey took the depositions of Jeffrey Weiner, NOCO's Chief Financial Officer, and Jonathan Nook, NOCO's Chief Visionary Officer. Both depositions were conducted in their personal capacities and as a designated representatives of NOCO pursuant to Rule 30(b)(6). Aukey's counsel flew to Cleveland, Ohio to take the depositions, at Aukey's expense.

Second, on May 30, 2024, after nearly four years of litigation, *fact discovery closed*.

**C.     Legal Standard**

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to answer an interrogatory under Rule 33 or fails to produce documents requested under Rule 34." *MD Auto Grp. V. Nissan N. Am., Inc.*, No. 1:21-CV-1584, 2022 WL 3716919, at *1 (N.D. Ohio Aug. 29, 2022) (citing Fed. R. Civ. P. 37(a)(3)(B)). "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* (citing Fed. R. Civ. P. 37(a)(4)).

"On a motion to compel discovery, the moving party bears the burden of demonstrating relevance." *White v. City of Cleveland*, 417 F. Supp. 3d 896, 902 (N.D. Ohio 2019) (cleaned up).

If the movant makes such a showing, the burden then "shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id.* (quotation and citation omitted).

**D.     Argument**

    **1.     NOCO's Corporate Witnesses Were Woefully Unprepared for their Designated Topics**

Rule 30(b)(6) requires that individuals designated to speak for NOCO must testify about "information known or reasonably available to the organization." "The designated witness must be prepared by the organization to adequately testify on the noticed topics." *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 1:13-cv-1195, 2016 WL 4468000, at *13 (N.D. Ohio Aug. 23, 2016) (quotation and citation omitted); *see id.* at *15 (Plaintiff sanctioned after its witnesses "were unprepared to testify about matters for which they were noticed[.]").

"Preparation of a Rule 30(b)(6) witness is an active process," as the witness must "review all matters known or reasonably available to the corporation in preparation for the deposition, even if the documents are voluminous and burdensome to review." *Id.* at *15 (quotation omitted). *See also Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) (Rule 30(b)(6) requires a corporation not only to produce persons to testify with respect to the designated matters, but also to prepare the witness to give complete and knowledgeable answers)); *Prosonic Corp. v. Stafford*, No. 2:07-CV-0803, 2008 WL 2323528, at *1 (S.D. Ohio June 2, 2008) ("[f]or a Rule 30(b)(6) deposition to operate effectively, the deposing party must designate the areas of inquiry with reasonable particularity, and the corporation must designate and adequately prepare witnesses to address these matters") (quoting *Starlight Intern. Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999) (quotation marks and further citation omitted)); *Nacco Materials Handling Grp., Inc. v. Lilly Co.*, 278 F.R.D. 395, 400-01 (W.D. Tenn. 2011) (Defendant's Rule 30(b)(6) designee was not adequately prepared to testify on the noticed topics

because he did not meet with employees he knew had accessed plaintiff's website, examine their computers to determine what portion of plaintiff's secure site had been accessed, or "review any documents or records to determine who accessed the site, although he admitted that Lilly probably had such records available").

      a.    **Mr. Weiner Was Unprepared to Discuss NOCO's Financial Information and Alleged Damages**

On May 29, Aukey deposed NOCO's designated 30(b)(6) corporate witness, Mr. Weiner, who has served as NOCO's Chief Financial Officer for the last seven years. Declaration of Heath L. Hyatt ("Hyatt Decl.") Ex. E (Weiner Dep.) 18:18-21. NOCO designed Mr. Weiner to testify to the following topics[1]:

- **Topic 3**: NOCO's accounting records, profit, loss, and daily operations with respect to that subset of NOCO Products consisting of any automotive battery charger, automotive jump starter, or automotive portable power device sold or currently being sold by or on behalf of NOCO on the Amazon Marketplace.

- **Topic 34**: NOCO's sales, sales revenue, costs of sale, order contributions, product margins, gross margins, and operating profits from January 1, 2019 to the present for each NOCO Product NOCO contends suffered a loss in sales (or slower sales growth than would otherwise have occurred) on the Amazon Marketplace attributable to actions by any Defendant. This topic includes the sales information produced by NOCO on May 10, 2024.

