IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY,** | ) | CASE NO. 1:20-cv-02322 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| **AUKEY TECHNOLOGY CO., LTD., et al.,** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF THE NOCO COMPANY'S MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff The NOCO Company ("*NOCO*") requests that this Court issue an order dismissing the above-captioned litigation (the "*Litigation*") *without prejudice*. The Court is empowered with broad discretion to dismiss the Litigation without prejudice so long as Defendants Aukey Technology Co., Ltd. ("*Aukey*"), Shenzhenshi Jiangyun Shangmaoyouxiangongsi ("*HuiMing*") and Wodeshijikeji Shenzhen Youxiangongsi ("*WorldUS,*" and with HuiMing, the "*3P Defendants*" and with Aukey, the "*Defendants*") will not suffer clear legal prejudice. Defendants will not be prejudiced because:

1. Defendants have now been permanently barred from selling on the Amazon Marketplace;

2. Defendants have not asserted any counterclaims against NOCO;

3. Defendants will be able to avail themselves to their same defenses raised in this Litigation in any future litigation;

4. Defendants have not expended considerable resources preparing for trial and summary judgment motions have not been filed; and

5. NOCO has diligently prosecuted its claims and has come to this decision after concluding that the circumstances have changed since Defendants are no longer selling on the Amazon marketplace.

Accordingly, and for the reasons set forth more fully in the accompanying Memorandum in Support, the Court should issue an order dismissing the Litigation *without prejudice* in accordance with Fed. R. Civ. P. 41(a)(2). The undersigned has conferred with counsel for Aukey, who will not agree to stipulate to this Motion.

    Respectfully submitted,

    **KOHRMAN JACKSON & KRANTZ LLP**

    */s/ Jon J. Pinney*
    JON J. PINNEY (0072761)
    JONATHON W. GROZA (0083985)
    NATHAN F. STUDENY (0077864)
    KYLE D. STROUP (0099118)
    One Cleveland Center, 29th Floor
    1375 East Ninth Street
    Cleveland, Ohio 44114-1793
    Telephone: (216) 696-8700
    Facsimile: (216) 621-6536
    Email: jjp@kjk.com; jwg@kjk.com;
    nfs@kjk.com; kds@kjk.com

    *Counsel for Plaintiff The NOCO Company*

**MEMORANDUM IN SUPPORT**

I. **PROCEDURAL BACKGROUND.**

After NOCO confirmed that Defendants improperly demanded that Amazon[1] remove NOCO's products from its selected Browse Nodes on the Amazon Marketplace, NOCO initiated this action on October 13, 2020. NOCO then requested that the Court issue a preliminary injunction on December 4, 2020, as Defendants continued to harm NOCO through their manipulation of the Amazon Marketplace during the holiday shopping season. *See* ECF ## 5, 10, 11, 12, 14, 15, and 17. After the preliminary injunction briefing ended in late January 2021, NOCO sought to supplement the record and asked the Court to issue a show cause order on May 20, 2021, because Amazon closed the 3P Defendants' Amazon Marketplace Storefronts and banned all sales and listings of Defendants' "Tacklife" brand of jump starters, automotive accessories, and other products. *See* ECF ## 20, 21, 22.

After NOCO perfected service on Defendants through the Hague Convention, Defendants jointly answered the Complaint on July 29, 2021. ECF # 26. The lawsuit then sat idle from August 2021 to December 2021, when the Parties met, through counsel, in accordance with Fed. R. Civ. P. 26, and then the Court held an initial case management conference on December 9, 2021, and issued the initial scheduling order. NOCO and Aukey then each issued respective written discovery, Defendants and NOCO responded to written discovery, and NOCO subpoenaed Amazon for information. Meanwhile, the Parties

---

[1] All capitalized terms not otherwise defined herein shall take the same meaning as prescribed in NOCO's Complaint (ECF # 1).

1

attempted to mediate this dispute—first on September 7, 2022, and again on April 24, 2023.