Indeed, NOCO agreed to "produce a witness to testify *about the facts supporting the claims and damages alleged by NOCO in the Complaint*, including profits/losses to NOCO with respect to the sale of the NOCO Products on the Amazon Marketplace in connection with Defendants' alleged misconduct." Hyatt Decl. Ex. D at 5.

While NOCO designated Mr. Weiner to testify to NOCO's financial information and damages, Mr. Weiner could not even answer basic questions on those topics. For example, Mr. Weiner ███████████████████████████████████████ Ex. E (Weiner Dep.) at 33:24-34:16 █

---

[1] NOCO designated Mr. Weiner to discuss two additional topics that are not at issue in this motion.

-5-



. Nor could Mr. Weiner provide *Id.* 35:2-8. Nor could Mr. Weiner *Id.* 109:1-12 . Nor could Mr. Weiner say one way or the other *Id.* 63:21-64:24; 77:9-15.

To be fair, Mr. Weiner helpfully *See* Section D.3.a. As Aukey has feared all along, NOCO continues to hide its financial information.[2] Mr. Weiner testified that *Id.* 98:12-99:17 Mr. Weiner confirmed *Id.* 43:16-44:22.[3]

But when asked, Mr. Weiner

---

[2] It is, of course, remarkable that NOCO claims Aukey's financial information is relevant to this case but refuses to produce its own, when NOCO is the one claiming damages for lost sales.

[3] In any event, Mr. Weiner could not even answer basic questions *id.* 102:1-13, which would result in another potential windfall for NOCO's damages. He couldn't answer those questions *Id.* 101:1-5.

███████████████████████████████████████████ *Id.* 93:1-5. Mr. Weiner did confirm that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* 93:1-95:9. But NOCO has yet to produce ██████████████

Mr. Weiner also could not answer important questions, general or specific, about ████████████████████████████████████████████████████ At a high level, Mr. Weiner was not prepared to provide ████████████████████████████ *Id.* 86:17-25. Mr. Weiner was able to identify ████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* 79:19-91:11. Moreover, Mr. Weiner could not answer broad or specific questions about ██████████████ ████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* 64:19-71:20; 77:9-15.

Mr. Weiner's inability to answer basic questions is reflected in his lack of preparation for the deposition itself. Mr. Weiner acknowledged that ████████████████████████ ██████████████████████████████████ *Id.* 23:7-11. ████████████████████████ ████████████████████████████████████████████████████████. *Id.* 23:12-17. On top of that, Mr. Weiner acknowledged that ██████████████████████████████ *Id.* 21:11-17. Worse, Mr. Weiner did not ████████████████████████████ ████████ *Id.* 24:13-24. He did not ████████████████████████████ ████████████████████████████████████████ *Id.* 24:25-25:3. He did not ██████████

---

[4] Mr. Weiner's inability to answer basic questions about ████████████████ is only exacerbated by NOCO's failure to produce documents on this same topic. *See* Section D.3.a.

███ *Id.* 25:4-9. And he did not ███

███ *Id.* 25:10-15.

### b. Mr. Nook Was Unprepared to Discuss NOCO's Allegations

For his part, Mr. Nook was also unable to answer basic questions about NOCO's claims and was not adequately prepared to testify to many of the 31 topics for which he was assigned.

Most problematic was Mr. Nook's ███ ███ For example, Mr. Nook could not ███ ███ Hyatt Decl. Ex. F ("Nook Dep.") at 29:3-13 ███ ███; 30:7-14. Moreover, NOCO alleges that Aukey used "Amazon Insiders" to manipulate NOCO's browse nodes. ECF No.1 at 4, 9. But Mr. Nook could not ███ *id.* 110:22-111:2 ███. Mr. Nook could not ███ ███. *Id.* 109:1-111:2 ███ ███ ███ *Id.* 107:4-108:25.

Mr. Nook was also entirely unprepared to testify about ███ Mr. Nook could not testify ███ *Id.* 137:25-138:20 ███ ███ *Id.* 138:21-140:7 ███ ███ Like Mr. Weiner, Mr. Nook was

entirely unprepared to discuss ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉ *See id.* 146:14-18 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Mr. Nook even admitted that he was not prepared to testify about ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉ *See id.* 146:19-147:20.

Moreover, Mr. Nook was unable to answer simple questions about ▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* 36:5-39:14. ▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉.

As a final example, Mr. Nook was unprepared to answer basic questions about ▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉. *See id.* 152:4-157:17 ▉▉▉▉▉▉.