After the second attempt at mediation on April 24, 2023, the Parties engaged in more extensive discovery, with both NOCO and Defendants producing documents. Defendants' document production undisputably demonstrated that they contacted Amazon on a near-daily basis demanding that NOCO's products be removed from the Browse Nodes from June 2020 through September 2020, and from March 2020 to March 2021, Defendants contacted Amazon 261 times and demanded that NOCO products be removed from the Browse Nodes.

Despite Defendants' document production, Defendants refused to provide supplemental information and additional documents that would provide necessary context. In addition, Defendants waited until the eleventh hour to notify NOCO that their corporate representative Ms. Shi Wenyu, upon who's written testimony they previously relied, was no longer employed by Aukey. Resultantly, NOCO issued its December 11, 2023 letter detailing the discovery dispute. *See* ECF # 53. Aukey's then-current counsel withdrew, and Defendants moved to stay the case pending the transition of new counsel. ECF # 55. The Lawsuit was then effectively stayed until March 15, 2024, when the Court issued new case management deadlines. *See* March 15, 2024 Order [non-document].

From March 15, 2024, to June 1, 2024, NOCO and Aukey exchanged additional discovery, Fed. R. Civ. P. 30(b)(6) notices, and deposed each other's witnesses. NOCO's deposition of Ms. Shi Wenyu further confirmed that the 3P Defendants, acting under Aukey's control, improperly attempted to remove NOCO's products from the Browse Nodes by

2

repeatedly attempting to persuade Amazon. In June and July, 2024, NOCO and Aukey attempted to work through a discovery dispute but ultimately briefed the issues before Magistrate Judge Shepherd. *See* ECF ## 68-87.

On July 25, 2024, Magistrate Judge Shepherd issued his decision on NOCO and Aukey's respective motions to compel (ECF # 88) (the "*Magistrate's Order*"), and NOCO and Aukey subsequently discussed compliance with the deadlines set forth in the Magistrate's Order. *See* ECF ## 88 and 93. Meanwhile, NOCO moved to set aside the Magistrate's Order and continued evaluating this Lawsuit.

Despite the undisputed evidence demonstrating that the 3P Defendants repeatedly demanded that Amazon improperly remove NOCO's Products from its selected Browse Nodes more than 250 times, at Aukey's request, NOCO began engaging in settlement discussions with Aukey following the Magistrate's Order. Aukey initially proposed dismissal with prejudice, and then NOCO proposed a reasonable settlement agreement. When Aukey was not willing to agree, NOCO requested that Aukey consent to a dismissal without prejudice, and Aukey refused. As a result, NOCO is now moving the Court to dismiss the lawsuit *without prejudice* pursuant to Fed. R. Civ. P. 41(a)(2).

## II.  FACTUAL BACKGROUND.

While this Court is likely well-aware of the Parties' history, NOCO considered several important factors in coming to its decision.

First, Amazon banned the sale of Tacklife Products on the Amazon Marketplace, closed the 3P Defendants' Amazon Marketplace Storefronts, and removed the 3P Defendants

3

selling privileges, in or around May 2021. Through discovery, NOCO has since learned that Amazon did so due to repeated violations of Amazon's policies. Discovery has also revealed that the 3P Defendants, acting under Aukey's control, repeatedly demanded that NOCO Products be removed from the Browse Nodes despite Amazon denying Defendants' requests on multiple occasions. Indeed, in October 2020, when NOCO filed this Lawsuit, Defendants appeared to have stopped contacting Amazon in October 2020, only to begin again as Black Friday, Cyber Monday, and the holiday shopping season began. Critically, it also appears that Amazon has not permitted the sale of Tacklife Products since May, 2021, after Amazon banned Defendants from the Amazon Marketplace for policy violations, and the likelihood of Amazon reinstating Defendants' selling privileged appears remote. As a result, any injunctive relief that this Court may issue would likely be nominal.

Second, the prospect of additional discovery, potentially at NOCO's expense considering the Magistrate's Order, is another factor NOCO considered in moving to dismiss the Lawsuit *without prejudice*.