Mr. Nook's lack of preparation, and lack of candor, was also a theme throughout the deposition. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *E.g. id.* 105:10-18 ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. It's not. Discovery is closed. Mr. Nook cannot ▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. If NOCO has no support for its allegations, which in fact it does not, then it should simply admit as much so that the parties can narrow the issues for trial.

Mr. Nook's inability to answer basic questions was also reflected in his lack of preparation for the deposition itself. The only thing that Mr. Nook did to prepare for his 31 deposition topics was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* 13:6-18. In other words, Mr. Nook ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* 13:21-23. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* 13:24-14:1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* 14:2-11.

Mr. Nook, Mr. Weiner, and NOCO plainly failed to abide by Rule 30(b)(6)'s requirements. As a result, the Court should order NOCO to adequately prepare and produce a witness to testify to Mr. Nook's and Mr. Weiner's designated topics at a second deposition. And, NOCO should pay the reasonable attorneys' fees and costs (including travel) associated with a second deposition of Mr. Nook.

  **2.**   **NOCO Failed to Provide Complete Answers to Aukey's Interrogatories**

Because NOCO refused to provide information to substantiate its claims in prior interrogatories and requests for production, Aukey sent Interrogatory 25, in a last-ditch effort to get the basic information that it needed to evaluate NOCO's claims. On June 26, 2024, NOCO supplemented its response. But its supplemental response failed to address the deficiencies Aukey raised before. Indeed, and as noted below, NOCO's supplemental response to this interrogatory makes a second deposition of NOCO necessary.

Still missing from NOCO's answer is a comprehensive list of instances where NOCO lost accolades such as the Best Seller Badge (including the day on which the accolade was lost and the day on which it returned). This is not merely a technical deficiency. NOCO has alleged that "NOCO held the Best Seller Badge within most of its assigned Browse Nodes." ECF No. 1 at 9. While its first response did not list a single instance where NOCO lost an Amazon accolade, its

supplemental response lists only four such instances, a far cry from "most" browse nodes as NOCO alleges. Hyatt Decl. Ex. A at 9-21.

Moreover, NOCO fails to identify the date on which such accolades were lost and then re-associated with each product. Again, this is not semantics. NOCO alleges that "the seller with the Best Seller Badge receives an approximate 40% lift in sales based on information provided by Amazon." ECF No. 1 at 9. It is critical to understand the timeframe that NOCO alleges it lost its Amazon accolades, otherwise NOCO is free to claim yet another windfall. Finally, only NOCO can provide such information because they are NOCO's products, NOCO lists them on Amazon's marketplace, and NOCO is making the allegations at issue. Contrary to what NOCO is likely to say in response, indications of such accolades and the timing at issue is not reflected in any of the documents that they produced. That is, of course, why Aukey served the interrogatory.

But even more bizarre is NOCO's addition of 24 instances where NOCO's browse nodes were removed by "unidentified" requesters. *See* Hyatt Decl. Ex. A at 9-21. Interrogatory Number 25 asked NOCO to limit its response to only those instances that it contends *Aukey* was responsible for removing browse nodes. *See id.* 5. Aukey should have the opportunity to probe these newly identified browse node removals yet "unidentified" requesters in a second deposition (and NOCO should be prepared to answer such questions). Indeed, NOCO must be able to answer *why* it contends Aukey was somehow connected to those "unidentified" requesters. To not let Aukey depose NOCO on these new allegations would only reward NOCO's belated disclosure.

Moreover, NOCO does not identify a single product for which it contends Aukey's actions triggered a safety takedown or authored fake and misleading reviews to decrease

NOCO's product rankings, both of which NOCO alleges in its complaint. *Id.* ¶ 2. If NOCO is unable to provide such information, their claims on this ground should be dismissed.

Aukey respectfully requests the Court to compel NOCO to provide a complete response to this interrogatory, namely identifying products that lost an Amazon Best Seller Badge or other accolade, because of Aukey's alleged actions, the date on which the specific product lost its accolade, and when it was re-assigned. Aukey also seeks an order compelling NOCO to identify any products removed for safety issues or where NOCO claims that Aukey authored fake and misleading reviews to decrease NOCO's product rankings. If NOCO has no such evidence, it should simply say that.

### 3. NOCO Has Failed to Produce Responsive Documents

NOCO has repeatedly refused to provide plainly relevant documents related to the allegations in its complaint and its damages.