Third, the amount of potential recovery for NOCO may not financially justify continuing this action at this time. In addition, the 3P Defendants, who contacted Amazon to remove the NOCO Products from the Browse Nodes at Aukey's request, appear to no longer be in existence, making the prospect of collecting any judgment against the 3P Defendants remote. Likewise, collecting any judgment against Aukey, a Chinese company, would also increase NOCO's potential future costs in continuing forward with this litigation. Accordingly, NOCO has reached the conclusion that, despite the evidence in its favor, the

4

likely future benefit of continued litigation would not outweigh the burdensome cost and expense, especially considering that Amazon banned—and has not since permitted—the sale of Tacklife Products on the Amazon Marketplace.

### III. LAW AND ANALYSIS.

#### A. Legal Standard for a Rule 41(a)(2) Motion.

The Court is empowered with broad discretion to dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). *See Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994); *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). If Defendants Aukey, HuiMing, and WorldUS will not suffer "'plain legal prejudice' as a result" of dismissal without prejudice, then this Motion should be granted. *Grover by Grover,* 33 F.3d at 718 (citing *Banque de Depots*, 491 F.2d at 757). Indeed, "the mere prospect of a second lawsuit" does not constitute plain legal prejudice. *Grover by Grover,* 33 F.3d at 718.

"Importantly, plain legal prejudice results when the district court permits voluntary dismissal '[a]t the point when the law clearly dictates a result for the defendant.'" *Smith v. Holston Med. Group, P.C.,* 595 Fed. Appx. 474, 477 (6th Cir. 2014) (quoting *Grover by Grover,* 33 F.3d at 719). In making this determination, the Court should consider: (i) Defendants' "effort and expense of preparation for trial;" (ii) "excessive delay and lack of diligence on the part of [NOCO] in prosecuting the action;" (iii) "insufficient explanation for the need to take a dismissal;" and (iv) "whether a motion for summary judgment has been filed by [Defendants]." *Id.*; *see also Hinners v. O'Shea*, Case No. 1:19-cv-2868, 2022 U.S. Dist. LEXIS 98018, at *21 (N.D. Ohio June 1, 2022). However, these factors "are not an exclusive or a

mandatory list," and the trial court need not even consider these factors in reaching its decision. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 502 (6th Cir. 2007). Even so, the foregoing factors weigh heavily in NOCO's favor for dismissal without prejudice, as the law does not clearly dictate a result in favor of Aukey, no trial has been scheduled, summary judgment motions have not been filed, and NOCO has diligently proceeded in prosecuting this action but now circumstances have changed, warranting dismissal without prejudice.

  **B.**  **The Law Does Not Clearly Dictate an Outcome in Defendants' Favor.**

As an initial matter, "plain legal prejudice" occurs when dismissal without prejudice is ordered, but "the law clearly dictates a result for the defendant." *Smith*, 595 Fed. Appx. at 477; *see also Phillips v. Illinois C.G. Railroad*, 874 F.2d 984 (5th Cir. 1989) (reasoning that defendant would lose the statute of limitations defense if plaintiff were permitted to refile in state courts where the statute of limitations is longer); *Ikospentakis v. Thalassic S.S.Agency*, 915 F.2d 176 (5th Cir. 1990) (determining that plain legal prejudice would occur where plaintiff attempted to dismiss without prejudice and refile in state court where *forum non conveniens* defense does not exist). In *Smith*, the district court determined that "dismissal without prejudice…would strip [the defendants] of an absolute defense," related to plaintiff's lack of expert medical proof for her medical malpractice claim. *Id.*

Unlike in *Smith*, *Phillips*, and *Ikospentakis*, the law does not clearly dictate a result here, and NOCO's request to dismiss this lawsuit without prejudice is not made in an effort to out-maneuver Defendants. The plaintiff in *Smith* lacked a medical expert for her malpractice

6

claim and sought to refile following dismissal to allow her more time to obtain a medical expert. *Smith,* 595 Fed. Appx. at 477. The plaintiff's claims in *Phillips* were barred by the applicable statute of limitations, so it sought to refile in a jurisdiction with a longer period of time to bring its claim. *Phillips*, 874 F.2d at 986-87. And the plaintiff in *Ikospentakis* sought to refile in Louisiana state court where the doctrine of *forum non conveniens* had been repeatedly rejected but was a defense in federal court. *Ikospentakis*, 915 F.2d at 178.