#### a. Documents Regarding NOCO's Claimed Damages

Aukey propounded a number of requests for production to understand and evaluate NOCO's claimed damages. *See* Hyatt Decl. Ex. B, C (Request No. 34, 66, 67, 68, and 69). Despite withholding the requested information for months, NOCO finally produced what purported to be NOCO's sales data on May 10, 2024, a week after the close of written discovery. Hyatt Decl. ¶ 10. But it became clear in the first deposition of NOCO's corporate officials ▮▮▮▮▮▮▮▮▮▮▮▮ Weiner Dep. 98:19-99-17. ▮▮▮▮▮▮▮▮▮▮▮▮. This is problematic for many reasons. The most obvious of course is that the documents NOCO produced ▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* 132:4-13. NOCO is setting itself for

a windfall in damages by intentionally inflating price of its products to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Relatedly, NOCO refuses to produce documents that show how many and when it sold products to Amazon. Mr. Weiner confirmed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* 93:1-95:9. They must be produced immediately, and should have been produced months, if not years, ago.

Moreover, NOCO still refuses to produce any information about NOCO's costs. Mr. Weiner, NOCO's Chief Financial Officer, was unable to identify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And, while he was able to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* 79:19-91:11.

While the parties will debate the merits of NOCO's damages claim, there can be no real dispute that NOCO's costs to produce jump starters are relevant. *See, e.g.*, *O'Connor v. Ford Motor Co.*, No. 19 C 5045, 2022 WL 16757593, at *2 (N.D. Ill. Oct. 21, 2022) ("Accordingly, Ford is ordered to produce documents sufficient to determine manufacturing costs, fixed costs, and variable costs within 28 days of this Order."). NOCO seeks damages for lost sales. *See* ECF No. 1 at 17. But NOCO is only entitled to its actual damages, which would be lost *profits*, not lost *revenue*. Jump starters are durable consumer goods, so if NOCO does not sell a jump starter for any reason, it can sit in a warehouse without depreciation or spoiling to be sold again at a later point. To avoid an unjust windfall for NOCO, any damages claim must subtract NOCO's costs to, for example, manufacture, promote, advertise, ship, and store, any jump starter for which NOCO claims lost sales. Aukey needs this information to assess NOCO's damages.

Aukey respectfully requests that NOCO produce the documents requested as they are plainly relevant to NOCO's damages claim. NOCO has no legitimate reason to withhold them.

### b. Documents Regarding Cases Where NOCO Raised Similar Allegations

Aukey propounded a number of requests on NOCO to obtain information from other cases in which NOCO raised similar claims against other parties (Requests 4, 44, 45, 46, and 64).

"Courts have routinely found that a plaintiff in a civil litigation matter may obtain discovery concerning prior similar incidents, with reasonable limitations, if it is relevant to any matter raised in the litigation." *E.g.*, *Donovan v. Wal-Mart Stores, Inc.*, No. 4:11-CV-00885-JMC, 2012 WL 3025877, at *2 (D.S.C. July 24, 2012) (collecting cases); *In re Intuitive Surgical Sec. Litig.*, No. 513CV01920EJDHRL, 2016 WL 10459420, at *1 (N.D. Cal. Sept. 27, 2016) ("Courts have ordered production of deposition transcripts in litigation involving substantially similar claims and issues.") (collecting cases).

Aukey is aware of at least two cases where NOCO alleges very similar allegations against other parties. In *Noco Company v. Shenzhen Valuelink E-Commerce Co., Ltd., et al.*, also in the Northern District of Ohio, NOCO raised the *exact same* four claims against 11 defendants as NOCO claims against Aukey in this case. Hyatt Decl. Ex. G at ¶¶ 247-280. The key allegations in *Shenzhen Valuelink* also revolve around fake product reviews and manipulating various Amazon accolades of NOCO's jump starter products. *Id.* ¶ 4. Indeed, *Shenzhen Valuelink* was filed only *months before* this case. *See generally id.*

Moreover, in another case before the United States International Trade Commission NOCO sued a number of companies for various claims including "federal false advertising and unfair competition" related to NOCO's jump start products ("1360 ITC Case"). Hyatt Decl., Ex. H at ¶¶ 169-201. Perkins Coie represented Aukey in that matter. Aside from the obvious similarities in NOCO's allegations of unfair competition, NOCO also produced many of the same documents related to its sales, product costs, and advertising that it refuses to produce here.