Here, Defendants have no clear-cut defense to Plaintiff's claims that they would not otherwise have if Plaintiff were to refile. "[C]ourts are less likely to find legal prejudice where a defendant is still able to present a defense in a second action." *Cincinnati Ins. Co. v. Simplex Grinnel, LP,* Case No. 4:11-cv-106, 2011 U.S. Dist. LEXIS 101789, at *14 (N.D. Ohio Sept. 9, 2011) (granting dismissal without prejudice despite a pending motion for summary judgment) (citing *Rosenthal,* 217 Fed. Appx. at 498). The mere prospect of a second lawsuit is not grounds for denying a motion made pursuant to Fed. R. Civ. P. 41(a)(2), especially where discovery that has been conducted can be applied to any refiled action. *See Moran v. Ruan Logistics*, Case No. 1:18-cv-223, 2020 U.S. Dist. LEXIS 147320, at *5 (S.D. Ohio Aug. 14, 2020).

As just one example, the statute of limitations for NOCO's Lanham Act (15 U.S.C. § 1125) and Ohio's Deceptive Trade Practices Act (O.R.C. § 4165.02) claims are derived from the equitable doctrine of laches, and therefore, Defendants could raise this defense in the future if NOCO were to refile. *Campfield v. Safelite Group, Inc.*, No. 2:15-CV-2733, 2019 U.S. Dist. LEXIS 210390, *21 (S.D. Ohio Mar. 28, 2019); *see also Father Flanagan's Boys Home v. Donlon,* 449 F. Supp. 3d 739, 747 (S.D. Ohio 2020). Similarly, the statute of limitation for

7

NOCO's civil conspiracy claim is derived from the underlying cause of action, while the statute of limitations for NOCO's tortious interference claim is 4 years as set forth in O.R.C. § 2305.09. *See, e.g., Albergo v. Home Depot U.S.A., Inc.*, Case No. 4:07-cv-2325, 2008 U.S. Dist. LEXIS 132382, at *5 (N.D. Ohio Jan. 8, 2008); *Lawyers Cooperative v. Meuthing*, 65 Ohio St. 3d 273, 277078, 603 N.E.2d 969 (1992) (finding that the statute of limitations to be applied requires an analysis of the underlying facts supporting the alleged claims); *Krause v. Case Western Reserve Univ.*, 8th Dist. Cuyahoga, Case No. 70526, 1996 Ohio App. LEXIS 5771, at *16 (Dec. 19, 1996); O.R.C. § 2035.09(D).

Accordingly, Defendants will not suffer any "plain legal prejudice," as all defenses currently available to Defendants would be available in the future, and discovery efforts could be applied to future litigation if necessary. Additionally, Aukey has not asserted any counterclaims against NOCO. Therefore, the Court should issue an order dismissing this lawsuit *without prejudice*.

### C. The Posture of this Litigation, and the Parties' Time and Efforts Thus Far Support a Dismissal Without Prejudice.

NOCO, Aukey, and the 3P Defendants have not spent significant time preparing for—let alone participating in—trial, as no trial date was ever set by the Court for this matter. Additionally, no motions for summary judgment have been filed. NOCO has also diligently prosecuted its claims since the inception of this case and is diligently moving for dismissal without prejudice. These factors weigh heavily in NOCO's favor for granting dismissal without prejudice. *See, e.g., Grover by Grover*, 33 F.3d at 719.