-13-

Both cases are obviously relevant as they are substantially identical claims and products at issue. *See e.g.*, *Donovan*, 2012 WL 3025877, at *2.

NOCO raised a number of objections to these requests, all of them have no merit. First, NOCO objects that such cases are "wholly irrelevant" and "of no consequence." Hyatt Decl. Ex B-C. However, NOCO has put such cases directly at issue in its complaint. NOCO has made multiple allegations about other actors allegedly engaging in the same conduct against NOCO. For example, in paragraph 53, NOCO alleges that it "reported to Amazon that its product listings, product reviews, and accounts *were manipulated by its competitors, including Defendants*." ECF No. 1 at ¶ 53. And, in paragraph 77, NOCO alleges that it "has reported similar manipulation to Amazon in the past." *Id.* ¶ 77. Despite NOCO's claims, these other cases are very relevant as NOCO appears to be raising nearly identical claims. Aukey must be permitted to explore whether all of the necessary parties have been properly joined to this case, whether NOCO is estopped or precluded from raising these claims against Aukey, and whether NOCO may be receiving double, triple, or greater recovery for the same harm, but alleged against different parties. This information is plainly relevant.

Next, NOCO objects that this request is "unduly burdensome." But this objection is meritless. Aukey is the party that has to carefully review the produced information. If anyone bears a significant burden for NOCO's prolific litigation, it is Aukey. In any event, NOCO has the same counsel in this matter as it does in the other Northern District of Ohio matter so any burden on NOCO will be minimal. *See generally* Hyatt Decl., Ex H. Perkins Coie represented Aukey in the 1360 ITC Case, so any responsive documents are already within Perkins Coie's control, but they are shielded by a protective order. They have also already been produced to Aukey in that other case. Refusing to produce them in this case or agree to let

-14-

Aukey access the documents makes no sense. All NOCO has to do is give permission for the parties to use the documents produced in the ITC 1360 investigation as if they had been produced in this litigation, subject to the protective order that has been entered in this litigation.

Finally, Aukey is unaware of any other cases, pending or resolved, but if NOCO is, it should be required to produce responsive documents from those cases too.

Aukey respectfully requests that NOCO produce the documents requested--and in the case of the 1360 ITC investigation documents simply allow them to be used in this case--as they are plainly relevant to NOCO's allegations.

### c. Documents Regarding NOCO's Complaints to Amazon about Aukey

Finally, Aukey sought all "communications between NOCO and any third-party, including Amazon, relating to the claims and defenses in this litigation, or to the facts alleged in the Complaint." *See* Hyatt Decl. Ex. B at 7. NOCO agreed to produce such documents without objection. *Id.* But it became apparent during discovery that NOCO ████████████ ████████████████████████████████████████████ Nook Dep. at 34:20-37:15. NOCO has not produced any of those documents. Indeed, if NOCO is engaging in the same type of conduct that it now claims is "unfair," such conduct is clearly relevant.

Aukey respectfully requests that NOCO produce the documents requested as they are plainly relevant to NOCO's allegations.

### E. Conclusion

For the reasons stated above, Aukey respectfully asks the Court to order NOCO to adequately prepare a witness to testify to the topics noted by Aukey (and pay Aukey's reasonable attorneys' fees and costs – including travel expenses for conducting a second deposition). Aukey further asks the Court to compel full and complete responses to Aukey's Interrogatory No. 25 and Request for Production numbers, 4, 14, 34, 44-46, 64, and 66-69.

Dated:  July 1, 2024     Respectfully submitted,

/s/ *Heath L. Hyatt*
Heath L. Hyatt (admitted *pro hac vice*)
HHyatt@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

John D. Esterhay (admitted *pro hac vice*)
JEsterhay@perkinscoie.com
**PERKINS COIE LLP**
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

Brandon M. White (#0075430)
BMWhite@perkinscoie.com
**PERKINS COIE LLP**
700 13th Street NW
Suite 800
Washington, DC 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

**ATTORNEYS FOR DEFENDANT
AUKEY TECHNOLOGY CO., LTD.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic docketing system on July 1, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Heath L. Hyatt*
Heath L. Hyatt

Counsel for Defendant
**AUKEY TECHNOLOGY CO., LTD.**