8

### 1. **<u>NOCO diligently prosecuted its claims.</u>**

Since the outset of this lawsuit in October 2020, NOCO has diligently prosecuted its claims. NOCO diligently issued discovery once discovery opened in December 2021. *See, e.g.*, ECF # 34. However, the Parties spent additional efforts in preparing for two mediations while Defendants needed additional time to produce documents from China. ECF ## 45.

Once it became clear that the Parties would not be able to resolve the Lawsuit through mediation, Aukey, the 3P Defendants, and NOCO began producing documents and exchanging more detailed information. But, a discovery dispute arose, which NOCO brought to the Court's immediate attention. The case was then stayed for approximately three (3) months while Aukey retained new counsel, and an additional dispute arose over the representation of the 3P Defendants moving forward.

Indeed, any delay in NOCO's ability to prosecute this case at the outset should be borne by Defendants, who initially refused service of process despite participating in preliminary injunction briefing. NOCO was then required to utilize the Hague Convention, which resulted in service in July 2021 despite having initiated the Lawsuit in October 2020. The Court did not set its initial case management conference until December 2021—effectively delaying the start of this lawsuit by more than a year. When discovery did ultimately commence in full during the Summer and Fall of 2023 after mediation failed, Defendants notified NOCO that Ms. Shi Wenyu—their former corporate representative—was no longer available despite having provided sworn declarations during the preliminary injunction proceedings, and Aukey failed to timely notify NOCO of this material change.

9

Around this same time, prior counsel for Aukey notified the undersigned that they would no longer be representing either Aukey or the 3P Defendants in this litigation. NOCO immediately brought both the discovery dispute and the issue surrounding Defendants' continued representation to the Court's attention, and then the case was stayed pending transition of Aukey's new counsel and resolution of representation of the 3P Defendants.

Upon Aukey's retention of new counsel, NOCO and Aukey engaged in additional discovery, including document production and depositions of fact and corporate witnesses. A discovery dispute thereafter arose and was briefed, and the Magistrate's Order was issued. NOCO then moved to set aside the Magistrate's Order, all the while considering the benefits and burdens of moving forward in this litigation, including the initial discovery conducted by the Parties; the implications of the Magistrate's Order on the cost and expense of future discovery if affirmed by the Court; the cost and expense of additional fact and expert discovery, dispositive motions, trial, and appeal; and the potential recovery and collection of any judgment obtained against Defendants.

Once NOCO determined that the potential future benefit of moving forward in this litigation did not outweigh the future costs, NOCO and Aukey engaged in settlement discussions. But NOCO and Aukey were unable to reach an agreement, and as a result, NOCO is now moving the Court for dismissal without prejudice in a timely fashion.

### 2. **Defendants have not expended significant time and efforts in preparing for trial.**

Because no trial date is set and motions for summary judgment have not been filed,

10

the Court should dismiss the Lawsuit without prejudice. As an initial matter, the 3P Defendants have not been participating in this Lawsuit since March 2024 and did not engage in any of Aukey or NOCO's recent discovery, including depositions. Thus, there is no prejudice to the 3P Defendants by the Court granting NOCO's motion and dismissing this case, *without prejudice*.

Moreover, Aukey cannot have expended significant time and efforts in preparing for trial either. First and foremost, no trial date had ever been set by the Court. Since the inception of discovery in this case following the failed mediation attempts, the Parties have exchanged paper discovery, produced documents, and engaged in 5 fact and corporate witness depositions. Aukey's motion to compel and the Magistrate's Order both indicated that Aukey is seeking additional discovery from NOCO, including document production and further depositions of NOCO's corporate witnesses. The Magistrate's Order additionally allowed NOCO to re-depose Aukey's corporate witness, Ms. Shi, as well.

Additionally, and considering the current posture of the case and the case schedule, neither Aukey nor NOCO have exchanged expert reports, engaged in expert discovery, or filed dispositive motions. In short, Aukey has not expended significant time and effort in preparing for trial, especially considering that fact discovery remains open, additional fact discovery is being sought, expert reports have not been exchanged, expert discovery has not commenced, none of the Parties have submitted expert reports or engaged in expert discovery up to this point, nor has any Party filed a dispositive motion. As a result, there is no prejudice to Aukey by the Court granting NOCO's Motion and dismissing this case,

11

*without prejudice*.

### D. NOCO Has Provided Adequate Explanation for a Dismissal Without Prejudice.

NOCO is requesting that the Court dismiss this lawsuit without prejudice because the likely benefit of litigation no longer outweighs the likely future costs. Adequate explanation of a dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) may include, but is not limited to, a plaintiff's "cost-benefit" analysis. *See Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 955 (6th Cirt. 2009) (approving of trial court's decision to grant dismissal without prejudice where trial court accepted plaintiff's cost-benefit analysis as reasonable explanation); *Malibu Media, LLC v. Ricupero*, 705 Fed. Appx. 402, 408 (6th Cir. 2017) (approving trial court's decision to accept plaintiff's "scant" explanation that pursuing the lawsuit would not be financially justified as adequate explanation); *see also Walther v. Fla. Tile, Inc.*, 776 Fed. Appx. 310, 315 (6th Cir. 2019) (affirming trial court's decision to grant dismissal without prejudice where plaintiff moved for dismissal under Rule 41(a)(2) after the close of discovery when plaintiff learned of new claims). Indeed, a plaintiff "should not be discouraged from engaging in a cost-benefit analysis as to continuing litigation." *Kehoe Component Sales, Inc. v. Best Lighting Prods.*, 933 F. Supp. 2d 974, 992 (S.D. Ohio Mar. 19, 2023) (granting dismissal without prejudice but allowing parties to utilize discovery in any subsequent action).

Here, although the evidence demonstrates that Defendants improperly demanded that Amazon remove NOCO from certain Browse Nodes, NOCO has now determined that

12

the future costs of litigation do not outweigh the likely benefit. Despite the evidence in NOCO's favor, additional discovery, including more depositions—potentially at NOCO's expense—combined with expert discovery and dispositive motion briefing likely outweigh any potential recovery that NOCO may be awarded. And, although a trial is not scheduled, trial, trial motions, and trial preparation, along with any potential appeal and/or collection efforts against a foreign entity, add to all Parties' future costs. In addition, Defendants have already been forbidden from selling the "Tacklife" brand of jump starters and automotive accessories on the Amazon Marketplace, making any potential award of injunctive relief nominal.

With that, NOCO has been considering its potential outcomes and options following the Magistrate's Order and engaged in settlement discussions with Aukey. After it became clear that the Parties would be unable to come to a settlement agreement, NOCO determined that moving the Court to dismiss the lawsuit without prejudice is its next best option, which would allow NOCO to refile in the future if new information is discovered or Defendants continue to the conduct alleged in the Complaint, i.e. contacting Amazon to remove NOCO Products from NOCO's selected Browse Nodes. As a result, NOCO's cost-benefit analysis provides adequate explanation for requesting dismissal without prejudice here just as in *Bridgeport*, *Malibu Media*, and *Walther*. Accordingly, the Court should dismiss the lawsuit ***without prejudice*** in accordance with Fed. R. Civ. P. 41(a)(2).

IV. **C**ONCLUSION.

For the foregoing reasons, the Court should grant this Motion and dismiss this lawsuit

*without prejudice*. Defendants will not suffer any "plain legal prejudice" as a result. Particularly, Defendants will be able to utilize any defenses raised here in any future litigation and any completed discovery could also be utilized as well. In addition, no Party has begun preparing for trial as additional discovery is needed here and no summary judgment motions have even been filed; meanwhile, NOCO has both diligently prosecuted this lawsuit and come to this conclusion through a cost-benefit analysis. Accordingly, the Court should dismiss the lawsuit *without prejudice* pursuant to Fed. R. Civ. P. 41(a)(2).

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
NATHAN F. STUDENY (0077864)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com;
nfs@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic docketing system on September 24, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Jon J. Pinney*
Jon J. Pinney

*Counsel for Plaintiff The NOCO Company*